UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-06031-AH (JPRx) | Date July 25, 2025 |
| Title *Clayton Howard v. Sean Combs, et al.* | |

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO FILE CASE UNDER SEAL [DKT. NO. 11] AND PLAINTIFF'S MOTION FOR LEAVE TO FILE CASE UNDER SEAL [DKT. NO. 12] AND PROVISIONALLY SEALING DOCKET ENTRIES**

On June 30, 2025, Plaintiff Howard Clayton filed his Complaint in this Court. Dkt. No. 1. On July 3, 2025, Plaintiff filed a First Amended Complaint. Dkt. No. 3. On July 16, 2025, Plaintiff filed (1) an Application for Leave to File Case Under Seal, Dkt. No. 11 ("Application" or "Appl."), (2) a Motion for Leave to File Case Under Seal, Dkt. No. 12, and (3) a Declaration in Support of the Application to Seal, Dkt. No. 13. These most recent filings were not entered on the docket until July 21, 2025.

Judicial records are presumptively public. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "A party seeking to seal a judicial record [ ] bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* A party may establish compelling reasons only upon showing sufficient factual basis and "without relying on hypothesis or conjecture." *Id.* at 1179 (internal quotation marks and citation omitted).

In the Central District, sealing applications must comply with the Local Rules. Parties may seek leave to file an entire case under seal, or only documents or portions of documents under seal. C.D. Cal. R. 79-5.2. If a plaintiff seeks to file a case under seal, that is not already expressly authorizes by statute, rule, regulation, or prior court order, then:

> the filer must present to the Clerk for filing in paper format: (1) the case-initiating document(s); (2) an Application for Leave to File Case Under Seal; (3) a declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome; and (4) a proposed order. While the Application is pending, the Clerk must seal the case and all associated documents. If the Application is denied, the Clerk must, unless otherwise ordered by the Court, immediately unseal the case and all documents filed therein, and may do so without first notifying the filing party.

C.D. Cal. R. 79-5.2.1(a)(ii). If the application is approved, subsequent filings must be filed in paper format and will be accepted as filed under seal. C.D. Cal. R. 79-5.2.1(b).

In non-sealed cases, "no document may be filed under seal without prior approval by the Court." C.D. Cal. R. 79-5.2.2. Unless a document has been designated as confidential pursuant to an already existing protective order, a party that seeks to file document under seal must follow the procedures set forth in Local Rule 79-5.2.2(a). Subsection (a) provides that the filing party must accompany the Application (which will be public and open to inspection) with the following:

> (1) a declaration establishing good cause or demonstrating compelling reasons for sealing, and whether anyone opposes the application;
> (2) a proposed order, narrowly tailored to seal only the sealable material, and listing in table form each document or portion thereof to be filed under seal;
> (3) a redacted version of any document(s) of which only a portion is proposed to be filed under seal, conspicuously labeled "REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL."; and
> (4) an unredacted version of the document(s) proposed to be filed under seal, conspicuously labeled "UNREDACTED VERSION OF DOCUMENT

PROPOSED TO BE FILED UNDER SEAL," with any proposed redactions highlighted.

*Id.* In addition, the filing party must provide mandatory chambers copies of those documents, along with the declaration and unredacted versions of documents in sealed envelopes, with a copy of the title page attached to the front of each envelope. *Id.*

If the Application is granted, the filing party must thereafter file the sealed document because the Clerk will not convert the proposed sealed document into a new filing. *Id.* Local Rule 79-5.2.2(c) governs filing sealed documents after an application to seal has been granted. "Filing a document under seal does not exempt the filer from the service requirements." C.D. Cal. R. 79-5.3.

Here, although Plaintiff's Application is titled "Application for Leave to File Case under Seal," Plaintiff only "seeks to seal certain portions of the case file." Appl. at 1. Therefore, the Court construes Plaintiff's Application pursuant to Local Rule 79-5.2.2 for non-sealed cases. However, Plaintiff has not complied with the procedural requirements of Local Rule 79-5.2.2(a). Specifically, Plaintiff has not provided with his Application redacted and unredacted versions of the documents he wishes to seal. C.D. Cal. R. 79-5.2.2(a)(iii)–(iv).

Accordingly, the Court **DENIES** Plaintiff's Application (and Plaintiff's Motion), without prejudice. If Plaintiff elects to file a corrected application to seal, Plaintiff must do so by August 4, 2025.

While Plaintiff's corrected application is pending, the Court **directs** the Clerk of Court to provisionally **seal** the following docket entries: 1, 3, 11, 12, and 13.

**IT IS SO ORDERED.**