

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CLAYTON HOWARD,  Case No. CV25-06031 (AH)(JPRx)

Plaintiff,

v.

SEAN COMBS, et al.,

Defendants.

### [PROPOSED] ORDER AUTHORIZING ALTERNATE SERVICE

Plaintiff Clayton Howard's Motion for an Order Authorizing Alternate Service Upon Defendant Casandra Ventura came before this Court on _____, _____. The Court, having considered the Motion, the Declaration of Clayton Howard, the Memorandum of Law in support thereof, and all papers filed in connection with this Motion, and good cause appearing therefor,

### IT IS HEREBY ORDERED:

1. The Court finds that Plaintiff Clayton Howard has demonstrated diligent efforts to effect service of the Summons and Complaint upon Defendant Casandra Ventura through conventional means, including:

   a. Employing an independent registered process server who attempted service at two (2) separate addresses in Connecticut;

   b. Retaining a licensed private investigator who conducted comprehensive database searches including DMV records, property records, and other public databases; and

   c. Making multiple direct attempts to contact Defendant Ventura's attorney, Douglas Wigdor of Wigdor LLP, to seek acceptance of service.

2. The Court finds that Defendant Casandra Ventura has used substantial resources to conceal her location and evade service of process in this action.

3. The Court finds that Douglas Wigdor of Wigdor LLP has acted as Defendant Ventura's attorney and public spokesperson in matters directly related to this case, including making public statements to the media regarding the criminal prosecution and sentencing of co-defendant Sean Combs and describing the trauma experienced by Defendant Ventura, thereby creating an implied agency relationship sufficient to authorize acceptance of service.

4. The Court finds that service upon Douglas Wigdor at Wigdor LLP is reasonably calculated to provide Defendant Ventura with actual notice of this action and satisfies the requirements of due process under the Fifth Amendment to the United States Constitution and Federal Rule of Civil Procedure 4.

5. Pursuant to Federal Rule of Civil Procedure 4(e)(1) and 4(f)(3), Plaintiff Clayton Howard is hereby **AUTHORIZED** and **DIRECTED** to effect service of the Summons and Complaint upon Defendant Casandra Ventura by delivering copies thereof to:

>**Douglas Wigdor, Esq.**
>
>**OR**
>
>**Meredith A. Firetog, Esq.**
>
>Wigdor LLP
>85 5th Avenue
>Floor 5
>New York, N.Y. 10003
>dwigdor@wigdorlaw.com

6. Service may be accomplished by any of the following methods, or any combination thereof:

>a. Personal delivery to Douglas Wigdor or any person authorized to accept mail and deliveries at the offices of Wigdor LLP;
>
>b. Delivery via certified mail, return receipt requested, to the address of Wigdor LLP set forth above;
>
>c. Electronic service via email to Douglas Wigdor at the email address set forth above.

7. Douglas Wigdor and Wigdor LLP are hereby **ORDERED** to accept service of the Summons and Complaint on behalf of Defendant Casandra Ventura and to promptly provide copies thereof to Defendant Ventura.

8. Service accomplished in accordance with this Order shall constitute valid and effective service upon Defendant Casandra Ventura pursuant to Federal Rule of Civil

Procedure 4, and shall be deemed to have been completed on the date that the Summons and Complaint are delivered to or received by Douglas Wigdor or Wigdor LLP.

      9. Defendant Casandra Ventura's time to respond to the Complaint shall commence running from the date of service as set forth in Paragraph 8 above.

      10. Plaintiff shall file a proof of service with this Court within ten (10) days of effecting service pursuant to this Order.

IT IS SO ORDERED.

Dated: _____

                                              _____
                                              HONORABLE _____
                                              UNITED STATES DISTRICT JUDGE