FILED
CLERK, U.S. DISTRICT COURT
11/7/2025
CENTRAL DISTRICT OF CALIFORNIA
BY_____GSA_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CLAYTON HOWARD,                                    Case No. CV25-06031 (AH)(JPRx)

     *Plaintiff*,

v.

SEAN COMBS, et al.,

     *Defendants*,

## MEMORANDUM OF LAW IN SUPPORT OF

## MOTION FOR ALTERNATE SERVICE

### I. INTRODUCTION

Plaintiff Clayton Howard respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 4(e)(1) and 4(f)(3), for an Order authorizing alternate service of the Summons and Complaint upon Defendant Casandra Ventura. Despite Plaintiff's diligent and extensive efforts to effect personal service through conventional means, Defendant has proven impossible to serve. She has used substantial resources to conceal her whereabouts and evade service, while her attorney, Douglas Wigdor of Wigdor LLP, has publicly represented her in matters directly related to this case yet refuses to accept service on her behalf.

The circumstances of this case compel the Court's intervention to authorize alternate service. As the Ninth Circuit has recognized, "[t]he rules governing service of process are not designed to create an obstacle course for Plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Defendant Ventura should not be permitted to benefit from her evasion of service, particularly when she maintains counsel who actively represents her interests publicly.

## II. STATEMENT OF FACTS

Plaintiff is a victim under Count 3 of the federal criminal case against Sean Combs, along with Defendant Ventura. Defendant Ventura has provided testimony under oath regarding conduct that forms the basis of claims in this civil action. Despite this shared history and Defendant's knowledge of these proceedings through public reporting and the criminal case, she has systematically evaded service.

Plaintiff hired an independent process server who attempted service at two separate addresses in Connecticut without success. Plaintiff then retained a private investigator who conducted comprehensive database searches including DMV records, property records, and other public databases, but was unable to locate Defendant's current address.

Plaintiff made at least three attempts via email to contact Douglas Wigdor and Wigdor LLP, seeking acceptance of service. Mr. Wigdor responded once, stating he lacked authority to accept service. However, Mr. Wigdor has made numerous public statements to the media on behalf of Defendant Ventura regarding the sentencing of Sean Combs and her trauma, holding himself out as her authorized spokesperson and legal representative.

## III. LEGAL STANDARD

### A. Authority for Alternate Service Under Federal Rules

Federal Rule of Civil Procedure 4(e)(1) permits service upon an individual in accordance with state law where the action is filed or where service is made. Additionally, Rule 4(f)(3) authorizes service "by other means not prohibited by international agreement, as the court orders." This broad grant of authority permits federal courts to authorize alternative methods of service when circumstances warrant such relief.

The Ninth Circuit has held that "[a] plaintiff need not attempt every permissible means of service of process before petitioning the court for alternative relief." *Rio Properties*, 284 F.3d at 1014. Rather, the plaintiff need only demonstrate that "the facts and circumstances of the present case necessitate[] the district court's intervention." *Id.*

### B. Due Process Requirements

Any method of service must satisfy constitutional due process requirements. Service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

As the Ninth Circuit explained in *Rio Properties*, "this broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance." 284 F.3d at 1017. Courts have embraced alternative service methods to prevent defendants from evading jurisdiction through gamesmanship.

## IV. ARGUMENT

### A. Plaintiff Has Demonstrated Diligent Efforts to Effect Service

Courts require a showing of diligent efforts before authorizing alternate service. *See Transamerica Corp. v. TransAmerica Multiservices Inc.*, No. 1:18-cv-22483 (S.D. Fla. Sept. 15, 2018). Plaintiff has more than satisfied this requirement through: (1) hiring an independent process server who attempted service at two Connecticut addresses; (2) retaining a private investigator who conducted extensive database searches; and (3) making multiple attempts to contact Defendant's counsel to seek acceptance of service.

These efforts demonstrate the type of diligent search that courts require. In *Transamerica*, the district court authorized alternative service by email where the plaintiff showed that defendants "concealed their whereabouts by registering fictitious addresses" and the individual defendant "was evading service of process." Similarly here, Defendant Ventura has concealed her location and systematically evaded all attempts at conventional service.

### B. Defendant Is Using Resources to Intentionally Evade Service

"[A] defendant who beclouds his whereabouts should not be entitled to benefit from the process server's consequent confusion." *Hernandez v. State Farm Mut. Auto. Ins. Co.*, 32 So. 3d 695, 698 (Fla. Dist. Ct. App. 2010). Defendant Ventura has obtained substantial resources and is using them to prevent service. The systematic failure to locate her at any address, combined with her counsel's refusal to accept service despite active representation, demonstrates intentional evasion.

