

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON HOWARD, | Case No. CV25-06031 (AH)(JPRx) |
| *Plaintiff*, | |
| v. | |
| SEAN COMBS, et al., | |
| *Defendants*, | |

MEMORANDUM OF LAW IN SUPPORT OF

MOTION FOR ALTERNATE SERVICE

I. INTRODUCTION

Plaintiff Clayton Howard respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 4(e)(1) and 4(f)(3), for an Order authorizing alternate service of the Summons and Complaint upon Defendant Casandra Ventura. Despite Plaintiff's diligent and extensive efforts to effect personal service through conventional means, Defendant has proven impossible to serve. She has used substantial resources to conceal her whereabouts and evade service, while her attorney, Douglas Wigdor of Wigdor LLP, has publicly represented her in matters directly related to this case yet refuses to accept service on her behalf.

The circumstances of this case compel the Court's intervention to authorize alternate service. As the Ninth Circuit has recognized, "[t]he rules governing service of process are not designed to create an obstacle course for Plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Defendant Ventura should not be permitted to benefit from her evasion of service, particularly when she maintains counsel who actively represents her interests publicly.

## II. STATEMENT OF FACTS

Plaintiff is a victim under Count 3 of the federal criminal case against Sean Combs, along with Defendant Ventura. Defendant Ventura has provided testimony under oath regarding conduct that forms the basis of claims in this civil action. Despite this shared history and Defendant's knowledge of these proceedings through public reporting and the criminal case, she has systematically evaded service.

Plaintiff hired an independent process server who attempted service at two separate addresses in Connecticut without success. Plaintiff then retained a private investigator who conducted comprehensive database searches including DMV records, property records, and other public databases, but was unable to locate Defendant's current address.

Plaintiff made at least three attempts via email to contact Douglas Wigdor and Wigdor LLP, seeking acceptance of service. Mr. Wigdor responded once, stating he lacked authority to accept service. However, Mr. Wigdor has made numerous public statements to the media on behalf of Defendant Ventura regarding the sentencing of Sean Combs and her trauma, holding himself out as her authorized spokesperson and legal representative.

## III. LEGAL STANDARD

### A. Authority for Alternate Service Under Federal Rules

Federal Rule of Civil Procedure 4(e)(1) permits service upon an individual in accordance with state law where the action is filed or where service is made. Additionally, Rule 4(f)(3) authorizes service "by other means not prohibited by international agreement, as the court orders." This broad grant of authority permits federal courts to authorize alternative methods of service when circumstances warrant such relief.

The Ninth Circuit has held that "[a] plaintiff need not attempt every permissible means of service of process before petitioning the court for alternative relief." *Rio Properties*, 284 F.3d at 1014. Rather, the plaintiff need only demonstrate that "the facts and circumstances of the present case necessitate[] the district court's intervention." *Id.*

### B. Due Process Requirements

Any method of service must satisfy constitutional due process requirements. Service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

As the Ninth Circuit explained in *Rio Properties*, "this broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance." 284 F.3d at 1017. Courts have embraced alternative service methods to prevent defendants from evading jurisdiction through gamesmanship.

## IV. ARGUMENT

### A. Plaintiff Has Demonstrated Diligent Efforts to Effect Service

Courts require a showing of diligent efforts before authorizing alternate service. *See Transamerica Corp. v. TransAmerica Multiservices Inc.*, No. 1:18-cv-22483 (S.D. Fla. Sept. 15, 2018). Plaintiff has more than satisfied this requirement through: (1) hiring an independent process server who attempted service at two Connecticut addresses; (2) retaining a private investigator who conducted extensive database searches; and (3) making multiple attempts to contact Defendant's counsel to seek acceptance of service.

These efforts demonstrate the type of diligent search that courts require. In *Transamerica*, the district court authorized alternative service by email where the plaintiff showed that defendants "concealed their whereabouts by registering fictitious addresses" and the individual defendant "was evading service of process." Similarly here, Defendant Ventura has concealed her location and systematically evaded all attempts at conventional service.

### B. Defendant Is Using Resources to Intentionally Evade Service

"[A] defendant who beclouds his whereabouts should not be entitled to benefit from the process server's consequent confusion." *Hernandez v. State Farm Mut. Auto. Ins. Co.*, 32 So. 3d 695, 698 (Fla. Dist. Ct. App. 2010). Defendant Ventura has obtained substantial resources and is using them to prevent service. The systematic failure to locate her at any address, combined with her counsel's refusal to accept service despite active representation, demonstrates intentional evasion.

As the Ninth Circuit stated, "the rules governing service of process are not designed to create an obstacle course for Plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *Rio Properties*, 284 F.3d at 1016. Defendant's evasion warrants this Court's intervention.

