FILED
CLERK, U.S. DISTRICT COURT
11/13/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ASI  DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CLAYTON HOWARD,

*Plaintiff*,

v.

SEAN COMBS, et al.,

*Defendants*.

Case No. CV25-06031 (AH)(JPRx)

## DECLARATION OF CLAYTON HOWARD

I, Clayton Howard, declare as follows:

1. I am the Plaintiff in this action. I have personal knowledge of the facts set forth in this Declaration, and if called as a witness, I could and would testify competently thereto under oath.

2. I submit this Declaration in support of my Motion for an Order authorizing alternate service of the Summons and Complaint upon Defendant Casandra Ventura (hereinafter "Defendant Ventura" or "Mrs. Ventura").

### BACKGROUND

3. This action arises from events in which both I and Defendant Ventura are victims under Count 3 of the criminal case against Sean Combs. Defendant Ventura has provided testimony under oath regarding conduct that forms the basis of claims in this civil action, and is named as a co-conspirator in the Complaint.

### DILIGENT EFFORTS TO LOCATE AND SERVE DEFENDANT

4. I have employed numerous third parties, in addition to my own personal efforts, to locate and complete service upon Defendant Ventura. Despite these extensive and diligent efforts, I have been unable to effect proper service.

5. I hired an independent registered process server who attempted service at two (2) separate addresses in Connecticut. Both attempts were unsuccessful. At neither address was Defendant Ventura present, and no competent person at either location was able to accept service on her behalf.

6. I subsequently retained a licensed private investigator to locate Defendant Ventura. Despite conducting comprehensive database searches, including searches of Department of Motor Vehicle records, property records, utility records, and other public databases, the private investigator has failed to locate a current address for Defendant Ventura where service could be attempted.

## ATTEMPTS TO SERVE THROUGH COUNSEL

7. Upon information and belief, Douglas Wigdor of the law firm Wigdor LLP has been and continues to be Defendant Ventura's attorney. Mr. Wigdor has publicly represented Defendant Ventura in matters directly related to this case, specifically regarding the criminal prosecution and sentencing of Sean Combs.

8. I have made at least three (3) separate attempts to contact Mr. Wigdor and Wigdor LLP via direct email, seeking their acceptance of service of the Complaint on behalf of Defendant Ventura. I received only one response from Wigdor LLP, in which they stated they lacked authority to accept service.

9. Despite claiming a lack of authority to accept service, Mr. Wigdor and his firm have made numerous public statements to the media on behalf of Defendant Ventura. Specifically, Mr. Wigdor has commented publicly regarding the sentencing of Sean Combs and has described the trauma experienced by Defendant Ventura, holding himself out as her authorized spokesperson and legal representative in these matters.

10. The disparity between Mr. Wigdor's public representation of Defendant Ventura and his refusal to accept service creates an inconsistent position that prejudices my ability to proceed with this action. Mr. Wigdor holds himself out as Defendant Ventura's attorney for purposes of making public statements, yet refuses to accept the responsibilities that accompany such representation.

## DEFENDANT'S USE OF RESOURCES TO EVADE SERVICE

11. Upon information and belief, Defendant Ventura has obtained substantial financial resources, including through settlement of her own civil claims against Sean Combs. She is using these resources to create barriers that prevent her location from being exposed and to evade service of process in this action.

12. The systematic failure to locate Defendant Ventura at any known address, combined with her attorney's refusal to accept service despite acting as her public representative, demonstrates a deliberate pattern of evasion. Defendant Ventura is aware of this litigation through public reporting and through the ongoing criminal case against Sean Combs, in which she has been involved as a witness.

13. I believe that Defendant Ventura is intentionally using her substantial resources to make completion of service of the Complaint difficult or impossible through conventional means.

## REQUESTED RELIEF

14. Based on the foregoing, I respectfully request that this Court grant an Order authorizing alternate service options, including specifically an order mandating that Douglas Wigdor and Wigdor LLP accept the Summons and Complaint on behalf of Defendant Ventura.

15. Such an Order is necessary and appropriate given: (a) the extensive and unsuccessful efforts to effect personal service; (b) the implied agency relationship created by Mr. Wigdor's public representation of Defendant Ventura in matters related to this case; (c) Defendant Ventura's apparent use of resources to evade service; and (d) the need to ensure that the rules governing service of process do not become an obstacle course that allows defendants to evade the jurisdiction of this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 7, 2025, at 3:38.

*Clayton Howard*
Clayton Howard
Plaintiff, Pro Per