UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-06031-AH-JPRx | Date | December 2, 2025 |
| Title | Clayton Howard v. Sean Combs et al. | | |

Present: The Honorable Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present                              None Present

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE (DKT. NO. 48)**

Before the Court is Plaintiff Clayton Howard's ("Plaintiff") motion for an order authorizing alternate service ("Motion") upon Defendant Casandra Ventura ("Defendant").[1] Dkt. No. 48. The Court determines the Motion is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court GRANTS the Motion and VACATES the December 10, 2025, hearing.

---

[1] Plaintiff filed the Motion on November 13, 2025, and set the matter for hearing on December 10, 2025. *Id.* This district's Local Rule 6-1 provides that the "notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing." This Motion's set hearing date does not comply with Local Rule 6-1, and the Court notes it has already counseled Plaintiff to comply with this rule in three prior orders. *See* Dkt. No. 33 at 2 n.1; Dkt. No. 34 at 1 n.1; Dkt. No. 47 at 1. Because it appears that Plaintiff attempted to comply with Local Rule 6-1, the Court issues a ruling on this Motion. Any future motions must strictly comply with all applicable rules as well as this Court's procedures for scheduling motions, available on the Court's website. Failure to comply will result in denial of the motion.

## I.  BACKGROUND

Plaintiff filed the Second Amended Complaint against Defendant, Sean Combs, and multiple corporate defendants on October 8, 2025. Dkt. No. 35. Plaintiff provides evidence that he hired a private investigator to attempt service at three addresses in New York and Connecticut believed to be potential locations of Defendant. Mot. at 5–6. The investigator was unable to locate a current, verifiable address for Defendant or effect service at the three addresses. *Id.* at 5–7. Plaintiff also provides records of attempted service by e-mail to Douglas Wigdor of Wigdor LLP, who Plaintiff asserts is Defendant's counsel in the related criminal prosecution of Mr. Combs. *Id.* at 12–14, 18–20. Plaintiff alleges Defendant is evading service and requests an order authorizing service by email through her attorney Mr. Wigdor. *Id.* at 1.

## II.  LEGAL STANDARD

An individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P 4(e)(1). California law permits five basic methods of service: (1) personal delivery to the person to be served; (2) substituted service; (3) service by mail with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication. Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30, 415.40, 415.50. Alternatively, Section 413.30 permits the Court to "direct that the summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that such proof of service be made as prescribed by the court." *Id.* § 413.30.

Courts have permitted service by email for defendants within the United States under Section 413.30 where "the plaintiff demonstrated reasonable diligence in its attempts to serve the defendants" and "service by email is reasonably calculated to give actual notice to the defendants." *See Gnathonic, LLC v. Dingman*, No. 2:19-cv-01502-VAP-SSx, 2019 WL 13166751, at *2 (C.D. Cal. Oct. 2, 2019) (citing *Cisco Sys., Inc. v. Shaitor*, No. 18-CV-00480-LB, 2018 WL 3109398, at *4 (N.D. Cal. June 25, 2018)).

## III. DISCUSSION

The Court considers whether Plaintiff showed reasonable diligence and whether an email to Defendant's attorney is reasonably calculated to give notice.

### A. Reasonable Diligence

The analysis of reasonable diligence under California law inquires "whether [the plaintiff] took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *See Bhs L. LLP v. Worldex Indus. & Trading Co.*, No. 25-CV-04471-SVK, 2025 WL 2300446, at *3 (N.D. Cal. June 30, 2025) (citing *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978)). Courts have found reasonable diligence "usually includes a number of honest attempts to learn defendant's whereabouts or his addresses and multiple attempts to effectuate service." *See id.* (citation modified).

Here, Plaintiff hired an independent process server and a private investigator to locate and serve Defendant, but they were unable to do so. Howard Decl. ¶ 5–6, Dkt No. 50. The private investigator purportedly made nine unsuccessful attempts to serve Defendant at three different addresses in New York and Connecticut believed to be Defendant's location over multiple visits between August 6, 2025, and September 15, 2025. Mot. at 6. The investigator also asserts that searches of professional investigative databases, skip tracing methods, DMV record searches, property record searches, and field investigations have failed to confirm a current, verifiable address for Defendant. *Id.* at 7. Plaintiff also emailed Mr. Wigdor requesting acceptance of service or waiver of service, and Meredith Firetog of Wigdor LLP responded that they are not authorized to accept service. *Id.* at 20–21.

Given that Plaintiff made efforts to locate and serve Defendant at multiple addresses and through her previous counsel, the Court concludes that Plaintiff exhibited reasonable diligence in attempting to serve Defendant. *See Bhs L.*, 2025 WL 2300446, at *3 (finding reasonable diligence where the plaintiff "made multiple good faith efforts to locate and serve [the defendant] at various addresses and to serve him through his previous counsel").

### B. Reasonably Calculated to Give Notice

Alternate service under Rule 4(e)(1), such as service by email, must "comport with constitutional norms of due process." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The method of service therefore "must be reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016–17 (citation modified).

Plaintiff argues that service upon Mr. Wigdor is reasonably calculated to provide Defendant with actual notice because Mr. Wigdor is Defendant's attorney in matters related to this case. Mem. at 5, Dkt. No. 49. Plaintiff points to public statements by Mr. Wigdor as counsel for Defendant during the prosecution of Mr. Combs, including a statement by Mr. Wigdor and Ms. Firetog from October 3, 2025, after Mr. Combs's sentencing. Mot. at 14. Further, in the email reply to Plaintiff, Ms. Firetog did not dispute that she or Mr. Wigdor represented Defendant. *See id.* at 21.

Given Mr. Wigdor's previous representation of Defendant and recent public statements concerning Defendant during the prosecution of Mr. Combs, the Court finds that it is reasonable to infer Mr. Wigdor has the means to contact Defendant. Accordingly, service by email to Defendant's attorney is reasonably calculated to give notice. *See Bhs L.*, 2025 WL 2300446, at *4 (finding that service by email to the defendant's attorney of record in a prior case with ongoing collection efforts "is reasonably calculated to give notice of this action such that the requested alternative service satisfies due process requirements").

### IV. CONCLUSION

For the forgoing reasons, the Court GRANTS Plaintiff's Motion. Plaintiff may serve Defendant by emailing a copy of the Summons, Second Amended Complaint and this Order to Mr. Wigdor and Ms. Firetog with the instruction to forward such information to Defendant.

**IT IS SO ORDERED.**