FILED
CLERK, U.S. DISTRICT COURT
NOV 29 2025
CENTRAL DISTRICT OF CALIFORNIA
BY_____rsm_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

------------------------------------------------------X

| | |
|---|---|
| CLAYTON HOWARD, | : |
|  | : Civil Case No: CV25-06031-AH(JPRx) |
| *Plaintiff*, | : |
|  | : |
| v. | : MEMORANDUM OF LAW IN SUPPORT |
|  | : OF MOTION FOR LEAVE TO FILE |
| SEAN COMBS, CASSANDRA VENTURA,: | THIRD AMENDED COMPLAINT |
| BAD BOY RECORDS, | : |
| COMBS ENTERPRISES, | : |
| *Defendants*, | : |

------------------------------------------------------X

TABLE OF CONTENTS

I.    INTRODUCTION..................................................................................1

II.   STATEMENT OF FACTS......................................................................2

III.  LEGAL STANDARD.............................................................................3

IV.   ARGUMENT..........................................................................................4

    A.   Leave to Amend Should Be Freely Given Absent Undue

        Delay, Bad Faith, Prejudice, or Futility............................................4

    B.   There Is No Undue Delay..................................................................6

    C.   The Amendment Is Made in Good Faith.........................................7

    D.   Defendants Will Not Be Prejudiced.................................................8

    E.   The Proposed Amendments Are Not Futile....................................9

    F.   Defense Counsel's Consent Strongly Supports Granting

        This Motion......................................................................................10

    G.   Pro Se Litigants Are Entitled to Particular Liberality

        in Seeking to Amend........................................................................11

    H.    The Amendment Serves Judicial Economy and the

           Interests of Justice..........................................................................12

V.    CONCLUSION......................................................................................13

TABLE OF AUTHORITIES

CASES

Ascon Props., Inc. v. Mobil Oil Co.,

   866 F.2d 1149 (9th Cir. 1989).....................................................................4, 6

Bowles v. Reade,

   198 F.3d 752 (9th Cir. 1999)…………………................................................11

Celotex Corp. v. Catrett,

   477 U.S. 317 (1986).......................................................................................9

Foman v. Davis,

   371 U.S. 178 (1962)…………….............................................................4, 5, 6

Griggs v. Pace Am. Grp., Inc.,

   170 F.3d 877 (9th Cir. 1999)…………………..................................................4

Jackson v. Bank of Hawaii,

   902 F.2d 1385 (9th Cir. 1990)…………………...............................................6

Johnson v. Buckley,

   356 F.3d 1067 (9th Cir. 2004)………………….........................................4, 7

Kaplan v. Rose,

   49 F.3d 1363 (9th Cir. 1994)…………………..........................................5, 10

Lopez v. Smith,

   203 F.3d 1122 (9th Cir. 2000)…………………..........................................4, 8

Miller v. Rykoff-Sexton, Inc.,

   845 F.2d 209 (9th Cir. 1988)………………….................................................9

Moore v. Kayport Package Express, Inc.,

   885 F.2d 531 (9th Cir. 1989)..........................................................................9

Morongo Band of Mission Indians v. Rose,

   893 F.2d 1074 (9th Cir. 1990).....................................................................5

Nunes v. Ashcroft,

   375 F.3d 805 (9th Cir. 2004).......................................................................11

Owens v. Kaiser Found. Health Plan, Inc.,

   244 F.3d 708 (9th Cir. 2001)....................................................................4, 5

Sisseton-Wahpeton Sioux Tribe v. United States,

   90 Fed. Cl. 341 (2009).................................................................................8

United States v. Webb,

   655 F.2d 977 (9th Cir. 1981).......................................................................11

Zivkovic v. S. Cal. Edison Co.,

   302 F.3d 1080 (9th Cir. 2002)......................................................................4

STATUTES AND RULES

Fed. R. Civ. P. 15(a)(2).......................................................................3, 4, 5, 10

18 U.S.C. § 1591...............................................................................................9, 10

18 U.S.C. § 1595...............................................................................................9, 10

18 U.S.C. § 1962(c)..........................................................................................9, 10

18 U.S.C. § 2421......................................................................................................9

18 U.S.C. § 3771......................................................................................................2

## I. INTRODUCTION

Plaintiff Clayton Howard respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 15(a)(2), for leave to file a Third Amended Complaint. This Motion is brought in good faith to: (1) incorporate recently confirmed facts regarding Plaintiff's federal victim designation in the criminal prosecution of Defendant Sean Combs; (2) substantially improve the organization, length, and professional presentation of the pleading in compliance with Central District Local Rules; (3) consolidate redundant claims and eliminate repetitive allegations; and (4) enhance the RICO allegations with more detailed pleading of the enterprise structure and proximate causation.

