UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-06031-AH-(JPRx) | Date | December 15, 2025 |
| Title | *Clayton Howard v. Sean Combs et al.* | | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:   (IN CHAMBERS) ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (DKT. NO. 53)**

Before the Court is Plaintiff Clayton Howard's ("Plaintiff") Motion for Leave to File Third Amended Complaint ("Motion").[1] Dkt. No. 53. The Court deems the Motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons below, the Court GRANTS Plaintiff's Motion.

## I.   BACKGROUND

Plaintiff initiated this action on June 30, 2025. Dkt. No. 1. Plaintiff filed an Amended Complaint on July 3, 2025. Dkt. No. 3. The Court granted leave to file a Second Amended Complaint, Dkt. No. 34, which Plaintiff filed on October 8,

---

[1] The Motion set a motion hearing date of December 31, 2025. Mot. at 1. This hearing date was closed. The Court's website indicates that parties must check the website regarding Closed Motion Dates to make sure the hearing date has not been closed. *See* Honorable Anne Hwang's Procedures, https://apps.cacd.uscourts.gov/Jps/honorable-anne-hwang. While a hearing will be unnecessary for this Motion, any future motions must comply with all applicable rules and procedures or they will be denied.

2025.  Dkt. No. 35.  Plaintiff now moves to file a Third Amended Complaint ("TAC").

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15 authorizes a party to amend its pleading once as a matter of course.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*; *see Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

Courts weigh five factors in determining whether to grant leave to amend: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  The opposing party bears the burden of showing why leave to amend should not be granted.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987).

## III.   DISCUSSION

Plaintiff's proposed TAC "corrects deficiencies, adds recently confirmed facts regarding Plaintiff's federal victim designation, and enhances the professional presentation of claims."  Mot. at 1.  Given Plaintiff's representations, there is no indication that Plaintiff unduly delayed the amendment or acted with bad faith or dilatory motive.  The Court has not expressed any views on the merits of the prior complaints and therefore does not address the factors regarding failure to cure deficiencies or futility of amendment.  Defendants will not be prejudiced by amendment because they have not yet been served or have only recently been served.  *See* Dkt. No. 51 (proof of service upon Defendant Sean Combs filed November 16, 2025); Dkt. No. 52 (order authorizing alternate service upon Defendant Cassandra Ventura entered December 3, 2025).  Further, Plaintiff submits correspondence indicating that counsel of Defendant Sean Combs has consented to and will accept service of the TAC.  *See* Mot., Ex. B.  Accordingly,

the Court concludes that leave to amend should be granted based on the policy favoring amendment.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion is GRANTED.  Plaintiff must file the TAC within **ten (10) days** of entry of this Order.

**IT IS SO ORDERED.**