Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Lilah N. Cook (Bar No. 350775)
cook@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard
Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900

*Attorneys for Defendants Sean Combs and CeOpco, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CLAYTON HOWARD,<br><br>Plaintiff,<br><br>v.<br><br>SEAN COMBS, CASANDRA VENTURA, BAD BOY RECORDS, COMBS ENTERPRISES,<br><br>Defendants. | Case No. 2:25-cv-6031-AH-JPRx<br><br>**STIPULATION TO EXTEND TIME TO RESPOND TO THIRD AMENDED COMPLAINT**<br><br>Third Amended Complaint Served: December 16, 2025 (for Defendants Sean Combs and Casandra Ventura) December 17, 2025 (for Defendant CeOpco, LLC)<br><br>Current Response Date: December 30, 2025 (for Defendants Sean Combs and Casandra Ventura) February 16, 2026 (for Defendant CeOpco, LLC)<br><br>New Response Date: 60 days from service of the Third Amended Complaint on all Defendants |

STIPULATION TO EXTEND TIME TO RESPOND TO THIRD AMENDED COMPLAINT

**JOINT STIPULATION**

Plaintiff Clayton Howard ("Plaintiff"), on the one hand, and Defendants Sean Combs ("Combs"), Casandra Ventura ("Ventura"), and CeOpco, LLC d/b/a Combs Global and f/k/a Combs Enterprises, LLC ("CeOpco"), on the other, hereby stipulate as follows:

1. On June 30, 2025, Plaintiff commenced an action in this Court, captioned *Howard v. Combs*, Case No. 25-cv-6031 (the "Action").

2. Plaintiff filed a First Amended Complaint ("FAC") on June 30, 2025 and a Second Amended Complaint ("SAC") on October 8, 2025.

3. On November 6, 2025, Plaintiff served Defendant Combs with the SAC.

4. On November 21, 2025, Plaintiff contacted counsel for Defendant Combs requesting his consent to file a Third Amended Complaint ("TAC") in the Action. After meeting and conferring on the question, Plaintiff and Defendant Combs agreed that Defendant Combs would consent to the filing of the TAC in return for an extension of Defendant's time to answer, move, or otherwise respond to the TAC to 60 days after service of the TAC on all other Defendants in the Action.

5. On December 5, 2025, Plaintiff served Defendant Ventura with the SAC.

6. On December 9, 2025, Defendant Ventura consented to Plaintiff filing the TAC in return for an extension of Defendant Ventura's time to answer, move, or otherwise respond to the TAC to 60 days after service of the TAC on all other Defendants in the Action.

7. On December 15, 2025, the Court granted Plaintiff leave to file the TAC (ECF No. 55), ordering Plaintiff to file the TAC within ten (10) days of the Order.

8. Plaintiff has represented to Defendant Combs and Defendant Ventura that he filed the TAC with the Court on December 16, 2025 using the Court's pro se portal.

9. On December 17, 2025, Defendant CeOpco waived service of the TAC by executing a Waiver of Service ("Waiver"). In return for executing the Waiver, Plaintiff agreed to extend Defendant CeOpco's time to answer, move, or otherwise respond to

the TAC to 60 days after service of the TAC on all other Defendants in the Action, in line with the same extensions agreed to for Defendant Combs and Defendant Ventura.

10. Defendant Combs and Defendant Ventura's current deadline to answer, move, or otherwise respond to the TAC is December 30, 2025. Pursuant to the Waiver, Defendant CeOpco's current deadline to answer, move, or otherwise respond to the TAC is February 16, 2026.

11. Now, pursuant to their prior agreements, Plaintiff and Defendants Combs, Ventura, and CeOpco hereby jointly request that the Court extend Defendants Combs, Ventura, and CeOpco's deadline to answer, move, or otherwise respond to the TAC to 60 days after service of the TAC on all other Defendants in the Action.

12. This extension will ensure that Defendants Combs, Ventura, and CeOpco's deadlines to answer, move, or otherwise respond to the TAC are aligned, avoiding unnecessary briefing for all parties.

13. This request is not for purposes of delay or any other improper purpose, but to move the Action forward efficiently, while preserving the resources of the Court and all parties. This request is without prejudice to any defenses, contentions, and/or remedies any party may have, all of which are hereby expressly preserved.

Based on these recitals, Plaintiff and Defendants Combs, Ventura, and CeOpco STIPULATE to the following modification of their time to answer, move, or otherwise respond to the TAC to **60 days after service of the TAC on all other Defendants in the Action**.

SO STIPULATED.

Dated: December 23, 2025

SCHONBUCH HALLISSY LLP

*/s/ Lilah N. Cook*

_____

Michael Schonbuch
Lilah N. Cook

*Attorneys for Defendants Sean Combs and CeOpco, LLC*

| | | |
|---|---|---|
| 1 | Dated: December 23, 2025 | WIGDOR LLP |
| 2 | | */s/ Melodie Han* |
| 3 | | _____ |
| 4 | | Melodie Han |
| 5 | | *Attorneys for Defendant Casandra Ventura* |
| 6 | | |
| 7 | Dated: December 23, 2025 | CLAYTON HOWARD |
| 8 | | */s/ Clayton Howard* |
| 9 | | _____ |
| 10 | | *Pro Se Plaintiff* |

**Certification in Compliance with Local Rule 5-4.3.4**

I certify that, under Local Rule 5-4.3.4(a)(2)(i), I have obtained the authorization from the above-noted signatories, representing the above-noted parties, to file the above-referenced document, and that the above-noted signatories concur in the content of the filing.

Executed on December 23, 2025 in Los Angeles, California.

*/s/ Lilah N. Cook*

_____

Lilah N. Cook