Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Lilah N. Cook (Bar No. 350775)
cook@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard
Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900

*Attorneys for Defendant Sean Combs and CeOpco, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CLAYTON HOWARD,<br><br>Plaintiff,<br><br>v.<br><br>SEAN COMBS, CASANDRA VENTURA, BAD BOY RECORDS, COMBS ENTERPRISES,<br><br>Defendants. | Case No. 2:25-cv-6031-AH-JPRx<br><br>**DECLARATION OF LILAH N. COOK IN SUPPORT OF JOINT STIPULATION TO EXTEND TIME TO RESPOND TO THIRD AMENDED COMPLAINT**<br><br>Third Amended Complaint Served: December 16, 2025 (for Defendants Sean Combs and Casandra Ventura) December 17, 2025 (for Defendant CeOpco, LLC)<br><br>Current Response Date: December 30, 2025 (for Defendants Sean Combs and Casandra Ventura) February 16, 2026 (for Defendant CeOpco, LLC)<br><br>New Response Date: 60 days from service of the Third Amended Complaint on all other Defendants |

# DECLARATION OF LILAH N. COOK

I, Lilah N. Cook, hereby declare as follows:

1. I am an attorney duly licensed to practice before this Court and all the courts in the State of California and am an associate with the law firm of Schonbuch Hallissy LLP, attorneys of record herein for Defendants Sean Combs ("Combs") and CeOpco, LLC d/b/a Combs Global and f/k/a Combs Enterprises, LLC ("CeOpco").

2. I am sufficiently familiar with the facts set forth herein to competently testify to them if required to do so.

3. This Declaration is made in support of the joint stipulation between Plaintiff Clayton Howard ("Plaintiff"), Defendant Combs, Defendant CeOpco, and Defendant Casandra Ventura ("Ventura") seeking an order to extend Defendants Combs, Ventura, and CeOpco's time to respond to Plaintiff's Third Amended Complaint ("TAC"), filed on December 16, 2025.

4. On June 30, 2025, Plaintiff commenced an action in this Court, captioned *Howard v. Combs*, Case No. 25-cv-6031 (the "Action").

5. Plaintiff filed a First Amended Complaint ("FAC") on June 30, 2025 and a Second Amended Complaint ("SAC") on October 8, 2025.

6. On November 6, 2025, Plaintiff served Defendant Combs with the SAC.

7. On November 21, 2025, Plaintiff contacted counsel for Defendant Combs requesting his consent to file a Third Amended Complaint ("TAC") in the Action. After meeting and conferring on the question, Plaintiff and Defendant Combs agreed that Defendant Combs would consent to the filing of the TAC in return for an extension of Defendant's time to answer, move, or otherwise respond to the TAC to 60 days after service of the TAC on all other Defendants in the Action.

8. Upon information and belief, on December 5, 2025, Plaintiff served Defendant Ventura with the SAC.

9. On December 9, 2025, Defendant Ventura consented to Plaintiff filing the TAC in return for an extension of Defendant Ventura's time to answer, move, or otherwise respond to the TAC to 60 days after service of the TAC on all other Defendants in the Action.

10. On December 15, 2025, the Court granted Plaintiff leave to file the TAC (ECF No. 55), ordering Plaintiff to file the TAC within ten (10) days of the Order.

11. Plaintiff has represented to Defendant Combs and Defendant Ventura that he filed the TAC with the Court on December 16, 2025 using the Court's pro se portal.

12. On December 17, 2025, Defendant CeOpco waived service of the TAC by executing a Waiver of Service ("Waiver"). In return for executing the Waiver, Plaintiff agreed to extend Defendant CeOpco's time to answer, move, or otherwise respond to the TAC to 60 days after service of the TAC on all other Defendants in the Action, in line with the same extensions agreed to for Defendant Combs and Defendant Ventura.

13. Defendant Combs and Defendant Ventura's current deadline to answer, move, or otherwise respond to the TAC is December 30, 2025. Pursuant to the Waiver, Defendant CeOpco's current deadline to answer, move, or otherwise respond to the TAC is February 16, 2026.

14. Should the Court deny the joint stipulation, Defendants Combs, Ventura, and CeOpco will be forced to respond to the TAC at different times, which will duplicate the briefing necessary in the case and deprive Defendants Combs, Ventura, and CeOpco with the chance to coordinate their litigation strategy with Defendant Bad Boy Records, who has yet to be served in the case.

15. The request of Defendants Combs and CeOpco, joined by Plaintiff and Defendant Ventura, is not for purposes of delay or any other improper purpose, but to move the Action forward efficiently, while preserving the resources of the Court and all parties.

16. Defendants Combs and CeOpco have yet to make efforts to meet their existing response deadlines, owing to the prior agreements with Plaintiff to extend their time to respond to the TAC, which was a precondition to Defendant Combs's consent to the filing of the TAC and Defendant CeOpco's execution of the Waiver.

17. The joint stipulation is the first request by Plaintiff and Defendants Combs, Ventura, and CeOpco for an extension of their time to respond to any of Plaintiff's operative complaints.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: December 23, 2025

SCHONBUCH HALLISSY LLP

/s/ Lilah N. Cook

_____

Lilah N. Cook

*Attorneys for Defendants Sean Combs and CeOpco, LLC*