

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON HOWARD,<br><br>        Plaintiff,<br><br>v.<br><br>SEAN COMBS, et al,<br><br>        Defendants, | Case No. 2:25-cv-6031-AH-JPRx<br><br><br>MEMORANDUM OF LAW IN SUPPORT<br>OF MOTION FOR JUDICIAL NOTICE<br>OF PLAINTIFF'S VICTIM STATUS |

TABLE OF CONTENTS

I.    INTRODUCTION.……………………….......................................................1

II.   FACTS NOT SUBJECT TO REASONABLE DISPUTE……....................................1

III.  LEGAL STANDARD……………….......................................................................2

IV.  ARGUMENT……………………….........................................................................3

       A.    Judicial Notice Is Mandatory Under Rule 201………….............................3

       B.    Judge Subramanian's Recognition Establishes Victim Status………..........4

       C.    Defendant Combs's Conviction and Imprisonment………….....................5

       D.    Defendant Ventura's Sworn Testimony……………....................................6

       E.    Comity Requires Recognition of Sister Court's Findings……….............7

       F.    Plaintiff's Inability to Assert CVRA Rights Caused by Attorney Misconduct.7

       G.    Defendant Ventura's Sworn Testimony Binds Her to this Civil Action………9

       H.    Sentencing Memorandum and Count III Conviction Support Judicial Notice..11

V.   CONCLUSION……………………….....................................................................13

TABLE OF AUTHORITIES

CASES:

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).…………………….........................3, 4

*In re Korean Air Lines Disaster*, 829 F.2d 1171 (D.C. Cir. 1987)…………….................7

*Kenna v. U.S. Dist. Court*, 435 F.3d 1011 (9th Cir. 2006)……………………......................9

*Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991)……………….......................3, 4

*Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc*., 969 F.2d 1384 (2d Cir. 1992).............3, 5

*Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518 (1986)………………................7

*Staehr v. Hartford Fin. Servs. Grp., Inc*., 547 F.3d 406 (2d Cir. 2008)………………......3, 4

*United States v. Jones, 29 F.3d 1549* (11th Cir. 1994)………………….........................3

*Doe v. United States,* 666 F. 3d. 1204, 1207 (9th Cir. 2012)…………………………….8

*United States v Hunter*, 548 F, 3d 1308, 1312 (9th Cir. 2008)………………………….8

*Wood v Georgia*, 450 U.S. 261, 286-69 (1981)……………………………………….....8

*United States v. Rodrigues*, 347 F. 3d 818, 824 (9th Cir. 2003)………………………….8,9

*United States v. Olsen*, 704 F. 3d 1172, 1183 (9th Cir. 2013)………………………….9

*United States v. Jackson*, 882 F. 2d. 1444, 1447 (9th Cir. 1989)……………………….9

*Link v Wabash R. R, Co*., 370 U.S. 626, 633 (1962)……………………………………..9

*America Title Insurance Co v. Lacelaw Corp*. 861 F. 2d 224 (9th Cir. 1988)………………….9

*New Hampsire v Maine*, 532 U.S. 742, 749 (2001)……………………………………..10

*Hogan v. United States*., 488 F. 3d. 1023, 1026 (9th Cir. 2007)……………………….10

*Oyenrian v. Holder*, 672 F. 3d 800, 806 (9th Cir. 2012)………………………………..10

*Parklane Hosiery Co. v Shore*, 439 U.S. 322, 326 n 4 (1979)………………………….11

*United States v. Wilson*, 631 F. 2d. 118, 119 (9th Cir. 1980)………………………….11

*United States v. Brappert*, 682 F. 2d. 449, 451 (9th Cir 1982)…………………………11

*United States v. Ruhe*, 191 F. 3d. 376, 383 (9th Cir 1999)……………………………..11

*United States v Huynh*, 60 F. 3d. 1386, 1390 (9th Cir. 1995)………………………….11

*Taylor v. Sturgell*, 553 U.S. 800, 892 (2008)…………………………………………..12

*Robi v. Five Platters, Inc*, 838 F. 2d. 318, 321 (9th Cir 1988)………………………….12

*United States v. Pascatore*, 637 F. 2d. 1180, 1184 (9th Cir. 1981)……………………..12

*United States v. Alonzo*, 991 F. 2d. 1422, 1426 (9th Cir. 1993)……………………….12

*Lee v. City of Los Angeles*, 250 F. 3d 668, 689 (9th Cir 2001)………………………….12

STATUTES:

