UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-06031-AH-JPRx | Date | February 6, 2026 |
| Title | *Clayton Howard v. Sean Combs et al.* | | |

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present                             None Present

**Proceedings:**  (IN CHAMBERS) ORDER DENYING MOTION FOR JUDICIAL NOTICE (DKT. NO. 65)

The Court is in receipt of Plaintiff Clayton Howard's ("Plaintiff") motion for judicial notice of Plaintiff's victim status ("Motion"). Dkt. No. 65.

The Court denies the motion for failure to properly comply with the prefiling conference requirement. C.D. Cal. R. 7-4; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). Parties "contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place in person, by telephone, or via video conference *at least 7 days prior to the filing of the motion.*" C.D. Cal. R. 7-3 (emphasis added). "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); *accord Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS

183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)).  The Court's Standing Order additionally requires the moving party to include a signed certification attached to the end of the filed motion which states: "*I certify that the parties met in person or by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.*"  Initial Standing Order, Dkt. No. 10, § F(2)(b).

  Plaintiff failed to include the required certification in the Motion.  Because the Court is not satisfied that any meet and confer took place before the filing of the Motion, the Court DENIES the Motion without prejudice.  The Court VACATES the hearing on the Motion set for March 25, 2026.

  In addition, the Motion requests that the Court take judicial notice of certain facts.  However, there is currently no pending proceeding for which the Court must consider any evidence.  Accordingly, any such motion appears premature.  If Plaintiff seeks to renew his Motion, Plaintiff must conduct a prefiling conference to attempt to reach a resolution that eliminates the need for a motion, as well as provide a declaration establishing compliance with Local Rule 7-3 and this Court's Standing Order.  The Court warns that any further failure by any party to comply with the rules may result in sanctions.  C.D. Cal. R. 83-7.

**IT IS SO ORDERED.**