```
FILED
CLERK, U.S. DISTRICT COURT
2/19/26
CENTRAL DISTRICT OF CALIFORNIA
BY      CS      DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM
```

Clayton Howard

245 Mill Road 4A

Staten Island, New York 10306

(929)781-7791

itsclaytonhoward@gmail.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON HOWARD,<br>      Plaintiff,<br><br>v.<br><br>SEAN COMBS, et al.,<br>      Defendants. | Case No. 2:25-cv-06031-AH-JPR<br><br>PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND MOTION FOR LEAVE TO AMEND TO CORRECT DEFENDANT NAME |

I. INTRODUCTION

Plaintiff Clayton Howard, proceeding pro se, respectfully responds to this Court's Order to Show Cause and simultaneously moves for leave to amend the Third Amended Complaint ("TAC") to correct a clerical error regarding the name of one defendant. Plaintiff has diligently sought to prosecute all defendants and to move this matter forward. Through a good-faith meet and confer with counsel for Defendant Sean Combs, Plaintiff learned that the entity named as "Bad Boy Records" in the TAC is not owned by Mr. Combs; rather, Mr. Combs' entity is "Bad Boy Entertainment LLC." This was an honest mistake by a non-attorney litigant acting without the benefit of counsel, and the correction is ministerial in nature. Plaintiff respectfully requests that the Court grant leave to substitute the correct entity name, Bad Boy Entertainment LLC, for

the erroneously named defendant Bad Boy Records, and to consider the liberal pleading standard afforded to pro se litigants in evaluating this request.

## II.  FACTUAL BACKGROUND

Plaintiff filed this action against multiple defendants, including an entity identified as "Bad Boy Records." Plaintiff's identification of this entity was based on a review of publicly available filings reflecting that counsel of record at Schonbuch Hallissy LLP represented both Sean Combs and entities associated with him. Plaintiff reasonably, though mistakenly, believed that those entities included Bad Boy Records and that counsel had accepted or could accept service on its behalf.

On December 9, 2025, counsel Lilah N. Cook of Schonbuch Hallissy LLP wrote to Plaintiff to clarify that her firm does not represent Bad Boy Records LLC and, therefore, could not accept service on its behalf or execute any stipulation in its name. See Exhibit A (Email from Lilah Cook, Dec. 9, 2025). Specifically, counsel Cook stated: "For Bad Boy Records, do you mean Bad Boy Records LLC? If so, we do not represent them."

On December 15, 2025, Plaintiff emailed counsel Cook and David Russell of Jonathan D. Davis, P.C., attaching filed documents and inquiring whether counsel would confirm they would accept service for Bad Boy Records and not Combs Enterprises. See Exhibit B (Email from Clayton Howard, Dec. 15, 2025). David Russell responded that same day, questioning whether the documents had been filed on the docket. Id.

On February 17, 2026, Plaintiff and counsel Cook conducted a meet and confer via Zoom. Following that conference, counsel Cook confirmed in writing that "we do not represent Bad Boy Records LLC and, therefore, cannot accept service on its behalf nor can we sign any document (such as a stipulation) on its behalf." See Exhibit C (Email from Lilah Cook, Feb. 17, 2026). Counsel Cook also confirmed that the parties discussed Bad Boy Entertainment and other topics. Id.

Based on the foregoing, it is now clear to Plaintiff that "Bad Boy Records" was incorrectly named as a defendant. The correct entity associated with Defendant Sean Combs is Bad Boy Entertainment LLC, which is, in fact, referenced within the body of the TAC. The error was one of nomenclature—not of substance—and Plaintiff seeks leave to correct it.

## III.  LEGAL STANDARD

A.  Leave to Amend Is Freely Given Under Rule 15(a)

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." The Supreme Court has held that this standard reflects a strong policy in favor of permitting amendment, and that leave should be granted unless there is a showing of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Ninth Circuit has consistently applied this liberal standard. "Leave to amend should be granted with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Where the amendment would simply correct a misnomer or a clerical mistake in the identification of a party, courts routinely grant such leave. See also *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (policy favoring amendment of pleadings is "to be applied with extreme liberality").

