1  Clayton Howard
2  24 Orchard Street
3  Carteret, New Jersey 07008
4  (929)781-7791
5  itsclaytonhoward@gmail.com
6
7

FILED
CLERK, U.S. DISTRICT COURT
2/24/2026
CENTRAL DISTRICT OF CALIFORNIA
BY ___GSA___ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  CLAYTON HOWARD, | Civil Case No: CV25-06031-AH(JPRx) |
| 12       *Plaintiff*, | |
| 13 | |
| 14  v. | EX PARTE APPLICATION FOR |
| 15 | EXPEDITED CONSIDERATION OF |
| 16  SEAN COMBS, et al., | MOTIONS FOR: |
| 17       *Defendants*, | (1) APPLICATION TO PROCEED IN |
| 18 | FORMA PAUPERIS; AND |
| 19 | .(2) MOTION FOR APPOINTMENT |
| 20 | OF COUNSEL |

21
22  TO THE HONORABLE ANNE HWANG:
23
24  Plaintiff Clayton Howard, a federally recognized victim of sex trafficking whose victim status
25  has been expressly acknowledged by United States District Judge Arun Subramanian following a
26  jury trial and conviction, respectfully applies ex parte for expedited consideration of his
27  concurrently filed Application to Proceed In Forma Pauperis and Motion for Appointment of
28  Counsel.
29              I. GOOD CAUSE EXISTS FOR EXPEDITED CONSIDERATION
30  A. Critical Timing: Defendants' Answer Due March 25, 2025

Defendants are required to file their answer or responsive pleading by March 25, 2025. The Court's next available motion calendar is also March 25, 2025. This timing creates an urgent need for expedited consideration because:

1. Defendants will almost certainly file a motion to dismiss rather than an answer, raising complex legal defenses including RICO standing, statute of limitations, proximate causation, and jurisdictional challenges;
2. Without appointed counsel in place before March 25, Plaintiff will be forced to respond pro se to sophisticated legal arguments prepared by well-resourced defense teams;
3. Pro se mistakes in responding to a motion to dismiss could result in dismissal of meritorious claims, not on their substance, but due to Plaintiff's inability to articulate proper legal responses; and
4. Appointed counsel needs adequate time to review the case, consult with Plaintiff, and prepare competent responses to anticipated motions.

B. Federal Crime Victim Rights Under the CVRA

Plaintiff is a federally designated crime victim under the Crime Victims' Rights Act, 18 U.S.C. § 3771. The CVRA grants Plaintiff the right to "proceedings free from unreasonable delay" and to "be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8), (a)(3).

Judge Arun Subramanian, who presided over the criminal trial of Plaintiff's trafficker, expressly recognized Plaintiff's victim status in a written order dated January 28, 2026:

> *"The Court recognizes that testimony and other evidence at trial may have supported that Clayton Howard was contacted via Backpage.com to travel across state lines to engage in prostitution."*
>
> *United States v. Sean Combs,* Case No. 24-cr-542 (AS), Dkt. 638 at 1 (S.D.N.Y. Jan. 28, 2026).

Forcing Plaintiff to navigate complex federal litigation without counsel while his trafficker has been convicted and his victim status judicially recognized would violate these CVRA protections. Unreasonable delay in appointing counsel perpetuates the denial of access to justice for a federally protected trafficking victim.

C. Irreparable Harm Without Expedited Relief

Absent expedited consideration and appointment of counsel before March 25, 2025, Plaintiff will suffer irreparable harm:

Practical Denial of Access to Justice: Despite overwhelming evidence of liability—including a federal criminal conviction, judicial recognition by the trial judge, and sworn trial testimony by a defendant admitting the trafficking—Plaintiff's meritorious claims will likely fail not on their merits but due to procedural errors or inadequate legal responses to complex motions.

Waste of Federal Resources: The federal government invested substantial resources investigating Plaintiff's trafficking claims. Federal prosecutors verified his status, obtained his cooperation, presented his case to a grand jury, and secured a conviction. Allowing these claims to fail for lack of counsel would waste these resources and undermine the purpose of the CVRA and TVPA.

Retraumatization: Plaintiff suffers from PTSD related to the trafficking. Forcing him to litigate pro se against sophisticated defense counsel while experiencing trauma-related symptoms violates his CVRA right to be "treated with fairness and with respect for the victim's dignity."

D. Exceptional Circumstances Warrant Immediate Appointment

As detailed in the accompanying Memorandum of Points and Authorities, this case presents exceptional circumstances that strongly favor appointment of counsel:

   i. Express judicial recognition of victim status by the federal trial judge;
   ii. Federal criminal conviction establishing core facts through collateral estoppel;
   iii. Sworn trial testimony by defendant admitting the trafficking;
   iv. Exceptional complexity of RICO and multi-state trafficking claims;
   v. Strong likelihood of success on the merits;
   vi. Significant public importance of providing remedies to trafficking victims; and
   vii. Federal policy under the TVPA favoring protection of victims.

## II. EXPEDITED CONSIDERATION IS APPROPRIATE

This application seeks expedited consideration because:

1. Defendants have appeared and are required to file their response by March 25, 2025—a court-imposed deadline that creates concrete urgency;
2. The relief sought—appointment of counsel for an indigent federal crime victim—does not prejudice Defendants' substantive rights and is unopposed in principle;

3. Delay in appointing counsel until the regular March 25 motion calendar would moot the practical benefit of appointment, as Defendants' response will be due that same day;

4. Plaintiff's CVRA rights to proceedings free from unreasonable delay support expedited treatment; and

5. The Court has inherent authority to manage its docket and expedite matters involving federally protected crime victims under the CVRA.

### III. NOTICE TO DEFENDANTS

Plaintiff has provided notice of this application and the underlying motions to counsel for all appearing Defendants in accordance with Local Rule 7-3. Given the ministerial nature of the IFP application and the unopposed character of appointing counsel for an indigent trafficking victim, Plaintiff does not anticipate opposition. However, should Defendants wish to respond, Plaintiff respectfully requests the Court set an expedited briefing schedule that allows resolution before the March 25, 2025 response deadline.

### IV. PROPOSED EXPEDITED SCHEDULE

Plaintiff respectfully proposes the following expedited schedule:

a. The Court reviews this application and the accompanying motions on shortened time;

b. If the Court requires additional briefing or a hearing, such proceedings occur before March 15, 2025;

c. The Court grants the motions and directs the Clerk to immediately coordinate with pro bono resources to identify counsel; and

d. Appointed counsel files a notice of appearance with sufficient time to review the case and prepare for Defendants' anticipated motion to dismiss.

### V. CONCLUSION

This is not a request for special treatment. It is a request that the Court recognize the unique urgency created by the confluence of: (1) a federally recognized trafficking victim with judicially confirmed status; (2) an imminent deadline that will require sophisticated legal responses; (3) statutory rights under the CVRA to proceedings free from unreasonable delay; and (4) exceptional circumstances that compel appointment of counsel.

Plaintiff respectfully requests that the Court grant this ex parte application and expedite consideration of his Application to Proceed In Forma Pauperis and Motion for Appointment of Counsel.

Dated: February 24, 2025

                                             Respectfully submitted,

                                             *Clayton Howard*

                                             CLAYTON HOWARD

                                             Plaintiff Pro Se