UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-06031-AH-JPRx | Date | March 19, 2026 |
|---|---|---|---|

Title   *Clayton Howard v. Sean Combs et al.*

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND MOTION FOR APPOINTMENT OF COUNSEL (DKT. NOS. 73, 74, 75)**

The Court is in receipt of Plaintiff Clayton Howard's ("Plaintiff") application to proceed in forma pauperis and motion for appointment of counsel, Dkt. Nos. 74, 75, as well as Plaintiff's ex parte application for expedited consideration of these motions, Dkt. No. 73. The Court deems these motions appropriate for resolution without a hearing and VACATES the hearing set for March 26, 2026. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. For the following reasons, the Court DENIES these motions.

The Court has discretion to "authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees" and "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. §§ 1915(a)(1), (e)(1). "The appointment of counsel in a civil case is, as is the privilege of proceeding in forma pauperis, a matter within the discretion of the district court. It is a privilege and not a right." *U.S. ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citation modified). "Generally, a person has no right to counsel in civil actions" and appointment of counsel in a civil action is reserved for "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970

(9th Cir. 2009). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citations omitted).

As to the request to proceed in forma pauperis, Plaintiff asserts his inability to pay fees and costs. Mem. of Points and Authorities at 6, Dkt. No. 76. However, the filing fee for this case was already paid on July 14, 2025. Dkt. No. 4. The request to proceed in forma pauperis is therefore DENIED as moot.

As to the request for appointment of counsel, Plaintiff asserts a likelihood of success on the merits because he was identified as a victim of sex trafficking in relation to the criminal case *United States v. Sean Combs*, No. 24-cr-542 (AS) (S.D.N.Y.). Mem. of Points and Authorities at 4, 6; Howard Decl. ¶ 11–12, Dkt. No. 77. Plaintiff also argues the legal issues in this case are complex and may require damages calculations, discovery involving multiple defendants, and potential motions to dismiss. Mem. of Points and Authorities at 8. While the Court acknowledges Plaintiff's representations regarding the related criminal case, Plaintiff has not yet demonstrated a likelihood of success on the claims in this civil case. More importantly, Plaintiff also has not established an inability to articulate or prosecute his claims, given that he has filed numerous motions and amended complaints to expand on his claims in this case. *See, e.g.*, *Loyd v. United States of Am.*, 2023 WL 4680766, at *1 (C.D. Cal. Mar. 22, 2023) (denying request for appointment of counsel where "it appears that Plaintiff is able to articulate his claims adequately in light of the complexity of the legal issues involved"). Additionally, the Court notes that Plaintiff was previously represented by counsel, but Plaintiff's counsel requested to withdraw, and Plaintiff indicated he wished to proceed pro se. Dkt. No. 26. Accordingly, Plaintiff's request for appointment of counsel is DENIED.

Finally, in light of the Court's ruling herein, Plaintiff's ex parte application for expedited consideration of these motions is DENIED as moot.

**IT IS SO ORDERED.**