

Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Lilah N. Cook (Bar No. 350775)
cook@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard
Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900
*Attorneys for Defendants Sean Combs,*
*CeOpco, LLC,*
*and Bad Boy Entertainment LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CLAYTON HOWARD,<br><br>                    Plaintiff,<br><br>     v.<br><br>SEAN COMBS, CASANDRA VENTURA, BAD BOY ENTERTAINMENT, LLC, and CEOPCO, LLC,<br><br>                    Defendants. | Case No. 2:25-cv-6031-AH-DMKx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOURTH AMENDED COMPLAINT**<br><br>Hearing Date: July 15, 2026<br>Time: 1:30 p.m.<br>Judge: Hon. Anne Hwang<br>Courtroom: 9C |

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

BACKGROUND .....................................................................................................2

  A. The Relevant FAC Allegations ......................................................................2

  B. Procedural History..........................................................................................4

LEGAL STANDARD...............................................................................................5

ARGUMENT ...........................................................................................................6

  A. The First and Sixth Causes of Action Fail Because the Criminal Statutes
     Provide No Private Right of Action and Are Displaced by Civil Remedies ......6

  B. The Statute of Limitations Bars the Second, Fourth, and
     Eighth Causes of Action..................................................................................7

  C. The FAC Violates Rule 8 Through Impermissible Group Pleading...................8

  D. The FAC Fails to State a Claim Against Mr. Combs.........................................9

    1.  Human Trafficking (Second Cause of Action) .........................................9

    2.  Human Trafficking (Third Cause of Action) ...........................................9

    3.  TVPRA (Fourth Cause of Action) .........................................................10

    4.  Sexual Assault (Fifth Cause of Action) .................................................12

    5.  Human Trafficking (Seventh Cause of Action) .....................................13

    6.  Violation of RICO (Eighth Cause of Action) ........................................14

  E. No Claim Is Stated Against Any Corporate Defendant ...................................15

    1.  BBR Is Unaffiliated With BBE................................................................15

    2.  The Corporate Defendants Cannot Be Treated as a Single Entity..........15

    3.  CeOpco Is Not Liable to Plaintiff .........................................................17

    4.  The Corporate Defendants Are Not Vicariously Liable to Plaintiff.......17

CONCLUSION.......................................................................................................18

## TABLE OF AUTHORITIES

**Cases**

*A.A. v. Omnicom Grp., Inc.*,
2026 WL 504904 (S.D.N.Y. Feb. 24, 2026) ..........................................................13

*Acevedo v. eXp Realty, LLC*,
713 F. Supp. 3d 740 (C.D. Cal. 2024)....................................................................10

*Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*,
483 U.S. 143 (1987) ..................................................................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................................5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................................5

*Bokaie v. Green Earth Coffee LLC*,
2018 WL 6813212 (C.D. Cal. Dec. 27, 2018) .......................................................14

*Chrysler Corp. v. Brown*,
441 U.S. 281 (1979) ..................................................................................................6

*Cort v. Ash*,
422 U.S. 66 (1975) ....................................................................................................6

*CRST, Inc. v. Superior Court*,
11 Cal.App.5th 1255 (Cal. Ct. App. 2017) .............................................................17

*Doe v. Gross*,
2024 WL 3729007 (S.D.N.Y. Aug. 7, 2024) .........................................................12

*Doe v. Six Continents Hotels Inc.*,
2025 WL 2020003 (C.D. Cal. June 26, 2025) .........................................................8

*Douglas v. Kalanta*,
2024 WL 1795160 (9th Cir. Apr. 25, 2024) .............................................................7

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
751 F.3d 990 (9th Cir. 2014)....................................................................................5

*Far West Financial Corp. v. D & S Co.*,
46 Cal.3d 796 (1988).........................................................................................17, 18

*Farmers Ins. Grp. v. County of Santa Clara*,
11 Cal.4th 992 (1995).............................................................................................18

*Fleites v. MindGeek S.A.R.L.*,
  801 F. Supp. 3d 1045 (C.D. Cal. 2025)................................................................10

*Greenspan v. LADT, LLC*,
  191 Cal.App.4th 486 (Cal. Ct. App. 2010) ...........................................................16

*Grimmett v. Brown*,
  75 F.3d 506 (9th Cir. 1996)..............................................................................7, 8

*Hill v. Bd. of Directors, Officers & Agents & Indivs.*
  *of the Peoples Coll. of Law*,
  2023 WL 9420819 (C.D. Cal. June 7, 2023) ..........................................................8

*Hollander v. Flash Dancers Topless Club*,
  340 F. Supp. 2d 453 (S.D.N.Y. 2004)..................................................................14

*In re Cloudera, Inc.*,
  121 F.4th 1180 (9th Cir. 2024)..............................................................................6

*In re Rigel Pharms., Inc. Sec. Litig.*,
  697 F.3d 869 (9th Cir. 2012)..................................................................................6

*Jablon v. Dean Witter & Co.*,
  614 F.2d 677 (9th Cir. 1980)..................................................................................7

*Lisa M. v. Henry May Newhall Mem. Hosp.*,
  12 Cal.4th 291 (1995)..........................................................................................18

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*,
  431 F.3d 353 (9th Cir.2005)................................................................................14

*Lofthus v. Long Beach Veterans Hosp.*,
  214 F. Supp. 3d 908 (C.D. Cal. 2016)..................................................................10

*Mary M. v. Los Angeles*,
  54 Cal.3d 202 (1991)......................................................................................17, 18

*Med. Marijuana, Inc. v. Horn*,
  604 U.S. 593 (2025) .............................................................................................14

