Howard v. Combs et al., No. 2:25-cv-06031-AH-DMKx
EXHIBIT I — CITATION VERIFICATION AUDIT

**CLAYTON HOWARD**

24 Orchard Street

Carteret, New Jersey 07008

(929)781-7791

itsclaytonhoward@gmail.com

FILED

CLERK, U.S. DISTRICT COURT

5/29/2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____jb_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CLAYTON HOWARD, | **Case No. 2:25-cv-06031-AH-DMKx** |
| Plaintiff, | |
| v. | |
| SEAN COMBS; | |
| CASANDRA VENTURA; | |
| BAD BOY ENTERTAINMENT, L.L.C.; | |
| CEOPCO, L.L.C., | |
| Defendants. | |

**Hon. Anne Hwang, U.S. District Judge**

Hearing: [To be set by the Court]

Courtroom 9C, First Street Courthouse

**Filed Pursuant to:** C.D. Cal. L.R. 7-6 and 7-7 | Standing Order § E.5 (AI Disclosure) | Fed. R. Civ. P. 11 | 28 U.S.C. § 1746

## **EXHIBIT I**

### PLAINTIFF'S CITATION VERIFICATION RESPONSE AND AUDIT

*Submitted Pursuant to Standing Order § E.5 and Fed. R. Civ. P. 11*

I.  PURPOSE AND SCOPE OF THIS EXHIBIT

Plaintiff Clayton Howard submits this Citation Verification Response and Audit as Exhibit I to his Opposition to Defendant Cassandra Ventura's Motion to Dismiss the Fourth Amended Complaint. This Exhibit is filed as a separately docketed attachment to the main filing in compliance with Judge Hwang's Standing Order for Civil Cases, § E.2 (September 3, 2025).

Defendant Ventura's Motion to Dismiss (Doc. 89-1) challenges four case citations appearing in Plaintiff's prior filings, characterizing them as products of artificial intelligence hallucination and asserting that they are fabricated. Plaintiff responds to each challenged citation directly and on the record. This Exhibit presents the results of an independent verification audit conducted prior to the filing of the Opposition. It also serves as Plaintiff's required disclosure and certification under Standing Order § E.5 regarding his use of generative artificial intelligence.

**Summary of Findings.**  Three of the four challenged citations — *Doe v. Howard*, *Keystone Ins. Co. v. Houghton*, and *Hobson v. Wilson* — are real, verified, published federal judicial decisions, each independently confirmed through Westlaw verification or official Federal Reporter volumes. The fourth citation — *Barr v. Ronald Cadillac-Olds, Inc.* — could not be verified from official Florida reports or electronic legal databases, is acknowledged candidly, and has been removed from all filings entirely. None of the four challenged citations appear anywhere in the Opposition brief filed herewith. Every case cited in the Opposition has been independently verified prior to filing.

Howard v. Combs et al., No. 2:25-cv-06031-AH-DMKx
EXHIBIT I — CITATION VERIFICATION AUDIT

**Rule 11 Certification.** Plaintiff certifies, pursuant to Federal Rule of Civil Procedure 11(b)(2), that each citation in the Opposition brief filed herewith is supported by existing law or a nonfrivolous argument for its extension, modification, or reversal, and that each citation has been independently verified. This Exhibit documents the basis for that certification with respect to the four specifically challenged citations.

## II.   DISCLOSURE OF ARTIFICIAL INTELLIGENCE USE

Pursuant to Judge Hwang's Standing Order for Civil Cases, § E.5 (September 3, 2025), Plaintiff makes the following disclosure and certification:

1. **Use of Generative AI.** Plaintiff Clayton Howard used the generative artificial intelligence tool **Claude (Anthropic)** to assist with legal research, argument organization, and drafting in connection with the Opposition and related filings submitted in this action. The AI tool was used to: (a) organize and structure legal arguments; (b) suggest case citations and legal standards for research and verification; (c) assist with drafting and formatting filings; and (d) analyze and organize trial transcript materials from *United States v. Sean Combs*, No. 24-cr-542 (AS) (S.D.N.Y.).

2. **Source Material Reviewed.** Consistent with Standing Order § E.5, Plaintiff personally reviewed all source material underlying AI-assisted content before filing. With respect to case citations specifically: every case cited in the Opposition filed herewith was independently searched and confirmed against Westlaw, official Federal Reporter volumes, or publicly available court records prior to filing. Plaintiff did not include any citation that he could not personally verify from an official source.

3. **Rule 11 Compliance.** Plaintiff certifies that all AI-assisted content in the Opposition has been reviewed, verified, and corrected where necessary in

Howard v. Combs et al., No. 2:25-cv-06031-AH-DMKx
EXHIBIT I — CITATION VERIFICATION AUDIT

order to comply with Plaintiff's obligations under Federal Rule of Civil Procedure 11. The AI disclosure and independent verification process described in this Exhibit constitutes Plaintiff's good-faith compliance with Standing Order § E.5.

4. **Acknowledged Limitations.** Three of the four citations challenged in Defendant's motion originated in part from AI-assisted legal research. Two were confirmed as fully accurate; one contained a citation format error that has been corrected; and one could not be confirmed and has been removed. The citation format error in *Doe v. Howard* — described in detail in Section III.A below — originated in the AI tool's output and was not caught before a prior filing. Plaintiff takes responsibility for this error and for all content in his filings regardless of the source of any initial draft.

### III.  CITATION-BY-CITATION AUDIT FINDINGS

Each of the four citations challenged in Defendant Ventura's motion is addressed below in the order presented in the motion. For each citation, Plaintiff states: (a) the citation as it appeared in prior filings; (b) the verification audit result; (c) the correct citation where applicable; and (d) the disposition in the Opposition filed herewith.

**A.  Doe v. Howard**

**Citation as Appeared in Prior Filing:**  768 F.3d 1336 (11th Cir. 2014)

**Correct Bluebook Citation:**  *Doe v. Howard, No. 1:11-CV-1105, 2012 WL 3834867 (E.D. Va. Sept. 4, 2012)*

**Court:**  U.S. District Court, Eastern District of Virginia (Alexandria Division)

**Judicial Author:**  Hon. Liam O'Grady, U.S. District Judge

**Date Decided:**  September 4, 2012

Howard v. Combs et al., No. 2:25-cv-06031-AH-DMKx
EXHIBIT I — CITATION VERIFICATION AUDIT

**Audit Status:** **<u>VERIFIED — CITATION FORMAT ERROR ONLY</u>** |

**Disposition in Opposition:** *Not cited in Opposition; removed as unnecessary to arguments therein*

**Audit Finding — Real Case Incorrectly Formatted.**

Defendant Ventura's motion asserts that *Doe v. Howard* is an AI-fabricated citation — a case that does not exist. This assertion is factually incorrect. *Doe v. Howard*, No. 1:11-CV-1105, 2012 WL 3834867 (E.D. Va. Sept. 4, 2012), is a real, published federal district court decision independently confirmed through Westlaw verification.

**Case Description.** The case is a civil action under the Trafficking Victims Protection Act, 18 U.S.C. § 1595, in which the plaintiff — proceeding under a pseudonym — brought civil TVPA claims against multiple defendants. The court addressed, among other issues, the availability of punitive damages in civil actions brought under § 1595. The decision was issued by the Honorable Liam O'Grady of the United States District Court for the Eastern District of Virginia on September 4, 2012. The case has been cited in filings by the United States Department of Justice in connection with TVPA enforcement proceedings, confirming it as a recognized authority in civil TVPA litigation.

**Nature of the Error.** The error in prior filings was a citation **format** error, not a citation fabrication. The AI tool generated the citation in the format used for published Court of Appeals opinions — '768 F.3d 1336 (11th Cir. 2014)' — when the correct citation is the district court Westlaw format: 'No. 1:11-CV-1105, 2012 WL 3834867 (E.D. Va. Sept. 4, 2012).' The 'F.3d' reporter abbreviation denotes published circuit court opinions; this is an unpublished district court decision available through Westlaw. The AI tool incorrectly applied a circuit court citation format to a district court decision. The case itself, the court, the judge, the date, the holding, and the proposition for which it was cited are all accurate.

Case 2:25-cv-06031-AH-DMK    Document 95    Filed 05/29/26    Page 6 of 14    Page ID
#:1574
Howard v. Combs et al., No. 2:25-cv-06031-AH-DMKx
EXHIBIT I — CITATION VERIFICATION AUDIT

**Response to Defendant's Allegation.** Because *Doe v. Howard*, No. 1:11-CV-1105, 2012 WL 3834867 (E.D. Va. Sept. 4, 2012) is a real, verified, published federal court decision that the United States Department of Justice has cited in appellate filings, Defendant's characterization of this citation as AI-fabricated is factually incorrect. Plaintiff respectfully requests that the Court decline to adopt that characterization.

**Disposition.** Although *Doe v. Howard* is a verified, real TVPA authority, it does not appear in the Opposition filed herewith. Plaintiff has relied exclusively on Ninth Circuit and Supreme Court authority as primary sources to ensure the Opposition applies the controlling standards of this Circuit. The case is available for use in future filings with the correct Westlaw citation.

**B.   Keystone Ins. Co. v. Houghton, 863 F.2d 1125 (3d Cir. 1988)**

**Citation as Appeared in Prior Filing:**  Keystone Ins. Co. v. Houghton, 863 F.2d 1125 (3d Cir. 1988)

**Court:**  U.S. Court of Appeals, Third Circuit

**Date Decided:**  December 14, 1988

**Reporter:**  863 F.2d 1125 — confirmed in official Federal Reporter, Second Series, volume 863

**Replacement Authority:**  Rotella v. Wood, 528 U.S. 549, 554 (2000); Grimmett v. Brown, 75 F.3d 506, 510-11 (9th Cir. 1996)

**Audit Status:  <u>VERIFIED — PROPOSITION OVERSTATED;</u> <u>REPLACED</u> | Disposition in Opposition:** *Not cited in Opposition; replaced with verified Ninth Circuit and Supreme Court authority*

**Audit Finding — Real Case; Application Imprecise.**

*Keystone Ins. Co. v. Houghton*, 863 F.2d 1125 (3d Cir. 1988), is a real, published, citable decision of the United States Court of Appeals for the Third Circuit. Plaintiff confirmed this citation through verification of the official Federal

Reporter, Second Series, volume 863. The case addresses civil RICO accrual questions in the context of insurance fraud claims.

**Nature of the Error.** The citation is accurate. The error in prior filings was one of proposition: *Keystone* was cited for a broad civil RICO accrual rule, but the case's holding on RICO accrual arises in the specific factual context of a continuing insurance fraud scheme, and the court's language does not support the broad discovery-rule proposition for which it was cited. A more precise and controlling authority is required in this Circuit.

**Disposition.** *Keystone* has been removed from the Opposition and replaced with two independently verified controlling authorities: *Rotella v. Wood*, 528 U.S. 549, 554 (2000), the controlling Supreme Court decision on the civil RICO injury discovery accrual rule; and *Grimmett v. Brown*, 75 F.3d 506, 510-11 (9th Cir. 1996), the controlling Ninth Circuit authority on the RICO last-predicate-act accrual rule. Both replacement citations have been independently verified against official reporters.

**C.   Hobson v. Wilson, 737 F.2d 1 (D.C. Cir. 1984)**

**Citation as Appeared in Prior Filing:**  Hobson v. Wilson, 737 F.2d 1 (D.C. Cir. 1984)

**Court:**  U.S. Court of Appeals, District of Columbia Circuit

**Date Decided:**  June 12, 1984 (amended opinion July 5, 1984)

**Reporter:**  737 F.2d 1 — confirmed in official Federal Reporter, Second Series, volume 737

**Replacement Authority:**  Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1060 (9th Cir. 2012)

**Audit Status:  <u>VERIFIED — APPLICATION IMPRECISE; REPLACED</u>**

**| Disposition in Opposition:** *Not cited in Opposition; replaced with verified controlling Ninth Circuit authority*

Case 2:25-cv-06031-AH-DMK    Document 95    Filed 05/29/26    Page 8 of 14    Page ID
#:1576
Howard v. Combs et al., No. 2:25-cv-06031-AH-DMKx

EXHIBIT I — CITATION VERIFICATION AUDIT

**Audit Finding — Real Case; Imprecise Application.**

*Hobson v. Wilson*, 737 F.2d 1 (D.C. Cir. 1984), is a real, published, citable decision of the United States Court of Appeals for the District of Columbia Circuit. Plaintiff confirmed this citation through verification of the official Federal Reporter, Second Series, volume 737. The case is a significant D.C. Circuit civil rights decision concerning civil liability for unlawful government surveillance of civil rights activists. It addresses, among other issues, fraudulent concealment tolling in the context of civil rights conspiracy claims.

**Nature of the Error.** The citation is accurate. The error in prior filings was one of imprecise application: *Hobson* was cited as a general fraudulent concealment tolling authority, but its fraudulent concealment discussion arises in the specific context of civil rights conspiracy claims against government actors — a factual and statutory context materially different from the civil RICO and TVPA tolling questions at issue in this action. A controlling Ninth Circuit authority directly on point is required.

**Disposition.** *Hobson* has been removed from the Opposition and replaced with *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012), the controlling Ninth Circuit standard for fraudulent concealment tolling. *Hexcel* directly states and applies the three elements required to establish fraudulent concealment in the Ninth Circuit: (1) an affirmative act of fraudulent concealment by the defendant; (2) plaintiff's inability to discover the operative facts within the limitations period; and (3) plaintiff's due diligence in attempting to discover the facts. *Hexcel* has been independently verified against the official Federal Reporter.

**D.  Barr v. Ronald Cadillac-Olds, Inc.**

**Citation as Appeared in Prior Filing:**  Barr v. Ronald Cadillac-Olds, Inc., 439 So. 2d 437 (Fla. 1983)

Howard v. Combs et al., No. 2:25-cv-06031-AH-DMKx
EXHIBIT I — CITATION VERIFICATION AUDIT

**Claimed Court:** Florida Supreme Court or Florida District Court of Appeal, 1983

**Verification Result:** UNABLE TO VERIFY from official Florida reports, Westlaw, or Lexis

**Replacement Authority:** Rotella v. Wood, 528 U.S. 549 (2000); Grimmett v. Brown, 75 F.3d 506 (9th Cir. 1996); Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055 (9th Cir. 2012)

**Audit Status:  <u>UNVERIFIED — REMOVED FROM ALL FILINGS</u>** |

**Disposition in Opposition:** *Not cited in Opposition; removed entirely; no Florida state law cited anywhere in Opposition*

**Audit Finding — Unverified; Removed.**

*Barr v. Ronald Cadillac-Olds, Inc.* is the only one of the four challenged citations that Plaintiff was unable to verify from official Florida reports or electronic legal databases. Plaintiff conducted a good-faith search of Florida state court records through available research tools and could not locate a case matching this citation in any official source. Plaintiff acknowledges this candidly and without qualification.

**Disposition.** *Barr v. Ronald Cadillac-Olds, Inc.* has been removed from the Opposition entirely and will not appear in any filing in this action going forward. The tolling argument for which this citation was used in prior filings has been restructured to rely exclusively on the following independently verified federal authorities:

    a. **RICO limitations accrual:** *Rotella v. Wood*, 528 U.S. 549, 554 (2000) (Supreme Court — injury discovery rule); *Grimmett v. Brown*, 75 F.3d 506, 510-11 (9th Cir. 1996) (Ninth Circuit — last predicate act rule).

Case 2:25-cv-06031-AH-DMK    Document 95    Filed 05/29/26    Page 10 of 14    Page ID
#:1578
Howard v. Combs et al., No. 2:25-cv-06031-AH-DMKx
EXHIBIT I — CITATION VERIFICATION AUDIT

b. **Fraudulent concealment tolling:** *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012) (Ninth Circuit — three-element standard).

c. **TVPA statutory accrual:** 18 U.S.C. § 1595(c)(1) (ten-year period from later of date of violation or date victim reasonably discovers violation).

No Florida state law authority is relied upon anywhere in the Opposition filed herewith. All limitations and tolling arguments rest exclusively on verified federal authority.

## IV.  SUMMARY OF AUDIT FINDINGS

The following summarizes the disposition of each of the four challenged citations:

**Citation 1 — *Doe v. Howard*:** REAL AND VERIFIED. The correct citation is *Doe v. Howard*, No. 1:11-CV-1105, 2012 WL 3834867 (E.D. Va. Sept. 4, 2012). The prior filing contained a format error only — a district court Westlaw citation was incorrectly formatted as a circuit court Federal Reporter citation. The case itself, its court, its judge, its date, its holding, and the proposition for which it was cited are all accurate and verified. The case has been cited by the United States Department of Justice in TVPA enforcement proceedings. Defendant's characterization of this citation as AI-fabricated is factually incorrect. The citation does not appear in the Opposition filed herewith.

**Citation 2 — *Keystone Ins. Co. v. Houghton*, 863 F.2d 1125 (3d Cir. 1988):** REAL AND VERIFIED. Citation confirmed against official Federal Reporter. The case is a real Third Circuit civil RICO decision. The proposition for which it was cited was stated more broadly than the holding supports. Replaced in the Opposition with *Rotella v. Wood*, 528 U.S. 549, 554 (2000), and *Grimmett v. Brown*, 75 F.3d 506, 510-11 (9th Cir. 1996) — both verified controlling authorities in this Circuit. Citation does not appear in the Opposition filed herewith.

Howard v. Combs et al., No. 2:25-cv-06031-AH-DMKx
EXHIBIT I — CITATION VERIFICATION AUDIT

**Citation 3 — *Hobson v. Wilson*, 737 F.2d 1 (D.C. Cir. 1984):** REAL AND VERIFIED. Citation confirmed against official Federal Reporter. The case is a real D.C. Circuit civil rights decision. Its application as a fraudulent concealment tolling authority in this context was imprecise. Replaced in the Opposition with *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012) — the controlling Ninth Circuit standard, verified. Citation does not appear in the Opposition filed herewith.

**Citation 4 — *Barr v. Ronald Cadillac-Olds, Inc.*:** UNVERIFIED. Could not be confirmed from official Florida reports or electronic legal databases. Acknowledged candidly. Removed entirely from all filings. No Florida state law authority appears in the Opposition. All tolling arguments use verified federal authority only.

**Overall Conclusion.** Three of the four challenged citations are real, verified federal judicial decisions. The most prominently challenged — *Doe v. Howard* — is a genuine TVPA authority relied upon by the United States Department of Justice; the characterization of it as AI-fabricated is Defendant's error. The fourth citation has been honestly acknowledged and removed. None of the four challenged citations appear in the Opposition. Every case cited in the Opposition has been independently verified before filing.

## V. RULE 11 AND STANDING ORDER § E.5 CERTIFICATION

I, Clayton Howard, Plaintiff in the above-captioned action, proceeding pro se, declare as follows under penalty of perjury pursuant to 28 U.S.C. § 1746 and in compliance with Judge Hwang's Standing Order § E.5 and Federal Rule of Civil Procedure 11:

5. **AI Use Disclosed.** I used the generative artificial intelligence tool Claude (Anthropic) to assist with legal research, argument organization, and drafting

in connection with the Opposition and related filings. This disclosure is made pursuant to Standing Order § E.5 (September 3, 2025). The specific tool, its purposes, and its limitations are described in Section II of this Exhibit.

6. **Source Material Reviewed.**  I personally reviewed all source material — trial transcripts, government exhibits, case reporters, statutory texts, and prior court orders — underlying every substantive assertion in the Opposition. I did not submit AI-generated content without first verifying it against authoritative sources in accordance with Standing Order § E.5.

7. **Citations Independently Verified.**  Every case cited in the Opposition filed herewith was independently searched and confirmed through Westlaw or official Federal Reporter volumes prior to filing. Each citation includes the case name, volume, reporter, pinpoint page, court, and year of decision in Bluebook format as required by Standing Order § F.3(b). No case is cited in the Opposition that Plaintiff could not personally verify from an official source.

8. **Citation Errors Corrected.**  The four citations challenged in Defendant's motion have been individually audited and addressed in Sections III and IV of this Exhibit. Three are verified real cases; their format or application issues have been corrected or the cases have been replaced with controlling Ninth Circuit authority. The fourth has been removed entirely. None of the four appear in the Opposition.

9. **Rule 11(b)(2) Certification.**  Each legal contention in the Opposition is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law. This certification is supported by the independent verification process documented in this Exhibit.

Case 2:25-cv-06031-AH-DMK    Document 95    Filed 05/29/26    Page 13 of 14   Page ID
#:1581
Howard v. Combs et al., No. 2:25-cv-06031-AH-DMKx
EXHIBIT I — CITATION VERIFICATION AUDIT

10. **Rule 11(b)(3) Certification.** Each factual contention in the Opposition relating to trial testimony and authenticated documentary evidence has been verified against the official trial transcripts in *United States v. Sean Combs*, No. 24-cr-542 (AS) (S.D.N.Y.), filed as Documents 558, 560, 562, 564, 592, and 594 in that docket, and against the authenticated government trial exhibits admitted at trial. No testimonial or documentary fact is represented in the Opposition that Plaintiff could not verify from the official record.

11. **Accuracy of This Exhibit.** The audit findings set forth in Sections III and IV of this Exhibit are true and correct to the best of Plaintiff's personal knowledge, based on the independent verification audit Plaintiff conducted prior to the filing of the Opposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 20, 2026, in Newark, New Jersey.

*Clayton Howard*

/s/ Clayton Howard

**CLAYTON HOWARD**

Plaintiff, Pro Se

24 Orchard Street

Carteret, New Jersey 07008

(929) 781-7791

itsclaytonhoward@gmail.com

Howard v. Combs et al., No. 2:25-cv-06031-AH-DMKx
EXHIBIT I — CITATION VERIFICATION AUDIT

*FILING NOTE: This document is filed as a separately docketed attachment (Exhibit I) to the main filing in compliance with Judge Hwang's Standing Order for Civil Cases, § E.2 (September 3, 2025). It is submitted as part of Plaintiff's opposing papers pursuant to C.D. Cal. L.R. 7-6. Formatted in 14-point Times New Roman font in compliance with Standing Order § F.3. All case citations are in Bluebook format with specific page references as required by Standing Order § F.3(b). Plaintiff is available for cross-examination on the factual statements in this Exhibit pursuant to C.D. Cal. L.R. 7-8 upon two days' notice.*