

**Mélodie C. Han**
mhan@wigdorlaw.com

June 10, 2026

**VIA ECF**

Honorable Judge Hwang
Felicitas and Gonzalo Mendez United States Courthouse
350 W. 1st Street, Courtroom 9C
Los Angeles, CA 90012

      Re: Howard v. Combs, et al.; Case No. 2:25 Civ. 6031 (AH)(DMKx)

Dear Judge Hwang:

We represent Defendant Casandra Ventura in the above-captioned matter.  We write to bring to the Court's attention a video posted by pro se Plaintiff Clayton Howard to the social media platform X on June 7, 2026 (the "Video"), which contains defamatory statements directed at Ms. Ventura and her counsel, as well as explicit threats of violence against Ms. Ventura.  We respectfully request that the Court (1) set a briefing schedule for a motion for a protective order prohibiting further extra-judicial statements of this nature and (2) relieve Ms. Ventura and her counsel of the meet-and-confer prerequisite under Local Rule 7-3 with respect to this motion and future motions that Ms. Ventura may file in this action.

I.      **The Video**

In the Video, Mr. Howard identifies himself by name, acknowledges that he is "currently suing Diddy and Cassie," and makes clear that the impetus for his nine-minute diatribe against Ms. Ventura and the undersigned Wigdor firm is that Ms. Ventura has filed a motion to dismiss in this action.[1]  The Video contains the following statements, among others:

- Mr. Howard directly threatened Ms. Ventura, stating: "Bitch, I'm going to burn you out with fire" and also stated, regarding both Mr. Wigdor and Ms. Ventura, "He wants to play stupid games, you want to play stupid games, you can win stupid prizes."  These constitute true threats of violence.

---

[1]      Confoundingly, Mr. Howard suggests that by filing this motion to dismiss, Ms. Ventura and the Wigdor firm have "created a dedicated campaign to discredit [him], stalk [him], harass [him]." But Ms. Ventura's motion to dismiss was made pursuant to a briefing schedule stipulation that Mr. Howard himself consented to.



- Mr. Howard repeatedly called Ms. Ventura a "cum dumpster," a "whore," and someone who "put a million miles on her vagina for absolutely nothing" and later lied about being trafficked by Sean "Diddy" Combs.  These statements perpetuate victim-blaming mentality and are clearly offensive and harassing.

- Mr. Howard called Douglas Wigdor, this firm's founding partner, "a scumbag racist," a baseless smear designed to damage the professional reputation of this firm and its attorneys.

The Video has been reshared by users with substantial followings on TikTok, Instagram, Facebook, Threads, YouTube and picked up by various news outlets, including Complex, Hollywood Unlocked and Ground News.  Through this Video and others,[2] Mr. Howard has started a public campaign to harass, defame, and intimidate Ms. Ventura and her counsel.  This conduct necessitates a judicial intervention.[3]

## II.     The Court Should Set a Briefing Schedule for a Motion for a Protective Order

This Court has inherent authority to protect litigants and their counsel from harassment and intimidation by adverse parties, including through the issuance of a protective order restricting extra-judicial statements that pose a substantial likelihood of material prejudice to this proceeding. *See* Fed. R. Civ. P. 26(c); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991) (noting the court's "inherent power" to "impose silence, respect and decorum," "control admission to its bar[, to] discipline attorneys who appear before it," and "punish for contempt," including both

---

[2]      *See*, *e.g.*, The Art of Dialogue, ""Cassie Is A C** Dumpster" Diddy & Cassie Former Worker Says Cassie Lied To Him & He's A Victim," available at https://www.youtube.com/watch?v=2aVX_iQMHBE.  Last accessed June 9, 2026.

[3]      This conduct is also particularly problematic in light of Mr. Howard's repeated averment—including in the Video—that he is a law student who intends to gain admission to a State Bar.  The California State Bar's moral character guidelines make clear that conduct demonstrating a lack of respect for the rights of others, the judicial process, and adverse parties in litigation is directly material to the determination of whether an applicant is fit to practice law.  Were Mr. Howard already a licensed attorney, the conduct he has engaged in would violate multiple provisions of the California Rules of Professional Conduct ("RPC") and the Business and Professions Code ("BPC"), including RPC Rule 8.4(d) (prohibiting conduct  "prejudicial to the administration of justice"), and RPC Rule 8.2(a) and BPC § 6068(b) (imposing a duty to "maintain the respect due to the courts of justice and judicial officers").  Publicly broadcasting a threat to "burn out" an opposing party and branding opposing counsel as a "scumbag racist" is the kind of behavior that runs afoul of these provisions.  *See In re Hook*, SBC-23-O-30725 (State Bar Court) (holding that threatening and harassing communications directed at a party to pending litigation—including those containing profanity, derogatory language, and implicit or explicit threats of violence—violate Rule 8.4(d)).



"conduct before the court and that beyond the court's confines"); *In re BofI Holding, Inc. Sec. Litig.*, 318 F.R.D. 129, 136 (S.D. Cal. 2016) (issuing a pre-discovery protective order limiting attorney communications with nonparty witnesses "pursuant to the Court's inherent authority to regulate the conduct of attorneys appearing before it"); *Mitchell v. Corelogic, Inc.*, 424 F. Supp. 3d 815, 820 (C.D. Cal. 2019) ("Federal courts have the inherent power to assess sanctions for 'bad faith' conduct in litigation"); *Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 863-64, 868 (C.D. Cal. 2004), *aff'd in part, dismissed in part sub nom. Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007) (imposing sanctions and filing restrictions where vexatious litigant "harass[ed] other parties").  We respectfully request that the Court set a briefing schedule so that Ms. Ventura may formally move for a protective order prohibiting Mr. Howard from publishing harassing and intimidating statements about Ms. Ventura or her counsel.

We also request that the Court relieve Ms. Ventura and her counsel of the meet-and-confer requirement of Local Rule 7-3 with respect to her requested motion for a protective order, as well as for any future motions Ms. Ventura may file in this action.  Local Rule 7-3 requires counsel to confer in good faith prior to filing most motions.  That requirement cannot be met here.  Mr. Howard's description of undersigned counsel as "scumbag racists" and his other conduct to date shows that productive communication between the parties is not possible.  Requiring counsel to confer with Mr. Howard would be futile and expose undersigned counsel to further harassment and threats.  Relief from Local Rule 7-3 is appropriate under these circumstances.

We thank the Court for its attention to this matter and are available at the Court's convenience to address these issues further.

Respectfully submitted,

Mélodie C. Han
Douglas H. Wigdor
Meredith A. Firetog