Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Lilah N. Cook (Bar No. 350775)
cook@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard
Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900
*Attorneys for Defendants Sean Combs,*
*CeOpco, LLC, and Bad Boy*
*Entertainment LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CLAYTON HOWARD,<br><br>Plaintiff,<br><br>v.<br><br>SEAN COMBS, CASANDRA VENTURA, BAD BOY ENTERTAINMENT, LLC, and CEOPCO, LLC,<br><br>Defendants. | Case No. 2:25-cv-6031-AH-JPRx<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOURTH AMENDED COMPLAINT**<br><br>Hearing Date: July 15, 2026<br>Time: 1:30 p.m.<br>Judge: Hon. Anne Hwang<br>Courtroom: 9C |

DEFENDANTS' REPLY MPA IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

Defendants respectfully submit this Reply Memorandum of Points and Authorities in support of the Motion.[1]

### INTRODUCTION

Plaintiff does not bother to defend his allegations in the FAC. Instead, he attempts to rewrite the FAC using materials from a year-old criminal case, which are neither incorporated into his pleading nor the proper subject of judicial notice. Even if those materials were considered, Plaintiff's Opposition to the Motion collapses. He concedes many of the Corporate Defendants' defenses, including that claims are time-barred and that he improperly lumps Defendants together as one. Plaintiff has now repleaded four times and cannot state a viable claim. The Court should end this matter, dismiss the FAC, and deny him further leave to amend.

### ARGUMENT

#### A. Plaintiff Cannot Rely on Extrinsic Material

The Opposition leans into documents and testimony from *United States v. Combs*, No. 24-cr-542 (S.D.N.Y.) (the "Extrinsic Material"), which is not this case or its subject. (Opp. at 2–11; Dkt. Nos. 100–06.) The Extrinsic Material cannot be used to resuscitate a deficient complaint. At the motion-to-dismiss stage, a court's review is usually limited to the four corners of the pleading. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). It is "axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) (quotation omitted); *see King v. Navy Fed. Credit Union*, 699 F. Supp. 3d 864, 870 (C.D. Cal. 2023). And only two instances exist where material extrinsic to the pleading may be considered to decide a

---

[1] Capitalized terms not otherwise defined have the same meaning as in Defendants' moving brief, dated May 1, 2026. (Dkt. No. 88-1 ("Moving Brief" or "Moving Br.")) "Opposition" or "Opp." refers to Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's FAC pursuant to Fed. R. Civ. P. 12(b)(6), dated May 29, 2026 (Dkt. No. 93).

motion to dismiss: (1) the evidence is attached to the complaint or incorporated by reference, or (2) the evidence is subject to judicial notice. *See Khoja*, 899 F.3d at 998.

Here, the Extrinsic Material was not attached to the FAC (or incorporated by reference), and Plaintiff insufficiently attaches them to a declaration. (Dkt. No. 100.) Also, the Extrinsic Material is not properly subject to judicial notice. Rule 201 permits such notice only of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Although courts may notice public records, they cannot take notice of the truth of such assertions when they are disputed or subject to interpretation. *See Khoja*, 899 F.3d at 999–1000 (reversing dismissal, in part, because the court took judicial notice of a transcript containing facts "subject to varying interpretations" and therefore "subject to reasonable dispute" (quotation omitted)). That is what Plaintiff requests the Court to do—accept the truth of the matters in the Extrinsic Material. (Opp. at 4.) Rule 201 bars this Court from doing so. *See Beckway v. DeShong*, 717 F. Supp. 2d 908, 912 n.1 (N.D. Cal. 2010); *Ward v. City of Barstow*, 2017 WL 4877389, at *5 (C.D. Cal. June 23, 2017), *report and recommendation adopted*, 2017 WL 4877239 (C.D. Cal. Oct. 27, 2017).

Plaintiff argues that the factual assertions in the Extrinsic Material are not the subject of reasonable dispute because they were previously litigated and decided in his favor. (Opp. at 4.) But that argument fails because the device of offensive collateral estoppel involving a criminal conviction applies only where the identical issue was litigated and necessarily decided in the earlier proceeding. *See SEC v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018). A party invoking such preclusion bears the burden of identifying the essential facts decided in the prior case "and [n]either the district court nor the defendant is required to engage in a 'hunt and peck' exercise to ferret out potentially relevant and necessary findings." *Grisham v. Philip Morris, Inc.*, 670 F. Supp. 2d 1014, 1031 (C.D. Cal. 2009) (alteration partially in original) (quotation omitted).

Plaintiff fails to meet his burden. The Corporate Defendants were not parties in *United States v. Combs*, so collateral estoppel cannot be invoked against them. And Mr. Combs's conviction implicated the Mann Act concerning conduct involving Ms. Ventura and an unnamed "Jane Doe." *See* Verdict Sheet, *United States v. Combs*, No. 24-cr-542 (July 8, 2025), Dkt. No. 447. Thus, his conviction is not identical to the primary issue here—whether Mr. Combs transported *Plaintiff—not anyone else—*for purposes of prostitution. Nor do the claims mirror those for which Mr. Combs was convicted because, in this action, the claims concern violations of RICO, TVPRA, and state law. Mr. Combs was acquitted in *United States v. Combs* of violations under the RICO and the TVPA statutes (the TVPRA's criminal companion). *See id.* Therefore, collateral estoppel cannot transform defeated or disputed criminal-case matters into *judicially noticeable facts. See Grisham*, 670 F. Supp. 2d at 1033 (declining to apply collateral estoppel where plaintiff failed to show prior case findings were "essential, rather than merely incidental, to the [other case's] ultimate finding of liability").

Accordingly, the Court should disregard the Extrinsic Material in assessing the sufficiency of the FAC.

**B. No Private Right of Action Exists for the First and Sixth Causes of Action**

Plaintiff entirely ignores that the First and Sixth Causes of Action are premised on criminal statutes that provide no private right of action and are preempted by civil remedies. (Moving Br. at 6–7); *see Travelers Cas. Ins. Co. of Am. v. Geragos & Geragos*, 495 F. Supp. 3d 848, 854 (C.D. Cal. 2020); *Colum. Sussex Mgmt., LLC v. City of Santa Monica*, 482 F. Supp. 3d 1002, 1016 (C.D. Cal. 2020). Because Plaintiff cannot muster any defense to this implacable claim-bar, the Court should dismiss both claims.

**C. The Second, Fourth, and Eighth Causes of Action Are Time-Barred**

Plaintiff contends that his claims under Fla. Stat. § 787.061, RICO, and the TVPRA are timely because he first discovered the availability of those claims when the Department of Homeland Security (the "DHS") allegedly contacted him in 2023

DEFENDANTS' REPLY MPA IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

regarding his encounters with Defendants.  (Opp. at 15–16, 18–19; FAC ¶ 235.)  But delayed discovery cannot save these claims.

### 1.  *Human Trafficking (Second Cause of Action)*

Under Florida law, delayed discovery postpones accrual until the plaintiff knows or reasonably should have known of the tortious act giving rise to the claim.  *See Kipnis v. Bayerische Hypo-Und Vereinsbank, AG*, 784 F.3d 771, 779 (11th Cir. 2015).  The doctrine is applied where a defendant's conduct prevented timely discovery, such as causing plaintiff abuse-related memory loss.  *See Hearndon v. Graham*, 767 So. 2d 1179, 1185-86 (Fla. 2000).  This case is not the same inasmuch as Plaintiff fails to allege that Defendants prevented his discovery of *anything*.  He alleges only that DHS—after the statute of limitations expired—informed him of a possible legal theory to pursue against Mr. Combs.  (FAC ¶¶ 235–36.)  That circumstance has nothing to do with delayed discovery, as Plaintiff was aware of the alleged misconduct.  (Opp. at 19.)  This claim is time-barred.

### 2. *TVPRA (Fourth Cause of Action)*

Plaintiff mistakenly contends that the TVPRA claim accrued when DHS allegedly contacted him in 2023.  (Opp. at 18; FAC ¶ 235.)  A TVPRA claim must be filed within 10 years after the cause of action arose.  *See* 18 U.S.C. § 1595(c).  Plaintiff identifies no discovery rule that postpones accrual of such a claim until a government agency allegedly explains to Plaintiff that he potentially has a claim.  In the Ninth Circuit, courts have specifically found that the discovery rule is inapplicable to TVPRA claims.  *See Christina T. v. Bellagio LLC*, 806 F. Supp. 3d 1185, 1193 (D. Nev. 2025) ("[T]he discovery rule does not apply to the TVPRA."); *C.C. v. Rashid*, 2025 WL 1785273, at *5 (D. Nev. June 26, 2025) (analyzing similarly-worded statutes of limitations and Supreme Court precedent to find that the discovery rule does not apply to the TVPRA).

In short, Plaintiff alleges no facts showing that he was unaware of the underlying conduct when it occurred.  At most, he alleges subsequent awareness of a legal theory,

DEFENDANTS' REPLY MPA IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

which is irrelevant and not remedial. It is not delayed accrual. The TVPRA claim is time-barred to the degree it alleges actionable conduct more than 10 years before Plaintiff filed this action. *See Doe v. Six Continents Hotels, Inc.*, 2025 WL 2020003, at *5 (C.D. Cal. June 26, 2025); (FAC ¶ 272; Dkt. No. 1.)

### 3. RICO (Eighth Cause of Action)

The RICO statute of limitations begins to run when the plaintiff discovers the relevant injury, as opposed to the discovery of other elements of a RICO claim. (Opp. at 19); *see Rotella v. Wood*, 528 U.S. 549, 555–56 (2000) ("[W]e have been at pains to explain that discovery of the injury, not discovery of the other elements of a claim, is what starts the clock."). Because the FAC alleges that the human trafficking underlying the claim occurred between 2012 and 2019 (FAC ¶ 611), the claim is time-barred under the applicable four-year statute of limitations. He did not commence his action until 2025. (Dkt. No. 1.)

Plaintiff attempts to skirt the discovery rule by relying on the Extrinsic Material to contend that Defendants fraudulently concealed their RICO "enterprise" from Plaintiff, which prevented him from discovering the violation against him in a timely manner. (Opp. at 19.) As discussed *supra* at pp. 3–5, these materials cannot be the subject of judicial notice. And even if they could, the alleged fraud has no bearing on the four-year limitations period. *See Rotella*, 528 U.S. at 557 ("[W]e have already found the connection between civil RICO and fraud to be an insufficient ground for recognizing a limitations period beyond four years.").

Plaintiff also argues that being publicly identified during *United States v. Combs* caused him "reputational business harm" which restarted the limitations period. (Opp. at 19.) That argument is a non-starter.

First, the separate-accrual rule under RICO applies where a plaintiff suffers a new injury which is caused by a new predicate act. *See Grimmet v. Brown*, 75 F.3d 506, 510, 513 (9th Cir. 1996). The prosecution of Mr. Combs was brought by the

DEFENDANTS' REPLY MPA IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

government, not Defendants.  It is therefore not a new predicate act chargeable to Defendants.

Second, Plaintiff's alleged reputational harm is not a RICO injury caused "by reason of" Defendants' alleged "racketeering" activity.  *United Bd. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014).  The alleged predicate acts are human trafficking and transportation for prostitution.  (FAC ¶¶ 611–12.)  The public's purported association of Plaintiff with a later criminal proceeding is not a predicate act and is not actionable under RICO.  *See* 18 U.S.C. § 1961(1) (defining "racketeering activity").  The separate-accrual rule cannot save the RICO claim from dismissal.

**D. The FAC Impermissibly Pleads Defendants in Groups**

Plaintiff cannot rebut that the FAC impermissibly engages in group pleading. (Opp. at 22–23.)  So, instead, he seeks yet another favor to clarify his allegations by amendment.  (*Id.*)  He has already been provided such consideration multiple times. The FAC fails to give each Defendant fair notice of the conduct allegedly giving rise to liability, therefore it should be dismissed in its entirety.

**E. The FAC Fails to State a Claim Against Mr. Combs**

    1.  *Human Trafficking (Second Cause of Action)*

Plaintiff is so lost in his pleading that he contrives arguments not made by Defendants.  He claims that a "freak-off" constitutes forced labor, which Defendants rejoined by arguing that Fla. Stat. § 787.061 creates a civil claim against only *an adult theater (one that regularly features sexually explicit content or live performances) or such a theater's owner, operator, or manager*.  *See* Fla. Stat. § 787.061(3)(a); Fla. Stat. § 847.001(2)(b); *Weiner v. Wyndham Hotels & Resorts, Inc.*, 2026 WL 120224, at *4 (M.D. Fla. Jan. 16, 2026) (limiting Section 787.061 to specific categories).  No such person is alleged here, which Plaintiff ignores.  The trafficking claim should be dismissed as to Mr. Combs.  (Moving Br. at 9); *see Travelers Cas. Ins. Co. of Am.*, 495 F. Supp. 3d at 854; *Colum. Sussex Mgmt., LLC*, 482 F. Supp. 3d at 1016.

### 2. *TVPRA (Fourth Cause of Action)*

The TVPRA argument rests on the Extrinsic Material that cannot be considered by judicial notice. *See supra* at pp. 3–5. The Material cannot collaterally estop Defendants, cannot supply missing elements, or cure any other defect in this claim. (Opp. at 11–13, 14–18.) Notably, the FAC alleges that, "[a]t all relevant times during the encounters from 2009-2019, [he] believed he was engaging in *consensual arrangements* with two private individuals operating within the bounds of legal adult activity." (FAC ¶ 272 (emphasis added).) Consent is a complete defense to a TVPRA claim. *See Moore v. Rubin*, 724 F. Supp. 3d 93, 102–03 (E.D.N.Y.), *aff'd* 160 F.4th 271 (2d Cir. 2025) (affirming that "consent is a complete defense" to a claim under the TVPRA). Plaintiff cannot now, in the midst of the motion, discard that allegation simply because it destroys his claim. (Opp. at 17–18.) On a motion to dismiss, well-pleaded allegations are accepted as true by a court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Because Plaintiff alleges that he consented to the activities with Mr. Combs and Ms. Ventura, he fails to state a TVPRA claim against Mr. Combs. (FAC ¶ 272); *see Moore*, 724 F. Supp. 3d at 102–03. Furthermore, Plaintiff admits that the alleged "nonconsensual" incidents involved only Ms. Ventura and him. (Moving Br. at 11–12.) The TVPRA claim should be dismissed against Mr. Combs.

### 3. *Human Trafficking and Sexual Assault (Third, Fifth, and Seventh Causes of Action)*

Plaintiff makes no attempt to rebut or even address the failure to state claims against Mr. Combs for human trafficking under Cal. Civ. Code § 52.5, California sexual assault, or human trafficking under N.Y. Soc. Servs. Law § 230.34. The Court should dismiss these claims as unopposed. (Moving Br. at 9–10, 12–14); *see Travelers Cas. Ins. Co. of Am.*, 495 F. Supp. 3d at 854; *Colum. Sussex Mgmt., LLC*, 482 F. Supp. 3d at 1016.

### 4. *RICO (Eighth Cause of Action)*

Defendants contend that Plaintiff's alleged circumstances—contrived as they are—do not implicate the RICO statute. Plaintiff misapprehends the law. (Opp. at 13–14.) That statute prohibits recovery for personal injuries. *See Med. Marijuana, Inc. v. Horn*, 604 U.S. 593, 601 (2025) ("[B]y explicitly permitting recovery for harms to business and property, it implicitly excludes recovery for harm to one's person."). Plaintiff's purported RICO damages arise from alleged *physical injuries and psychological trauma*, which are nonrecoverable under the statute. (FAC ¶¶ 631–32, 635–36, 639); *see Horn*, 604 U.S. at 601; *Bokaie v. Green Earth Coffee LLC*, 2018 WL 6813212, at *5 (C.D. Cal. Dec. 27, 2018). His so-called "reputation" harm from any association with *United States v. Combs* and lost income from his purported failure to be paid "fair market value" for prostitution are likewise unrecoverable under RICO (FAC ¶¶ 633–34, 637–38), which he recognizes did not arise from any "racketeering activity" or from his unlawful conduct. (FAC ¶¶ 611–12); *see* 18 U.S.C. § 1961(1); *Shulman v. Kaplan*, 2020 WL 7094063, at *2 (C.D. Cal. Oct. 29, 2020). The RICO claim should be dismissed against Mr. Combs.

### F. No Claim Is Stated Against the Corporate Defendants

#### 1. *BBE Is Not Liable for BBR's Conduct*

Plaintiff contends that BBE is not a nominal defendant because the Extrinsic Material shows that it "directly funded and facilitated" his prostitution services. (Opp. at 19–20.) But the Court cannot judicially notice that material. *See supra* at pp. 3–5. Hence, Plaintiff's theory against BBE rests on BBE's ownership of BBR. (FAC ¶ 34.) But it is undisputed that BBR is owned by Warner Music Group. Therefore, BBE cannot be liable for BBR's alleged conduct, mandating dismissal of all claims against BBE.

DEFENDANTS' REPLY MPA IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

*2. The Corporate Defendants Cannot Be Treated as a Single Entity*

The FAC improperly lumps together the Corporate Defendants for liability purposes. But, as a matter of required pleading, he must allege what each entity did and why that conduct is actionable. Having failed to do so, the Corporate Defendants should be dismissed from the action. (Moving Br. at 8–9); *see Travelers Cas. Ins. Co. of Am.*, 495 F. Supp. 3d at 854; *Colum. Sussex Mgmt., LLC*, 482 F. Supp. 3d at 1016.

*3. CeOpco Is Not Liable to Plaintiff*

Regarding CeOpco, the Opposition addresses only that Defendants argue no RICO claim is sufficiently pleaded against it. (Opp. at 20–21.) Having failed to defend the propriety of all the other claims, those claims against CeOpco should be dismissed too for the reasons previously advanced. (Moving Br. at 17); *see Travelers Cas. Ins. Co. of Am.*, 495 F. Supp. 3d at 854; *Colum. Sussex Mgmt., LLC*, 482 F. Supp. 3d at 1016. Finally, Plaintiff's one paragraph defense of the RICO claim relies on no precedent and depends on the allegation that CeOpco facilitated transportation for prostitution, which rests on the non-reviewable Extrinsic Material. (Opp. at 21); *see supra* at pp. 3–5. However, the FAC alleges that CeOpco facilitated only voluntary interactions between consenting adults. (FAC ¶ 272.) The RICO claim cannot stand against CeOpco.

*4. The Corporate Defendants Are Not Vicariously Liable to Plaintiff*

The Opposition abandons *respondeat superior* liability against the Corporate Defendants, leaving only the case for direct liability, if at all. (Opp. at 21.) As demonstrated above, because the FAC fails to plead any theory of direct liability, all claims against the Corporate Defendants should be dismissed.

**G. Plaintiff Should Be Denied Further Leave to Amend**

Courts have broad discretion to deny leave where a plaintiff has repeatedly failed to cure pleading defects, amendment would be futile, or further amendment would be prejudicial. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009); *Cordes v.*

*Boulder Brands USA, Inc.*, 2019 WL 1002513, at *4 (C.D. Cal. Jan. 30, 2019).  Plaintiff has attempted to plead his purported claims five times.  Each time he was on notice of his then-pleading's defects, which have not been cured.  Any further amendment would reward delay, impose additional expense on Defendants, and be futile.  Leave to amend should be denied.

## **CONCLUSION**

Based on all of the foregoing, the Court should grant the Motion, together with such other and further relief as the Court deems just and proper.

Dated:  June 20, 2026                    SCHONBUCH HALLISSY LLP

*/s/ Michael Schonbuch*

_____
Michael Schonbuch
Lilah N. Cook

*Attorneys for Defendants Sean Combs, CeOpco, LLC, and Bad Boy Entertainment LLC*

DEFENDANTS' REPLY MPA IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

# **CERTIFICATION OF COMPLIANCE**

The undersigned, counsel of record for Mr. Combs, CeOpco, and BBE certifies that this brief contains 3,098 words, which complies with the word limit of L.R. 11-6.1.

Dated:   June 20, 2026                    */s/ Michael Schonbuch*

_____
Michael Schonbuch

DEFENDANTS' REPLY MPA IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT