Melodie Han (Bar No. 357207)
Douglas H. Wigdor (*pro hac vice forthcoming*)
Meredith A. Firetog (*pro hac vice forthcoming*))
mhan@wigdorlaw.com
dwigdor@wigdorlaw.com
mfiretog@wigdorlaw.com
WIGDOR LLP
85 Fifth Avenue, Floor 5
New York, NY 10003
Tel. (212) 257-6800
Fax. (212) 257-6845

*Counsel for Defendant Casandra Ventura*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CLAYTON HOWARD,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>SEAN COMBS, CASANDRA VENTURA, BAD BOY ENTERTAINMENT, L.L.C., CEOPCO, L.L.C.<br><br>　　　　　　　Defendants. | **Case No. 2:25-cv-6031-AH-JPR**<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOURTH AMENDED <u>COMPLAINT</u>**<br><br>Hearing Date: July 15, 2026<br>Time: 1:30 p.m.<br>Judge: Hon. Anne Hwang<br>Courtroom: 9C |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................iii

PRELIMINARY STATEMENT ...........................................................................1

ARGUMENT ........................................................................................................2

    A.    The Court Cannot Consider External Evidence, and Even If It Could, That Evidence Defeats Rather Than Supports Plaintiff's Claims..........................................................................................2

        1.    No Motion for Judicial Notice Is Before the Court ...................2

        2.    Judicial Notice Does Not Mean Accepting Documents for the Truth of the Matter Asserted, and Plaintiff Asks for Exactly That ...............................................................................2

        3.    Plaintiff Did Not Plead the Trial Documents in the 4AC, and a Complaint Cannot Be Amended Through an Opposition Brief ..........................................................................................3

        4.    Even Based on Plaintiff's Own Interpretation, Ms. Ventura's Testimony Establishes That She Was a Victim, Not A Perpetrator.............................................................................4

        5.    Ms. Ventura's Trial Testimony Cannot Constitute Party Admissions.............................................................................5

        6.    Any Collateral Estoppel from Combs's Conviction Cannot Reach Ms. Ventura or Establish Anything About Her Conduct Toward Plaintiff .........................................................6

    B.    The Claims Against Ms. Ventura Fail for the Independent Reasons Set Forth in the Motion, Which the Opposition Does Not Rebut.........7

        1.    Counts I and VI Are Criminal Statutes and Must Be Dismissed.............................................................................7

        2.    Counts VII Must Be Dismissed Because the 4AC Is Devoid

of Allegations That Post-Date Its Enactment ...........................7

3.    Counts II, III and IV Still Fail to Allege That Ms. Ventura Used Force, Fraud, or Coercion to Induce a Commercial Sex Act........................................................................................8

4.    Plaintiff's Tolling Arguments Fare No Better the Second Time Around........................................................................10

5.    Plaintiff Cannot State a Claim for Sexual Assault Under California Law (Count V)..........................................................11

C.    Leave To Amend Should Be Denied, And Dismissal Should Be With Prejudice........................................................................12

CONCLUSION.................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                                      <u>Page(s)</u>

*Bird v. Dep't of Human Servs.*,
    935 F.3d 738 (9th Cir. 2019) ............................................................................... 10

*Broam v. Bogan*,
    320 F.3d 1023 (9th Cir. 2003) ............................................................................... 4

*Croft v. Dolan*,
    No. 24-6150, 2025 WL 3720844 (9th Cir. Dec. 23, 2025) ...................................... 7

*Hexcel Corp. v. Ineos Polymers, Inc.*,
    681 F.3d 1055 (9th Cir. 2012) .............................................................................. 10

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ................................................................................. 3

*Kushner v. Beverly Enters., Inc.*,
    317 F.3d 820 (8th Cir. 2003) ................................................................................. 3

*Parklane Hosiery Co., Inc. v. Shore*,
    439 U.S. 322 (1979) ............................................................................................... 6

*People v. Montoya*,
    No. H041874, 2016 WL 3680091 (Cal. Ct. App. July 5, 2016) ............................. 11

*People v. Morales*,
    212 Cal. App. 4th 583 (2013) ............................................................................... 11

*Rotella v. Wood*,
    528 U.S. 549 (2000) ............................................................................................... 9

*Schneider v. Cal. Dep't of Corr.*,
    151 F.3d 1194 (9th Cir. 1998) ................................................................................ 4

*Sec. & Exch. Comm'n v. Stein*,
    906 F.3d 823 (9th Cir. 2018) .................................................................................. 6

<u>Statutes</u>

18 U.S.C. § 1591 ......................................................................................................... 6

18 U.S.C. § 1595 ...................................................................................................... 6, 9

18 U.S.C. § 3771 ......................................................................................................... 4

18 U.S.C. § 3771(d)(3) ............................................................................................... 4

Cal. Pen. Code § 261(a)(4)(C)-(D) ........................................................................... 11

Cal. Penal Code § 261 .......................................................................................... 10, 11

Cal. Penal Code § 261(a)(4) ...................................................................................... 10

New York Penal Law § 230.34.................................................................................................6

New York Social Services Law § 483-bb...........................................................................6, 7

Rules

FRE 201(b)........................................................................................................................2

FRE 801(d)(2)(A) .............................................................................................................5

6

# **PRELIMINARY STATEMENT**

Plaintiff's Opposition fails to defend the Fourth Amended Complaint ("4AC") and indeed, only underscores its facial insufficiency. Rather than identify well-pleaded factual allegations sufficient to state a claim, Plaintiff devotes twenty pages to quoting Ms. Ventura's testimony in the criminal trial of Sean Combs, lifting passages wholesale from transcripts that are not attached to or even consistent with the allegations in the 4AC. None of those transcripts are properly before this Court on a motion to dismiss, and even if they were, presenting prior testimony in opposition to a motion to dismiss does not obviate Plaintiff's obligation to plead facts in his own complaint that establish Ms. Ventura's supposed culpability.

Beyond the trial transcripts, the Opposition leaves untouched every defect identified in Ms. Ventura's motion. Plaintiff still (i) cannot bring claims under criminal statutes, (ii) cannot revive or toll untimely claims, (iii) cannot plead that any fraud by Ms. Ventura induced a commercial sex act or obviated consent, (iv) cannot plead that Ms. Ventura herself used violence to coerce him, and (v) cannot plead that Ms. Ventura operated or managed anything, as RICO requires.

As a result of these deficiencies, the Motion should be granted, and it should be granted without leave to amend. This is Plaintiff's *fifth* complaint. Plaintiff has been given chance after chance to plead a claim against Ms. Ventura. What he has produced instead, four amendments later, is a brief built on cherry-picked excerpts of Ms. Ventura prior testimony because his own pleading cannot carry the weight.

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

## **ARGUMENT**

### **A.     The Court Cannot Consider External Evidence, and Even If It Could, That Evidence Defeats Rather Than Supports Plaintiff's Claims**

#### 1.     No Motion for Judicial Notice Is Before the Court

Plaintiff's Opposition is constructed almost entirely from block quotations of trial transcripts in *United States v. Combs*, No. 24-cr-542 (AS) (S.D.N.Y.), none of which are attached to the 4AC, referenced in it, or incorporated into it by any operative pleading.  Plaintiff asks this Court, in a single paragraph at the close of his brief, to "take judicial notice" of these materials under FRE 201(b). Opp. at 23.  A request buried in the final page of an opposition brief is not a motion, and Ms. Ventura has had no opportunity to respond to the substance of any such request.  Plaintiff has separately given notice that he intends to file a formal motion for judicial notice, but that motion is not before this Court, and the Opposition's passing request should be disregarded for that reason alone.

#### 2.     Judicial Notice Does Not Mean Accepting Documents for the Truth of the Matter Asserted, and Plaintiff Asks for Exactly That

Setting the procedural defect aside, Plaintiff misrepresents what judicial notice permits.  A court may take judicial notice of the *existence* of a sentencing memorandum, the fact that testimony was given, or the fact that a verdict was returned.  It may not take judicial notice of the truth of disputed factual assertions contained within those materials, particularly where, as here, the very point of Plaintiff introducing them is for him to establish contested facts about Ms. Ventura's conduct and state of mind.  The

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

Ninth Circuit has been clear: while a court "may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment," it "cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citation omitted). Other circuits have directly addressed Plaintiff's request for judicial notice, for instance, noting that a government sentencing memorandum is "a position paper" offered "for the truth of the matters asserted therein," and, where the defendant disputes those matters, "[s]uch disputed papers should not be the subject of judicial notice on a motion to dismiss." *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 830 (8th Cir. 2003).

That is precisely Plaintiff's maneuver. He does not ask the Court to notice that Ms. Ventura testified in Combs's criminal trial. Rather, Plaintiff asks the Court to accept as established fact every characterization he draws from that testimony, *e.g.*, that Ms. Ventura "personally recruited" him, that she "executed" a fraud, that her conduct satisfies the coercion element of a TVPA claim. Opp. at 6, 7, 15. Ms. Ventura disputes every one of those characterizations. The Court cannot resolve that dispute on a motion to dismiss by judicially noticing Plaintiff's preferred reading of a transcript in a separate matter.

3.    Plaintiff Did Not Plead the Trial Documents in the 4AC, and a
      <u>Complaint Cannot Be Amended Through an Opposition Brief</u>

Most fundamentally, none of what Plaintiff recites from the trial record actually appeared in the operative pleading in this case, the 4AC. Plaintiff claims that the allegations in the 4AC "are more plausible in light of this sworn testimony." Opp. at

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

15. However, a plaintiff cannot rewrite his complaint through the brief responding to a motion to dismiss. "[I]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original). "Facts raised for the first time in plaintiff's opposition papers should [instead] be considered by the court [only] in determining whether to grant leave to amend." *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). The 4AC must stand or fall on its own four corners, and on those four corners, the deficiencies identified in Ms. Ventura's Motion remain.

### 4. Even Based on Plaintiff's Own Interpretation, Ms. Ventura's Testimony Establishes That She Was a Victim, Not A Perpetrator

Even if the Court were to accept as true the facts within the trial transcript and sentencing memo, which it may not, Plaintiff's claims would still fail. Plaintiff repeatedly claims that he is a "federally designated victim" because the sentencing memo identified him as a victim of Count III (Mann Act) as to Combs. See, e.g., 4AC ¶¶ 250-252. Plaintiff conveniently omits that the same sentencing memo also identifies Ms. Ventura as a victim of Combs's trafficking. See ECF 102 at 45 (ECF pagination) ("There are five victims of Count Three (Ventura; Clayton Howard, a/k/a "Dave" . . ."). To the extent "victim status" exists, it exists for both Plaintiff and Defendant Ventura.[1]

---

[1] Notably, under the Crime Victims' Rights Act, 18 U.S.C. § 3771, the rights of

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

Moreover, the trial record Plaintiff selectively excerpts supports that Ms. Ventura was a victim of Combs: Combs supplied the drugs to Plaintiff and Ms. Ventura (Opp. at 14–15), directed the pace and content of every encounter (Opp. at 15–16), and physically assaulted Ms. Ventura while escorts listened from the next room (Opp. at 15). Plaintiff's own opposition brief volunteers that Ms. Ventura "worried for her safety" and could not say no to Combs. Opp. at 15. That is the testimony of a trafficking victim describing the mechanics of her own abuse, which necessarily occurred in proximity to Plaintiff, not of a perpetrator.

5.    Ms. Ventura's Trial Testimony Cannot Constitute Party Admissions

Plaintiff contends that, because Ms. Ventura's trial testimony is admissible against her as a party admission under FRE 801(d)(2)(A), this Court should accept it as conclusively establishing his claims. Opp. at 4–5, 17–18. Again, Mr. Howard misstates the law. A party admission is admissible against the party who made it, but it does not become true merely because it is admissible. None of the "admissions" Plaintiff lists (Opp. at 17–18) establishes that Ms. Ventura defrauded, coerced, or forced Plaintiff into a commercial sex act. At most, they establish that she was subject to an enterprise that Combs ran, under his direction, while she herself was being beaten, forced to engage in

---

victims "*shall* be asserted *in the district court in which a defendant is being prosecuted* for the crime or, if no prosecution is underway, in the district court in the district in which the crime occurred." 18 U.S.C. § 3771(d)(3). Of course, the district court in which Defendant Combs was prosecuted was the United States District Court for the Southern District of New York.

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

sex acts and recorded without her consent.   While the trial record and Combs's conviction certainly tend to establish Combs's culpability, they do not in any way help prove Ms. Ventura's liability, and neither Plaintiff's 4AC nor his Opposition brief bridge that gap.

      6.      Any Collateral Estoppel from Combs's Conviction Cannot Reach Ms. Ventura or Establish Anything About Her Conduct Toward <u>Plaintiff</u>

Plaintiff devotes several pages to arguing that Combs's conviction under the Mann Act collaterally estops "key TVPA elements."  Opp. at 16–18.  The argument is misdirected.  Collateral estoppel requires that the issue have been "actually litigated" against the party to be estopped and "necessary to the outcome of the first action". *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 at n.5 (1979).  Moreover, "the issue at stake in the civil proceeding [must be] identical to the issue raised in the prior criminal proceeding." *Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018). Combs's criminal jury made no finding whatsoever regarding Ms. Ventura's conduct toward Plaintiff; it found that Combs himself transported individuals in interstate commerce with intent that they engage in prostitution.  Nothing in that verdict, or the sentencing memorandum establishes that Ms. Ventura defrauded, coerced, or forced Plaintiff into anything.  Plaintiff cannot borrow a finding made against one defendant to satisfy the elements of a claim against a different defendant who was not even before that criminal jury.

- 6 -

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

**B.**     **The Claims Against Ms. Ventura Fail for the Independent Reasons Set Forth in the Motion, Which the Opposition Does Not Rebut**

1.     Counts I and VI Are Criminal Statutes and Must Be Dismissed

Plaintiff concedes, as he must, that 18 U.S.C. § 1591 and New York Penal Law § 230.34 are criminal statutes that confer no private right of action. Opp. at 11–12. His response is that Count I should instead be "properly understood as a civil claim under 18 U.S.C. § 1595," with § 1591 serving as a "definitional predicate," and that Count VI should be "properly read in conjunction with" New York Social Services Law § 483-bb. Opp. at 11–12. However, Plaintiff already pleaded separate, distinct causes of action under § 1595 (Count III) and § 483-bb (Count VII). Counts I and VI must be dismissed.

2.     Counts VII Must Be Dismissed Because the 4AC Is Devoid of Allegations That Post-Date Its Enactment

NY Social Services Law § 483-bb became effective on January 19, 2016 and does not provide for retroactive application. Plaintiff claims that "the 4AC alleges New York City-based enterprise activities after the statute's effective date — specifically, the March 2016 hotel access texts arranging Plaintiff's room access in Miami that were coordinated through Combs's New York-based staff." Opp. at 19-20. The 4AC alleges no such thing. Even if it did, such an allegation would not "fix" the 4AC. Plaintiff may not amend the 4AC via its Opposition. Moreover, amendment would be futile because Plaintiff does not claim that any of the other elements of a claim under § 483-bb occurred during the acceptable time frame or in New York. Therefore, Count VII must

- 7 -

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

be dismissed.

### 3. Counts II, III and IV Still Fail to Allege That Ms. Ventura Used Force, Fraud, or Coercion to Induce a Commercial Sex Act

The Opposition fails to defend Plaintiff's trafficking claims under TVPA, Florida and California law for several reasons. *First*, neither the 4AC nor the Opposition alleges a causal link between the purported fraud and any sex act. The Opposition repeats the same narrative of identity concealment that was addressed in the Motion without addressing the fatal defect: a fraud theory under the TVPA requires that the misrepresentation be what caused the plaintiff to engage in the commercial sex act, not merely that a misrepresentation existed somewhere in the relationship. *Croft v. Dolan*, No. 24-6150, 2025 WL 3720844, at *2 (9th Cir. Dec. 23, 2025). According to the 4AC, Plaintiff engaged in sex acts with Combs and Ms. Ventura before and *after* he was ever told who Combs was. MTD at 14–16; 4AC ¶¶ 42–45. The Opposition does not identify a single allegation that the false representations are what *induced* him to perform a sex act he would not otherwise have performed.

*Second*, Plaintiff may not state a TVPA claim against Ms. Ventura based on Combs's use of force. Plaintiff argues that "[u]nder conspiracy liability principles, Ventura is also responsible for Combs's documented use of force during encounters." Opp. at 15. Plaintiff cites no authority for this offensive contention, nor could he, as it is plainly illogical. That is, Plaintiff now argues that Ms. Ventura is liable for Combs's violence against Ms. Ventura herself — grabbing her, hitting her, kicking her, while escorts, including Plaintiff, listened in the next room without intervening. Opp. at 15,

- 8 -

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

4AC at ¶¶ 222-230.  Plaintiff has not and cannot plead force used by Ms. Ventura.  This theory of TVPA liability fails.

*Third*, Plaintiff asserts, without citing any case law, that "a person may simultaneously be a victim of one person and a perpetrator against another" and that "the caselaw on trafficking victims who become recruiters expressly recognizes this duality."  Opp. at 16.  The abstract possibility that a victim could, in some other case, also become a knowing perpetrator does not relieve Plaintiff of the burden to plead facts showing Ms. Ventura's own independent intent to defraud, coerce, or force Plaintiff specifically — a burden the 4AC does not meet and the transcripts Plaintiff quotes do not meet either, since every quoted instruction Ms. Ventura followed was, by Plaintiff's own characterization, given to her by Combs.  Opp. at 6–7, 18 ("It was by his direction.").

*Fourth*, Plaintiff may not proceed under a never pleaded beneficiary liability theory of the TVPA against Ms. Ventura.  For the first time in his Opposition, Plaintiff invokes § 1595's beneficiary-liability provision, arguing that Ms. Ventura "received substantial benefits — housing, financial support, protection, career advancement — while participating in an enterprise."  Opp. at 16.  The 4AC contains no such theory; it alleges throughout that Ms. Ventura was a direct, knowing participant in the trafficking itself, not a passive party who merely profited from someone else's venture.  *Compare* 4AC ¶ 8 (alleging Ventura "accomplished th[e] exploitation"), with Opp. at 16 (now recasting her as a "beneficiary").  Because the 4AC does not plead a beneficiary liability

- 9 -

theory, and because the Opposition does little more than restate the elements of such a theory, the TVPA still fails.

####           4.           Plaintiff's Tolling Arguments Fare No Better the Second Time Around

Plaintiff's claims under Florida law (Count II) and civil RICO (Count VII) must be dismissed because they are untimely.  The discovery rule does not apply because Plaintiff has known the operative facts underlying every claim since at least 2016, the date of the last specific encounter alleged in the 4AC.  It is the "discovery of the injury, not discovery of the other elements of a claim," that starts the limitations clock. *Rotella v. Wood*, 528 U.S. 549, 555 (2000); MTD at 8–9.  What Plaintiff claims to have discovered only in December 2023 is a legal characterization of facts already known to him.

The continuing-violation doctrine does not apply because, under Ninth Circuit law, the doctrine is confined to civil rights claims, *see Bird v. Dep't of Human Servs.*, 935 F.3d 738, 746 (9th Cir. 2019).  Moreover, the 4AC alleges trafficking ended in 2019, 4AC ¶¶ 1, 31, 155, 240, 272, 283, well outside the statute of limitations on the RICO and Florida claims. MTD at 9–10.  Therefore, every predicate act Plaintiff alleges falls outside the limitations period.

Fraudulent concealment does not apply because Plaintiff has not pleaded that he exercised diligence after observing the very red flags his own complaint describes, including his admitted awareness that Defendants engaged in freak-offs with other men. MTD at 10–11; 4AC ¶¶ 95–99; *see Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d

- 10 -

1055, 1060 (9th Cir. 2012) (describing the specificity required in pleading claims of fraud).

5.    Plaintiff Cannot State a Claim for Sexual Assault Under California Law (Count V)

Plaintiff's sexual assault claim fails for all the reasons set forth in Ms. Ventura's Motion. Additionally, Plaintiff asserts for the first time in his Opposition, that the "4AC's rape theory rests on fraud-based vitiation of consent" under Cal. Penal Code § 261. Opp. at 20-21. Specifically, Plaintiff claims that because he did not know Defendants' "true identity" and "the nature of the enterprise," he could not have consented to having sexual intercourse with either of them.

Once again, Plaintiff misrepresents the law. Cal. Penal Code § 261(a)(4) prohibits sexual intercourse accomplished when a person "[w]as not aware, knowing, perceiving, or cognizant of the essential characteristics of the act due to the perpetrator's fraud in fact," or, "due to the perpetrator's fraudulent representation that the sexual penetration served a professional purpose when it served no professional purpose." Cal. Pen. Code § 261(a)(4)(C)-(D). Accordingly, California courts have held time and time again that only fraud in fact, *i.e.*, when a defendant obtains the victim's consent to perform one act, but instead engages in another act, vitiates consent. *See*, *e.g.*, *People v. Montoya*, No. H041874, 2016 WL 3680091, at *6 (Cal. Ct. App. July 5, 2016) (unpublished). "A person who accomplishes sexual intercourse by impersonating someone . . . is not guilty of the crime of rape" under Section 261. *People v. Morales*, 212 Cal. App. 4th 583, 595 (2013). And moreover, Plaintiff's theory fails based on his

- 11 -
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

own version of the facts, as the 4AC pleads that he engaged in sex acts with Defendants both before *and after* the supposed fraud.

### C.     Leave To Amend Should Be Denied, And Dismissal Should Be With Prejudice

The 4AC is Plaintiff's fifth complaint.  He has had four prior opportunities to identify the specific conduct by Ms. Ventura, as opposed to Combs, that he contends caused him harm, and four prior opportunities to plead it with the particularity Rule 8 and Rule 9 require.  The Opposition does not identify a sixth set of facts that would cure these defects; it identifies facts that, properly read, confirm that the force, fraud, and coercion in this record ran from Combs to Ms. Ventura, not from Ms. Ventura to Plaintiff.  No amendment can supply intent that the existing record affirmatively negates.

And, moreover, there are no new facts that have not been known to Plaintiff since he first filed this case nearly a year ago.  Plaintiff has spent the better part of a decade aware of every fact underlying his claims, has written and sold a commercial account of his interactions with Ms. Ventura, and has filed this action against the backdrop of a documented pattern of overlapping litigation arising from the same underlying events.  Further amendment would be futile, and dismissal of the claims against Ms. Ventura should be with prejudice.

### CONCLUSION

For the foregoing reasons and those set forth in the Motion, Defendant Casandra Ventura respectfully requests that the Court grant her Motion to Dismiss the Fourth

- 12 -

Amended Complaint in its entirety, with prejudice, or, in the alternative, transfer this action to the Southern District of New York.

Dated: June 22, 2026                              Respectfully submitted,

                                                 By: _____

                                                 Melodie Han
                                                 Douglas Wigdor (*pro hac vice forthcoming*)
                                                 Meredith Firetog (*pro hac vice forthcoming*)
                                                 WIGDOR LLP
                                                 85 Fifth Avenue, Fifth Floor
                                                 New York, NY 10003
                                                 Telephone: (212) 257-6800
                                                 mhan@wigdorlaw.com
                                                 dwigdor@wigdorlaw.com
                                                 mfiretog@wigdorlaw.com

                                                 *Counsel for Casandra Ventura*

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned, counsel of record for Ms. Ventura that this brief contains 3300 words, which complies within the word limit of L.R. 11-6.1.

Dated: June 22, 2026                    Respectfully submitted,

                                        By: _____
                                                Melodie Han

- 14 -

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS