**Clayton Howard, Pro Se**

24 Orchard Street

Carteret, New Jersey 07008

(929) 781-7791

itsclaytonhoward@gmail.com

FILED

CLERK, U.S. DISTRICT COURT

6/25/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____jji_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| **CLAYTON HOWARD,** | **Case No. 2:25-cv-06031-AH-DMK** |
| *Plaintiff,* | |
| v. | |
| SEAN COMBS; | |
| CASANDRA VENTURA; | |
| BAD BOY ENTERTAINMENT, L.L.C.; | |
| CEOPCO, L.L.C., | |
| *Defendants.* | |

Hearing: July 15, 2026

Hon. Anne Hwang, Courtroom 9C

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF PUBLIC RECORDS (FED. R. EVID. 201) [REFILED PURSUANT TO COURT'S DENIAL WITHOUT PREJUDICE]**

**Related Criminal Case: United States v. Sean Combs,**

**No. 24-cr-542 (AS) (S.D.N.Y.)**

- 1 -

## I. INTRODUCTION

This Court previously denied without prejudice Plaintiff's motion for judicial notice as premature. That denial expressly preserved Plaintiff's right to refile. Plaintiff now refiles upon completion of the Local Rule 7-3 meet-and-confer conference held **June 18, 2026**, and in advance of the July 15, 2026 hearing on Defendants' Motions to Dismiss.

This is a narrow evidentiary notice motion. Plaintiff Clayton Howard asks the Court, under Federal Rule of Evidence 201, to take judicial notice of a discrete set of official public records in *United States v. Sean Combs*, No. 24-cr-542 (AS) (S.D.N.Y.) ((Criminal Case)), and of specific facts those records reflect that are not subject to reasonable dispute. The request is expressly limited to the existence and contents of public court records and to discrete adjudicative facts capable of accurate and ready determination therefrom, consistent with *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Judicial notice under FRE 201(d) is available *at any stage of the proceeding*. The timing objection raised by Defendants' counsel at the June 18, 2026 meet-and-confer — that the opposition deadline has passed — is legally irrelevant to the Court's authority to act under FRE 201. As Section V below sets out, the timing of this request is also explained, and justified, by the chronology of the underlying criminal docket: the certified trial transcripts were not filed until December 18 and 19, 2025, and were not in Plaintiff's possession until April 2026, both well after the relevant pleading deadlines in this action.

## II. THE RULE 201 STANDARD

Federal Rule of Evidence 201(b) authorizes judicial notice of an adjudicative fact that is "not subject to reasonable dispute" because it either (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

Rule 201(c)(2) provides that the court *"must"* take judicial notice if a party requests it and supplies the necessary information. The mandatory character operates once the proffered fact satisfies Rule 201(b). Plaintiff contends that the specific records and facts below satisfy Rule 201(b), so that notice is both proper and, on that predicate, required.

Rule 201(d) provides that judicial notice may be taken *"at any stage of the proceeding."* This provision is unqualified. It imposes no deadline, and no Ninth Circuit decision limits the right to request judicial notice to the opposition-filing window. Defendants' contrary position at

the meet-and-confer was a conflation of motion-practice deadlines with an evidentiary rule of independent operation.

### III. THE COURT'S INHERENT AUTHORITY AND FRCP 54(b)

Independent of FRE 201(d), this Court possesses full authority to consider supplemental materials prior to ruling under **Federal Rule of Civil Procedure 54(b)** and its inherent power to manage its own docket. Because no final judgment has been entered and the July 15, 2026 hearing has not yet occurred, the Court retains complete discretion to consider any materials that bear on the pending motions before it rules. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (recognizing court's broad inherent power to control its docket).

FRCP 54(b) provides that any order that does not dispose of all claims as to all parties 'may be revised at any time before the entry of a judgment.' While 54(b) is most frequently invoked with respect to interlocutory orders, its underlying principle — that a court retains jurisdiction and authority over all pending matters before final judgment — directly supports the Court's power here. No final judgment has issued. The Motions to Dismiss remain pending. The Court has not yet ruled. This filing is therefore timely as a matter of the Court's retained jurisdiction, wholly apart from any question under the Local Rules or FRE 201.

The practical consequence is significant: even if the Court were to conclude that the L.R. 7-3 process presented a procedural obstacle — which Plaintiff respectfully submits it does not — the Court's inherent authority and the pre-judgment posture of this case provide an independent basis to consider the supplemental RJN materials simultaneously with the pending Motions to Dismiss at the July 15 hearing. *See City of Las Vegas v. Foley*, 747 F.2d 1294, 1297 (9th Cir. 1984) (court may reconsider interlocutory orders at any time before final judgment under its inherent authority).

### IV. NINTH CIRCUIT AUTHORITY

The Ninth Circuit has consistently held that a court may take judicial notice of matters of public record on a motion to dismiss without converting the motion into one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). A court may also notice "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225

(9th Cir. 2007) (internal quotation omitted). The records of other federal courts — including the S.D.N.Y. — are squarely within this authority. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).

*Khoja* supplies the governing standard and its limit. On the one hand, a court may take notice of public records on a motion to dismiss. On the other, it may not notice disputed facts within such records for their truth. 899 F.3d at 999. Plaintiff invokes only the former and scrupulously observes the latter.

Critically, the Ninth Circuit has confirmed that judicial notice is available even on appeal — let alone at the pre-hearing stage of a pending MTD. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of settlement agreement on appeal); *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (noting court may take judicial notice of public records at any stage of proceedings). The Ninth Circuit has additionally affirmed judicial notice of criminal judgments and related proceedings in sister courts. *United States v. Ritchie*, 342 F.3d 903, 907–09 (9th Cir. 2003). If notice may be taken on appeal, it assuredly may be taken 27 days before a pre-dismissal hearing.

### V. THE CHRONOLOGY OF THE CRIMINAL DOCKET CONFIRMS THAT JUDICIAL NOTICE — NOT INCORPORATION BY REFERENCE — IS THE ONLY AVAILABLE VEHICLE FOR THIS EVIDENCE

Khoja recognizes two narrow paths past the ordinary four-corners limitation on a Rule 12(b)(6) record: incorporation by reference, and judicial notice under FRE 201. 899 F.3d at 998. Incorporation by reference is available only where the operative pleading refers extensively to a document or the document forms the basis of the claim, and the doctrine necessarily presupposes that the document existed and was capable of being referenced at the time the pleading was drafted. See id. at 1002. Where, as here, a document did not yet exist when the operative pleading was filed, incorporation by reference is not merely an unused option — it is foreclosed as a matter of fact, and judicial notice is the only procedural vehicle by which the Court may consider the document.

Plaintiff's original Complaint in this action was filed on June 30, 2025 — before the criminal trial in the Criminal Case had even concluded. The jury did not return its verdict until July 2, 2025, and Defendant Combs was not sentenced until October 3, 2025. None of the eight records of which Plaintiff now seeks judicial notice — including Dkt. 516, Dkt. 518, Dkt. 539,

Dkt. 638, and the certified trial transcripts — existed at the time the original Complaint was filed. Incorporation of any of this material into that pleading was accordingly impossible as a matter of chronology, not choice.

The certified trial transcripts reflected in Exhibits E through H were not filed on the docket of the Criminal Case until December 18 and 19, 2025 — almost six months after Plaintiff's original Complaint and well after every intervening amendment that preceded the operative pleading.

Even measured against the most recent iteration of the pleading — the Fourth Amended Complaint, filed March 7, 2026 — incorporation by reference remained unavailable in practice. Although the transcripts had appeared on the public docket roughly three months earlier, in December 2025, Plaintiff did not have the certified transcripts in hand when the Fourth Amended Complaint was prepared and filed. As set forth in the accompanying Declaration of Clayton Howard, Plaintiff, proceeding pro se without paralegal support, a law-firm research budget, or a docket-monitoring service, and faced with identifying and retrieving the correct certified volumes from among the hundreds of entries on the docket of a sprawling defendant criminal proceeding, did not obtain the certified transcripts until April 2026 — after the Fourth Amended Complaint had already been filed.

This timeline establishes two distinct and independently sufficient facts, each further supported in the accompanying Declaration: first, that the records at issue did not exist in public form until long after Plaintiff's original pleading; and second, that even after they entered the public docket, Plaintiff did not have actual possession of the certified transcripts until after the operative Fourth Amended Complaint was filed. Judicial notice under FRE 201 — not amendment of the pleading — is accordingly the only procedural mechanism available to bring this evidence before the Court.

### VI. THE COURT'S PRIOR DENIAL WITHOUT PREJUDICE

The Court previously denied Plaintiff's motion for judicial notice without prejudice as premature — not on the merits, and not because the underlying facts are inappropriate for notice. That denial preserved Plaintiff's right to refile after completing the L.R. 7-3 process. The process has now been completed. The June 18, 2026 conference was held; the parties failed to reach any agreement; and this refiling is fully ripe. The prior denial is not law of the case on the merits of judicial notice and does not preclude the Court from granting this renewed request.

## VII. APPLICATION

### A. The Docket Records and Amended Judgment

The amended judgment (Dkt. 539) reflects that Defendant Sean Combs was adjudicated guilty on Count Three and Count Five for violations of 18 U.S.C. § 2421(a) (Mann Act), sentenced to 50 months' imprisonment, 5 years' supervised release, and a $500,000 fine. The September 30, 2025 Opinion and Order (Dkt. 518) reflects denial of post-trial motions under Rules 29 and 33. These are the proceedings and determinations of a related criminal case. *Emrich*, 846 F.2d at 1198; *Bias*, 508 F.3d at 1225.

### B. The Sentencing Memorandum — Plaintiff's Identification

The Government's Sentencing Memorandum (Dkt. 516, at 41) is an official filing of the United States identifying "Clayton Howard, a/k/a 'Dave'" as a named victim associated with Count Three. The discrete fact sought — that this official record identifies Plaintiff by name — is a matter of public record proper for notice. *Lee*, 250 F.3d at 688.

### C. Judge Subramanian's Order (Dkt. 638)

The Order dated January 28, 2026 (Dkt. 638, at 3) states in the presiding judge's own words: "The Court recognizes that testimony and other evidence at trial may have supported that Clayton Howard was contacted via Backpage.com to travel across state lines to engage in prostitution." The fact sought is narrow: that the presiding judge entered an order so stating. This is a "proceeding and determination" of a related case. *Emrich*, 846 F.2d at 1198.

### D. The Trial Transcripts and Admitted Exhibits — Within the Khoja Limit

The official trial transcripts are public records. The Court may notice that they exist and that they reflect that specific testimony was given and specific exhibits were admitted. *Lee*, 250 F.3d at 688. Plaintiff does not ask the Court to accept any testimony for its truth as a contested matter. Consistent with *Khoja*, 899 F.3d at 999, Plaintiff asks only that the Court notice what the record shows on its face.

So limited, the record reflects the following facts verifiable from the cited transcript pages:

- Defendant Ventura identified Plaintiff by legal name: "His real name is Clayton. . . . Howard." (Trial Tr. May 13, 2025, p. 535.)
- Ventura testified that "Dave was actually through craigslist or Backpage" — corroborating Dkt. 638. (Trial Tr. May 13, 2025, p. 535.)

- 6 -

• Ventura confirmed interstate cities: "New York, Miami, Los Angeles, Vegas." (Trial Tr. May 14, 2025, p. 661.)

• Government Exhibit B-622 (Combs's authenticated text): "I'll fly Dave in." (Trial Tr. May 14, 2025, p. 661.)

• Government Exhibit BX-206-B (still image, freak-off): "That's me and Dave. We are in a freak-off." (Trial Tr. May 14, 2025, p. 750.) Admitted without objection, published to jury.

• The defense stipulation (Gov. Exhibit 1312-R): defense counsel stipulated that the phone number for "Dave" in all trial records belongs to Clayton Howard. (Trial Tr. June 16, 2025, p. 6503.) A party stipulation on the record is itself an indisputable fact.

• Gov. Exhibit 6T108 (Bad Boy Entertainment travel invoice): names passenger "Clayton Howard" for round-trip JFK–LAX flights. (Trial Tr. June 17, 2025, pp. 6560–6566.)

• Gov. Exhibits 1405-D and 1555 (Amex statement and payment chain): Combs's personal American Express account funded Plaintiff's travel; balance paid by five Combs corporate entities. (Trial Tr. June 17, 2025, pp. 6560–6566.)

• Gov. Exhibit 1402 (master freak-off timeline chart): lists "Casandra Ventura and Clayton Howard" at Hilton Garden Inn, Riverhead, NY, August 9, 2013 (Line 35); and "Sean Combs, Clayton Howard a/k/a Dave" at Four Seasons Los Angeles, September 15–17, 2014 (Line 46). (Trial Tr. June 17, 2025, pp. 6559, 6719.)

• Gov. Exhibit 1411-R (Four Seasons Miami, March 19, 2016, staff texts): "Clayton Howard needs access to room." (Trial Tr. June 16, 2025, p. 6348.)

### VIII. DEFENDANTS' TIMING OBJECTION LACKS LEGAL MERIT

At the June 18, 2026 meet-and-confer, Defendants' counsel stated that because the May 29, 2026 opposition deadline had passed, any RJN in support of the opposition was untimely. This conflates motion-practice deadlines — which govern when papers are filed — with FRE 201(d), which is an evidentiary rule of independent operation. The rule states the court "*may* take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). Courts in the Ninth Circuit routinely grant requests for judicial notice at hearings, on supplemental filing, and on appeal — none of which occur within the opposition window. *Reyn's Pasta Bella*, 442 F.3d at 746 n.6.

Defendants also do not dispute the authenticity or noticeability of the public records at issue — only the timing. Their refusal to stipulate, combined with the absence of any substantive

objection to the underlying facts, confirms that the records are proper subjects of judicial notice and that the sole issue is one of timing. That issue is resolved by FRE 201(d). To the extent Defendants suggest, now or in subsequent briefing, that this material should instead have been pleaded directly into the operative complaint, Section V, supra, forecloses that suggestion: the records did not exist when the original Complaint was filed, and Plaintiff did not obtain the certified transcripts until after the operative Fourth Amended Complaint was filed.

**IX. CONCLUSION**

Plaintiff respectfully requests that the Court take judicial notice of: (1) the existence and contents of Dkt. 516, Dkt. 518, Dkt. 539, and Dkt. 638 in the Criminal Case; (2) the fact that Dkt. 516 identifies Plaintiff as a named victim of Count Three; (3) the fact that Dkt. 539 reflects conviction and sentence under 18 U.S.C. § 2421(a); (4) the fact that Dkt. 518 denied post-trial motions; (5) the fact that Dkt. 638 states the Court recognizes trial evidence may have supported Plaintiff's Backpage/interstate victimization and directs Backpage-remission assistance; and (6) the fact that the cited trial transcripts reflect the specified testimony and admissions, including the defense stipulation as to Plaintiff's identity. Plaintiff requests that the Court rule on this request simultaneously with the Motions to Dismiss at the July 15, 2026 hearing.

Dated: June 21, 2026

Respectfully submitted,

*Clayton Howard*

CLAYTON HOWARD

Plaintiff Pro Se

24 Orchard Street,

Carteret, NJ 07008

(929) 781-7791

itsclaytonhoward@gmail.com

**TABLE OF AUTHORITIES**

**CASES**

*Bias v. Moynihan*, 508 F.3d 1212 (9th Cir. 2007) .................................................................. passim

*City of Las Vegas v. Foley*, 747 F.2d 1294 (9th Cir. 1984) ........................................................... 3

*Dietz v. Bouldin*, 579 U.S. 40 (2016) ........................................................................................... 3

*Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988) ............................................. passim

*Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) ........................................................................ 3

*Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048 (9th Cir. 2007) .................................... 4

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) ................................... passim

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ..................................................... passim

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 (9th Cir. 2006) ................................ 4, 7

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) .................................................................. 4

**STATUTES AND RULES**

18 U.S.C. § 2421(a) .............................................................................................................. passim

Fed. R. Civ. P. 54(b) ...................................................................................................................... 3

Fed. R. Civ. P. 6(b)(1)(B)

Fed. R. Evid. 201(b), (c)(2), (d) ............................................................................................. passim

C.D. Cal. L.R. 7-3