**Clayton Howard, Pro Se**

24 Orchard Street

Carteret, New Jersey 07008

(929) 781-7791

itsclaytonhoward@gmail.com

FILED

CLERK, U.S. DISTRICT COURT

6/25/2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____jji_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CLAYTON HOWARD, | **Case No. 2:25-cv-06031-AH-DMKx** |
| *Plaintiff,* | |
| v. | |
| SEAN COMBS; | |
| CASANDRA VENTURA; | |
| BAD BOY ENTERTAINMENT, L.L.C.; | |
| CEOPCO, L.L.C., | |
| *Defendants.* | |

Hearing: July 15, 2026

Hon. Anne Hwang, Courtroom 9C

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL REQUEST FOR**

**JUDICIAL NOTICE**

**Related Criminal Case: United States v. Sean Combs,**

**No. 24-cr-542 (AS) (S.D.N.Y.)**

- 1 -

## I. INTRODUCTION

Plaintiff Clayton Howard respectfully moves pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), the Court's inherent authority to manage its docket, and Federal Rule of Evidence 201(c)(2) and (d) for leave to file a supplemental Request for Judicial Notice (RJN) in connection with Defendants' pending Motions to Dismiss, currently set for hearing before the Honorable Anne Hwang on **July 15, 2026**. Plaintiff seeks judicial notice of discrete, undisputable adjudicative facts established by public records of *United States v. Sean Combs*, No. 24-cr-542 (AS) (S.D.N.Y.) (the Criminal Case), which bear directly on the sufficiency of Plaintiff's pleadings.

A previous motion for judicial notice was filed and denied without prejudice as premature. Plaintiff now refiles the motion in full compliance with L.R. 7-3, having completed the required meet-and-confer conference on **June 18, 2026**. The denial without prejudice expressly permits refiling. As set forth below, judicial notice under FRE 201 is available at *any stage* of the proceedings, FRE 201(d), and the July 15 hearing provides the Court a natural opportunity to rule simultaneously on the Motions to Dismiss and this supplemental request without additional motion practice. The equities favor Plaintiff: he timely initiated the meet-and-confer on **June 1, 2026**, and any delay in completing the conference resulted first from the Plaintiff being delayed in another proceeding, and scheduling constraints among multiple defense counsel across two law firms.

## II. FACTUAL BACKGROUND: THE MEET-AND-CONFER HISTORY

### A. *Plaintiff's Timely Initiation of L.R. 7-3 (May 30 – June 1, 2026).*

On **May 30, 2026**, Plaintiff transmitted a formal L.R. 7-3 letter to all counsel of record identifying the six categories of public records for which he intended to seek judicial notice, explaining the legal basis for each category under FRE 201, and requesting a conference. On **June 1, 2026**, Plaintiff followed up directly with counsel. This initiation of the meet-and-confer process predated the May 29, 2026 deadline for Plaintiff's opposition to Defendants' Motions to Dismiss by only days — and the effort to complete the conference was frustrated by scheduling conflicts entirely beyond Plaintiff's control.

### B. *Scheduling Difficulties and the Missed June 5 Conference.*

On June 2, 2026, counsel for Defendants (Schonbuch Hallissy LLP) responded and requested copies of the documents at issue before meeting. Plaintiff provided the relevant

documents and confirmed availability. The parties agreed to a videoconference on **Friday, June 5, 2026, at 1:00 PM PT / 4:00 PM ET**. Plaintiff was unable to attend because a separately scheduled court hearing before a presiding federal judge began approximately 45 minutes late, rendering Plaintiff unavailable at the scheduled start time. Plaintiff apologized immediately in writing to all counsel and requested rescheduling. Counsel for Ms. Ventura (Wigdor LLP) confirmed its willingness to accommodate.

### C.  *Delays During Rescheduling (June 5 – June 17, 2026).*

On June 9, 2026, Ms. Cook asked when Plaintiff wished to reschedule. Plaintiff responded promptly. On June 11, 2026, Ms. Cook advised she was departing the country for two weeks. Plaintiff confirmed full availability. Ms. Cook responded that evening: "Sounds good. Once we have a time, please send me a Zoom link." On June 12, Plaintiff transmitted a Zoom invitation. No response was received for over one week. On June 16, 2026, Plaintiff transmitted a **FINAL NOTICE** to all counsel, documenting the full conferral history and setting a **June 19, 2026 deadline** for confirmation, with proposed alternative dates of June 23, 24, and 25, 2026.

On June 17, 2026, Ms. Cook (from out of the country) and Ms. Han (Wigdor LLP) both confirmed availability for **June 18, 2026 at 10:30 AM ET**. Plaintiff circulated a Zoom link that same evening. Ms. Cook confirmed: "Thanks, Mr. Howard and Ms. Han. If anything changes I will let you know. But I will plan on 10:30 EST."

### D.  *The June 18, 2026 Conference and Its Result.*

The L.R. 7-3 conference was held on **June 18, 2026, via videoconference**. Present were Plaintiff Clayton Howard (pro se), Lilah N. Cook, Esq. (Schonbuch Hallissy LLP, counsel for Defendants Combs/Bad Boy/CeOpco), and Melodie Han, Esq. (Wigdor LLP, counsel for Defendant Ventura). The parties were unable to reach any agreement. Defendants' counsel opposed all three contemplated filings — the RJN, the Motion for Leave, and the Notice of Supplemental Authority — on the grounds that Plaintiff's deadline to file the opposition had passed (May 29, 2026) and that any judicial notice request in connection with the opposition was therefore untimely. Plaintiff contested this position as a misapplication of FRE 201(d), which imposes no deadline on judicial notice.

### III. LEGAL STANDARD

A court may grant leave to file a supplemental motion under FRCP 6(b)(1)(B) for good cause, and under its inherent authority to manage pretrial proceedings. Leave is appropriate

where, as here, the moving party has diligently pursued the required meet-and-confer, scheduling obstacles were not of the party's making, and granting leave would not prejudice any party.

Critically, FRE 201(d) provides that a court "may take judicial notice at any stage of the proceeding." The Ninth Circuit has repeatedly confirmed that there is *no deadline* on a party's right to request judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice on appeal); *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (judicial notice of public records may be taken at any stage). Defendants' position — that the opposition deadline extinguished Plaintiff's right to request judicial notice — is contrary to the express text of FRE 201(d) and controlling Ninth Circuit authority.

### IV. ARGUMENT

**A. Good Cause Supports Leave.**

Plaintiff initiated the L.R. 7-3 process on May 30, 2026 — before the July 15, 2026 hearing date. The failure to complete the conference before the deadline was attributable to multi-party scheduling complexity across two law firms, a court-related emergency on June 5, and counsel's international travel beginning June 11. Plaintiff acted diligently at every step, proposing alternative dates, sending the required Zoom link, and finally issuing a formal FINAL NOTICE on June 16. This record demonstrates the good cause necessary to support leave.

Good cause is further independently supported by the chronology of the underlying criminal docket. Plaintiff's original Complaint in this action was filed June 30, 2025, before the criminal trial had even concluded; the certified trial transcripts at issue were not filed on the docket of the Criminal Case until December 18 and 19, 2025, almost six months later. Even measured against the operative Fourth Amended Complaint, filed March 7, 2026, Plaintiff did not personally obtain the certified transcripts until April 2026 — after the Fourth Amended Complaint was already on file — as set forth in the accompanying Declaration of Clayton Howard. This record demonstrates that the supplemental request is timely relative to Plaintiff's actual access to the underlying evidence, not delayed by any lack of diligence.

**B. No Prejudice to Defendants.**

All records subject to the RJN are public filings on the S.D.N.Y. docket in the Criminal Case, equally and immediately accessible to all parties. Defendants have been aware of this criminal record since before this civil action was filed. No new evidence or argument is

- 5 -

introduced that Defendants could not have anticipated. The July 15 hearing remains **27 days away**, providing more than sufficient time for any opposition.

**C. Simultaneous Consideration at the July 15 Hearing Is Judicially Efficient.**

Rather than creating a separate motion hearing, Plaintiff requests that the Court consider the RJN simultaneously with the Motions to Dismiss at the July 15 hearing. The judicially noticeable facts bear directly on Plaintiff's pleaded TVPA § 1595 claims, the Mann Act predicate, and the identity elements that Defendants contest. Ruling on both simultaneously avoids piecemeal motion practice and serves the interests of judicial economy.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the accompanying supplemental Request for Judicial Notice and Declaration, and that the Court consider the RJN simultaneously with the Defendants' Motions to Dismiss at the July 15, 2026 hearing.

Dated: June 21, 2026

Respectfully submitted,

*Clayton Howard*

CLAYTON HOWARD

Plaintiff Pro Se

24 Orchard Street,

Carteret, NJ 07008

(929) 781-7791

itsclaytonhoward@gmail.com