**Clayton Howard, Pro Se**

24 Orchard Street

Carteret, New Jersey 07008

(929) 781-7791

itsclaytonhoward@gmail.com

FILED

CLERK, U.S. DISTRICT COURT

6/25/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____jji_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

CLAYTON HOWARD,

    *Plaintiff,*

v.

SEAN COMBS;

CASANDRA VENTURA;

BAD BOY ENTERTAINMENT, L.L.C.;

CEOPCO, L.L.C.,

    *Defendants,*

**Case No. 2:25-cv-06031-AH-DMKx**

Hearing: July 15, 2026

Hon. Anne Hwang, Courtroom 9C

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL FILING AND REQUEST FOR SIMULTANEOUS RULING ON REQUEST FOR JUDICIAL NOTICE AT JULY 15, 2026 HEARING**

**Related Criminal Case: United States v. Sean Combs, No. 24-cr-542 (AS) (S.D.N.Y.)**

- 1 -

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, in connection with the Motions to Dismiss presently pending before the Honorable Anne Hwang and set for hearing on **July 15, 2026**, Plaintiff Clayton Howard hereby files the following supplemental materials and directs the Court's attention thereto:

**1. Motion for Leave to File Supplemental RJN.** Plaintiff has concurrently filed a Motion for Leave to file the accompanying supplemental Request for Judicial Notice. The meet-and-confer required by Local Rule 7-3 was completed on June 18, 2026 — following initiation on June 1, 2026 and scheduling delays attributable to coordination among multiple defense counsel. The parties were unable to reach agreement. Defendants' sole stated objection was timing; they raised no substantive challenge to the authenticity or noticeability of the underlying public records.

**2. Supplemental Memorandum of Law and Request for Judicial Notice (FRE 201).** Plaintiff has filed a refiled and updated Memorandum of Law in Support of Plaintiff's Request for Judicial Notice of public records from *United States v. Sean Combs*, No. 24-cr-542 (AS) (S.D.N.Y.). A prior RJN was denied without prejudice as premature. That denial preserved Plaintiff's right to refile. This refiling is ripe.

**3. Request for Simultaneous Ruling.** Plaintiff respectfully requests that the Court rule on the Request for Judicial Notice simultaneously with the Motions to Dismiss at the July 15, 2026 hearing. The judicially noticeable facts — particularly Defendant Combs's Mann Act conviction (Dkt. 539), the Government's identification of Plaintiff as a Count Three victim (Dkt. 516, at 41), and Judge Subramanian's January 28, 2026 recognition of Plaintiff's victim status (Dkt. 638) — bear directly on the sufficiency of Plaintiff's TVPA § 1595 and civil RICO claims, and on the offensive collateral estoppel arguments addressed in Plaintiff's opposition.

**4. FRE 201(d) Permits Notice at Any Stage.** Federal Rule of Evidence 201(d) provides that judicial notice "may be taken at any stage of the proceeding." The Ninth Circuit has confirmed this rule permits notice even on appeal. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court accordingly possesses full authority to grant this request at or before the July 15 hearing, regardless of when the opposition papers were due.

Defendants' timing objection does not extinguish the Court's power or Plaintiff's right under FRE 201.

**5. The Docket Chronology Independently Explains the Timing of This Filing.**

Plaintiff's original Complaint in this action was filed June 30, 2025, before the criminal trial in the Criminal Case had concluded. The certified trial transcripts identified in the accompanying Request for Judicial Notice were not filed on the docket of the Criminal Case until December 18 and 19, 2025 — almost six months later — and Plaintiff, proceeding pro se, did not personally obtain copies of those certified transcripts until April 2026, after the operative Fourth Amended Complaint was filed on March 7, 2026. This chronology, set forth in greater detail in the accompanying Memorandum of Law and the Declaration of Clayton Howard, confirms that incorporation of this evidence into any earlier pleading was not possible, and that the present request is the first procedurally available opportunity for Plaintiff to bring it before the Court.

Plaintiff further notes that even in the absence of a formal motion, FRE 201(c)(2) provides that the Court *must* take judicial notice if a party requests it and supplies the necessary information demonstrating the fact satisfies Rule 201(b). Plaintiff supplies that information herein and in the accompanying Declaration and Memorandum of Law.

Dated: June 21, 2026

Respectfully submitted,

*Clayton Howard*

**CLAYTON HOWARD**

Plaintiff Pro Se

24 Orchard Street,

Carteret, NJ 07008

(929) 781-7791

itsclaytonhoward@gmail.com

- 3 -