Clayton Howard

24 Orchard Street

Carteret, New Jersey 07008

(929)781-7791

itsclaytonhoward@gmail.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

CLAYTON HOWARD,

   *Plaintiff,*

 v.

SEAN COMBS;

CASANDRA VENTURA;

BAD BOY ENTERTAINMENT, L.L.C.;

CEOPCO, L.L.C.,

   *Defendants*,

_____

**Case No. 2:25-cv-06031-AH-DMKx**

Hearing Date: July 15, 2026

Time: 1:30 p.m.

Judge: Hon. Anne Hwang

Courtroom: 9C

***EX PARTE* APPLICATION OF PLAINTIFF CLAYTON HOWARD FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT CASANDRA VENTURA'S MOTION TO DISMISS**

TO THE HONORABLE ANNE HWANG, UNITED STATES DISTRICT JUDGE, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiff Clayton Howard, appearing pro se, respectfully applies *ex parte* pursuant to local rules of the United States District Court for the Central District of California for leave to file a Sur-Reply to Defendant Casandra Ventura's Reply Memorandum of Law in Further Support of Her Motion to Dismiss the Fourth Amended Complaint (Doc. 121, filed June 22, 2026).

This *ex parte* application is made on the following grounds:

1. Defendant Ventura's Reply (Doc. 121) raises six distinct new arguments, new legal theories, and new factual characterizations that were not presented in her original Motion to Dismiss (Doc. 89-1, filed May 1, 2026) — including a new procedural attack on the form of Plaintiff's judicial notice request, a new "co-victim" argument based on the Government's Sentencing Memorandum, a new characterization of Plaintiff's coercion theory as "illogical," a new argument that Plaintiff's § 1595 beneficiary-liability theory was never pleaded, a new "fraud in fact" versus "fraud in the inducement" statutory argument under California Penal Code § 261(a)(4), and a new futility-of-amendment argument predicated on a material misstatement of Plaintiff's knowledge as of 2016.

2. Each of these arguments was raised for the first time in the Reply, depriving Plaintiff of any opportunity to respond. Basic fairness and the requirements

of due process require that Plaintiff be permitted to address new arguments appearing for the first time in a reply brief before the Court rules on the motion.

3. The July 15, 2026 hearing date on Defendant Ventura's Motion to Dismiss is approximately twenty-one (21) days away. If Plaintiff is required to proceed through the regular noticed motion schedule, the Court will hear the Motion before Plaintiff can obtain a hearing on a motion for leave to file a sur-reply, rendering any such motion moot. *Ex parte* relief is therefore the only procedurally available vehicle.

4. Plaintiff is without fault in creating the circumstances requiring *ex parte* relief. The Reply was filed June 22, 2026 — as a matter of right under the ordinary briefing schedule. Plaintiff could not have anticipated its contents, could not have raised his responsive arguments earlier, and was not dilatory in bringing this application. The need for *ex parte* relief arises from the nature of briefing practice, not any failure by Plaintiff.

5. Plaintiff's proposed Sur-Reply (filed concurrently as an exhibit to the supporting Declaration) addresses only the six new arguments raised in the Reply, does not raise new factual allegations, complies with all formatting requirements of Judge Hwang's Standing Order (14-point Times New Roman, § E.5 AI disclosure included), and is limited in scope to the new arguments requiring response.

This application is supported by: (1) the accompanying Memorandum of Points and Authorities; (2) the Declaration of Clayton Howard filed concurrently herewith; and (3) the Proposed Order lodged concurrently herewith.

Pursuant to Local Rule 7-19.1, Plaintiff has provided notice of this application as described in the concurrently filed Declaration of Clayton Howard. Defendant Ventura's counsel at Wigdor LLP (Melodie Han, mhan@wigdorlaw.com) has been

notified by email that this *ex parte* application would be filed, that it seeks leave to file a sur-reply responding to the new arguments in the Reply (Doc. 121), and that opposing papers are due within twenty-four (24) hours after service pursuant to Judge Hwang's Standing Order.

WHEREFORE, Plaintiff Clayton Howard respectfully requests that the Court **GRANT** this *Ex Parte* Application and permit Plaintiff to file the Sur-Reply attached to the supporting Declaration as Exhibit 1.

Dated: June 24, 2026

Respectfully submitted,

*Clayton Howard*

/s/ Clayton Howard

**Clayton Howard**

Plaintiff, Pro Se

24 Orchard Street

Carteret, New Jersey 07008

(929) 781-7791

itsclaytonhoward@gmail.com