Melodie Han (Bar No. 357207)
Douglas H. Wigdor (*pro hac vice* forthcoming)
Meredith A. Firetog (*pro hac vice* forthcoming)
mhan@wigdorlaw.com
dwigdor@wigdorlaw.com
mfiretog@wigdorlaw.com
WIGDOR LLP
85 Fifth Avenue, Floor 5
New York, NY 10003
Tel. (212) 257-6800
Fax. (212) 257-6845

*Counsel for Defendant Casandra Ventura*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CLAYTON HOWARD,<br><br>Plaintiff,<br><br>v.<br><br>SEAN COMBS, CASANDRA VENTURA, BAD BOY ENTERTAINMENT, L.L.C., CEOPCO, L.L.C.<br><br>Defendants. | **Case No. 2:25-cv-6031-AH-JPR**<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT VENTURA'S MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT**<br><br>Hearing Date: July 15, 2026<br>Time: 1:30 p.m.<br>Judge: Hon. Anne Hwang<br>Courtroom: 9C |

## I.  INTRODUCTION

On June 26, 2026, Plaintiff's filed an *ex parte* application seeking leave to file a sur-reply in further opposition to Defendant Casandra Ventura's Motion to Dismiss the Fourth Amended Complaint ("4AC") (ECF 99, the "Motion").  Plaintiff wishes to submit additional briefing, even though the operative complaint is 93 pages long, has been amended four times, and remains deficient to the point that Plaintiff sought to adduce hundreds of pages of documents through his Opposition to the Motion (ECF 99, the "Opposition") in an attempt to rehabilitate his pleading.  This application rests on a fundamental mischaracterization:  that Ms. Ventura introduced "distinct legal arguments, new factual characterizations, and new statutory theories" in her Reply that Plaintiff had no opportunity to address.  Contrary to Plaintiff's assertions, the Reply merely responded to new factual contentions and statutory theories *in Plaintiff's Opposition*.  There is no basis for a sur-reply here, and the application should be denied.

## II.  ARGUMENT

### A.  Each of Plaintiff's Six "New Argument" Claims Mischaracterizes the Reply

Plaintiff's application incorrectly states that Ms. Ventura advanced new theories or evidence in her Reply.  Ms. Ventura addresses how each argument in turn:

*1. Improper Request for Judicial Notice.*  Plaintiff first requested judicial notice in the final paragraph of his Opposition.  Ms. Ventura objected at the first

chance she had: in her Reply.  Moreover, Plaintiff has since filed a separate motion for judicial notice, and any dispute over that request belongs in the briefing on that motion — not in a sur-reply to this Motion.

**2. *Ms. Ventura's Status as a Victim.*** Plaintiff claims the Motion never argued that Ms. Ventura was a "co-victim," or that her status as a victim bears on her liability. This is false.  Ms. Ventura's moving papers clearly stated that Plaintiff "seeks monetary compensation from Ms. Ventura *for the trafficking acts in which she was a victim*," and that "*Ms. Ventura herself is a victim.*"  ECF 89 at 7:4-5, 23:25.

**3. *Plaintiff's New Force Theory.*** Plaintiff argued, for the first time in his Opposition, that Ms. Ventura should be held responsible for Combs's violence against Ms. Ventura herself.  Again, Ms. Ventura objected to that characterization at the first chance she had: in her Reply.  Moreover, Ms. Ventura's point that Plaintiff's argument is illogical does not "reframe" Ms. Ventura's pleading-based argument, as Plaintiff claims.  The 4AC pleads insufficient facts to support Ventura's use of force, and the theory Plaintiff articulated in his Opposition to fill that gap is illogical.  The two points are not mutually exclusive, and both observations are true at once.

**4. *Plaintiff's Newly Pleaded Beneficiary-Liability Theory.*** The 4AC does not plead that theory of liability, and Ms. Ventura could not have addressed it in her moving papers.  Ms. Ventura had no notice that Plaintiff intended to proceed on that theory — which is, in any event, not viable — until Plaintiff's Opposition, and she responded to it in her Reply, as she was entitled to do.

- 2 -

***5. Plaintiff's First Reference to Penal Code Section 261(a)(4).***  Plaintiff asserted for the first time in his Opposition that the 4AC's rape theory rests on "fraud-based vitiation of consent" under Penal Code § 261.  Ms. Ventura had no occasion to address that statutory framing until the Reply.  In any event, Ms. Ventura has argued throughout this litigation, including in her moving papers, that what Plaintiff characterizes as fraud in the 4AC cannot support a sexual assault claim.  There is no new theory and no new evidence.

***6. Futility of Amendment.***  Ms. Ventura's moving papers repeatedly requested dismissal with prejudice on futility grounds.  The Reply's discussion of when Plaintiff learned the operative facts elaborates upon that argument; it is not a new one.

**B.      A Reply That Responds to an Opposition's New Contentions Does Not Warrant a Sur-Reply**

Even if the Reply contained new evidence or theories, federal courts in California have consistently excluded arguments first raised in a reply from consideration.  *See*, *e.g.*, *Ho v. Marathon Pat. Group, Inc.*, No. EDCV21339 (PSG) (SPx), 2022 WL 1600048, at *1 n. 2 (C.D. Cal. Feb. 11, 2022) (declining to consider new evidence defendant submitted along with its reply brief and any new arguments raised in defendant's reply brief "that go beyond responding to the arguments in plaintiff's opposition").  In other words, even if Plaintiff was correct that the Reply advanced new facts or theories, this *ex parte* application would still fail because any

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY

such facts or evidence would be disregarded by the Court at its discretion.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Defendant Ventura respectfully requests that the Court deny Plaintiff's *Ex Parte* Application for Leave to File a Sur-Reply.

Dated: June 29, 2026

Respectfully submitted,

By: _____

Melodie Han
Douglas Wigdor (*pro hac vice* forthcoming)
Meredith Firetog (*pro hac vice* forthcoming)
WIGDOR LLP
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone: (212) 257-6800
mhan@wigdorlaw.com
dwigdor@wigdorlaw.com
mfiretog@wigdorlaw.com

*Counsel for Casandra Ventura*

- 4 -
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY

# **CERTIFICATION OF COMPLIANCE**

The undersigned, counsel of record for Ms. Ventura that this brief contains 764 words, which complies within the word limit of L.R. 11-6.1.

Dated: June 29, 2026                    Respectfully submitted,

By: _____
                    Melodie Han

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY