**Clayton Howard, Pro Se**

24 Orchard Street

Carteret, New Jersey 07008

(929) 781-7791

itsclaytonhoward@gmail.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON HOWARD,<br><br>*Plaintiff,*<br><br>v.<br><br>SEAN COMBS;<br>CASANDRA VENTURA;<br>BAD BOY ENTERTAINMENT, L.L.C.;<br>CEOPCO, L.L.C.,<br><br>*Defendants*, | **Case No. 2:25-cv-06031-AH-DMKx** |

Hon. Anne Hwang, Courtroom 9C

Hearing: July 15, 2026

Time: 1:30 p.m

**PLAINTIFF'S EX PARTE APPLICATION FOR ORDER STRIKING DEFENDANT CASANDRA VENTURA'S MOTION TO DISMISS (Dkt. 89) FOR FAILURE TO COMPLY WITH LOCAL RULE 7-3, OR IN THE ALTERNATIVE, FOR SIMULTANEOUS CONSIDERATION OF PLAINTIFF'SOBJECTION THERETO AT THE JULY 15, 2026 HEARING**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Clayton Howard, proceeding pro se, hereby applies ex parte for an order striking Defendant Casandra Ventura's Motion to Dismiss the Fourth Amended Complaint or, in the Alternative, to Transfer Venue (Dkt. 89, filed May 1, 2026), for failure to comply with Local Rule 7-3 of the Central District of California. In the alternative, Plaintiff requests that the Court consider Plaintiff's objection to Dkt. 89 based on Local Rule 7-3 non-compliance simultaneously with the Motions to Dismiss hearing currently set for July 15, 2026 at 1:30 p.m. before the Honorable Anne Hwang, Courtroom 9C.

## I. WHY EX PARTE RELIEF IS APPROPRIATE

This application is properly brought on an ex parte basis because the timing of the pending July 15, 2026 hearing makes a noticed motion impracticable. Local Rule 6-1 requires that a notice of motion be filed not later than twenty-eight (28) days before the designated hearing date if served personally or electronically. With the hearing on Defendant Ventura's Motion to Dismiss set for July 15, 2026, the twenty-eight-day window for a separately noticed motion expired in June 2026. Plaintiff could not have

Howard v. Combs, No. 2:25-cv-06031-AH-DMKx | **Ex Parte Application — Strike Dkt. 89 — L.R. 7-3**

filed a separately noticed motion within the required window because the full extent of Wigdor LLP's evasion of Local Rule 7-3 — confirmed by the April 30, 2026 conference record of co-defendants' counsel — became apparent to Plaintiff only upon reviewing all filed papers and comparing the respective filings.

Ex parte applications in the Central District of California are the appropriate vehicle when, as here, emergency relief or relief tied to a pending hearing is required on a shorter timeline than a noticed motion allows. See C.D. Cal. L.R. 7-19; *Mission Power Eng'g Co. v. Cont'l Cas. Co*., 883 F. Supp. 488, 492 (C.D. Cal. 1995). The procedural defect at issue — total failure to conduct a Local Rule 7-3 conference before filing a dispositive motion now set for hearing in sixteen days — is exactly the type of matter that warrants expedited consideration before the hearing proceeds.

## II.  NOTICE TO OPPOSING COUNSEL

In compliance with Local Rule 7-19.1 and the procedures of the Honorable Anne Hwang, Plaintiff has provided notice of this ex parte application to all counsel of record by transmitting written notification to:

Melodie Han, Esq., Douglas H. Wigdor, Esq., and Meredith A. Firetog, Esq., Wigdor LLP, 85 Fifth Avenue, Floor 5, New York, NY 10003, mhan@wigdorlaw.com / dwigdor@wigdorlaw.com / mfiretog@wigdorlaw.com; and

Lilah N. Cook, Esq., Michael Schonbuch, Esq., Schonbuch Hallissy LLP, cook@schonbuchhallissy.com / schonbuch@schonbuchhallissy.com.

Plaintiff has informed Wigdor LLP that it may file any written opposition to this application with the Court. If Defendant Ventura files opposition, Plaintiff requests leave to file a brief reply.

## III.  RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

(1)  Strike Defendant Casandra Ventura's Motion to Dismiss (Dkt. 89) in its entirety for failure to comply with Local Rule 7-3, without prejudice to refiling following a proper pre-filing conference; or

(2)  In the alternative, decline to consider Dkt. 89 at the July 15, 2026 hearing on grounds of Local Rule 7-3 non-compliance, and require Defendant Ventura to refile following a proper conference and compliance statement; or

(3)  In the further alternative, consider Plaintiff's objection to Dkt. 89 based on Local Rule 7-3 non-compliance simultaneously with the Motions to Dismiss at the July 15, 2026 hearing, and permit Plaintiff to address the issue at oral argument, with the Court ruling on the procedural objection as a threshold matter before reaching the merits of Dkt. 89; and

Howard v. Combs, No. 2:25-cv-06031-AH-DMKx | **Ex Parte Application — Strike Dkt. 89 — L.R. 7-3**

(4)  Grant such other and further relief as the Court deems just and appropriate.

This application is supported by the accompanying Memorandum of Points and Authorities and the Declaration of Clayton Howard filed concurrently herewith.

Respectfully submitted,

Dated: June 29, 2026

*Clayton Howard*

**CLAYTON HOWARD**

Plaintiff, Pro Se

24 Orchard Street

Carteret, New Jersey 07008

(929) 781-7791

itsclaytonhoward@gmail.com