Clayton Howard

24 Orchard Street

Carteret, New Jersey 07008

(929) 781-7791

itsclaytonhoward@gmail.com

Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

CLAYTON HOWARD,

*Plaintiff*,

v.

SEAN COMBS,

CASANDRA VENTURA,

BAD BOY ENTERTAINMENT, LLC, and

CEOPCO, LLC,

*Defendants*.

_____

**Case No. 2:25-cv-06031-AH-DMKx**

Underlying Motion Hearing:

July 15, 2026, 1:30 p.m.

Courtroom: 9C

Judge: Hon. Anne Hwang

This Application Is Submitted Ex Parte Pursuant to L.R. 7-19;

No Hearing Requested

## PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANTS REPLY IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

[Filed Concurrently With:

[Proposed] Order]

TO THE COURT AND TO DEFENDANTS SEAN COMBS, BAD BOY ENTERTAINMENT LLC, AND CEOPCO LLC, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Local Rule 7-19, Plaintiff Clayton Howard, appearing pro se, hereby applies ex parte for an order granting Plaintiff leave to file a sur-reply, not to exceed seven (7) pages, limited to addressing three matters raised for the first time in Defendants' Reply Memorandum of Points and Authorities in Support of Motion to Dismiss Fourth Amended Complaint ("Reply") (Dkt. 120), filed June 20, 2026.

This Application is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Clayton Howard filed concurrently herewith, the [Proposed] Order, all pleadings and papers on file in this action, and such further matters as the Court may consider.

Pursuant to Local Rule 7-19.1, Plaintiff states that on June 21, 2026, at approximately 5 p.m. EST, Plaintiff notified Defendants' counsel of record, Lilah Cook of SCHONBUCH HALLISSY LLP, and Melodie Han of WIGDOR LLP, by e-mail of the nature of this Application and Plaintiff's intent to file it on Thursday, June 25, 2026. Counsel's position: opposes

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Clayton Howard, proceeding pro se, respectfully applies ex parte for limited leave to file a short sur-reply addressing three matters that Defendants Sean Combs, Bad Boy Entertainment LLC, and CeOpco LLC ("Defendants") raised for the first time in their Reply, filed June 20, 2026 (Dkt. 120): (1) new assertions regarding the scope and characterization of the criminal verdict in *United States v. Combs*, No. 24-cr-542 (S.D.N.Y. July 8, 2025) -- including citation to the Verdict Sheet, Dkt. 447, for the propositions that the verdict concerned conduct involving only Casandra Ventura and an unidentified "Jane Doe," and that Mr. Combs was acquitted of the racketeering and sex-trafficking counts; (2) the invocation of *Moore v. Rubin*, 724 F. Supp. 3d 93 (E.D.N.Y. 2024), aff'd, No. 24-2018 (2d Cir. Nov. 21, 2025), for the proposition that consent is a complete defense to a claim under the Trafficking Victims Protection Reauthorization Act ("TVPRA"); and (3) the citation of *Christina T. v. Bellagio LLC*, 806 F. Supp. 3d 1185 (D. Nev. 2025), and *C.C. v. Rashid*, 2025 WL 1785273 (D. Nev. June 26, 2025), for the proposition that the discovery rule does not apply to TVPRA claims.

None of these three items appeared in Defendants' moving papers (Dkt. 88-1), and Plaintiff's Opposition (Dkt. 93) accordingly had no occasion to address them. Each bears on a potentially case-dispositive issue: the first goes to whether the elements of offensive collateral estoppel under *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979), are satisfied, and whether the sufficiency of Counts IV and VIII depends on that doctrine at all; the second goes to whether Count IV is barred as a matter of law by FAC ¶ 272; and the third goes to whether Count IV is time-barred in its entirety. Because the Motion is set for hearing on July 15, 2026, and a noticed

motion for leave cannot be heard before that date consistent with Local Rules 6-1, 7-9, and 7-10, Plaintiff seeks this relief ex parte.

## II. PROCEDURAL BACKGROUND

Defendants filed their Motion to Dismiss Plaintiff's Fourth Amended Complaint on May 1, 2026. (Dkt. 88-1.) Plaintiff filed his Opposition on May 29, 2026. (Dkt. 93.) Defendants filed their Reply on June 20, 2026. (Dkt. 120.) The Motion is presently set for hearing on July 15, 2026, at 1:30 p.m., before the Honorable Anne Hwang, Courtroom 9C. Under the existing briefing schedule, Local Rule 7-10 generally restricts the filing of further briefing following a reply absent prior leave of Court. This Application seeks such leave on a narrow and targeted basis.

## III. LEGAL STANDARD

### A. Ex Parte Relief

A district court may grant relief on an ex parte basis where the moving party shows: (1) that its cause will be irreparably prejudiced if the underlying request is heard according to regular noticed motion procedures; and (2) that the moving party is without fault in creating the circumstances that require ex parte relief, or that those circumstances arose from excusable neglect. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). A showing of irreparable prejudice ordinarily requires reference to the merits of the underlying request, and courts apply a sliding scale: where the threatened harm is severe, a correspondingly lesser showing on the merits suffices. Id.

### B. The Ninth Circuit Recognizes a Right to Respond to Matters Raised for the First Time in a Reply, and a Targeted Sur-Reply Is the Established Vehicle for Doing So

It is well established in this Circuit that "[t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs." *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir. 1988) (internal quotation omitted). Correspondingly, "[t]he district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)). Where new evidence or authority materially affecting the analysis is presented for the first time in a reply, "the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (quoting *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990)).

The Ninth Circuit has confirmed that whether to permit a sur-reply lies within the district court's discretion, and has affirmed denials of leave only where the reply did not in fact raise new, materially significant matter. See *U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (no abuse of discretion in refusing to permit an inequitable surreply); *JG v. Douglas Cnty. Sch. Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (no abuse of discretion in denying leave to file a surreply where the court did not rely on new evidence raised in the reply). The converse follows directly: where, as here, a reply brief raises new dispositive-adjacent factual assertions and previously uncited authority that the Court may be asked to rely upon, affording the non-movant an opportunity to respond through a targeted sur-reply is the course consistent with *Meyer, JG, Provenz*, and *Zamani* alike. Courts in this district routinely permit a short, targeted sur-reply as the mechanism for affording that opportunity, rather than leaving potentially dispositive new material unaddressed in the record.

This showing is further supported by Plaintiff's pro se status. The Ninth Circuit affords pro se litigants additional leniency in the construction of their pleadings

and papers, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012), a consideration that weighs in favor of permitting Plaintiff a fair opportunity to respond to new authority and new factual characterizations he could not have anticipated when he filed his Opposition three weeks before the Reply.

## IV. ARGUMENT

### A. Good Cause Exists for Ex Parte Relief

1. Irreparable Prejudice. The Motion to Dismiss is potentially dispositive of all eight counts of the operative complaint, and Defendants' Reply expressly asks the Court to deny further leave to amend. (Reply at 9-10.) If the Motion is decided on July 15, 2026 based in part on the new verdict-scope and acquittal assertions, *Moore v. Rubin*, and the Nevada TVPRA-accrual authority -- none of which Plaintiff has had any opportunity to address -- and the Court dismisses some or all counts with prejudice, Plaintiff will have no further opportunity to be heard on those specific points before judgment is entered against him on this Motion. That is the kind of harm that justifies ex parte relief on a correspondingly modest merits showing. See *Mission Power*, 883 F. Supp. at 492.

2. Absence of Fault. The need for this Application arises entirely from the content and timing of Defendants' own Reply, filed June 20, 2026 -- the last paper contemplated by the existing briefing schedule under Local Rule 7-10. Plaintiff could not have addressed material raised for the first time in that Reply at any earlier stage of the briefing, and the compressed interval between the Reply and the July 15, 2026 hearing date forecloses a noticed motion for leave under the ordinary 28-, 21-, and 14-day notice periods of Local Rules 6-1, 7-9, and 7-10.

### B. The Reply Raises Matters Plaintiff Has Had No Opportunity to Address

1. The Verdict-Scope and Acquittal Assertions. Defendants' moving papers did not place the scope of the verdict in United States v. Combs at issue, and Plaintiff's

Opposition addressed collateral estoppel by reference to the elements the jury was required to find on Counts III and V of the indictment. (Opp. at 12-14.) For the first time in their Reply, Defendants assert -- citing the Verdict Sheet, Dkt. 447 -- that the jury's verdict concerned conduct involving only Ms. Ventura and an unidentified "Jane Doe," and that Mr. Combs was acquitted of the racketeering and sex-trafficking counts. (Reply at 3.) These assertions go directly to the "necessarily decided" element of offensive collateral estoppel under Parklane, and Plaintiff is entitled to respond to them. Plaintiff will confirm the scope of the verdict by reference to the Amended Judgment in a Criminal Case, Dkt. 539, and the Court's Opinion and Order denying Combs's post-trial motions, Dkt. 518 -- both public records properly subject to judicial notice under *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), authority Defendants themselves invoke elsewhere in their Reply (Reply at 2) -- submitted concurrently as Exhibits B and C to Plaintiff's Supplemental Request for Judicial Notice. Plaintiff will further show that Counts IV and VIII are independently and adequately pled without reliance on collateral estoppel, such that the verdict-scope and acquittal assertions, even fully credited, do not warrant dismissal.

2. *Moore v. Rubin*. Defendants' Reply cites *Moore v. Rubin*, 724 F. Supp. 3d 93 (E.D.N.Y. 2024), aff'd, No. 24-2018 (2d Cir. Nov. 21, 2025), for the proposition that "consent is a complete defense" to a TVPRA claim, and argues that FAC ¶ 272 functions as a binding judicial admission that defeats Count IV as a matter of law. (Reply at 7.) This authority does not appear in Defendants' moving papers. Plaintiff is entitled to address Moore's actual holding, its procedural posture, and its application here -- including that the Second Circuit's affirmance rested on the conclusion that a rational juror could find non-consent notwithstanding written agreements the defendant argued established consent, and that consent operated in that case as an affirmative defense on which the defendant bore the burden of

proof, not as an automatic pleading-stage bar. See *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, 7 F.4th 50, 63 (2d Cir. 2021). Plaintiff notes, without fully briefing the point here, that the Second Circuit's affirmance in Moore followed a seven-day jury trial at which the defendant raised consent as an affirmative defense; the court of appeals affirmed the jury's finding that the defendant failed to prove that defense, not that consent operates as an automatic bar to a TVPRA claim at the pleading stage. Whether Moore in fact supports dismissal here -- or instead illustrates that consent and its withdrawal are fact questions ordinarily reserved for a factfinder -- is precisely the kind of question that benefits from full briefing rather than resolution on a one-sided record.

3. The Nevada TVPRA-Accrual Cases. Defendants' Reply cites *Christina T. v. Bellagio LLC*, 806 F. Supp. 3d 1185, 1193 (D. Nev. 2025), and *C.C. v. Rashid*, 2025 WL 1785273, at *5 (D. Nev. June 26, 2025), for the proposition that "the discovery rule does not apply to the TVPRA," and argues on that basis that Count IV is time-barred in its entirety. (Reply at 5.) Neither case appears in Defendants' moving papers, which argued timeliness on different grounds. These cases bear directly on the construction of 18 U.S.C. § 1595(c)(1), an issue the Ninth Circuit has not resolved, and Plaintiff is entitled to be heard on the proper construction of that provision, on the non-binding, out-of-circuit character of single-judge District of Nevada authority, and on whether Count IV is independently timely on the face of the Fourth Amended Complaint -- without regard to the discovery rule at all -- based on predicate conduct occurring within ten years of the filing of this action.

*C. The Proposed Sur-Reply Is Narrow and Will Not Disrupt the Hearing*

Plaintiff requests leave to file a sur-reply not to exceed seven (7) pages, addressing only the three matters identified above, to be filed no later than five (5) court days before the July 15, 2026 hearing, or on such other schedule as the Court deems appropriate. Plaintiff does not seek to relitigate any argument already presented in

the Opposition, to introduce new claims, or to expand the scope of the pending Motion.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Application and enter the accompanying [Proposed] Order authorizing Plaintiff to file a sur-reply, not to exceed seven (7) pages, limited to the three matters identified above.

Dated: July 1, 2026

Respectfully submitted,

*Clayton Howard*

Clayton Howard,

Plaintiff, Pro Se