Melodie Han (Bar No. 357207)
Douglas H. Wigdor (*pro hac vice* forthcoming)
Meredith A. Firetog (*pro hac vice* forthcoming)*)*
mhan@wigdorlaw.com
dwigdor@wigdorlaw.com
mfiretog@wigdorlaw.com
WIGDOR LLP
85 Fifth Avenue, Floor 5
New York, NY 10003
Tel. (212) 257-6800
Fax. (212) 257-6845

*Counsel for Defendant Casandra Ventura*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| CLAYTON HOWARD,<br><br>Plaintiff,<br><br>v.<br><br>SEAN COMBS, CASANDRA VENTURA, BAD BOY ENTERTAINMENT, L.L.C., CEOPCO, L.L.C.<br><br>Defendants. | **Case No. 2:25-cv-6031-AH-JPR**<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO STRIKE DEFENDANT VENTURA'S MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT**<br><br>Hearing Date: July 15, 2026<br>Time: 1:30 p.m.<br>Judge: Hon. Anne Hwang<br>Courtroom: 9C |

## I.      Introduction

Defendant Casandra Ventura opposes Plaintiff's *ex parte* application seeking to strike her Motion to Dismiss the Fourth Amended Complaint ("4AC") based on failure to conduct a pre-filing conference under Civil Local Rule 7-3 (the "Application").  Ms. Ventura acknowledges that no Rule 7-3 conference occurred before filing her motion.  Nonetheless, *ex parte* relief is improper and unnecessary because Plaintiff suffered no prejudice, the issues could not have been narrowed through a conference, and Plaintiff fully litigated the motion by filing both an opposition and a sur-reply before raising this procedural objection.  The Court should deny the extraordinary request to strike or alternatively deem any noncompliance harmless and proceed to the merits.

## II.     Background

Ms. Ventura's motion to dismiss was filed on May 1, 2026, without a pre-filing Rule 7-3 conference and without the Rule 7-3 statement or declaration.  ECF 89.  The following day, Plaintiff emailed counsel for Ms. Ventura directly requesting courtesy copies of the Motion, which were promptly provided to him.  Declaration of Melodie Han ("Han Decl.") at ¶ 3.  Plaintiff filed his opposition to Ms. Ventura's motion to dismiss on May 29, 2026.  ECF 99.  Ms. Ventura filed her reply brief on June 22, 2026.  ECF 121.  On June 26, 2026, Plaintiff filed an *ex parte* application for leave to file a sur-reply in further opposition to Ms. Ventura's motion to dismiss and attached a proposed sur-reply.  ECF 138.  On June 29, 2026, Plaintiff filed the instant *ex parte* application seeking to strike Ms. Ventura's motion to dismiss or to have the Court

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO STRIKE DEFENDANT VENTURA'S MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT

decline to hear it, invoking Local Rules 7-3 and 7-12 and citing the Court's inherent authority.  ECF 140.

### III.    Legal Standard

Ex parte relief is disfavored and appropriate "only in a narrow set of circumstances.  *U.S. v. All Funds in Credit Suisse Priv. Banking Account No. 0251-844548-6 in Name of Alexandria Inv., LLC*, No. CV05-3910 (ABC) (MKCx), 2005 WL 5250030, at *6 (C.D. Cal. Sept. 20, 2005), quoting *United States v. Real Property Located at 22 Santa Barbara Dr.,* 264 F.3d 860, 870 (9th Cir. 2001).  *Ex parte* relief is justified only when the moving party can show that he will be irreparably prejudiced and that he is without fault in creating the need for expedited relief.  *Baker v. Firstcom Music*, No. 16 Civ. 08931 (VAP) (JPRx), 2018 WL 5801578, at *1 (C.D. Cal. May 18, 2018).

This District's pre-filing conference rules are designed to promote efficiency and narrow issues, and courts have discretion to excuse noncompliance when there is no prejudice or the failure is harmless.  *See Wilson–Condon v. Allstate Indem. Co.,* No. Civ. 11–05538 (GAF) (PLAx), 2011 WL 3439272, *1 (C.D. Cal. Aug.4, 2011); *Reed v. Sandstone Properties, L.P.*, No. Civ. 12-05021 (MMM) (VBKx), 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013); *Brodie v. Board of Trustees of California State University*, No. Civ. 12–07690 (DDP) (AGRx), 2013 WL 4536242, *1 (C.D. Cal. Aug. 27, 2013); *Jauregui v. Nationstar Mortg. LLC*, No. EDCV 15-00382 (VAP), 2015 WL 2154148, at *2 (C.D. Cal. May 7, 2015); *CarMax Auto Superstores California LLC v.*

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO STRIKE DEFENDANT VENTURA'S MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT

*Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015); *Body Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1088 n.2 (C.D. Cal. 2017); *Padilla Ayala v. Teledyne Def. Elecs.*, 533 F. Supp. 3d 920, 924 n.2 (C.D. Cal. 2021).

## IV.   <u>Argument</u>

### A.   **Howard Does Not Meet the Standard for *Ex Parte* Relief**

To justify *ex parte* relief, the moving party must show "irreparable prejudice." *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  Far from showing any irreparable harm, Plaintiff's course of action has shown that he has suffered no prejudice whatsoever at any point.  Plaintiff received courtesy copies of the Motion the morning after it was filed—at which time, he did not raise any issues about the pre-filing meet-and-confer.  Nor did he raise this issue—or the supposed irreparable harm it caused him—in any of the multiple documents he has filed subsequent to (and related to) Ms. Ventura's Motion.  To date, Plaintiff has not only filed a full opposition to the Motion, but he has also filed an *ex parte* application for leave to file a sur-reply (including filing a sur-reply) and has also filed a voluminous motion for judicial notice.  ECF 66, 99, 124, 131-135, and 138.  Plaintiff has thus had notice of Ms. Ventura's arguments and a more than full and fair opportunity to respond to Ms. Ventura's motion.  Given this record, the Court cannot credit Plaintiff's argument that a missing pre-filing conference left him unable to assess or respond to the Motion, or that the lack of a pre-filing conference created prejudice to him that would justify emergency relief for an issue that he failed to raise in repeated related filings over a

- 3 -

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO STRIKE DEFENDANT VENTURA'S MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT

nearly two month time period.  Plaintiff's own filings show that he was not prejudiced here: he was able to, and did, respond at length, multiple times, without conceding any point raised by Ms. Ventura.  This record defeats any claim of prejudice.

Notably, Plaintiff only pivoted to seek to strike Ms. Ventura's motion after extensive briefing was complete in what appears to be a tactical effort to avoid adjudication on the merits.  But striking a motion that has been fully briefed by both sides, including by the objecting party, does not serve Local Rule 7-3's purpose of avoiding unnecessary motion practice.  To the contrary, it generates more.  Granting Plaintiff's application would require Ms. Ventura to refile a motion that has already been exhaustively briefed by both sides, accomplishing nothing but delay and additional expense, which is precisely the opposite of the efficiency Local Rules 7-3 and 7-12 are meant to promote.

Moreover, Plaintiff does not explain, because he cannot, what specific issue would have been eliminated, what specific argument would have been narrowed, or what specific portion of the Motion would have gone unfiled had a conference occurred.  By failing to make an argument along those lines, Plaintiff is essentially conceding that even with hindsight and the added perspective provided by Ms. Ventura's moving and reply papers, no arguments or issues would have been narrowed by a pre-filing conference.  Absent any showing of how the outcome would have differed, Plaintiff's application is merely a bare assertion of a technical violation, untethered to any of the harm the rule is designed to prevent or why the Court should exercise its discretion in

- 4 -

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO STRIKE DEFENDANT VENTURA'S MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT

the harshest possible way.

### B. Defendant's Failure to Initiate Contact Was Reasonable Given Plaintiff's Prior Insults and Harassment

While Ms. Ventura does not dispute the absence of a Rule 7-3 conference, the circumstances surrounding that omission should inform how the Court may decide to exercise its discretion. Plaintiff has exhibited a pattern of directing insulting and harassing communications at Defendant and her counsel in the course of this litigation. Han Decl., ¶ 4, Ex. 1. Plaintiff threatened Ms. Ventura and her counsel as recently as June 7, 2026, when he posted a video of himself on the social media platform X. In the video, Plaintiff repeatedly insulted Ms. Ventura and accused her of perjury. Mr. Howard also threatened Ms. Ventura and her counsel for playing "stupid games." Even though Plaintiff has since taken down the video, it has been reposted and continues to circulate on social media. *See* Tara Mahadevan, *Male Escort Who Sued Cassie Responds After Her Attempt to Toss Out Case*, Y!Entertainment (June 13, 2026, 10:21 PM), https://www.yahoo.com/entertainment/celebrity/articles/male-escort-sued-cassie-responds-023142699.html; *see also* The Art of Dialogue, "'Cassie Is A C** Dumpster' Diddy & Cassie Former Worker Says Cassie Lied To Him & He's A Victim," available at https://www.youtube.com/watch?v=2aVX_iQMHBE (last accessed June 26, 2026).[1]

---

[1] Moreover, Plaintiff has profited and continues to profit from the sale of his self-published book, *Cassie: Victim or Co-conspirator: The Story of Dave* (2025). The book refers to Ms. Ventura as a "whore" who "chose" to "degrade herself," among other insults that are not appropriate for a public court filing. *See* Clayton Howard, *Cassie: Victim or Co-conspirator: The Story of Dave* 40, 41, 57, 128, 135, 137, 139 (2025). Notably, Plaintiff also used his book to accuse undersigned counsel of serious wrongs, such as leveraging law enforcement for improper ends. *See id.* at p. 125.

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO STRIKE DEFENDANT VENTURA'S MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT

The Local Rules aim to facilitate efficient dialogue, not to require counsel to subject themselves to abuse. Accordingly, Ms. Ventura respectfully requests that the Court excuse strict compliance given these circumstances that render a conference impractical or futile.

### C.    Plaintiff's Authorities Do Not Compel Striking Ventura's Motion

Plaintiff cites Local Rules 7-3 and 7-12 and invokes the Court's inherent authority to manage and control its docket. Application at 6. The only case that Plaintiff cites in support of its request to have the Court strike or decline to hear Ms. Ventura's motion is *SSMiller IP LLC v. Sugar Beets LLC*, No. Civ. 22-2576 (GW) (SHKx), 2022 WL 17361968, at *2 (C.D. Cal. Oct. 21, 2022). However, the court in that case did not strike the underlying motion to dismiss and instead ruled on its merits. *Id.* ("the Court concludes that the parties did not [confer] . . . That said, the Court, in its discretion, will nonetheless rule on the merits of the dispute."). The *SSMiller* decision is in line with other precedents in this District in which courts exercise their discretion to assess motions on the merit even in the absence of a Rule 7-3 conference, especially at the motion to dismiss stage. *See supra* § III. Those sources confirm the Court's discretion; they do not mandate striking a motion where, as here, Plaintiff had full notice and an opportunity to be heard and cannot show prejudice.

## V.    <u>Conclusion</u>

For these reasons, Defendant Ventura respectfully requests that the Court deny Plaintiff's *ex parte* application in its entirety. In the alternative, Defendant requests the

- 6 -

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO STRIKE DEFENDANT VENTURA'S MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT

Court deem the absence of a pre-motion conference harmless and hear Ms. Ventura's motion to dismiss on the merits at the scheduled hearing, and grant such other and further relief as the Court deems appropriate.

Dated: July 1, 2026

Respectfully submitted,

By: _____

Melodie Han
Douglas Wigdor (*pro hac vice* forthcoming)
Meredith Firetog (*pro hac vice* forthcoming)
WIGDOR LLP
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone: (212) 257-6800
mhan@wigdorlaw.com
dwigdor@wigdorlaw.com
mfiretog@wigdorlaw.com

*Counsel for Casandra Ventura*

- 7 -

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO STRIKE DEFENDANT VENTURA'S MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT

## CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Ms. Ventura that this brief contains 1672 words, which complies within the word limit of L.R. 11-6.1.

Dated: July 1, 2026                    Respectfully submitted,

By: _____
                    Melodie Han

- 8 -