Clayton Howard, Pro Se

24 Orchard Street

Carteret, New Jersey 07008

(929) 781-7791

itsclaytonhoward@gmail.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

CLAYTON HOWARD,

    *Plaintiff*,

v.

SEAN COMBS;

CASANDRA VENTURA;

BAD BOY ENTERTAINMENT, L.L.C.;

CEOPCO, L.L.C.,

    *Defendants*,

_____

**Case No. 2:25-cv-06031-AH-DMKx**

Hon. Anne Hwang, Courtroom 9C

Hearing: July 15, 2026

Time: 1:30 p.m.

**<u>PLAINTIFF'S REPLY IN FURTHER SUPPORT OF EX PARTE</u>**

Howard v. Combs, No. 2:25-cv-06031-AH-DMKx | Reply — Ex Parte Application to Strike Dkt. 89

## APPLICATION FOR ORDER STRIKING DEFENDANT CASANDRA VENTURA'S MOTION TO DISMISS (Dkt. 89), AND CORRECTION OF THE RECORD REGARDING PURPORTED MISCONDUCT

Plaintiff Clayton Howard, proceeding pro se, respectfully submits this Reply in further support of his Ex Parte Application to strike, or in the alternative decline to hear, Defendant Casandra Ventura's Motion to Dismiss (Dkt. 89) for failure to comply with Local Rule 7-3 (Dkt. 140), and in response to Defendant's Opposition (Dkt. 142) and the Declaration of Melodie Han filed in support thereof (Dkt. 142-1). Plaintiff files this Reply because Defendant's Opposition introduced new exhibits and factual assertions that materially mischaracterize the record, and Plaintiff respectfully requests leave to the extent the Court deems leave necessary, or alternatively requests that the Court consider this Reply as part of the papers before it at the July 15, 2026 hearing.

### I. DEFENDANT CONCEDES THE DISPOSITIVE FACT

As an initial matter, Defendant's Opposition does not dispute — and expressly acknowledges — that no Local Rule 7-3 conference occurred before Dkt. 89 was filed. Opp. at 1 ("Ms. Ventura acknowledges that no Rule 7-3 conference occurred before filing her motion."). That concession resolves the threshold question. What remains is whether the admitted violation should be excused, and Defendant's remaining arguments — an attack on Plaintiff's character and an assertion of harmlessness — do not supply a basis to excuse it.

### II. THE RECORD, INCLUDING DEFENDANT'S OWN EXHIBIT,

Howard v. Combs, No. 2:25-cv-06031-AH-DMKx | Reply — Ex Parte Application to Strike Dkt. 89

## REFUTES ANY SUGGESTION THAT PLAINTIFF INSULTED OR TARGETED MS. HAN PERSONALLY

Defendant's Opposition asserts that Plaintiff "has exhibited a pattern of directing insulting and harassing communications at Defendant and her counsel," Opp. at 5, and cites a June 7, 2026 social media video and Plaintiff's self-published book as supporting examples. Opp. at 5-6 & n.1. Neither citation supports the assertion as to counsel. The video is described in Defendant's own brief as directed at Ms. Ventura — Plaintiff is described as having "insulted Ms. Ventura and accused her of perjury." Opp. at 5. The book excerpts Defendant cites likewise concern Ms. Ventura. Opp. at 5 n.1. At no point in this litigation has Plaintiff addressed Ms. Han, individually, by name, in any communication in the manner Defendant's Opposition implies.

To the contrary, the one piece of correspondence Defendant chose to attach to its own Declaration — the December 18, 2025 email produced as Exhibit 1 to the Han Declaration (Dkt. 142-2) — shows the opposite. In that email, Plaintiff wrote directly to Ms. Han and the other counsel of record: "Ms. Han this does not apply to you." Han Decl., Ex. 1 (Dkt. 142-2 at 2). Defendant's own exhibit, filed in support of the very Opposition that now attempts to portray Plaintiff as having targeted Ms. Han personally, affirmatively demonstrates that Plaintiff distinguished Ms. Han from other counsel and expressly stated that his frustration with the firm's prior conduct did not extend to her. Plaintiff respectfully submits that the record should be corrected accordingly: Plaintiff has not insulted, and does not insult, Ms. Han.

## III. DISCOMFORT WITH A PARTY IS NOT A LOCAL RULE 7-3

**EXCEPTION, AND DOES NOT EXCUSE NONCOMPLIANCE**

Even accepting Defendant's characterization of Plaintiff's public commentary about Ms. Ventura at face value, that commentary does not excuse Wigdor LLP's independent failure to comply with Local Rule 7-3. The rule's only stated exemptions are motions for temporary restraining orders and preliminary injunctions. C.D. Cal. L.R. 7-2, 7-3. It contains no exception for counsel's subjective discomfort with a party's public statements, and Defendant cites none. Wigdor LLP was, at all times, free to conduct the required conference in writing, by email, or through an intermediary, exactly as the parties have done throughout this litigation, including in the June 18, 2026 videoconference in which Ms. Han herself participated at Plaintiff's initiation. Han Decl. ¶¶ 3-4; Application at 6. Wigdor LLP's choice to forgo the conference entirely — rather than conduct it in a format counsel found more comfortable, or seek relief from the Court in advance — was not compelled by anything in the record.

## IV. THE ADMITTED VIOLATION WAS NOT HARMLESS, AND PLAINTIFF DID NOT WAIVE THE OBJECTION BY OPPOSING THE MOTION ON THE MERITS IN THE INTERIM

Defendant argues that Plaintiff cannot show prejudice because he ultimately filed a full opposition and sought leave to file a sur-reply. Opp. at 3-4. That argument inverts the purpose of Local Rule 7-3. The rule exists to give the non-moving party the opportunity, before a motion is drafted and filed, to understand its grounds and assess whether amendment could moot it — thereby avoiding the burden of full merits briefing altogether. Application at 7. That opportunity, once denied, cannot be restored after the fact merely because the opposing party did the work of responding to a fully briefed 31-

page dispositive motion without it. Plaintiff's diligence in opposing Dkt. 89 on the merits, notwithstanding the absence of any pre-filing conference, is not evidence that the conference was unnecessary; it is evidence of the burden Local Rule 7-3 is designed to prevent.

Nor did Plaintiff forfeit the objection by not raising it sooner. Plaintiff raised the Local Rule 7-3 defect promptly upon completing his review of the operative filings and the docket, and well in advance of the July 15, 2026 hearing, preserving the Court's ability to address it before reaching the merits. Defendant cites no authority holding that a party forfeits an objection to a mandatory pre-filing conference requirement by first responding to the substance of a motion that was filed in violation of it.

## V. CONCLUSION

For the foregoing reasons, and for the reasons stated in Plaintiff's original Application (Dkt. 140) and supporting Declaration (Dkt. 141), Plaintiff respectfully requests that the Court: (1) strike Defendant Casandra Ventura's Motion to Dismiss (Dkt. 89) for failure to comply with Local Rule 7-3; or (2) in the alternative, decline to hear Dkt. 89 at the July 15, 2026 hearing pending proper compliance; or (3) in the further alternative, consider Plaintiff's Local Rule 7-3 objection as a threshold matter at the July 15, 2026 hearing. Plaintiff further requests that the Court note, for the record, that Plaintiff has not directed any insulting or harassing communication at Ms. Han individually, and that Defendant's own Exhibit 1 confirms this.

Respectfully submitted,

Dated: July 1, 2026

Howard v. Combs, No. 2:25-cv-06031-AH-DMKx | Reply — Ex Parte Application to Strike Dkt. 89

_Clayton Howard_

**CLAYTON HOWARD**

Plaintiff, Pro Se

24 Orchard Street

Carteret, New Jersey 07008

(929) 781-7791

itsclaytonhoward@gmail.com