As the Ninth Circuit stated, "the rules governing service of process are not designed to create an obstacle course for Plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *Rio Properties*, 284 F.3d at 1016. Defendant's evasion warrants this Court's intervention.

### C. Service Upon Defendant's Attorney Is Authorized by Law and Satisfies Due Process

#### 1. Implied Agency Through Public Representation

Courts have long recognized that an attorney's authority to accept service may be implied from the attorney's conduct and active involvement in related matters. As one court

explained, "if a creditor is active in a bankruptcy case through its counsel, the counsel is implicitly authorized to accept service." *In re Ms. Interpret*, 105 B.R. 359, 363 (Bankr. S.D.N.Y. 1989).

Implied agency arises "from the conduct of the parties and the impression they give[] to the world." When an attorney makes public statements on behalf of a client, holds himself out as the client's representative, and actively participates in matters related to the litigation, the attorney creates an implied agency relationship sufficient to justify accepting service.

Here, Douglas Wigdor has consistently and publicly represented Defendant Ventura in matters directly related to this case. He has made statements to the media regarding the Sean Combs sentencing, described Defendant Ventura's trauma, and acted as her public spokesperson. Mr. Wigdor cannot selectively claim authority to speak for Defendant Ventura in the press while disclaiming authority to accept service of legal process.

2. Substantial Activities Create Implied Authority

"To find implied agency, courts review all of the circumstances under which the creditor appointed the attorney to measure the extent of authority the client intended to confer." *In re Ms. Interpret*, 105 B.R. at 363. "If the purported agent's activities are substantial, service on that agent is valid, even absent express authorization to accept process." *Id.*

Mr. Wigdor's activities on behalf of Defendant Ventura are substantial and ongoing. His public representation of her interests in matters involving Sean Combs—the co-defendant in this action—demonstrates an attorney-client relationship of significant scope. The court in *In re Moralo Co. Inc.*, 255 B.R. 398 (Bankr. S.D.N.Y. 2000), concluded that service on counsel was appropriate where counsel had filed notices of appearance and the substance of the proceeding was linked to matters in which counsel was already involved. The same circumstances exist here.

3. Federal Rules Permit Service on Authorized Agents

Federal Rule of Civil Procedure 4(e)(2)(C) explicitly permits service by "delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Courts have interpreted "authorized by law" broadly to include implied authorization arising from an attorney's conduct and representation of a client.

In *Reisman v. KPMG Peat Marwick LLP*, 189 B.R. 805 (Bankr. S.D.N.Y. 1995), the court held that an attorney's active role in the proceeding, including requesting notices and pleadings, established implied authority to accept service. Similarly, Mr. Wigdor's public

statements and active representation of Defendant Ventura establish his authority to accept service on her behalf.

### 4. Due Process Is Satisfied

Service upon Mr. Wigdor satisfies due process because it is "reasonably calculated" to provide Defendant Ventura with actual notice. *Mullane*, 339 U.S. at 314. Mr. Wigdor is Defendant's attorney and has been actively involved in matters related to this case. Service upon him ensures that Defendant will receive prompt notice of this action through her legal representative.

As the Ninth Circuit held in *Rio Properties*, due process requires only that service be "reasonably calculated to apprise" the defendant of the lawsuit. 284 F.3d at 1017. Here, service on Defendant's counsel—who has publicly represented her and with whom she is in regular communication regarding related matters—provides the most reliable means of ensuring actual notice.

### D. Alternative Service Methods Have Been Approved in Similar Circumstances

Federal courts have authorized various alternative methods of service when defendants evade conventional service. In *Rio Properties*, the Ninth Circuit upheld service by email where the defendant was "playing hide-and-seek with the federal court." 284 F.3d at 1018. The court emphasized that "when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process." *Id.*

Similarly, in *Transamerica*, the court authorized service by email on a domestic defendant who was evading service. The court found that where defendants "concealed their whereabouts" and email was "the only reliable means" of providing notice, alternative service was appropriate.

Here, service upon Defendant's attorney is even more reliable than email service because it ensures delivery to a known legal representative with whom Defendant maintains an ongoing professional relationship. This method is reasonably calculated to provide actual notice and satisfies all constitutional requirements.

### V. CONCLUSION

Plaintiff has exhausted reasonable efforts to effect service through conventional means. Defendant Ventura has used substantial resources to evade service while maintaining active legal representation through Douglas Wigdor, who publicly speaks on her behalf regarding matters related to this case. Federal law and controlling precedent support

authorizing service upon Mr. Wigdor as Defendant's agent, either through implied authorization or as an alternative method of service ordered by this Court.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the Motion and issue an Order: (1) authorizing service of the Summons and Complaint upon Defendant Casandra Ventura by delivery to her attorney Douglas Wigdor at Wigdor LLP; and (2) finding that such service constitutes valid and effective service under Federal Rule of Civil Procedure 4.

Dated: November 7, 2025

Respectfully submitted,

*Clayton Howard*

Clayton Howard
Plaintiff, Pro Per

Exhibit A: Cerification(s) 1&2 of Private Investigator Michael Charles
Exhibit B: Media Activity of Known Counsel Douglas Wigdor
Exhibit C: Email Communication from Meredith claiming inability to accept service and attempts to contact Wigdor LLP

# Exhibit A:

Cerification(s) 1&2 of Private Investigator Michael Charles



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

CLAYTON HOWARD,

      Plaintiff,

v.

SEAN COMBS, CASANDRA VENTURA,

and DOES 1-50,

Defendants.

Case No. CV25-06031 (AH)(JPRx)

**DECLARATION OF MICHAEL CHARLES IN SUPPORT OF MOTION FOR ALTERNATE SERVICE**

## DECLARATION OF MICHAEL CHARLES

I, Michael Charles, declare as follows:

1. I am a licensed private investigator in the State of New York holding license number 11000022686. I am over the age of eighteen (18) years and am competent to testify to the matters set forth herein. I have personal knowledge of the facts stated in this Declaration, and if called as a witness, I could and would testify competently thereto under oath.

2. I was retained by Plaintiff Clayton Howard on or about June 1, 2025, to locate Defendant Casandra Ventura (also known as Cassie Ventura) for purposes of effecting service of process in the above-captioned matter.

3. My qualifications include 38 years of experience as a licensed private investigator, specialized training in skip tracing and locating individuals, and extensive experience conducting database searches including DMV records, property records, utility records, and other public and proprietary databases.

*PROVIDING CORPORATE AND PERSONAL SECURITY SERVICES*

2138 Wantagh Avenue, Suite 101 Wantagh, New York 11793
(516) 221-3900

## INVESTIGATIVE METHODS EMPLOYED

4. In my investigation to locate Defendant Ventura, I employed the following comprehensive methods and conducted searches of the following databases and records:

   a. **Skip Tracing:** I conducted comprehensive skip tracing utilizing professional investigative databases including but not limited to:

   TLO, and Been Verified

   b. **Department of Motor Vehicles (DMV) Records:** I conducted searches of DMV records in the following states:

   c. **Property Records:** I conducted searches of real property records, tax assessor records, and deed records in the following jurisdictions:

   d. **Utility Records:** I conducted searches for utility account records and connections in the name of Casandra Ventura and known aliases.

   e. **Credit Header Information:** I obtained and reviewed credit header information (non-credit data) to identify possible current and recent addresses.

   f. **Public Records Databases:** I searched comprehensive public records databases for any records associated with Defendant Ventura including court filings, voter registration, business registrations, and professional licenses.

   **All the above searches were run on Been Verified**

## SPECIFIC INVESTIGATIVE EFFORTS

5. Based on my investigation, I identified the following addresses as potential locations for Defendant Ventura. I made efforts to verify each address as follows:

   ADDRESS #1:

   **Address:** 259 West 10th Street, New York, N.Y. 10014

   **Date of Investigation:** August 6, 7 and 8, 2025

   **Time of Investigation:** 9AM, 10 AM, and 11AM

   **Method of Inquiry:** Physical surveillance and door knock

   **Results: Negative Results**

*PROVIDING CORPORATE AND PERSONAL SECURITY SERVICES*

ADDRESS #2:

**Address:** 3000 Marcus Avenue Suite 3W4, New Hyde Park, N.Y. 11042

**Date of Investigation:** August 12, 13, and 15, 2025

**Time of Investigation:** 10 AM, 11 AM AND 1 PM

**Method of Inquiry:** Physical surveillance and door knock

**Results: Negative Results**

ADDRESS #3:

**Address:** 36 Cedar Grove Avenue, New London, CT 06320

**Date of Investigation:** August 19, 26, and September 15, 2025

**Time of Investigation:** 12 PM, 12 PM and 1 PM

**Method of Inquiry:** Physical surveillance and door knock

**Results: Negative Results**

## TIMELINE OF INVESTIGATIVE ACTIVITIES

6.  The following is a chronological summary of my investigative activities:

**Date:** August 3, 2025 - Initial database searches conducted

**Date:** August 3, 2025 - DMV records searched

**Date:** August 3, 2025 - Property records searched

**Date:** August 6,7 and 8, 2025 - Field investigation Address #1

**Date:** August 12, 13, and 15, 2025 - Field investigation Address #2

**Date:** August 19, 26 and September 15, 2025 - Field investigation Address #3

## DATABASE SEARCH RESULTS

7.  My database searches revealed the following information:

**DMV Records:** No Records Found

**Property Records:** No Records Found

**Skip Trace Results:** Possible addresses

*PROVIDING CORPORATE AND PERSONAL SECURITY SERVICES*

*2138 Wantagh Avenue, Suite 101 Wantagh, New York 11793*
*(516) 221-3900*

## CONCLUSIONS

8. Despite my extensive investigation utilizing professional investigative databases, skip tracing methods, DMV records searches, property records searches, and field investigations, I have been unable to locate a current, verifiable address for Defendant Casandra Ventura at which service of process could be effected.

9. Each address that was identified through my investigation was thoroughly checked and verified. None of the addresses investigated could be confirmed as a current residence for Defendant Ventura.

10. Based on my training, experience, and the results of this investigation, it is my professional opinion that Defendant Ventura has taken measures to conceal her current location and prevent her whereabouts from being identified through standard investigative methods.

11. I have conducted a thorough and diligent investigation utilizing all reasonable means available to a professional investigator. The inability to locate Defendant Ventura is not due to any lack of effort or diligence on my part, but rather appears to be the result of deliberate efforts to avoid detection.

12. I estimate that I have expended approximately 42 hours on this investigation over a period from August 1, 2025 through September 20, 2025.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on _Novenber 7_, 2025, at _1405 / hrs_.

Michael Charles

Licensed Private Investigator
License No.1000022686
State: New York
MCS Consultants, Inc.
2138 Wantagh Avenue, Suite 101
Wantagh, New York, 11793
516-317-8066
MCharles309@gmail.com

*PROVIDING CORPORATE AND PERSONAL SECURITY SERVICES*

*2138 Wantagh Avenue, Suite 101 Wantagh, New York 11793*
*(516) 221-3900*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CLAYTON HOWARD,

    Plaintiff,

v.

SEAN COMBS, CASANDRA VENTURA,

and DOES 1-50,

Defendants.

Case No. CV25-06031 (AH)(JPRx)

**DECLARATION OF MICHAEL**

**CHARLES IN SUPPORT OF**

**MOTION FOR ALTERNATE SERVICE**

### DECLARATION OF MICHAEL CHARLES

I, Michael Charles, declare as follows:

1. I am a licensed private investigator in the State of New York holding license number 11000022686. I am over the age of eighteen (18) years and am competent to testify to the matters set forth herein. I have personal knowledge of the facts stated in this Declaration, and if called as a witness, I could and would testify competently thereto under oath.

2. I was retained by Plaintiff Clayton Howard on or about June 1, 2025, to locate Defendant Casandra Ventura (also known as Cassie Ventura) for purposes of effecting service of process in the above-captioned matter.

3. My qualifications include 38 years of experience as a licensed private investigator, specialized training in skip tracing and locating individuals, and extensive experience conducting database searches including DMV records, property records, utility records, and other public and proprietary databases.

## INVESTIGATIVE METHODS EMPLOYED

4. In my investigation to locate Defendant Ventura, I employed the following comprehensive methods and conducted searches of the following databases and records:

    **a. Skip Tracing:** I conducted comprehensive skip tracing utilizing professional investigative databases including but not limited to: TLO, and Been Verified

    **b. Department of Motor Vehicles (DMV) Records:** I conducted searches of DMV records in the following states:

    **c. Property Records:** I conducted searches of real property records, tax assessor records, and deed records in the following jurisdictions:

    **d. Utility Records:** I conducted searches for utility account records and connections in the name of Casandra Ventura and known aliases.

**e. Credit Header Information:** I obtained and reviewed credit header information (non-credit data) to identify possible current and recent addresses.

**f. Public Records Databases:** I searched comprehensive public records databases for any records associated with Defendant Ventura including court filings, voter registration, business registrations, and professional licenses.

**All the above searches were run on Been Verified**

## SPECIFIC INVESTIGATIVE EFFORTS

5. Based on my investigation, I identified the following addresses as potential locations for Defendant Ventura. I made efforts to verify each address as follows:

### ADDRESS #1:

**Address:** 259 West 10th Street, New York, N.Y. 10014

**Date of Investigation:** August 6, 7 and 8, 2025

**Time of Investigation:** 9AM, 10 AM, and 11AM

**Method of Inquiry:** Physical surveillance and door knock

**Results: Negative Results**

### ADDRESS #2:

**Address:** 3000 Marcus Avenue Suite 3W4, New Hyde Park, N.Y. 11042

**Date of Investigation:** August 12, 13, and 15, 2025

**Time of Investigation:** 10 AM, 11 AM AND 1 PM

**Method of Inquiry:** Physical surveillance and door knock

**Results: Negative Results**

### ADDRESS #3:

**Address:** 36 Cedar Grove Avenue, New London, CT 06320

**Date of Investigation:** August 19, 26, and September 15, 2025

**Time of Investigation:** 12 PM, 12 PM and 1 PM

**Method of Inquiry:** Physical surveillance and door knock

**Results: Negative Results**

**TIMELINE OF INVESTIGATIVE ACTIVITIES**

6.  The following is a chronological summary of my investigative activities:

> **Date:** August 3, 2025 - Initial database searches conducted
>
> **Date:** August 3, 2025 - DMV records searched
>
> **Date:** August 3, 2025 - Property records searched
>
> **Date:** August 6,7 and 8, 2025 - Field investigation Address #1
>
> **Date:** August 12, 13, and 15, 2025 - Field investigation Address #2
>
> **Date:** August 19, 26 and September 15, 2025 - Field investigation Address #3

**DATABASE SEARCH RESULTS**

7.  My database searches revealed the following information:

> **DMV Records:** No Records Found
>
> **Property Records:** No Records Found
>
> **Skip Trace Results:** Possible addresses

**CONCLUSIONS**

8.  Despite my extensive investigation utilizing professional investigative databases, skip tracing methods, DMV records searches, property records searches, and field investigations, I have been unable to locate a current, verifiable address for Defendant Casandra Ventura at which service of process could be effected.

9.  Each address that was identified through my investigation was thoroughly checked and verified. None of the addresses investigated could be confirmed as a current residence for Defendant Ventura.

10. Based on my training, experience, and the results of this investigation, it is my professional opinion that Defendant Ventura has taken measures to conceal her current location and prevent her whereabouts from being identified through standard investigative methods.

11. I have conducted a thorough and diligent investigation utilizing all reasonable means available to a professional investigator. The inability to locate Defendant Ventura is not due to any lack of effort or diligence on my part, but rather appears to be the result of deliberate efforts to avoid detection.

12. I estimate that I have expended approximately 42 hours on this investigation over a period from August 1, 2025 through September 20, 2025.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on _November 7_ , 2025, at _1500 hrs_ , _____.

_____

Michael Charles

Licensed Private Investigator
License No.1000022686
State: New York
MCS Consultants, Inc.
2138 Wantagh Avenue, Suite 101
Wantagh, New York, 11793
516-317-8066
MCharles309@gmail.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CLAYTON HOWARD,                                    Case No. CV25-06031 (AH)(JPRx)

        *Plaintiff*,

v.

SEAN COMBS, et al.,

        *Defendants*,

## EXHIBIT D

**COMPREHENSIVE CATALOGUE OF PUBLIC STATEMENTS REGARDING CASANDRA VENTURA AND SEAN COMBS BY WIGDOR LLP ATTORNEYS DOUGLAS WIGDOR AND MEREDITH FIRETOG**
**(June 30, 2025 - Present)**

### I. INTRODUCTION

This Exhibit catalogues all public statements made by Douglas Wigdor and Meredith Firetog of Wigdor LLP as counsel for Defendant Casandra Ventura regarding Sean Combs and/or Casandra Ventura from June 30, 2025 through the present date. This comprehensive record demonstrates the consistent, ongoing, and active public representation of Defendant Ventura by Wigdor LLP attorneys in matters directly related to the instant case.

Plaintiff's Complaint in this action was filed on June 29, 2025. The statements catalogued herein occurred after the filing of Plaintiff's Complaint and demonstrate Wigdor LLP's continued role as public spokesperson for Defendant Ventura in matters involving Sean Combs.

### II. CHRONOLOGICAL CATALOGUE OF STATEMENTS

A. July 2, 2025 - Verdict Day in United States v. Sean Combs

Event: Jury returned split verdict finding Sean Combs guilty on two counts of transportation to engage in prostitution; not guilty on sex trafficking and racketeering charges

Time Elapsed from Event to First Public Statement: Hours (same day)

1. Written Statement to E! News (July 2, 2025) - Attorney: Douglas Wigdor - Platform:
   E! News (written statement)

   *Content:* "This entire criminal process started when our client Cassie Ventura had
   the courage to file her civil complaint in November 2023. Although the jury did
   not find Combs guilty of sex trafficking Cassie beyond a reasonable doubt, she
   paved the way for a jury to find him guilty of transportation to engage in
   prostitution. By coming forward with her experience, Cassie has left an indelible
   mark on both the entertainment industry and the fight for justice."

2. Additional Written Statement (July 2, 2025) - Attorney: Douglas Wigdor - Platform:
   E! News / Multiple outlets

   *Content:* "We must repeat – with no reservation – that we believe and support our
   client who showed exemplary courage throughout this trial. She displayed
   unquestionable strength and brought attention to the realities of powerful men in
   our orbit and the misconduct that has persisted for decades without repercussion.
   This case proved that change is long overdue, and we will continue to fight on
   behalf of survivors."

3. On-Camera Interview Outside Courthouse (July 2, 2025) - Attorney: Douglas Wigdor
   - Platform: ABC News (televised interview)

   *Content:* "She's in a good place. She was pleased that he's been found guilty and
   held responsible to federal crimes, something that he's never been held responsible
   [for] in his entire life. He still faces substantial jail time. Of course, we would
   have liked to have seen a conviction on the sex crimes and RICO, but we
   understand beyond reasonable doubt is a high standard, and we're just pleased that
   he still faces substantial jail time. I hope that people still see what Cassie did and
   think that she really made a difference."

4. Additional Interview (July 2, 2025) - Attorney: Douglas Wigdor - Platform: ABC
   News

   *Content:* "I think that obviously she would be a lot happier if the jury had
   convicted on that. But she's at peace with the verdict. I feel confident in saying he
   still faces substantial incarceration."

5. Letter to Court Opposing Bail Release (July 2, 2025) - Attorney: Douglas Wigdor -
   Platform: Court filing / Public record

   *Content:* Letter to Judge Arun Subramanian requesting "that the Court deny Mr.
   Combs to be released pending his sentencing," stating that Ventura "believes that

Mr. Combs is likely to pose a danger to the victims who testified in this case, including herself, as well as to the community."

B. October 3, 2025 - Sentencing of Sean Combs

Event**:** Sean Combs sentenced to 50 months imprisonment

Time Elapsed from Event to Public Statement: Immediate (statement issued same day)

6. Joint Statement - Post-Sentencing (October 3, 2025) - Attorneys: Douglas Wigdor and Meredith Firetog - Platform: NBC News, Daily Caller, NPR, E! News, Yahoo News, multiple outlets

*Content:* "While nothing can undo the trauma caused by Combs, the sentence imposed today recognizes the impact of the serious offenses he committed. We are confident that with the support of her family and friends, Ms. Ventura will continue healing knowing that her bravery and fortitude have been an inspiration to so many."

## III. ANALYSIS OF RESPONSE PATTERNS

A. Time Between Major Events and Public Statements

The record demonstrates a consistent pattern of immediate public response by Wigdor LLP attorneys following major developments in the Sean Combs criminal case:

Verdict Announcement (July 2, 2025)**:** Multiple statements issued within hours, including written statements to media outlets and on-camera interviews outside the courthouse

Bail Denial Hearing (July 2, 2025)**:** Letter filed with court same day as verdict

Sentencing (October 3, 2025): Statement issued immediately following sentencing hearing

B. Platforms and Media Outlets Utilized

Wigdor LLP attorneys have utilized the following platforms and media outlets for public statements on behalf of Defendant Ventura:

1. Written Press Statements: E! News, NBC News, ABC News, Daily Caller, NPR, Yahoo News, Rolling Stone, CNN

2. Television Interviews: ABC News (on-camera interviews outside Manhattan Federal Courthouse)

3. Court Filings (Public Record): Letters to Judge Arun Subramanian

4. Social Media Amplification: CNN TikTok account, various news outlet social media platforms

## IV. INTERVIEWS CONDUCTED AFTER PLAINTIFF'S COMPLAINT FILING

Plaintiff's Complaint in this action was filed on June 29, 2025. The following interviews and public appearances were conducted by Wigdor LLP attorneys after that date:

7. July 2, 2025: Douglas Wigdor conducted multiple on-camera interviews outside Manhattan Federal Courthouse following verdict announcement. Interviews aired on ABC News and other major networks.

8. July 2, 2025: Douglas Wigdor provided exclusive interview to ABC News discussing Defendant Ventura's reaction to verdict and addressing her state of mind.

## V. NUMERICAL SUMMARY

Total Public Statements Since June 30, 2025: 7

Breakdown by Attorney:

    Douglas Wigdor: 6 individual statements

    Douglas Wigdor and Meredith Firetog (joint): 1 statement

Breakdown by Platform Type:

    Written press statements: 4

    Television/on-camera interviews: 2

    Court filings (public): 1

Major Events and Response Time:

    Verdict (July 2, 2025): 5 statements issued same day

    Sentencing (October 3, 2025): 1 statement issued immediately

Average Response Time: Less than 24 hours for all major events; typically same-day or within hours

## VI. LEGAL SIGNIFICANCE

The consistent pattern of immediate, coordinated public statements by Wigdor LLP attorneys on behalf of Defendant Ventura following each major development in the Sean Combs criminal case demonstrates:

**1.** Active and ongoing attorney-client relationship between Defendant Ventura and Wigdor LLP regarding matters involving Sean Combs

**2.** Douglas Wigdor's role as authorized spokesperson and public representative for Defendant Ventura in matters related to the instant case

**3.** Substantial and continuous activities by Wigdor LLP in representing Defendant
Ventura's interests in matters directly related to claims in Plaintiff's Complaint

**4.** Implied agency relationship sufficient to authorize acceptance of service of process
pursuant to Federal Rule of Civil Procedure 4(e)(2)(C)

**5.** Regular access to and communication with Defendant Ventura, ensuring actual
notice would be provided upon service to counsel

VII. CONCLUSION

The record establishes that Douglas Wigdor and Meredith Firetog of Wigdor LLP
have made seven (7) distinct public statements on behalf of Defendant Casandra Ventura
regarding Sean Combs since June 30, 2025, occurring after the filing of Plaintiff's Complaint.
These statements were made through multiple media platforms including national television
networks, major news outlets, and court filings. The consistent pattern of immediate response
to major developments, combined with the attorneys' explicit representations that they speak
on behalf of Defendant Ventura, demonstrates an active and ongoing attorney-client
relationship sufficient to establish implied authority to accept service of process.

Dated: November 7, 2025

Respectfully submitted,

*Clayton Howard*

Clayton Howard
Plaintiff, Pro Per

# Exhibit C:

Email Communication from Meredith claiming inability to accept service and
attempts to contact Wigdor LLP

 Gmail

Clayton Howard <itsclaytonhoward@gmail.com>

---

## Demand of Clayton Howard v Cassandra Ventura

2 messages

---

**Clayton Howard** <itsclaytonhoward@gmail.com>                                    Tue, Jul 1, 2025 at 9:19 AM
To: dwigdor@wigdorlaw.com, mfiretog@wigdorlaw.com, mwillemin@wigdorlaw.com

To all counsel included

Attached is a demand letter to provide your client, Cassandra Ventura-Fine, with the opportunity to settle a recently filed matter before it exposes her not only for perjury but to increased civil liability.

As the male provider whom your client referenced during her testimony during the trial of Sean Combs, I am entirely confident she perjured herself under oath. I have been manipulated and delayed by incompetent counsel long enough. I suffered damages due to the criminal conduct of your client, and as hard as she attempts to lie through her crimes, the truth will not allow her to escape justice.

I hope your client is wise and that your firm understands the seriousness of what is about to happen. I offer an opportunity to parley. Although I am not an attorney, I would advise you to take this demand seriously. As a victim damaged by the action of your client, I have no intention of allowing her to escape justice. I can provide a copy of the submitted complaint if requested, as it awaits a filing number. Once it has the filing number, it is public and it may garner more attention than your client wants. The allegations are all true, and if you request, I will provide a copy with the understanding that the copy will not count as service. Time is of the essence as the longer it sits once it receives a filing number, the less control I will have at suppressing the truth of the complaint's contents. Everything within the submitted complaint was told to the US Attorney's Office and again, I am confident in presenting the truth of what I experienced.

The complaint is awaiting an index number as it was submitted several days ago. The allegations are severe, and the matter should be taken seriously to avoid unwanted exposure for your client after lying to the federal courts. As the gentleman she lied on, I can say this confidently. I contact you now as I realize the allegations may garner unwanted attention for all sides involved. As a victim who has been misled, I am tired and have no issue speaking out publicly. For too long, I have been silenced by those seeking to prosecute Mr Combs for actions your client who was complicit in the sex trafficking ring, used the domestic abuse that had nothing to do with her willing participation in those sexual encounters. I am the man who bedded your client for nearly a decade, can confidently and truthfully recount that, and I have to the US Attorney.

If you wish to review the submitted complaint, please request so in your reply email. In an attempt to seek true resolution in good faith, I will provide the submitted complaint

I await your reply


Clayton Howard
Plaintiff
Howard v Combs, Ventura et al

---

 **Demand Letter for Cassandra Ventura.pdf**
312K

---

**Clayton Howard** <itsclaytonhoward@gmail.com>                                    Thu, Jul 3, 2025 at 4:54 PM
Draft To: dwigdor@wigdorlaw.com, mfiretog@wigdorlaw.com, mwillemin@wigdorlaw.com

Counsel

Now that the suit against your client has been docket I offer it to you in the hopes you might make the best decision possible. My intent is not to  embarrass your client, we all wish to move forward from this. I though I had, but she reopened it and in doing so she has exposed her own liability. No one believed me for years about this and I tried to tell others. But your client was famous and powerful and I was nobody. Now I am me, a man determined to get the justice I was denied by your client. Federal statue permits it so I intend to pursue it. I ask that we parlay as once this is public I

cannot pull it back. Tyrone Blackburn, my former counsel told me all about Mr Laurent also, and I am aware Mr Blackburn
filled on tuesday. Our actions hitting the public together will expose your client to additional scrutiny as from my reading of
the complaint the allegations seems very similar.

  Your client had a scheme and pattern in her crime and she should answer. She was blesssed to be absolved of
criminality by federal prose

[Quoted text hidden]

---

**DRAFT Howard v Combs Ventura.pdf**
542K

 Gmail

**Clayton Howard <itsclaytonhoward@gmail.com>**

---

## CV25-06031-AH(JPRx) Howard V Sean Combs et al

**Clayton Howard** <itsclaytonhoward@gmail.com>                                    Wed, Oct 8, 2025 at 1:35 PM
To: dwigdor@wigdorlaw.com, mfiretog@wigdorlaw.com, mwillemin@wigdorlaw.com

To all Counsel of Record

   Attached you will find a request to waiver service of process, a consent form to waiver service of process (if you agree), a settlement demand, the original complaint and the amended copy the complaint, just approved for filing by the Central District Court fo California which has been filed against your client seeking liability for her true role within the RICO Enterprise of Sean Combs.

   If you accept service and wish to begin litigation, I am prepared to begin this and defend my rights as a victim of your client and Mr. Combs, established by the SDNY. If you are amenable to settlement, I am sure all parties would benefit from an end to this matter, as further litigation exposes your client to increased liability.

I seek your compliance for the benefit of all parties involved

Respectfully

Clayton Howard
Plaintiff

---



**5 attachments**

📄 **Signed Waiver of Service Request.pdf**
   226K

📄 **Acceptance of waiver CV-108.pdf**
   211K

📄 **October Ventura Demand Letter.pdf**
   120K

📄 **Original FIled Complaint 6 30 2025.pdf**
   253K

📄 **Second Amended Complaint Howard v Combs Ventura.pdf**
   569K

 **Clayton Howard <itsclaytonhoward@gmail.com>**

---

## CV25-06031-AH(JPRx) Howard V Sean Combs et al

**Meredith Firetog** <mfiretog@wigdorlaw.com>                    Wed, Oct 8, 2025 at 2:50 PM
To: Clayton Howard <itsclaytonhoward@gmail.com>
Cc: Douglas Wigdor <dwigdor@wigdorlaw.com>, "Michael J. Willemin" <mwillemin@wigdorlaw.com>

Mr. Howard:

We are not authorized to accept service.

Respectfully,

Meredith Firetog

**Meredith Firetog**
Partner

212 257 6800
85 Fifth Avenue
New York, NY 10003

**wigdorlaw.com**





This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail or phone. Thank you.

[Quoted text hidden]