### C. Service Upon Defendant's Attorney Is Authorized by Law and Satisfies Due Process

#### 1. Implied Agency Through Public Representation

Courts have long recognized that an attorney's authority to accept service may be implied from the attorney's conduct and active involvement in related matters. As one court

explained, "if a creditor is active in a bankruptcy case through its counsel, the counsel is implicitly authorized to accept service." *In re Ms. Interpret*, 105 B.R. 359, 363 (Bankr. S.D.N.Y. 1989).

Implied agency arises "from the conduct of the parties and the impression they give[] to the world." When an attorney makes public statements on behalf of a client, holds himself out as the client's representative, and actively participates in matters related to the litigation, the attorney creates an implied agency relationship sufficient to justify accepting service.

Here, Douglas Wigdor has consistently and publicly represented Defendant Ventura in matters directly related to this case. He has made statements to the media regarding the Sean Combs sentencing, described Defendant Ventura's trauma, and acted as her public spokesperson. Mr. Wigdor cannot selectively claim authority to speak for Defendant Ventura in the press while disclaiming authority to accept service of legal process.

2. Substantial Activities Create Implied Authority

"To find implied agency, courts review all of the circumstances under which the creditor appointed the attorney to measure the extent of authority the client intended to confer." *In re Ms. Interpret*, 105 B.R. at 363. "If the purported agent's activities are substantial, service on that agent is valid, even absent express authorization to accept process." *Id.*

Mr. Wigdor's activities on behalf of Defendant Ventura are substantial and ongoing. His public representation of her interests in matters involving Sean Combs—the co-defendant in this action—demonstrates an attorney-client relationship of significant scope. The court in *In re Moralo Co. Inc.*, 255 B.R. 398 (Bankr. S.D.N.Y. 2000), concluded that service on counsel was appropriate where counsel had filed notices of appearance and the substance of the proceeding was linked to matters in which counsel was already involved. The same circumstances exist here.

3. Federal Rules Permit Service on Authorized Agents

Federal Rule of Civil Procedure 4(e)(2)(C) explicitly permits service by "delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Courts have interpreted "authorized by law" broadly to include implied authorization arising from an attorney's conduct and representation of a client.

In *Reisman v. KPMG Peat Marwick LLP*, 189 B.R. 805 (Bankr. S.D.N.Y. 1995), the court held that an attorney's active role in the proceeding, including requesting notices and pleadings, established implied authority to accept service. Similarly, Mr. Wigdor's public

statements and active representation of Defendant Ventura establish his authority to accept service on her behalf.

        4. Due Process Is Satisfied

Service upon Mr. Wigdor satisfies due process because it is "reasonably calculated" to provide Defendant Ventura with actual notice. *Mullane*, 339 U.S. at 314. Mr. Wigdor is Defendant's attorney and has been actively involved in matters related to this case. Service upon him ensures that Defendant will receive prompt notice of this action through her legal representative.

As the Ninth Circuit held in *Rio Properties*, due process requires only that service be "reasonably calculated to apprise" the defendant of the lawsuit. 284 F.3d at 1017. Here, service on Defendant's counsel—who has publicly represented her and with whom she is in regular communication regarding related matters—provides the most reliable means of ensuring actual notice.

D. Alternative Service Methods Have Been Approved in Similar Circumstances

Federal courts have authorized various alternative methods of service when defendants evade conventional service. In *Rio Properties*, the Ninth Circuit upheld service by email where the defendant was "playing hide-and-seek with the federal court." 284 F.3d at 1018. The court emphasized that "when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process." *Id.*

Similarly, in *Transamerica*, the court authorized service by email on a domestic defendant who was evading service. The court found that where defendants "concealed their whereabouts" and email was "the only reliable means" of providing notice, alternative service was appropriate.

Here, service upon Defendant's attorney is even more reliable than email service because it ensures delivery to a known legal representative with whom Defendant maintains an ongoing professional relationship. This method is reasonably calculated to provide actual notice and satisfies all constitutional requirements.

V. CONCLUSION

Plaintiff has exhausted reasonable efforts to effect service through conventional means. Defendant Ventura has used substantial resources to evade service while maintaining active legal representation through Douglas Wigdor, who publicly speaks on her behalf regarding matters related to this case. Federal law and controlling precedent support

authorizing service upon Mr. Wigdor as Defendant's agent, either through implied authorization or as an alternative method of service ordered by this Court.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the Motion and issue an Order: (1) authorizing service of the Summons and Complaint upon Defendant Casandra Ventura by delivery to her attorney Douglas Wigdor at Wigdor LLP; and (2) finding that such service constitutes valid and effective service under Federal Rule of Civil Procedure 4.

Dated: November 13, 2025

                                                        Respectfully submitted,

                                                        *Clayton Howard*
                                                        Clayton Howard
                                                        Plaintiff, Pro Per


Exhibit A: Cerification(s) 1&2 of Private Investigator Michael Charles
Exhibit B: Media Activity of Known Counsel Douglas Wigdor
Exhibit C: Email Communication from Meredith claiming inability to accept service and attempts to contact Wigdor LLP