Defense counsel has consented to this amendment, recognizing that it serves judicial economy, causes no prejudice to Defendants, and improves the quality of pleadings before this Court. The proposed Third Amended Complaint reduces the length of the pleading by approximately 40% (from 88 pages to 53 pages), consolidates eight causes of action into five, eliminates substantial repetition, and presents Plaintiff's claims in a more professional and organized manner consistent with the standards of this Court.

Federal Rule of Civil Procedure 15(a)(2) mandates that leave to amend should be "freely given when justice so requires." The Supreme Court and Ninth Circuit have consistently held that this liberal amendment policy serves the interests of justice by allowing cases to be decided on their merits. *Foman v. Davis, 371 U.S. 178, 182 (1962)*.

Here, all factors weigh heavily in favor of granting leave to amend: (1) there is no undue delay; (2) the Motion is brought in good faith; (3) Defendants will not be prejudiced; (4) the proposed amendments are not futile; and (5) defense counsel consents to the amendment. Moreover, as a pro se litigant, Plaintiff is entitled to particular liberality in seeking to amend his pleading. Accordingly, this Court should grant Plaintiff's Motion.

## II. STATEMENT OF FACTS

Plaintiff filed this civil action on June 29, 2025, alleging federal and state law violations arising from systematic sex trafficking, exploitation, and abuse perpetrated by Defendants from approximately 2009 through 2019. See Affidavit of Clayton Howard ("Howard Aff.") ¶ 3. Plaintiff filed a First Amended Complaint on July 2, 2025 and a Second Amended Complaint on October 8, 2025. Id. ¶ 4.

Plaintiff is appearing pro se in this matter. While he has extensive experience in the construction industry and has educated himself regarding legal procedures through involvement in multiple civil rights cases, he is not an attorney and does not have formal legal training. Id. ¶ 5.

On or about July 2, 2025, Defendant Sean Combs was convicted by jury verdict in the United States District Court for the Southern District of New York on COUNT III: INTERSTATE TRANSPORTATION FOR PROSTITUTION in violation of 18 U.S.C. § 2421 et seq., in *United States v. Sean Combs, No. 24-cr-00542 (S.D.N.Y.)*. Id. ¶ 7.

Plaintiff recently obtained a copy of the Government's Sentencing Memorandum filed in United States v. Sean Combs, which specifically names Plaintiff Clayton Howard as a VICTIM of COUNT III. Id. ¶ 8(See Exhibit C Sentencing Memorandum USA v Sean Combs pg 41). This federal victim designation entitles Plaintiff to rights under the Crime Victims' Rights Act, 18 U.S.C. § 3771, and provides: (a) federal judicial recognition of victim status; (b) collateral estoppel effect against Defendants' denials; (c) confirmation of credibility after extensive federal investigation; and (d) standing to pursue civil remedies. Id. ¶ 9.

After receiving informal feedback regarding the length and organization of the Second Amended Complaint, Plaintiff undertook a comprehensive review and redraft. Id. ¶ 11. The proposed Third Amended Complaint represents substantial improvements, including: (a) reduction from 88 pages to 53 pages (40% reduction); (b) elimination of repetitive allegations through creation of a Consolidated Damages section; (c) consolidation from eight causes of action to five; (d) removal of Beverly Hills Hotel as a defendant; (e) enhanced RICO pleading; (f) prominent pleading of federal victim designation; and (g) compliance with Local Rule 11-3.1.1. Id. ¶ 12.

Defense counsel consented to this amendment after reviewing the proposed Third Amended Complaint. Id. ¶¶ 14-16. Discovery not yet begun, no trial date has been set, and Defendants will not be prejudiced by the amendment. Id. ¶¶ 17-21.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (emphasis added).

The Supreme Court has emphasized that Rule 15(a)'s mandate of liberal amendment serves important policies:

> In the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., the leave sought should, as the rules require, be "freely given." *Foman v. Davis, 371 U.S. 178, 182 (1962) (emphasis added)*.

The Ninth Circuit has consistently reaffirmed this liberal standard: "A motion for leave to amend should be granted unless there is 'strong evidence' of any of the Foman factors." *Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999)*. "The policy favoring amendment is to be applied with 'extreme liberality.'" *Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990))*.

The party opposing amendment bears the burden of showing why amendment should be denied. *Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004)*. "The district court's discretion to deny leave to amend is particularly narrow where . . . the motion is unopposed." *Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)*.

Here, the Motion is unopposed, indeed, defense counsel has affirmatively consented. Under these circumstances, the standard is even more liberal, and denial would be an abuse of discretion absent extraordinary circumstances not present here.

## IV. ARGUMENT

A. Leave to Amend Should Be Freely Given Absent Undue Delay, Bad Faith, Prejudice, or Futility

Federal Rule of Civil Procedure 15(a)(2)'s command that leave to amend should be "freely given when justice so requires" establishes a strong presumption in favor of allowing amendment. The Supreme Court has made clear that this is not mere suggestion: "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman*, 371 U.S. at 182.

The Ninth Circuit has repeatedly emphasized the strength of this policy:

> Four factors are commonly used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. Absent prejudice, or a strong showing of any of the remaining Foman

   factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.

   Owens, 244 F.3d at 712 (emphasis added) (internal quotation marks omitted).

Courts must apply this standard with "extreme liberality." Id. The burden is on the party opposing amendment, and that burden is a heavy one: "A district court abuses its discretion when it denies leave to amend where the adverse party cannot show prejudice and the amendment is not futile." *Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).*

Here, none of the Foman factors support denying leave to amend. To the contrary, all factors weigh decisively in favor of granting this Motion:

  NO UNDUE DELAY: This Motion is filed promptly after Plaintiff completed the redraft and obtained defense counsel's consent.

  Discovery is not active. No trial date is set.

NO BAD FAITH: Plaintiff brings this Motion in good faith to improve the quality of his pleading, incorporate newly confirmed facts, and comply with Local Rules. Defense counsel recognizes this good faith by consenting to the amendment.

NO PREJUDICE: Defendants will not be prejudiced. The amendment does not add new defendants, new time periods, or substantively new factual allegations. Rather, it reorganizes and streamlines existing claims. Defendants will benefit from responding to a more concise and better organized complaint.

NO FUTILITY: The proposed claims are supported by extensive evidence, federal victim designation, and Defendant Combs's criminal conviction. The amendments enhance rather than diminish claim viability.

Moreover, defense counsel's consent to this amendment eliminates any reasonable basis for denial. As explained below, each Foman factor independently supports granting this Motion.

B. There Is No Undue Delay

"'Undue delay' in seeking leave to amend may by itself be a sufficient reason to deny a motion to amend. Generally, however, delay alone is insufficient reason to deny a motion to amend unless accompanied by bad faith, undue prejudice, or futility." *Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).*

Here, there is no undue delay whatsoever. Plaintiff seeks leave to file a Third Amended Complaint almost sixty (60) days after the previous upon receiving the sentencing memorandum of Defendant Combs. The Motion is filed promptly after: (1) Plaintiff obtained confirmation of

his federal victim designation; (2) Plaintiff completed a comprehensive redraft to improve organization and comply with Local Rules; and (3) Plaintiff obtained defense counsel's consent. Discovery in this matter is not active. Howard Aff. ¶ 17. No trial date has been set. Id. ¶ 18. The case is still in its early stages, making this precisely the appropriate time for amendment.

The Ninth Circuit has consistently held that amendment sought before substantial discovery or trial setting does not constitute undue delay:

The focus of the inquiry should be on the prejudice to defendants.

Leave to amend should be granted unless defendants demonstrate that they will be prejudiced by the amendment. In this circuit, a district court's discretion to deny leave to amend is particularly narrow where the motion is unopposed.

*Ascon Props., 866 F.2d at 1160 (emphasis added).*

Other circuits have reached similar conclusions: "[W]here no trial date has been set, no prejudice is usually found." *Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990).*

Here, Plaintiff acts diligently and promptly. The timing of this Motion, before substantial discovery and well before any trial, demonstrates the absence of undue delay. See *Foman, 371 U.S. at 182* (denying amendment when plaintiff delayed four years and waited until "on the eve of trial" was not abuse of discretion, but earlier amendment should generally be allowed).

C. The Amendment Is Made in Good Faith

"Bad faith, or dilatory motive on the part of the movant" is grounds for denying leave to amend. *Foman, 371 U.S. at 182*. However, "[o]rdinarily, a court will presume good faith on the movant's part." *Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).*

Here, the record overwhelmingly demonstrates Plaintiff's good faith:

FIRST, Plaintiff brings this Motion to incorporate recently confirmed facts regarding his federal victim designation in the criminal prosecution of Defendant Combs. Howard Aff. ¶¶ 7-10. This is a legitimate reason for amendment, to strengthen the complaint with facts that establish standing, credibility, and collateral estoppel effect.

SECOND, Plaintiff undertook substantial efforts to improve the organization, length, and professional presentation of his pleading after receiving informal feedback. Id. ¶¶ 11-12. The proposed Third Amended Complaint:

1. Reduces length by 40% (88 pages to 53 pages);
2. Eliminates repetitive allegations through a Consolidated Damages section;

   3. Consolidates eight causes of action into five, eliminating redundancy;
   4. Complies with Central District Local Rule 11-3.1.1;
   5. Enhances RICO pleading with more detailed allegations.

These improvements serve judicial economy and demonstrate good faith effort to comply with professional standards despite pro se status.

THIRD, Plaintiff obtained defense counsel's consent before filing this Motion. Howard Aff. ¶¶ 14-16. Defense counsel's willingness to consent demonstrates recognition of Plaintiff's good faith and the legitimacy of the proposed amendments.

FOURTH, Plaintiff does not seek to add new defendants, new time periods, or entirely new theories of liability. The amendment refines and improves presentation of existing claims rather than fundamentally changing the nature of the litigation.

The absence of bad faith is clear. Plaintiff seeks amendment to strengthen his case with newly confirmed facts and to improve presentation quality, both legitimate reasons that courts routinely approve.

D. Defendants Will Not Be Prejudiced

"[P]rejudice to the opposing party" is the most important Foman factor. *Sisseton-Wahpeton Sioux Tribe v. United States, 90 Fed. Cl. 341, 349 (2009)*. However, "[t]he party opposing amendment bears the burden of showing prejudice." *Lopez, 203 F.3d at 1127*.

Prejudice in the Rule 15(a) context typically means that "amendment would require the [opposing party] to expend significant additional resources to conduct discovery and prepare for trial" or that amendment "would necessarily delay the trial of the matter." Id. at 1131 (internal quotation marks omitted).

Here, Defendants will suffer no prejudice whatsoever:

FIRST, the proposed amendment does not add new defendants. The Third Amended Complaint actually removes Beverly Hills Hotel as a defendant, focusing claims on the primary wrongdoers. Howard Aff. ¶ 12(d).

SECOND, the proposed amendment does not expand the temporal scope of claims. The Third Amended Complaint continues to allege conduct from approximately 2009 through 2019, the same time period alleged in the Second Amended Complaint.

THIRD, the proposed amendment does not add substantively new factual allegations requiring additional discovery. The Third Amended Complaint reorganizes and streamlines existing

allegations. Any discovery Defendants would conduct regarding the Third Amended Complaint would be substantially the same as discovery regarding the Second Amended Complaint. Howard Aff. ¶ 19.

FOURTH, the proposed amendment actually benefits Defendants by providing a more concise, better organized complaint that will be easier to defend against. A 53-page complaint with five causes of action is substantially more manageable than an 88-page complaint with eight causes of action. Howard Aff. ¶ 20.

FIFTH, no trial date has been set. Without an approaching trial date, Defendants cannot claim prejudice from delay. Howard Aff. ¶ 18.

SIXTH, and most significantly, defense counsel has consented to this amendment. Howard Aff. ¶¶ 14-16; Exhibit B. This consent is strong evidence, indeed, conclusive evidence, that Defendants will not be prejudiced. Defendants' own counsel has evaluated the proposed amendments and determined that they do not prejudice Defendants' interests.

The Ninth Circuit has held that "[w]hen there is no prejudice to the party opposing amendment, there is no reason for the court to incur the expense of conducting the Foman inquiry." *Lopez, 203 F.3d at 1130*. Here, the absence of prejudice, confirmed by defense counsel's consent, mandates granting this Motion.

E. The Proposed Amendments Are Not Futile

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)*. However, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Id. (internal quotation marks omitted). The standard is the same as for a Rule 12(b)(6) motion to dismiss, the proposed amendment must be able to survive a motion to dismiss. *Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989)*.

Here, the proposed amendments are far from futile. Indeed, they strengthen Plaintiff's claims:

FIRST, Plaintiff's claims are supported by extensive documentary evidence including flight records, hotel records, text messages, and other documents. Howard Aff. ¶ 27.

SECOND, Plaintiff's allegations were corroborated by federal investigators during the extensive criminal investigation of Defendant Combs. The United States Attorney's Office for the Southern

0007

District of New York investigated Plaintiff's claims, verified his allegations through hotel records and airline records, and determined his credibility was established. Id.

THIRD, Plaintiff is specifically named as a VICTIM in COUNT III of the federal criminal prosecution, United States v. Sean Combs, No. 24-cr-00542 (S.D.N.Y.). Id. This federal victim designation, made after extensive investigation, establishes:

1. Prima facie standing to pursue civil claims under 18 U.S.C. § 1595;
2. Collateral estoppel effect. Defendants cannot relitigate facts established by Defendant Combs's conviction on COUNT III;
3. Credibility after federal investigation and victim designation;
4. Entitlement to Crime Victims' Rights Act protections.

FOURTH, Defendant Sean Combs was convicted by jury verdict on COUNT III: INTERSTATE TRANSPORTATION FOR PROSTITUTION in violation of 18 U.S.C. § 2421. Howard Aff. ¶ 7. This conviction establishes that Defendant Combs engaged in the predicate criminal conduct alleged in Plaintiff's complaint.(See Exhibit C Sentencing Memorandum USA v Sean Combs pg 41)

FIFTH, during the criminal trial, Defendant Cassandra Ventura testified under oath that she personally trafficked multiple male victims, including Plaintiff. This testimony corroborates Plaintiff's allegations and establishes Defendant Ventura's active participation in the trafficking enterprise. Id.

SIXTH, the proposed Third Amended Complaint enhances the RICO allegations with more detailed pleading of: (a) enterprise structure and participants; (b) predicate acts with temporal specificity; (c) proximate causation, particularly regarding the December 2012 incident and resulting economic injury; and (d) pattern continuity and relatedness. Howard Aff. ¶ 12(e).

Given this extensive evidentiary support, federal victim designation, and criminal conviction, the proposed amendments are clearly not futile. The claims state viable causes of action under federal sex trafficking statutes (18 U.S.C. §§ 1591, 1595), RICO (18 U.S.C. § 1962(c)), and state trafficking laws.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim." *Miller, 845 F.2d at 214*. Here, Plaintiff has already proved facts sufficient to obtain federal victim designation and to support a criminal

0008

conviction of Defendant Combs. These facts more than satisfy the standard for surviving a motion to dismiss.

F. Defense Counsel's Consent Strongly Supports Granting This Motion

Defense counsel has consented to this Motion. Howard Aff. ¶¶ 14-16; Exhibit B. This consent is highly significant and strongly supports granting leave to amend.

Federal Rule of Civil Procedure 15(a)(2) explicitly provides that a party may amend "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When the opposing party consents, the court's discretion to deny is "particularly narrow." Ascon Props., 866 F.2d at 1160.

The Ninth Circuit has explained: "In this circuit, a district court's discretion to deny leave to amend is particularly narrow where the motion is unopposed." Id. (emphasis added). When a motion is not merely unopposed but affirmatively consented to, the district court's discretion is even more limited.

1. Defense counsel's consent demonstrates:
2. Defendants recognize the amendments are made in good faith;
3. Defendants acknowledge they will not be prejudiced;
4. Defendants agree the amendments serve judicial economy;
5. Defendants do not view the amendments as futile.

Courts routinely grant leave to amend when the opposing party consents. See, e.g., *Kaplan, 49 F.3d at 1370* (noting consent as factor supporting amendment). Here, where all Foman factors already favor amendment, defense counsel's consent makes granting this Motion virtually mandatory.

G. Pro Se Litigants Are Entitled to Particular Liberality in Seeking to Amend

Plaintiff is appearing pro se in this matter. Howard Aff. ¶ 5. While he has educated himself regarding legal procedures and has worked diligently to improve his pleadings, he is not an attorney and does not have formal legal training. Id.

Federal courts have long recognized that pro se litigants are entitled to particular liberality when seeking to amend their pleadings:

> Pro se litigants must be given leave to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.

> *Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004)* (emphasis added) (internal quotation marks omitted).

The Ninth Circuit has repeatedly emphasized this principle: "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal." *Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (emphasis added).*

This liberality reflects recognition that "courts must construe pleadings filed by pro se litigants liberally and must afford pro se litigants the benefit of any doubt." *United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).*

Here, Plaintiff has made extraordinary efforts to improve his pleadings despite pro se status:

1. Researched Central District Local Rules;
2. Studied comparable civil rights complaints;
3. Reduced complaint length by 40%;
4. Eliminated repetition and redundancy;
5. Consolidated overlapping claims;
6. Enhanced RICO allegations;
7. Obtained defense counsel's consent.

These efforts demonstrate Plaintiff's good faith and commitment to presenting his claims professionally. As a pro se litigant making such efforts, Plaintiff is entitled to the liberality that courts consistently afford to self-represented parties.

H. The Amendment Serves Judicial Economy and the Interests of Justice

Beyond the Foman factors, courts should consider whether amendment serves judicial economy and the interests of justice. Here, granting this Motion clearly serves both:

JUDICIAL ECONOMY: The proposed Third Amended Complaint is substantially shorter (53 pages vs. 88 pages), better organized, and more professionally presented than the Second Amended Complaint. This will:

1. Reduce court time reviewing the pleading;
2. Facilitate more efficient motion practice;
3. Enable clearer case management going forward;
4. Eliminate potential motion practice regarding length/organization.

Howard Aff. ¶ 21.

INTERESTS OF JUSTICE: Federal Rule 15(a)(2) requires that leave be given "when justice so requires." Justice requires allowing Plaintiff to:

1. Incorporate recently confirmed federal victim designation;
2. Present claims in professional manner despite pro se status;
3. Comply with Local Rule requirements;
4. Have claims adjudicated on merits with benefit of best presentation.

Rule 15(a)'s liberal amendment policy reflects the principle that cases should be decided on their merits rather than on technical pleading deficiencies. *Foman, 371 U.S. at 182*. Here, where Plaintiff has extensive evidence supporting his claims, has been designated a federal victim, and has worked diligently to improve his pleading, justice requires allowing the amendment so that the merits may be fairly adjudicated.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant leave to file the Third Amended Complaint. All factors weigh decisively in favor of amendment:

1. NO undue delay
2. "NO bad faith" Motion brought in good faith to improve pleading
3. "NO prejudice" Defendants benefit from clearer, more concise complaint
4. "NO futility" Claims supported by federal victim designation and conviction
5. DEFENSE COUNSEL CONSENT: Strong evidence favoring amendment
6. "PRO SE STATUS" Entitled to particular liberality
7. "JUDICIAL ECONOMY" Amendment serves efficiency and justice

Federal Rule 15(a)(2) mandates that leave to amend be "freely given when justice so requires." Here, justice clearly requires granting this Motion. The proposed amendments strengthen the pleading, incorporate important newly confirmed facts, improve organization and compliance with Local Rules, and serve the interests of judicial economy, all without prejudice to Defendants.

Accordingly, Plaintiff respectfully requests that this Court enter an Order:

1. Granting Plaintiff leave to file the Third Amended Complaint in the form attached as Exhibit A;
2. Directing that the Third Amended Complaint be deemed filed as of the date of the Court's Order;

3. Setting an appropriate deadline (at least sixty (60) days) for Defendants to respond to the Third Amended Complaint; and

4. Granting such other and further relief as the Court deems just and proper.

Dated: November 26, 2025

           Respectfully submitted,

           *Clayton Howard*
           CLAYTON HOWARD, Pro Se
           Plaintiff
           245 Mill Road, Apt. 4A
           Staten Island, New York 10306
           Telephone: (929) 781-7791
           Email: itsclaytonhoward@gmail.com