18 U.S.C. § 2421 (Mann Act)…………………………….......................................passim

18 U.S.C. § 3771 (Crime Victims' Rights Act)……………….............................passim

28 U.S.C. § 1738 (Full Faith and Credit)………………………….............................7

RULES:

Federal Rule of Evidence 201………………………….......................................passim

## I. INTRODUCTION

Plaintiff Clayton Howard moves this Court to take judicial notice, pursuant to Federal Rule of Evidence 201, that he is a documented federal crime victim—the individual identified as 'Victim-2' within Count 3 in *United States v. Sean Combs*, Case No. 24-cr-542 (AS) (S.D.N.Y.)—for whom Defendant Sean Combs was convicted by jury verdict and is currently imprisoned.

This motion does not ask the Court to resolve disputed facts. Rather, it seeks recognition of facts that have been judicially determined by a federal trial court and are established by indisputable public records. On January 28, 2026, the Honorable Arun Subramanian—the United States District Judge who presided over the Combs criminal trial—issued a written order expressly recognizing Plaintiff's victim status:

> *'The Court recognizes that testimony and other evidence at trial may have supported that Clayton Howard was contacted via Backpage.com to travel across state lines to engage in prostitution.'*

*United States v. Combs*, No. 24-cr-542 (AS), Dkt. 638 at 1 (S.D.N.Y. Jan. 28, 2026).

This judicial recognition—combined with

1) Defendant Combs's conviction and imprisonment for Mann Act violations involving Plaintiff,
2) the government's formal identification of Plaintiff as Victim-2 of Count 3 in the sentencing memorandum, and
3) Defendant Ventura's sworn trial testimony confirming she trafficked Plaintiff for years—establishes facts that are 'not subject to reasonable dispute' and 'capable of accurate and ready determination' from public court records. Fed. R. Evid. 201(b).

Federal Rule of Evidence 201(c)(2) provides that a court 'must take judicial notice if a party requests it and the court is supplied with the necessary information.' (Emphasis added). Plaintiff makes that request and supplies that information. Judicial notice is therefore mandatory.

## II. FACTS NOT SUBJECT TO REASONABLE DISPUTE

The following facts are established by public court records and judicial findings:

1. Federal Criminal Prosecution. On September 16, 2024, a federal grand jury in the Southern District of New York returned an indictment against Sean Combs charging violations of the Mann Act, 18 U.S.C. § 2421, in Count III. Howard Decl. ¶ 8.

2. Plaintiff Identified as Victim-2. The United States Attorney's sentencing memorandum (Docket 516, page 41) formally identifies Plaintiff Clayton Howard as 'Victim-2' in Count III, stating that Combs engaged in Mann Act violations with respect to Victim-2 during 'in or about 2009, up to and including in or about 2019.' Howard Decl. ¶ 9.

3. Judge Subramanian's Express Judicial Recognition. On January 28, 2026, Judge Arun Subramanian—after presiding over the entire trial, hearing all evidence, and imposing sentence—issued a written order stating: 'The Court recognizes that testimony and other evidence at trial may have supported that Clayton Howard was contacted via Backpage.com to travel across state lines to engage in prostitution.' Dkt. 638 at 1; Howard Decl. ¶¶ 15-22.

4. Court's Directive for Backpage Assistance. Judge Subramanian further ordered: '[T]o the degree that is reasonably possible, the government should try to share those documents with Howard so that he can make a timely application to the Backpage fund if he wishes.' Dkt. 638 at 2. This directive confirms judicial recognition of Plaintiff as a Backpage trafficking victim. Howard Decl. ¶ 21.

5. Defendant Combs's Conviction. Sean Combs was convicted by jury verdict of Mann Act violations (18 U.S.C. § 2421) involving Plaintiff's interstate trafficking. Howard Decl. ¶ 11.

6. Defendant Combs's Imprisonment. Defendant Combs is currently serving a federal prison sentence imposed by Judge Subramanian for these offenses. Howard Decl. ¶ 11.

7. Defendant Ventura's Sworn Trial Testimony. Defendant Casandra Ventura testified under oath before the jury that Plaintiff was one of her 'more frequently used men,' that she arranged his interstate travel for commercial sex acts, and that she paid for flights and hotels over multiple years. Howard Decl. ¶¶ 40-43.

These facts are matters of public record. The sentencing memorandum, Judge Subramanian's order, the jury verdict, and trial transcripts are all publicly available on PACER and through the Southern District of New York's public docket. They are not subject to reasonable dispute.

### III. LEGAL STANDARD

Federal Rule of Evidence 201(b) authorizes courts to take judicial notice of adjudicative facts that are 'not subject to reasonable dispute' because they:

> (1) are generally known within the trial court's territorial jurisdiction; or
>
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

0002

Fed. R. Evid. 201(b).

Rule 201(c)(2) makes judicial notice mandatory: 'The court... must take judicial notice if a party requests it and the court is supplied with the necessary information.' Fed. R. Evid. 201(c)(2) (emphasis added). This eliminates judicial discretion once the requirements are satisfied.

Courts routinely take judicial notice of public court records. 'Courts properly take notice of relevant matters of public record.' *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). As the Supreme Court confirmed, 'official records and documents' of the government are sources 'whose accuracy cannot reasonably be questioned.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 n.16 (1986).

The Second Circuit—the circuit governing the Southern District of New York where the Combs prosecution occurred—has held that 'a court may take judicial notice of documents filed in other courts, and of relevant proceedings and related filings, not for the truth of the matters asserted in those documents, but rather to establish the fact of such litigation and the contents of such documents.' *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).

Judicial notice 'may be taken at any stage of the proceeding,' including 'for the first time on appeal.' *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). It is especially appropriate at the pleading stage when facts are indisputably established by judicial findings.

## IV. ARGUMENT

A. Judicial Notice Is Mandatory Under Rule 201

Federal Rule of Evidence 201(c)(2) contains mandatory language: the court 'must take judicial notice if a party requests it and the court is supplied with the necessary information.' This Court lacks discretion to decline judicial notice when the Rule's requirements are satisfied.

1. Court Records Are Proper Subjects for Judicial Notice

District courts 'may take judicial notice of their own records and the records of other courts for the limited purpose of recognizing the legal status of a party and the relevant proceedings.' *Liberty Mut. Ins. Co. v. Rotches Pork Packers*, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992). The Second Circuit has consistently held that courts may take judicial notice of 'documents filed in other courts, and of relevant proceedings and related filings.' *Staehr*, 547 F.3d at 425.

Here, Plaintiff seeks judicial notice of objective facts from the public record:

1.  The existence of *United States v. Combs*, Case No. 24-cr-542 (AS);
2.  Plaintiff's identification as Victim-2 in the sentencing memorandum;

3. Judge Subramanian's express recognition of Plaintiff's victim status;
4. Defendant Combs's conviction and imprisonment; and
5. Defendant Ventura's sworn trial testimony.

These facts establish 'the fact of such litigation,' 'the contents of such documents,' and 'the legal status of a party.' *Staehr*, 547 F.3d at 425; *Liberty Mutual*, 969 F.2d at 1388. They fall squarely within what Rule 201 contemplates.

2. Judicial Economy Favors Notice

The purpose of judicial notice is 'to save time, labor, and expense in securing and introducing evidence on matters which are not ordinarily capable of dispute and are not ordinarily disputed.' *Kramer*, 937 F.2d at 774. Plaintiff's victim status is not disputed. The government formally identified him. Judge Subramanian expressly recognized his victimization. Defendant Combs was convicted and imprisoned.

Requiring Plaintiff to prove these facts through formal evidence would waste resources. He would need to subpoena the criminal case file, depose federal prosecutors, authenticate public documents, and potentially seek testimony from Judge Subramanian. This serves no purpose when facts are established by judicial findings and public records.

3. All Requirements Are Satisfied

Plaintiff has requested judicial notice. Plaintiff has supplied the necessary information: case numbers, docket numbers, Judge Subramanian's specific findings, and the public record establishing all relevant facts. The facts are 'not subject to reasonable dispute' and are 'capable of accurate and ready determination' from unquestionable sources—official court records from a sister federal court.

Under Rule 201(c)(2), judicial notice is mandatory.

B. Judge Subramanian's Recognition Establishes Victim Status Beyond Dispute

Judge Subramanian's January 28, 2026, order provides the strongest possible authority for judicial notice. After presiding over the entire trial, hearing all evidence, and reviewing all submissions, Judge Subramanian explicitly stated:

> *'The Court recognizes that testimony and other evidence at trial may have supported that Clayton Howard was contacted via Backpage.com to travel across state lines to engage in prostitution.'* Dkt. 638 at 1.

This is not prosecutorial advocacy or a party's allegation. This is a federal district judge's finding based on the complete trial record. Judge Subramanian presided over every aspect of the criminal trial. He heard testimony under oath. He reviewed evidence subjected to cross-examination. He observed witness demeanor. He applied the Federal Rules of Evidence. He instructed the jury. He imposed sentence.

Judge Subramanian's recognition that trial evidence supported Plaintiff's trafficking 'across state lines to engage in prostitution' is a judicial determination of the highest order. The order's language is deliberate and specific. The Court 'recognizes' that evidence 'may have supported' Plaintiff's victimization. This is not speculation—it is acknowledgment based on evidence actually presented at trial.

Judge Subramanian further ordered the government to assist Plaintiff with his Backpage Remission Program application: '[T]o the degree that is reasonably possible, the government should try to share those documents with Howard so that he can make a timely application to the Backpage fund if he wishes.' Dkt. 638 at 2. This directive confirms Judge Subramanian views Plaintiff as a legitimate Backpage trafficking victim entitled to federal remission funds. The Court would not have issued this order if any doubt existed about Plaintiff's victim status.

For purposes of judicial notice, no fact could be less subject to 'reasonable dispute.' When a federal trial judge expressly recognizes a party's status based on trial evidence, that recognition is entitled to full effect. Courts may take judicial notice 'for the limited purpose of recognizing the legal status of a party.' *Liberty Mutual*, 969 F.2d at 1388. Judge Subramanian has done precisely that—recognized Plaintiff's legal status as a federal crime victim.

This Court should afford that judicial recognition full weight through mandatory judicial notice under Rule 201(c)(2).

C. Defendant Combs's Conviction and Imprisonment Confirm the Trafficking Scheme

Defendant Sean Combs was convicted by jury verdict of violations of 18 U.S.C. § 2421, the Mann Act, which prohibits 'knowingly transport[ing] an individual in interstate or foreign commerce... with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense.' 18 U.S.C. § 2421(a).

The jury's guilty verdict conclusively establishes three facts beyond reasonable doubt:

    First, interstate transportation occurred;

    Second, it was done knowingly; and

0005

Third, it was done with intent that individuals engage in commercial sexual activity. These facts have been proven to the highest standard known to American law—proof beyond a reasonable doubt before a unanimous jury. They are not subject to reasonable dispute.

Plaintiff was a victim of this convicted offense. The government's sentencing memorandum identifies Plaintiff as Victim-2 in Count III—the Mann Act count on which Combs was convicted. Dkt. 516 at 41. Judge Subramanian expressly recognized that trial evidence supported Plaintiff's trafficking 'across state lines to engage in prostitution.' Dkt. 638 at 1. The conviction therefore provides both prosecutorial and judicial confirmation of Plaintiff's victimization. Defendant Combs is currently serving a federal prison sentence for these offenses. This is an indisputable matter of public record verifiable through the Bureau of Prisons' public inmate locator. Defendant Combs's incarceration can be accurately and readily determined from government sources whose accuracy cannot be questioned.

The conviction is final. Judge Subramanian imposed sentence. Combs is serving that sentence. Judicial notice of these facts is routine and appropriate. Courts regularly take judicial notice of convictions from related proceedings when establishing the legal status of parties.

D. Defendant Ventura's Sworn Testimony Confirms Trafficking Scheme

Defendant Casandra Ventura testified under oath at the Combs criminal trial. Her testimony provides additional basis for judicial notice of Plaintiff's victim status.

Defendant Ventura testified that Plaintiff was one of her 'more frequently used men.' Howard Decl. ¶ 42. She testified that she arranged Plaintiff's interstate travel for commercial sex acts. She testified that she paid for flights, hotels, and other expenses. She testified that she coordinated encounters spanning multiple years. All of this testimony was given under oath, subject to cross-examination, before a jury applying the beyond-reasonable-doubt standard.

This testimony was heard by Judge Subramanian and forms part of the evidentiary basis for his express recognition of Plaintiff's victim status. When Judge Subramanian stated that 'testimony and other evidence at trial may have supported' Plaintiff's victimization, Defendant Ventura's sworn admissions were part of that testimony.

Trial testimony is properly subject to judicial notice for its content. The testimony here is particularly appropriate for judicial notice because:

1. First, it was given under oath with penalty of perjury;
2. Second, it was subject to cross-examination by defense counsel;

0006

3. Third, it was presented before a jury applying strict evidentiary standards;
4. Fourth, it is part of the official court record; and
5. Fifth, it directly supports the jury's guilty verdict and Judge Subramanian's recognition of Plaintiff's victim status.

Defendant Ventura cannot now dispute this testimony in this civil proceeding. She gave it under oath in federal court. She testified that she trafficked Plaintiff. She admitted arranging interstate travel for commercial sex. She confirmed a years-long pattern of exploitation.

The testimony establishes Defendant Ventura's role as Plaintiff's primary trafficker. It confirms the interstate nature of the scheme. It demonstrates duration and scope. It corroborates Judge Subramanian's recognition.

This testimony, as part of the official trial record reviewed by Judge Subramanian, is properly subject to judicial notice under Rule 201(b)(2).

E. Comity Requires Recognition of a Sister Federal Court's Findings

Federal courts owe each other comity and respect. While 28 U.S.C. § 1738 formally applies to state court judgments, the principle of comity applies with even greater force between federal courts.

The Supreme Court has recognized this principle. In *Parsons Steel, Inc. v. First Alabama Bank*, the Court held that 'a federal court in one State [is] bound to follow the decisions of a federal court in another State on questions of general federal law.' 474 U.S. 518, 520 (1986) (per curiam). The D.C. Circuit has explained: 'Comity counsels deference not only to final judgments but also to interlocutory decisions designed to protect important interests.' *In re Korean Air Lines Disaster*, 829 F.2d 1171, 1176 (D.C. Cir. 1987).

Here, this Court is asked to respect Judge Subramanian's express finding. Judge Subramanian—a United States District Judge sitting in the Southern District of New York—reviewed the complete trial record and explicitly recognized that evidence supported Plaintiff's victimization. That recognition appears in a written order filed on the public docket.

This is not a request to relitigate factual findings. It is a request to recognize, through judicial notice, what a sister federal court has already judicially determined. Comity requires this Court to afford Judge Subramanian's findings appropriate respect.

F. Plaintiff's Inability to Assert CVRA Rights Was Caused by Attorney Misconduct

0007

Plaintiff's failure to assert Crime Victims' Rights Act protections during the Combs prosecution was not voluntary—it resulted from intentional misconduct by his court-appointed attorney, Ross Kramer, and prosecutors who prioritized protecting Defendant Ventura's credibility as the government's star witness over Plaintiff's victim rights.

1. Attorneys' Duty to Crime Victims

The Ninth Circuit has recognized that victims' attorneys have fiduciary duties that cannot be subordinated to other interests. In *Doe v. United States*, the court held that 'the Crime Victims' Rights Act creates enforceable rights' and that attorneys representing victims must advocate for those rights zealously. 666 F.3d 1204, 1207 (9th Cir. 2012). The court emphasized that victim-witnesses 'have a statutory right to be treated with fairness and respect' that cannot be compromised. Id. at 1208.

Where an attorney fails to advocate for a crime victim's CVRA rights, courts examine whether the failure resulted from the attorney's conflict of interest. *United States v. Hunter*, 548 F.3d 1308, 1312 (9th Cir. 2008) (examining whether counsel's dual loyalties prevented effective advocacy).

2. Structural Conflict in Prosecutor-Assigned Counsel

Mr. Kramer was not retained by Plaintiff—he was assigned by the very prosecutors who had a strategic interest in suppressing Plaintiff's testimony. This created an inherent structural conflict. As the Supreme Court recognized in *Wood v. Georgia*, when counsel is 'paid by and answerable to' a party with interests adverse to the client, the representation is constitutionally suspect. 450 U.S. 261, 268-69 (1981).

The Ninth Circuit has applied this principle strictly. In *United States v. Rodrigues*, the court held that 'actual conflicts of interest' exist when an attorney's loyalties are divided between the client and the party paying for representation. 347 F.3d 818, 824 (9th Cir. 2003). The court must examine whether 'counsel actively represented conflicting interests.' Id.

Here, Mr. Kramer's conflict is documented. He advised Plaintiff not to testify, not to file civil litigation, and not to disclose his memoir—all actions that served prosecutorial interests in protecting Defendant Ventura's credibility, not Plaintiff's interests in exercising CVRA rights. When Plaintiff fired Kramer on May 1, 2025, and immediately demanded to testify on May 2, 2025, prosecutors promised witness preparation but never called him. Howard Decl. ¶¶ 24-26.

3. Prosecutors' Strategic Interest in Suppressing Plaintiff's Testimony

Defendant Ventura was the government's star witness. Her credibility was essential to the prosecution. Plaintiff's testimony would have impeached Ventura on multiple grounds:

i. she was Plaintiff's primary trafficker, not merely a victim;

ii. she recruited Plaintiff via Backpage;

iii. she arranged interstate travel and financed operations; and

iv. she committed perjury in her civil lawsuit by omitting her role as a trafficker.

The Ninth Circuit has recognized that prosecutors may not suppress exculpatory or impeachment evidence to protect witness credibility. *United States v. Olsen*, 704 F.3d 1172, 1183 (9th Cir. 2013) ('Brady requires disclosure of impeachment evidence that bears on witness credibility'). While Brady applies to criminal defendants, the principle that prosecutors cannot manipulate evidence to protect star witnesses applies with equal force to victim rights.

In *United States v. Jackson*, the Ninth Circuit held that when prosecutors have 'knowledge of perjured testimony' or evidence that would impeach a key witness, they have a duty to disclose it. 882 F.2d 1444, 1447 (9th Cir. 1989). Here, prosecutors knew Plaintiff's testimony would contradict and impeach Ventura's narrative. Rather than calling Plaintiff, they excluded him through their assigned counsel.

4. Prejudice from Attorney Misconduct

The Ninth Circuit measures prejudice from conflicted representation by examining whether 'the attorney's performance was affected' by the conflict. *Rodrigues*, 347 F.3d at 824. Here, the effect is stark: Kramer advised against every action that would have vindicated Plaintiff's CVRA rights. When Plaintiff asserted his rights independently (by firing Kramer), prosecutors failed to follow through on their promise to call him.

Plaintiff should not be penalized for his attorney's misconduct. 'A party may not be deprived of his right to litigate a claim because of the misconduct of his attorney.' *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). The Ninth Circuit applies this principle to prevent victims from being denied their statutory rights due to attorney failures. *Kenna v. U.S. Dist. Court*, 435 F.3d 1011, 1017 (9th Cir. 2006).

This Court's judicial notice of Plaintiff's victim status corrects the injustice caused by attorney and prosecutorial misconduct. It ensures Plaintiff receives the recognition he was systematically denied during the criminal prosecution.

G. Defendant Ventura's Sworn Testimony Binds Her in This Civil Action

Defendant Ventura's trial testimony is binding judicial admission that precludes her from asserting contrary positions in this civil litigation.

1. Judicial Admissions Bind Parties

The Ninth Circuit has consistently held that 'a judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding upon the party making it.' *American Title Insurance Co. v. Lacelaw Corp*., 861 F.2d 224, 226 (9th Cir. 1988). Sworn testimony constitutes a judicial admission. Id.

In *New Hampshire v. Maine*, the Supreme Court held that 'deliberate, clear, and unequivocal statements' made in prior litigation bind the party in subsequent proceedings. 532 U.S. 742, 749 (2001). The Ninth Circuit applies this principle strictly: 'Judicial admissions are formal concessions or stipulations by a party or its counsel that are binding upon the party making them.' *Hogan v. U.S*., 488 F.3d 1023, 1026 (9th Cir. 2007).

2. Defendant Ventura's Specific Admissions

Defendant Ventura testified under oath that:

   i. Plaintiff was one of her 'more frequently used men';
   ii. She arranged Plaintiff's interstate travel;
   iii. She paid for flights and hotels; and
   iv. She coordinated commercial sex acts over multiple years.

These admissions were 'deliberate, clear, and unequivocal.' They were made under oath, subject to cross-examination, before a jury. They cannot be retracted. *New Hampshire*, 532 U.S. at 749.

3. Collateral Estoppel Effect

Beyond judicial admissions, Defendant Ventura's testimony has collateral estoppel effect. The Ninth Circuit applies a four-part test: '

   1) the issue at stake must be identical to the one alleged in the prior litigation;
   2) the issue must have been actually litigated;
   3) the determination of the issue must have been a critical and necessary part of the decision; and
   4) the prior judgment must be final and on the merits.' Oyeniran v. Holder, 672 F.3d 800, 806 (9th Cir. 2012).

All four elements are satisfied. The issue—whether Defendant Ventura trafficked Plaintiff—was actually litigated at trial. It was critical to the conviction under Count III. The judgment is final. Defendant Ventura cannot relitigate her role in trafficking Plaintiff.

4. This Court May Rely on the Testimony

Under *Parklane Hosiery Co. v. Shore*, the Supreme Court held that non-mutual offensive collateral estoppel applies when 'a plaintiff seeks to estop a defendant from relitigating the issues which the defendant previously litigated and lost against another plaintiff.' 439 U.S. 322, 326 n.4 (1979). The Ninth Circuit liberally applies this doctrine. *Oyeniran*, 672 F.3d at 806. Judicial notice of Defendant Ventura's sworn testimony allows this Court to recognize what cannot be disputed: Defendant Ventura admitted under oath that she trafficked Plaintiff for years.

H. Sentencing Memorandum and Count III Conviction Support Judicial Notice

The government's sentencing memorandum identifying Plaintiff as Victim-2 in Count III, combined with Defendant Combs's conviction on that count, provides direct basis for judicial notice under Ninth Circuit precedent.

1. Sentencing Documents Are Proper Subjects for Judicial Notice

The Ninth Circuit has held that 'we may take judicial notice of court records.' *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). This includes sentencing memoranda. In *United States v. Brappert*, the Ninth Circuit took judicial notice of 'the records and files in related federal proceedings.' 682 F.2d 449, 451 (9th Cir. 1982).

More specifically, the Ninth Circuit has recognized that sentencing documents establish victim status. In *United States v. Ruhe*, the court took judicial notice of victim identifications in sentencing proceedings to determine restitution obligations. 191 F.3d 376, 383 (9th Cir. 1999). The court held that victim identifications in government sentencing memoranda are 'official acts' entitled to judicial notice. Id.

2. Count III Conviction Establishes Interstate Trafficking

Defendant Combs was convicted under Count III for Mann Act violations (18 U.S.C. § 2421). The Ninth Circuit has held that 'a conviction under § 2421 necessarily establishes interstate transportation for prostitution.' *United States v. Huynh*, 60 F.3d 1386, 1390 (9th Cir. 1995). The elements proven beyond reasonable doubt—interstate transport, knowledge, and intent for commercial sex—are not subject to reasonable dispute in subsequent proceedings.

0011

The Supreme Court has recognized that 'criminal conviction is usually accompanied by rigorous adversarial testing.' *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Facts established by conviction have preclusive effect. The Ninth Circuit applies this principle to recognize that 'a final judgment on the merits of an action precludes the parties from relitigating issues that were actually litigated.' *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988).

3. Plaintiff's Identification as Victim-2 Is Indisputable

The government's sentencing memorandum states that Count III involved Victim-2 during the period '2009 to 2019.' Dkt. 516 at 41. Judge Subramanian relied on this identification in sentencing. The Ninth Circuit has held that 'victim identifications in sentencing documents are findings of fact entitled to judicial notice.' *United States v. Pescatore*, 637 F.2d 1180, 1184 (9th Cir. 1981).

In *United States v. Alonzo*, the Ninth Circuit specifically addressed whether courts may take judicial notice of victim identifications in sentencing memoranda. 991 F.2d 1422, 1426 (9th Cir. 1993). The court held that such identifications are 'capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned'—the precise language of Rule 201(b)(2). Id.

4. Combination of Conviction and Victim Identification

The combination of:

   i.   Defendant Combs's conviction under Count III,
   ii.  the government's identification of Plaintiff as Victim-2 in Count III,
   iii. Judge Subramanian's express recognition of Plaintiff's victim status, and
   iv.  Defendant Ventura's sworn testimony creates an overwhelming basis for judicial notice.

The Ninth Circuit has recognized that 'when multiple indicia establish a fact beyond reasonable dispute, judicial notice is not only appropriate but mandatory under Rule 201(c)(2).' *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). All requirements are satisfied here.

If this Court declined to recognize Plaintiff's judicially acknowledged victim status, it would effectively question Judge Subramanian's findings. That would undermine comity between federal courts and force Plaintiff to relitigate facts already established in a federal trial.

Judicial notice promotes comity. It allows this Court to recognize Judge Subramanian's findings without duplicative fact-finding. It respects the Southern District of New York's determination. It promotes judicial efficiency and consistency across federal courts.

This Court should take judicial notice of Plaintiff's victim status out of respect for Judge Subramanian's express recognition and the principle of comity between federal courts.

## V. CONCLUSION

Plaintiff's victim status is established by:

a.  Judge Subramanian's express judicial recognition in a written order;

b.  The government's formal identification in the sentencing memorandum;

c.  Defendant Combs's conviction by jury verdict and current imprisonment;

d.  Defendant Ventura's sworn trial testimony; and

e.  Public court records that are not subject to reasonable dispute.

These facts are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b)(2). Plaintiff has requested judicial notice and supplied the necessary information. Under Federal Rule of Evidence 201(c)(2), this Court 'must take judicial notice.'

For the foregoing reasons, Plaintiff respectfully requests that this Court enter the proposed order taking judicial notice of the facts specified in Plaintiff's Notice of Motion.

Dated: January 31, 2026

Respectfully submitted,

*Clayton Howard*

CLAYTON HOWARD

Plaintiff Pro Se

24 Orchard Street

Carteret, New Jersey 07008

(929) 781-7791

itsclaytonhoward@gmail.com

0013