B. Corrections to Misnamed Defendants Are Routinely Permitted

Courts in this Circuit and others recognize that plaintiffs—particularly those proceeding pro se—are frequently permitted to amend complaints to correct misnomers in party names where the correct party had notice of the suit and would not be prejudiced. *In Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969), the Ninth Circuit observed that technical defects in naming defendants do not defeat a plaintiff's claims where the correct defendant had sufficient notice of the litigation. Similarly, in *Merritt v. County of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989), the court affirmed that amendments correcting party names serve the interests of justice and are consistent with Rule 15's liberal policy.

Here, Bad Boy Entertainment LLC—the correct entity—is referenced within the body of the existing TAC. The correction from "Bad Boy Records" to "Bad Boy Entertainment LLC" is not the introduction of a new defendant, but rather a clarification of the identity of an entity already contemplated in the pleading. There is no prejudice to the defense.

C. Pro Se Litigants Are Afforded Liberal Construction and Greater Latitude

It is well settled that courts must construe pro se pleadings liberally and afford pro se litigants greater latitude in correcting procedural and drafting errors. "A document filed pro se is 'to be liberally construed,'" and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The Ninth Circuit has repeatedly extended this principle to amendment requests by pro se plaintiffs. *In Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), the court held that "[i]n civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." The court further noted that a pro se litigant must be given leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Id. at 623.

Similarly, in *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), the Ninth Circuit emphasized that a district court must provide a pro se plaintiff with notice of the complaint's deficiencies and an opportunity to amend before dismissing a claim. And in *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc), the court reaffirmed that leave to amend should be granted to pro se plaintiffs unless amendment would be futile.

The present request is far less complex than those addressed in the above authorities: Plaintiff seeks only to correct a name. The error here was the product of an honest misunderstanding by an unrepresented lay litigant who lacked the legal expertise and institutional resources available to defense counsel. No bad faith is alleged or can be inferred. The correction is simple, targeted, and necessary for the proper prosecution of this case.

### D. Rule 15(c) Relation Back Supports the Correction

To the extent any relation-back analysis is required, Federal Rule of Civil Procedure 15(c)(1)(C) permits an amended pleading to relate back to the date of the original pleading when the amendment changes the party against whom a claim is asserted, provided that: (1) the amendment arises out of the same transaction or occurrence; (2) the new party received such notice of the action that it would not be prejudiced in defending on the merits; and (3) the new party knew or should have known that but for a mistake concerning the proper party's identity, the action would have been brought against it. All three conditions are satisfied here. Bad Boy Entertainment LLC shares common ownership and leadership with the other named defendants, arises from the same operative facts, and should have known that any suit targeting Combs-related entities would encompass it.

### IV. ARGUMENT

Plaintiff respectfully submits that the following factors compel granting leave to amend:

First, there is no undue delay. Plaintiff moved promptly upon learning, through meet and confer communications in December 2025 and February 2026, that "Bad Boy Records" was not the correct entity. Plaintiff now brings this request at the earliest practicable opportunity.

Second, there is no bad faith or dilatory motive. Plaintiff's error stemmed from his reasonable—though incorrect—interpretation of publicly available records and prior email communications with defense counsel. When counsel Cook clarified the error, Plaintiff promptly accepted the correction and seeks to bring his pleading into conformity with the facts.

Third, there is no prejudice to any defendant. The substitution of "Bad Boy Entertainment LLC" for "Bad Boy Records" does not alter the claims asserted, the operative facts, or the scope of discovery. It is a correction of nomenclature.

Fourth, amendment is not futile. Bad Boy Entertainment LLC is an entity that can be served and against which claims may be prosecuted. The TAC already references this entity by name in its body.

Fifth, the liberal standard applicable to pro se litigants demands that this Court afford Plaintiff the benefit of the doubt when the deficiency is one of imprecise naming by a non-attorney. Plaintiff is unrepresented, lacks the legal training of opposing counsel, and has limited resources. To hold his honest mistake against him in a way that forecloses pursuit of a meritorious claim would be inconsistent with the established principle that "the law protects the unrepresented litigant by requiring less of them, not more." See *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam) (pro se allegations held to less stringent standards).

## V. PLAINTIFF'S RESPONSE TO THE ORDER TO SHOW CAUSE

In direct response to the Court's Order to Show Cause, Plaintiff states as follows: Plaintiff has diligently sought to prosecute all defendants in this matter and has taken affirmative steps to progress litigation, including filing the Third Amended Complaint, submitting a Waiver of Service of Summons for corporate defendants on December 18, 2025, and engaging in ongoing meet and confer communications with all defense counsel.

Plaintiff mistakenly believed, based on the prior email exchanges with counsel for Mr. Combs, that defense counsel had accepted or would accept service on behalf of Bad Boy Records as a Combs-affiliated entity. That belief was incorrect, as counsel Cook clarified in her December 9, 2025 email and confirmed definitively at the February 17, 2026 meet and confer.

Plaintiff has now identified the correct entity—Bad Boy Entertainment LLC—and seeks leave to correct his pleading accordingly. Plaintiff is prepared to file an amended complaint reflecting this correction promptly upon the Court's authorization. Plaintiff respectfully submits that his conduct demonstrates diligent prosecution and good faith, and that the relief requested is squarely within this Court's authority under Rules 15(a) and 15(c).

## VI.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court: (1) accept this Response as sufficient cause in response to the Order to Show Cause; (2) grant Plaintiff leave to amend the Third Amended Complaint to substitute "Bad Boy Entertainment LLC" for the erroneously named defendant "Bad Boy Records"; and (3) grant such other and further relief as the Court deems just and proper.

Plaintiff respectfully asks the Court to consider the liberal standard afforded to pro se litigants and to recognize that this amendment is sought in good faith, without dilatory motive, and in the interest of the fair and efficient administration of justice.

Dated: February 19, 2026

Respectfully submitted,

*Clayton Howard*
_____
Clayton Howard
Plaintiff, Pro Se
itsclaytonhoward@gmail.com
(929) 781-7791

## EXHIBITS

Exhibit A – Email from Lilah Cook, Esq. (Schonbuch Hallissy LLP), dated December 9, 2025, re: Howard v. Sean Combs et al., Case No. CV25-06031 AH, clarifying that firm does not represent Bad Boy Records LLC.

Exhibit B – Email from Lilah Cook, Esq. (Schonbuch Hallissy LLP), dated February 17, 2026, confirming meet and confer and confirming firm does not represent Bad Boy Records LLC.

Exhibit C – Email chain, dated December 17, 2025, between Clayton Howard, Lilah Cook, and David Russell re: Service of filed Stipulation Declaration and TAC.

# Exhibit A

 **Clayton Howard** ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

## 3324.018 RE: Howard v Sean Combs et al CV25 06031 AH

**Lilah Cook** ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Tue, Dec 9, 2025 at 4:49 PM
To: Clayton Howard ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
Cc: Michael Schonbuch <▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Jack Ramler ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Jonathan Davis ▬▬▬▬▬▬▬▬▬▬▬▬▬▬, David Russell ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Dear Mr. Howard,

Thank you for the email. Because you served Ms. Ventura before filing our joint stipulation, our view is that you also need Ms. Ventura's consent to file the third amended complaint. We reached out to Ms. Ventura's counsel and they have agreed to consent in return for the same extension (i.e., 60 days after service on all other defendants). If this is agreeable to you, I'll send a revised draft of the stipulation later today, copying Ms. Ventura's counsel.

Regarding the declaration you attached, because we're the party filing it, we're doing the declaration for the joint stipulation to extend Mr. Combs's deadline to respond to the third amended complaint. On the other hand, based on our reading of Judge Hwang's court rules (which we've forwarded to you previously), and because you're the one who will be filing it, you will need to do the declaration for the joint stipulation to file the third amended complaint. Please send us a draft of this declaration at your convenience.

After checking on the issue, and after you actually file it, we will agree to accept service of the third amended complaint for CeOpco, LLC (f/k/a Combs Enterprises LLC and erroneously sued as "Combs Enterprises") in return for the same extension (i.e., 60 days after service on all other defendants). For Bad Boy Records, do you mean Bad Boy Records LLC? If so, we do not represent them.

On your question regarding Section 3771, we don't represent Mr. Combs in that case. For that reason, and with respect, we do not wish to get involved in something unrelated to our representation here.

Sincerely,

Lilah Cook



**Lilah N. Cook, Esq.**

Associate Attorney

**SCHONBUCH HALLISSY LLP**

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Los Angeles, California ▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬

Cell: (▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Web: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬

# Exhibit B

 **Clayton Howard** <span style="background:black">████████████████████</span>

# 3324.018 RE: Howard v Sean Combs et al CV25 06031 AH

**Clayton Howard** <<span style="background:black">██████████████</span>> Tue, Feb 17, 2026 at 5:11 PM
To: Lilah Cook <span style="background:black">████████</span>

Ms Cook

---------- Forwarded message ---------
From: **David Russell** <<span style="background:black">████████████</span>>
Date: Wed, Dec 17, 2025 at 10:47 AM
Subject: FW: 3324.018 RE: Howard v Sean Combs et al CV25 06031 AH
To: Clayton Howard <span style="background:black">████████</span>
Cc: Michael Schonbuch <span style="background:black">████████</span> Lilah Cook <span style="background:black">████████</span> Jonathan Davis <j<span style="background:black">███</span>

Dear Mr. Howard,

Acknowledging the receipt of your recent email. In communications with counsel for Mr. Combs, we respectfully request that you copy all the persons copied on this email so nothing falls through the cracks.

I don't understand the immediacy of your request or the grounds for the ultimatum you delivered. You are not in imminent danger of having your time expire to serve CeOpco, LLC (erroneously sued as "Combs Enterprises") or Bad Boy Records. Nor does your request make sense to us. As Ms. Cook's December 9th email to you makes clear (which you included on this thread), we agreed to accept service of the TAC on CeOpco's behalf in return for the same extension to respond to the TAC you provided Mr. Combs and Ms. Ventura. Your never responded to this proposal so the delay is on your end.

For Bad Boy Records, the hold up is again on your end. As the same December 9th email from Ms. Cook laid out, if, by "Bad Boy Records," you mean Bad Boy Records LLC, we do not represent them, have not recently represented them, and are not going to represent them here. As a result, we cannot accept service on behalf of an entity we do not represent. If, by "Bad Boy Records," you mean another entity, please let us know the legal name of that entity so we can provide an informed response on whether we represent them or not.

Best,

**David Russell | Jonathan D. Davis, P.C.**

Attorneys at Law
1 Rockefeller Plaza, Suite 1712 | New York, New York 10020

Tel: <span style="background:black">████████████████</span>

Email: <span style="background:black">████████████</span> | Website: w<span style="background:black">████████</span>

# Exhibit C

2/19/26, 1:02 AM
Gmail - 3324.018 - Howard vs. Combs, et al. - 2:25-cv-06031-AH-JPR
Case 2:25-cv-06031-AH-JPR   Document 71   Filed 02/19/26   Page 13 of 14   Page ID #:1053

    Clayton Howard <​​​​​​​​​​​​​​​​​>

## 3324.018 - Howard vs. Combs, et al. - 2:25-cv-06031-AH-JPR

**Lilah Cook**  Tue, Feb 17, 2026 at 10:05 PM
To: Clayton Howard
Cc: Michael Schonbuch , Yvett Espinoza , Kinji Hithe Baker <​​​​​​​​​​​​​​​​​​​​​>, Jonathan Davis , David Russell , "Adam R. Rahman"

Dear Mr. Howard:

It was a pleasure speaking with you via Zoom today to clarify some of the issues in this matter. I appreciate your time.

As discussed on our call, this email confirms that we do not represent Bad Boy Records LLC and, therefore, cannot accept service on its behalf nor can we sign any document (such as a stipulation) on its behalf.

This email also confirms that we take no position on your proposed motion for *in forma pauperis* status and/or the appointment of counsel.

We also discussed our respective positions on other topics, including Bad Boy Entertainment, as well as the potential for dismissal of my clients after you have time to think it through. We agreed that you will follow up with me at a later time. Thank you again for taking the time to speak with me and for helping to address the parties' concerns.

If you have any questions or concerns, please do not hesitate to contact us.

Thank you and I hope you have a great rest of your week.

Sincerely,

Lilah Cook



**Lilah N. Cook, Esq.**

Associate Attorney

**SCHONBUCH HALLISSY LLP**

Los Angeles, California 90049
Phone: ()
Direct: ()

Web:

2/19/26, 1:02 AM Gmail - 3324.018 - Howard vs. Combs, et al

Case 2:25-cv-06031-AH-JPR     Document 71     Filed 02/19/26     Page 14 of 14     Page ID #:1054

**PLEASE NOTE OUR NEW FIRM NAME AND CONTACT INFORMATION**

PRIVILEGE AND CONFIDENTIALITY NOTICE: This email may contain confidential and privileged information. If you are not the intended recipient, any unauthorized review, use, dissemination, distribution, downloading, forwarding, and/or copying of this email and its attachments is prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify me by calling ▇▇▇▇▇▇▇▇ Thank you.



image001.jpg
22K