*Melrose Place Holdings v. Socotra Opportunity Fund, LLC*,
  2022 WL 3013226 (C.D. Cal. May 31, 2022) .........................................................8

*Ratha v. Phatthana Seafood Co., Ltd.*,
  2016 WL 11020222 (C.D. Cal. Nov. 9, 2016)........................................................7

*RJR Nabisco, Inc. v. Euro. Cmty.*,
  579 U.S. 325 (2016) .............................................................................................14

*S.J. v. Choice Hotels Int'l, Inc.*,
  473 F. Supp. 3d 147 (E.D.N.Y. 2020)..................................................................13

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

*Shulman v. Kaplan*,
  2020 WL 7094063 (C.D. Cal. Oct. 29, 2020) ........................................................15

*Smith v. AECOM Tishman*,
  2022 WL 19410315 (S.D.N.Y. June 1, 2022).....................................................7, 13

*Sollberger v. Wachovia Secs., LLC*,
  2010 WL 2674456 (C.D. Cal. June 30, 2010) ........................................................9

*Talib v. Guerrero*,
  2016 WL 1470082 (C.D. Cal. Mar. 14, 2016) ......................................................10

*Toho-Towa Co., Ltd. v. Morgan Creek Prods., Inc.*,
  217 Cal.App.4th 1096 (Cal. Ct. App. 2013) ........................................................16

*Touche Ross & Co. v. Redington*,
  442 U.S. 560 (1979) ................................................................................................6

*United Bd. of Carpenters & Joiners of Am. v.
  Bldg. & Constr. Trades Dep't, AFL-CIO*,
  770 F.3d 834 (9th Cir. 2014) ................................................................................14

*United States v. Combs*,
  No. 24-cr-542 (S.D.N.Y. July 8, 2025).....................................................................2

*Watson v. U.S. Gov't*,
  2018 WL 11161246 (C.D. Cal. Mar. 23, 2018) ......................................................6

*Weiner v. Wyndham Hotels & Resorts, Inc.*,
  2026 WL 120224 (M.D. Fla. Jan. 16, 2026) ...........................................................9

**Statutes**

18 U.S.C. § 1589............................................................................................10, 11

18 U.S.C. § 1591.......................................................................................6, 10, 11

18 U.S.C. § 1595......................................................................................................6, 8

18 U.S.C. § 1961....................................................................................................15

18 U.S.C. § 1964....................................................................................................14

Cal. Penal Code § 236.1........................................................................................9, 10

Cal. Penal Code § 243.4.........................................................................................12

Cal. Penal Code § 261.............................................................................................12

Fla. Stat. § 787.061 .............................................................................................7, 9

Fla. Stat. § 95.11 .....................................................................................................7

N.Y. Penal Law § 230.34.......................................................................................6, 13

N.Y. Soc. Servs. Law § 483-bb ............................................................................6, 13

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

**Rules**

Fed. R. Civ. P. 9.......................................................................................................5

Fed. R. Civ. P. 12......................................................................................................1

Defendants Sean Combs ("Mr. Combs"), CeOpco, LLC f/k/a Combs Enterprises LLC and d/b/a Combs Global ("CeOpco"), and Bad Boy Entertainment LLC ("BBE," and together with CeOpco, the "Corporate Defendants") respectfully submit this Memorandum of Points and Authorities in support of their motion to dismiss the Fourth Amended Complaint ("FAC"), dated March 7, 2026 (the "Motion").

Defendants move to dismiss the FAC under Fed. R. Civ. P. 12(b)(6) based on the following grounds: (1) expiration of the applicable statutes of limitations; and (2) failure to state a claim upon which relief can be granted.

## INTRODUCTION

Plaintiff's FAC is a failed attempt to transform a decade-long, admittedly consensual arrangement into a sprawling federal and state trafficking and racketeering case. Last summer, Mr. Combs was acquitted of both illegal activities in an eight-week criminal trial in the federal court in the Southern District of New York. Regardless, even assuming the truth of the allegations as is required on this Motion, the FAC fails to state a claim against Defendants as a matter of law.

First, the FAC purports to allege claims under criminal statutes that provide no private rights of action (and which are factually baseless), advances time-barred claims, and relies on impermissible group pleading that obscures who did what and when. More importantly, the FAC fails to allege the essential element underlying nearly all of the claims: coercion. Plaintiff acknowledges that all the conduct he engaged in between 2009 and 2019 was consensual, and that he was paid for his time with other consenting adults. That admission forecloses his trafficking, assault, and related statutory claims, which require force, fraud, or coercion.

Second, the FAC fails to allege any plausible cause of action against Mr. Combs. To the extent the FAC attempts to identify isolated instances of purportedly nonconsensual conduct, it either attributes that conduct exclusively to other defendants or pleads facts that Mr. Combs neither participated in nor knew about any of the alleged wrongdoing. Civil RICO offers Plaintiff no better path. The FAC alleges, at most,

personal injuries or losses arising from an alleged enterprise in which Plaintiff voluntarily participated.  In any event, Mr. Combs was acquitted last summer of allegations that he masterminded a RICO enterprise in the New York criminal proceeding.  Verdict Sheet, *United States v. Combs*, No. 24-cr-542 (S.D.N.Y. July 8, 2025), Dkt. No. 447.

Finally, the claims against the Corporate Defendants cannot be sustained because the FAC improperly lumps distinct entities together for purposes of liability, fails to plead any basis for direct or vicarious liability, and relies on conclusory allegations untethered to any plausible theory of knowledge or intent.

The FAC should be dismissed in its entirety.

# BACKGROUND

## A. The Relevant FAC Allegations

The FAC alleges conduct beginning in late 2009 when Plaintiff first met Defendant Casandra Ventura ("Ms. Ventura") at a hotel in New York City.  (FAC ¶¶ 36–37.)  Ms. Ventura allegedly hired Plaintiff as an escort for an agreed-upon hourly rate.  (*Id.* ¶ 37.)  She purportedly offered Plaintiff alcohol and marijuana, which Plaintiff voluntarily consumed.  (*Id.* ¶¶ 39, 43.)  Ms. Ventura allegedly told Plaintiff that her "husband" enjoyed watching her sexually active with other men.  (*Id.* ¶¶ 44–53.)

The FAC alleges that Plaintiff's arrangement with Ms. Ventura continued and remained unchanged until 2019.  (*Id.* ¶ 155.)  Plaintiff acknowledges that he would undress and give his clothes and cell phone to Ms. Ventura for safekeeping.  (*Id.* ¶¶ 57–58.)  Ms. Ventura would have sex with Plaintiff while Mr. Combs watched and commented.  (*Id.* ¶¶ 60–71, 81.)  Despite voluntarily arranging for and having sex with Ms. Ventura for pre-agreed payments, the FAC alleges Plaintiff felt "coerced."  (*Id.* ¶¶ 64–65.)  The FAC further alleges that in one instance, Ms. Ventura sought to engage in unprotected sex with Plaintiff without Mr. Combs's knowledge.  (*Id.* ¶¶ 88–93.)  Thereafter, unprotected sex allegedly became routine, without objection from Plaintiff.

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

(*Id.* ¶ 105.)  In another instance, a second male allegedly participated in a session; Plaintiff did not object, and the two allegedly competed to please Ms. Ventura.  (*Id.* ¶¶ 95–99.)

The FAC concedes that Plaintiff voluntarily consumed alcohol and drugs during encounters, but he may have not tracked his consumption.  (*Id.* ¶¶ 72, 74, 101, 103–04.)  On one occasion in 2015, Plaintiff allegedly overdosed after accepting drugs from Mr. Combs, but he did not refuse his payment or stop participating in the sessions.  (*Id.* ¶¶ 130–51.)  The FAC alleges that, on one encounter in 2011, Plaintiff was drugged by Ms. Ventura without his consent.  (*Id.* ¶¶ 111–26.)

In the first three years, the alleged sexual encounters occurred only in New York. In 2012, the FAC alleges that encounters in Miami and Los Angeles were pre-arranged. (*Id.* ¶¶ 155–56.)  The FAC further alleges that Plaintiff was always paid for his time and that he was given more money, gifts, and vacations for agreeing to meet outside New York.  (*Id.* ¶¶ 156–58.)

The FAC additionally alleges that the Corporate Defendants financed or assisted in arranging encounters for Ms. Ventura.  It is alleged that when Plaintiff entered a hotel he would be identified as "security" for Bad Boy Records LLC ("<u>BBR</u>"), which BBE allegedly owned.  (*Id.* ¶¶ 34, 166.)  It is further alleged that BBR, and occasionally CeOpco, provided "financial resources and logistical support" for sexual encounters between Plaintiff and Ms. Ventura.  (*Id.* ¶¶ 274, 293, 322, 412, 423, 460, 506, 517, 518, 568, 609, 615.)  No individual affiliated with either entity is identified, nor are the specific services purportedly provided described.

The FAC concedes that between 2009 and 2019, "Plaintiff believed he was engaging in consensual arrangements with two private individuals operating within the bounds of legal adult activity[.]"  (*Id.* ¶ 272.).  However, on three occasions, Plaintiff alleges that he did not fully consent: (1) in 2014, in Los Angeles, the FAC alleges Ms. Ventura forced Plaintiff to have sex while she was menstruating, but he accepted additional compensation for his troubles.  (*Id.* ¶¶ 179–205); (2) in 2016, in Miami, the

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

FAC alleges Mr. Combs obstructed Plaintiff's face with his rear end to obscure his view of Ms. Ventura, which Plaintiff claims was traumatizing.  (*Id.* ¶¶ 206–15); and (3) in 2016, the FAC alleges Plaintiff became aware that Ms. Ventura had chlamydia, for which she blamed Mr. Combs, but she nonetheless engaged in unprotected sex with Plaintiff.  (*Id.* ¶¶ 216–21.)

The FAC alleges that, between 2011 and 2016, Plaintiff witnessed Mr. Combs assault Ms. Ventura—never Plaintiff—which he nevertheless claims was traumatizing. (*Id.* ¶ 222–32.)

**B. Procedural History**

The initial Complaint was filed on June 30, 2025.  (Dkt. No. 1.)  Before any defendant was served, Plaintiff filed a First Amended Complaint.  (Dkt. No. 3.)  Again before any defendant was served, Plaintiff filed a Second Amended Complaint, which removed Epic Records and the unnamed Doe Corporations as defendants.  (Dkt. No. 35.)

At the end of 2025, Mr. Combs and Ms. Ventura were served with a Second Amended Complaint.  Plaintiff then quickly sought leave to file a Third Amended Complaint, which the Court granted on December 15, 2025.  (Dkt. Nos. 51, 55, 57.) Plaintiff filed his Third Amended Complaint the next day, removing another defendant. (Dkt. No. 58.)  On February 19, 2026, in response to the Court's Order to Show Cause, Plaintiff sought leave to file the FAC to substitute BBR and Combs Enterprises with BBE and CeOpco.  (Dkt. Nos. 70–72.)  On March 7, 2026, Plaintiff filed the FAC. (Dkt. No. 80.)

The FAC purports to allege eight claims against Ms. Ventura, Mr. Combs, BBE, and CeOpco: First Cause of Action: Sex Trafficking under 18 U.S.C. § 1591; Second Cause of Action: Human Trafficking under Fla. Stat. § 787.061, Third Cause of Action: Human Trafficking under Cal. Civ. Code § 52.5; Fourth Cause of action: Violation of the Trafficking Victims Protection Reorganization Act ("TVPRA") under 18 U.S.C. § 1595; Fifth Cause of Action: Sexual Assault under Cal. Code Civ. Proc. § 340.16; Sixth

Cause of Action: Sex Trafficking under N.Y. Penal Law § 230.34; Seventh Cause of Action: Human Trafficking under N.Y. Soc. Servs. Law § 483-bb; and Eighth Cause of Action: Civil Racketeering Influenced and Corrupt Organizations Act ("RICO") violation under 18 U.S.C. § 1962(c).

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation omitted).

Assessing a motion to dismiss is a two-step process that is "context specific" and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *see Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995–96 (9th Cir. 2014). First, the Court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. All such allegations must be disregarded. *See id.* Second, it "assume[s] the[] veracity" of the "*well pleaded* factual allegations" and "determine[s] whether they *plausibly* give rise to an entitlement to relief." *Id.* (emphases added); *see Twombly*, 550 U.S. at 555.

Accordingly, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," requiring dismissal. *Iqbal*, 556 U.S. at 678; *see Eclectic Props.*, 751 F.3d at 996. Additionally, if a claim alleges liability based on fraudulent conduct, then such allegations are also governed by Fed. R. Civ. P. 9(b), which requires the conduct be pled "with particularity." "To properly plead fraud with particularity . . . a

pleading must identify the who, what, when, where, and how of the misconduct charged." *In re Cloudera, Inc.*, 121 F.4th 1180, 1187 (9th Cir. 2024) (quotation omitted). "In other words, it must provide an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Id.* (quotation omitted). The complaint must explain "why the statements were false or misleading at the time they were made." *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012); *see In re Cloudera*, 121 F.4th at 1187.

## ARGUMENT

### A. The First and Sixth Causes of Action Fail Because the Criminal Statutes Provide No Private Right of Action and Are Displaced by Civil Remedies

The First and Sixth Causes of Action cannot be sustained because they are predicated on criminal statutes that do not provide a private right of action and are displaced by exclusive statutory civil remedies. Plaintiff invokes 18 U.S.C. § 1591 and N.Y. Penal Law § 230.34, but federal and state law provide that the sole civil enforcement mechanisms for such violations is 18 U.S.C. § 1595 and N.Y. Soc. Servs. Law § 483-bb—claims Plaintiff pleads separately in the Fourth and Seventh Causes of Action.

"Generally, criminal statutes do not create private rights of action, and violations of criminal statutes cannot serve as a basis for civil liability." *Watson v. U.S. Gov't*, 2018 WL 11161246, at *3 (C.D. Cal. Mar. 23, 2018) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 284 (1979)); *see Cort v. Ash*, 422 U.S. 66, 78–80 (1975), *subsequently clarified on other grounds by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979) ("a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone" cannot create an implied claim); *Bailey v. Leonhardt*, 481 Fed. App'x 381, 382 (9th Cir. 2012) (same). Consistent with this principle, courts reject attempts to plead standalone civil claims under Section 1591 and Section 230.34 because the legislatures have channeled such claims into the specific civil remedy

provisions. *See Ratha v. Phatthana Seafood Co., Ltd.*, 2016 WL 11020222, at *4 (C.D. Cal. Nov. 9, 2016) (civil actions under 18 U.S.C. § 1591 arise, if at all, under 18 U.S.C. § 1595); *Smith v. AECOM Tishman*, 2022 WL 19410315, at *5 (S.D.N.Y. June 1, 2022) (rejecting standalone claim under Section 230.34), *report and recommendation adopted*, 2023 WL 2734430 (S.D.N.Y. Mar. 30, 2023).

Because Plaintiff has already invoked the exclusive civil remedies in separate causes of action, the First and Sixth Causes of Action are improper and must be dismissed.

**B. The Statute of Limitations Bars the Second, Fourth, and Eighth Causes of Action**

A statute of limitations defense may be raised on a motion to dismiss when the untimeliness appears on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

Plaintiff's human trafficking claim under Fla. Stat. § 787.061 (Second Cause of Action) is subject to a four-year limitations period that begins when the victim "leaves the dependency of the abuser" or discovers "both the injury and the causal relationship between the injury and the abuse, whichever occurs later." Fla. Stat. § 95.11(8); *see* Fla. Stat. § 787.061(4).[1] *Plaintiff alleges the trafficking ended in 2019*, which is more than four years after this action was commenced. (FAC ¶ 272.)

Plaintiff's civil RICO claim (Eighth Cause of Action) is untimely. That claim has a four year-statute of limitations, commencing "when a plaintiff knows or should know of the injury that underlies his cause of action." *Douglas v. Kalanta*, 2024 WL 1795160, at *2 (9th Cir. Apr. 25, 2024) (alteration in original) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510–11 (9th Cir. 1996)); *see Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). "The plaintiff need not discover that the injury is part of a pattern of racketeering for the period to begin to run . . . [though]

---

[1] The limitations period under Fla. Stat. § 95.11(10) does not apply because Plaintiff was not under the age of 16 at the time when the alleged trafficking occurred.

a new cause of action accrues for each new and independent injury, even if the RICO violation causing the injury happened more than four years before." *Grimmett*, 75 F.3d at 510 (quotation omitted). Because the FAC alleges that the human trafficking underlying the RICO claim occurred between 2012 and 2019 (FAC ¶ 611), the claim is time-barred.

Finally, the TVPRA claim (Fourth Cause of Action) is partially time-barred. TVPRA claims have a ten-year limitations period running from the start of the trafficking. *See* 18 U.S.C. § 1595(c)(1); *Doe v. Six Continents Hotels Inc.*, 2025 WL 2020003, at *5 (C.D. Cal. June 26, 2025). The FAC alleges that the trafficking began in 2012 (FAC ¶ 272), but Plaintiff filed his initial Complaint on June 30, 2025. (Dkt. No. 1.) Thus, this claim is barred to the extent it relies on conduct occurring before June 30, 2015. *See Doe*, 2025 WL 2020003, at *5.

## C. The FAC Violates Rule 8 Through Impermissible Group Pleading

Each cause of action incorporates by reference "every allegation in all of the preceding paragraphs." (FAC ¶¶ 308, 322, 356, 399, 442, 495, 549, 598.) By doing so, the FAC is a sprawling, undifferentiated pleading that sweeps together unrelated facts, actors, and periods. (*Id.* ¶¶ 22–27, 222–307.) Courts repeatedly hold that such incorporation is an impermissible shotgun pleading. *See, e.g.*, *Hill v. Bd. of Directors, Officers & Agents & Indivs. of the Peoples Coll. of Law*, 2023 WL 9420819, at *3 (C.D. Cal. June 7, 2023) ("One common type of shotgun pleading . . . is where the plaintiff recites a collection of general allegations toward the beginning of the Complaint, and then each count incorporates every antecedent allegation by reference . . . . This shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong."); *Melrose Place Holdings v. Socotra Opportunity Fund, LLC*, 2022 WL 3013226, at *5 (C.D. Cal. May 31, 2022) (complaint using "the omnibus term 'Defendants' to allege misconduct without differentiation" with "each and every claim incorporat[ing] by reference all preceding paragraphs without specificity" "falls squarely into the category of an impermissible shotgun pleading.");

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

*Sollberger v. Wachovia Secs., LLC*, 2010 WL 2674456, at \*4–5 (C.D. Cal. June 30, 2010) (shotgun pleading whereby each count incorporates every antecedent allegation by reference "alone warrants dismissal").

The FAC also repeatedly refers to "Defendants" without distinguishing among them. That approach obscures who engaged in what conduct, with whom, and when. Because the FAC violates the basic requirements of Rule 8, all claims should be dismissed.

## D. The FAC Fails to State a Claim Against Mr. Combs

### 1. Human Trafficking (Second Cause of Action)

Section 787.061 provides a civil cause of action "against an adult theater . . . or an owner, an operator, or a manager of such theater, that knowingly allows a victim of human trafficking to work, perform, or dance at the adult theater." Fla. Stat. § 787.061(3)(a); *see Weiner v. Wyndam Hotels & Resorts, Inc.*, 2026 WL 120224, at \*4 (M.D. Fla. Jan. 16, 2026) (limiting Section 787.061 to specific categories).

The FAC fails to allege that Mr. Combs is an owner, operator, or manager of a theater. This claim cannot be sustained against Mr. Combs. *See Weiner*, 2026 WL 120224, at \*4.

### 2. Human Trafficking (Third Cause of Action)

The FAC fails to state a claim against Mr. Combs because it does not plausibly allege that he deprived or violated Plaintiff's personal liberty.

First, "[d]eprivation or violation of the personal liberty of another" "includes substantial and sustained restriction of another's liberty accomplished through force, fear, fraud, deceit, coercion, violence, duress, menace, or threat of unlawful injury to the victim or to another person, under circumstances where the person receiving or apprehending the threat reasonably believes that it is likely that the person making the threat would carry it out." Cal. Penal Code § 236.1(h)(3). The FAC alleges the complete opposite, namely that "[a]t all times during the encounters [with Ms. Ventura and Mr. Combs] from 2009–2019, Plaintiff believed he was engaging in consensual

arrangements with two private individuals operating within the bounds of legal adult activity, albeit morally questionable." (FAC ¶ 272.)  That admission forecloses any claim based on coercion.

Second, to the degree Plaintiff *was* allegedly forced to engage in such conduct, the FAC alleges such coercion came from Ms. Ventura, not Mr. Combs.  The only plausible instance of nonconsensual conduct occurring in California was in 2014 in Los Angeles, when Ms. Ventura allegedly forced Plaintiff to have sex with her while she was menstruating.  (FAC ¶¶ 179–205.)  But in this instance, the FAC further alleges that Mr. Combs actively sought to prevent the continuation of any such conduct.  (FAC ¶¶ 199–200 (alleging that Mr. Combs deescalated the situation, forced Ms. Ventura to apologize, and provided Plaintiff with compensation to remedy any impact).  Thus, the FAC nowhere alleges that Mr. Combs intentionally assisted or facilitated any unlawful acts—he did the opposite.  *See* Cal. Penal Code § 236.1 (a–c) (requiring that the victim's personal liberty be deprived or violated with the *intent* to obtain forced labor or services); *Fleites v. MindGeek S.A.R.L.*, 801 F. Supp. 3d 1045, 1086–87 (C.D. Cal. 2025) (dismissing claim because the complaint failed to adequately plead defendants *intended* to obtain forced labor or services from plaintiff); *Lofthus v. Long Beach Veterans Hosp.*, 214 F. Supp. 3d 908, 916 (C.D. Cal. 2016) (dismissing claim, in part, because the complaint failed to allege the defendants acted with intent); *Talib v. Guerrero*, 2016 WL 1470082, at *11 (C.D. Cal. Mar. 14, 2016) (dismissing claim because the complaint failed to allege the requisite intent element).

This claim should be dismissed against Mr. Combs.

*3.  TVPRA (Fourth Cause of Action)*

The TVPRA provides a private right of action against persons who violate certain federal trafficking laws.  *See Acevedo v. eXp Realty, LLC*, 713 F. Supp. 3d 740, 763 (C.D. Cal. 2024).  According to the FAC, the predicate statutes are 18 U.S.C. §§ 1591(a)(1) and 1589(a).  (FAC ¶¶ 408–16.)

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

Section 1591(a)(1) imposes liability where a defendant "knowingly" "recruits, entices, harbors, transports, provides, obtains," or otherwise engages a person "in a commercial sex act," knowing that "force, threats of force, fraud, [or] coercion" will be used.   Section 1589(a) imposes liability where a defendant "knowingly" obtains labor or services through force, threats, serious harm, abuse of legal process, or a coercive scheme.

The FAC fails to state a claim against Mr. Combs because it does not plausibly allege that he obtained Plaintiff's participation in any sexual activity through force, threats, fraud, or coercion.  To the contrary, the FAC affirmatively alleges that "*[a]t all times* during [Plaintiff's] [] encounters [with Ms. Ventura and Mr. Combs] from 2009–2019, Plaintiff believed he was engaging in *consensual arrangements* with two private individuals operating within the bounder of legal adult activity, albeit morally questionable." (FAC ¶ 272 (emphasis added).)

The FAC identifies only three purportedly nonconsensual incidents: (i) a 2014 encounter in 2014 in Los Angeles when Ms. Ventura allegedly forced him to have sex while she was menstruating; (ii) a 2016 incident in Miami during which Mr. Combs allegedly placed his rear end in front of Plaintiff's face while he was having sex with Ms. Ventura; and (iii) a separate 2016 incident involving unprotected sex with Ms. Ventura, purportedly resulting in Plaintiff contracting a sexually transmitted disease. (FAC ¶¶ 179–221.)  None of these allegations plausibly supports a TVPRA claim against Mr. Combs.

As to the purported 2014 incident, the alleged lack of consent arises from Ms. Ventura's failure to disclose that she was menstruating. (*Id.* ¶¶ 195–97.)  The FAC nowhere alleges that Mr. Combs knew of that fact. (*Id.* ¶¶ 179–205.)  As for the purported 2016 incident in Miami, the FAC is bereft of any allegation that Plaintiff expressed or manifested withdrawal of consent—much less that Mr. Combs was aware of it.  (*Id.* ¶¶ 206–15.)  That omission is especially relevant given that Plaintiff's arrangement with Ms. Ventura and Mr. Combs was consensual for the past seven years

and continued to be consensual for three more years. (*Id.* ¶ 272.) And as to the other purported 2016 incident, the FAC does not even allege that Mr. Combs was present or later became aware of the conduct. (*Id.* ¶¶ 216–21.)

Accordingly, even accepting the FAC's allegations as true, it fails to allege that Mr. Combs *knew* that Plaintiff's consent was withheld or that his participation in such activities was by force, threats, fraud, or coercion. Without such allegations, this claim cannot be sustained against Mr. Combs.

### 4. Sexual Assault (Fifth Cause of Action)

Section 340.16 is not an independent cause of action. *See Doe v. Gross*, 2024 WL 3729007, at *3 (S.D.N.Y. Aug. 7, 2024) ("[N]either the [New York Adult Survivors Act] nor [Section 340.16] created an independent cause of action."). Plaintiff's claim is thus foreclosed. Regardless, the FAC fails to plead the necessary elements of a sexual assault.

The criminal statutes recited in the FAC require the victim's lack of consent. (FAC ¶¶ 445–47 (citing Cal. Penal Code §§ 243.4 and 261). But the FAC alleges that "[a]t all times during the encounters [with Ms. Ventura and Mr. Combs] from 2009–2019, Plaintiff believed he was engaging in consensual arrangements with two private individuals operating within the bounder of legal adult activity, albeit morally questionable." (FAC ¶ 272.) Therefore, unlawful sexual assault could never arise because Plaintiff admits it was "consensual . . . at all times." (*Id.*)

The only instance of purported nonconsensual conduct was in 2014 in Los Angeles when Ms. Ventura allegedly forced Plaintiff to have sex while she was menstruating. (FAC ¶¶ 179–205.) But even if true, the FAC fails to allege that Mr. Combs knew Ms. Ventura was then menstruating. (*Id.*) Thus, Ms. Ventura is the sole party against whom sexual assault can be alleged. *See* Cal. Penal Code §§ 243.4 and 261. This claim should be dismissed against Mr. Combs.

### 5. Human Trafficking (Seventh Cause of Action)

N.Y. Soc. Servs. Law § 483-bb provides a civil remedy against persons who violate specified criminal labor or sex trafficking laws. *See* N.Y. Soc. Servs. Law § 483-bb(c)(i). The FAC invokes N.Y. Penal Law § 230.34. (FAC ¶¶ 496–503.) That statute requires that a defendant "intentionally advance[] or profit[] from prostitution" through enumerated means, including (among others) (i) administering drugs to impair judgment; (ii) "making material false statements . . . or omissions to induce or maintain" participation in prostitution; or (iii) using force, threats, or a scheme to compel participation through fear of specified harms. This claim fails for multiple reasons:

First, Section 483-bb became effective on January 19, 2016, and does not apply retroactively. *See S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 156 (E.D.N.Y. 2020) (Section 483-bb does not apply retroactively). The only allegation that Mr. Combs provided drugs to Plaintiff concerns conduct in 2015, making that theory legally impossible. (FAC ¶¶ 216–21.)

Second, the FAC does not plausibly allege that Mr. Combs engaged in any qualifying inducement conduct. Although Plaintiff alleges that Ms. Ventura made misstatements to induce or maintain participation, there are no allegations that Mr. Combs made any such statements. That omission is dispositive, as § 230.34 requires intentional conduct by the defendant.

Third, even if Ms. Ventura's alleged misstatements could be imputed to Mr. Combs—which they cannot—the FAC alleges that those post-2016 misstatements occurred outside New York, foreclosing liability. *See A.A. v. Omnicom Grp., Inc.*, 2026 WL 504904, at *22 (S.D.N.Y. Feb. 24, 2026) (Section 483-bb does not apply to conduct outside New York); *see also Smith*, 2022 WL 19410315, at *5 (N.Y. Penal Law § 230.34 does not apply to conduct outside New York).

Last, as discussed *supra*, the FAC negates any theory of force, threats, or coercion because the FAC affirmatively alleges that Plaintiff believed the encounters

were consensual.  (FAC ¶ 272.)  That allegation is incompatible with the statutory requirement that participation be compelled through force, fraud, or coercion.

For these reasons, the Seventh Cause of Action should be dismissed against Mr. Combs.

### 6. Violation of RICO (Eighth Cause of Action)

RICO provides a private right of action to "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]."  *United Bd. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014) (quoting 18 U.S.C. § 1964(c)).  To state a civil RICO claim, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property."  *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir.2005) (quotation omitted).

The FAC fails at the threshold because it does not plausibly allege a cognizable RICO injury.  Section 1964(c) imposes a strict limitation, requiring the plaintiff to plead injury to "business or property" proximately caused by the alleged conduct.  18 U.S.C. § 1964(c); *see Hollander v. Flash Dancers Topless Club*, 340 F. Supp. 2d 453, 458 (S.D.N.Y. 2004).  None of Plaintiff's asserted injuries satisfies this requirement:

First, Plaintiff alleges physical injuries and psychological trauma, along with associated medical expenses and an inability to work.  (FAC ¶¶ 631–32, 635–36, 639).  These are quintessential personal injuries, which are not recoverable under RICO.  *See Med. Marijuana, Inc. v. Horn*, 604 U.S. 593, 601 (2025) (citing *RJR Nabisco, Inc. v. Euro. Cmty.*, 579 U.S. 325, 350 (2016)); *see Bokaie v. Green Earth Coffee LLC*, 2018 WL 6813212, at *5 (C.D. Cal. Dec. 27, 2018).

Second, Plaintiff seeks to recover purported lost income based on Defendants' alleged failure to pay "fair market value" for his prostitution services.  (*Id.* ¶¶ 634, 637–38).  Even assuming such losses are economic in form, they are not legally cognizable.  Courts do not award damages for injuries arising from illegal business activity, as doing

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

so would require the court to recognize and compensate unlawful conduct. *See, e.g., Shulman v. Kaplan*, 2020 WL 7094063, at \*2 (C.D. Cal. Oct. 29, 2020) (Court order cannot require "monetary payment to Plaintiffs for the loss of profits or injury to a business that produces and markets cannabis would, in essence (1) provide a remedy for actions that are unequivocally illegal …; and (2) necessitate a federal court [to] contravene a federal statute [] … to provide relief under … (RICO).").

Third, Plaintiff alleges reputational harm stemming from "his name being connected to the criminal prosecution of Sean Combs." (FAC ¶ 633). That theory fails because the alleged reputational damage does not arise "by reason of" any alleged racketeering activity. The purported predicates (human trafficking and transportation for prostitution, FAC ¶¶ 611–12) do not encompass reputational injury caused by public association with a criminal proceeding, nor is being named in such a proceeding a predicate act under RICO. *See* 18 U.S.C. § 1961(1) (defining "racketeering activity").

Because the FAC fails to allege a RICO injury, this claim cannot be sustained against Mr. Combs.

**E. No Claim Is Stated Against Any Corporate Defendant**

*1. BBR Is Unaffiliated With BBE*

The FAC mistakenly alleges that BBR is owned by BBE. (FAC ¶ 34.) BBR is a limited liability company owned by Warner Music Group. Because BBE has no affiliation to BBR, it cannot be held liable for BBR's alleged conduct.

*2. The Corporate Defendants Cannot Be Treated as a Single Entity*

The FAC acknowledges that the Corporate Defendants are independent entities. (FAC ¶¶ 34–35.) Even so, it fails to differentiate among them for purposes of liability. For example, the FAC fails to particularize:

- Which Corporate Defendant—and which agents or employees—provided financial resources or logistical support for Ms. Ventura's and Mr. Combs's sexual

arrangement with Plaintiff (*Id.* ¶¶ 274, 322, 412, 423, 459-60, 506, 517–18, 568, 609, 615);

- The degree to which each Corporate Defendant—and any of its agents or employees—was aware of the sexual arrangement between Ms. Ventura and Plaintiff and when such knowledge was acquired (*Id.*).[2]

No legal doctrine permits group pleading in this case. Likewise, the single-enterprise equitable doctrine, which permits affiliated corporations to be treated as one for purposes of liability, does not apply here. *See Toho-Towa Co., Ltd. v. Morgan Creek Prods., Inc.*, 217 Cal.App.4th 1096, 1107–08 (Cal. Ct. App. 2013). The doctrine reflects a determination that, "though there are two or more personalities, there is but one enterprise," permitting the whole to be liable for its component elements. *Greenspan v. LADT, LLC*, 191 Cal.App.4th 486, 512 (Cal. Ct. App. 2010) (quotation omitted).

The applicability of the single-enterprise doctrine rests on factors such as "the commingling of funds and assets of the two entities, identical equitable ownership in the two entities, use of the same offices and employees, disregard of corporate formalities, identical directors and officers, and use of one as a mere shell or conduit for the affairs of the other." *Toho-Towa*, 217 Cal.App.4th at 1108–09. The FAC alleges none of these factors. Nor does it allege that the Corporate Defendants are alter-egos of one another or function as a unified enterprise.

Plaintiff cannot avoid this pleading deficiency by suing multiple entities collectively and then seeking to impose joint and several liability without alleging who engaged in what conduct and how such conduct triggers liability. Accordingly, all claims against the Corporate Defendants should be dismissed.

---

[2] There are specific references to BBR assisting with the sexual arrangement (FAC ¶¶ 293, 323, 336, 348, 374, 393, 460, 463, 509, 609, 615), but as discussed *supra*, BBR is not owned by either Corporate Defendant and is not a party to this case.

### 3. CeOpco Is Not Liable to Plaintiff

The FAC alleges that BBR and CeOpco "directly participated in the trafficking [of Plaintiff] by providing resources, booking travel arrangements, and presenting [Plaintiff] to hotel staff as 'Security' for Bad Boy Records as a cover story for the trafficking activities." (FAC ¶¶ 423, 517, 568, 609.) Putting aside the improper grouping of CeOpco with a non-party, these allegations do not plausibly state a claim against CeOpco for the same reasons Plaintiff's claims fail against Mr. Combs.

The FAC does not allege that CeOpco was present during any of the alleged sexual encounters between Plaintiff and Ms. Ventura, nor that it had any knowledge that those interactions were nonconsensual. To the contrary, Plaintiff alleges that he believed the encounters were consensual. (*Id.* ¶ 272.) At most, then, the FAC alleges that CeOpco facilitated voluntary interactions between consenting adults. (*Id.*) That is insufficient as a matter of law. Indeed, the allegations against CeOpco are weaker than those asserted against Mr. Combs, which are themselves non-actionable. *See supra* at pp. 11–17 (describing failure of FAC to plausibly allege claims against Mr. Combs).

### 4. The Corporate Defendants Are Not Vicariously Liable to Plaintiff

Plaintiff fails to state a claim for vicarious liability against the Corporate Defendants. "[A]n employer is vicariously liable only for torts committed by its employees within the scope of their employment." *CRST, Inc. v. Superior Court*, 11 Cal.App.5th 1255, 1260 (Cal. Ct. App. 2017) (quotation omitted). Whether an employee is acting within the scope of employment is determined "in the context of the particular enterprise [whether] an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." *Mary M. v. City of Los Angeles*, 54 Cal.3d 202, 209 (1991) (quotation omitted); *Far West Financial Corp. v. D & S Co.*, 46 Cal.3d 796, 813, fn. 13 (1988). "In other words, … the inquiry should be whether the risk was one that

may fairly be regarded as typical of or broadly incidental to the enterprise undertaken by the employer." *Mary M.*, 54 Cal.3d at 209 (quotation omitted).

This standard applies even more strictly in cases involving sexual torts. "[A] sexual tort will not be considered engendered by the employment unless its motivating emotions were fairly attributable to work-related events or conditions," such as where the sexual tort "serv[ed the company's] interests[.]" *Lisa M. v. Henry Mayo Newhall Mem. Hosp.*, 12 Cal.4th 291, 301–302 (1995). Outside limited circumstances (*e.g.*, "on-duty police officers against members of the public"), an "employer is not vicariously liable to the third party for such misconduct." *Farmers Ins. Grp. v. County of Santa Clara*, 11 Cal.4th 992, 1006–07 (1995).

The FAC does not allege that Ms. Ventura or Mr. Combs were employees of the Corporate Defendants. Accordingly, vicarious liability could only potentially lie against the purported acts of the unnamed and unspecified agents/employees of the Corporate Defendants. (FAC ¶¶ 274, 322, 412, 423, 459, 460, 506, 517–18, 568, 609, 615.) But these unspecified and conclusory allegations are insufficient to state a claim.

Indeed, the FAC fails to allege what the unnamed agents/employees' job descriptions were or how their acts were within the scope of the Corporate Defendants' normal course of business, here entertainment—a creative field in which violent criminal acts are not "a required cost of doing business." *Far West Financial Corp*, 46 Cal.3d at 813, fn. 13. Given the heightened pleading for vicarious liability involving sexual torts, the FAC fails to state any claim.

## **CONCLUSION**

Based on all of the foregoing, the Court should grant the Motion, together with such other and further relief as the Court deems just and proper.

Dated:  May 1, 2026

SCHONBUCH HALLISSY LLP

*/s/ Michael Schonbuch*

_____

Michael Schonbuch
Lilah N. Cook

*Attorneys for Defendants Sean Combs, CeOpco, LLC, and Bad Boy Entertainment LLC*

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned, counsel of record for Mr. Combs, CeOpco, and BBE certifies that this brief contains 5,948 words, which complies with the word limit of L.R. 11-6.1.

Dated:  May 1, 2026                                    */s/ Michael Schonbuch*

_____

Michael Schonbuch
Lilah N. Cook

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT