Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Lilah N. Cook (Bar No. 350775)
cook@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard
Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900
*Attorneys for Defendants Sean Combs,
CeOpco, LLC,
and Bad Boy Entertainment LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CLAYTON HOWARD,<br><br>            Plaintiff,<br><br>   v.<br><br>SEAN COMBS, CASANDRA VENTURA, BAD BOY ENTERTAINMENT, LLC, and CEOPCO, LLC,<br><br>            Defendants. | Case No. 2:25-cv-6031-AH-JPRx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS FOURTH AMENDED COMPLAINT**<br><br>Hearing Date: July 15, 2026<br>Time: 1:30 p.m.<br>Judge: Hon. Anne Hwang<br>Courtroom: 9C |

Defendants Sean Combs ("Mr. Combs"), CeOpco, LLC f/k/a Combs Enterprises LLC and d/b/a Combs Global ("CeOpco"), and Bad Boy Entertainment LLC ("BBE," and together with CeOpco, the "Corporate Defendants") respectfully submit this Memorandum of Points and Authorities in opposition to Plaintiff's *Ex Parte* Application for Leave to File a Sur-Reply to the Motion to Dismiss (the "Application").[1]

## INTRODUCTION

The Application should be denied. A sur-reply is disfavored and Plaintiff identifies no valid reason for its submission. Defendants' Reply did not raise new arguments; it responded to arguments *Plaintiff* made in opposition to the Motion to Dismiss, including Plaintiff's improper reliance on extrinsic material from Mr. Combs's criminal case and his assertion of collateral-estoppel and delayed-discovery arguments. Just because Defendants cited additional legal authority in responding to those arguments does not give Plaintiff another bite at the apple.

A reply is restricted to rebutting points raised in opposition and nothing more. Nor is a sur-reply necessary here to prevent prejudice, as none was suffered. If the Court were to conclude that an argument was improperly raised for the first time, then the remedy is to disregard it. Plaintiff has already expanded the record far beyond the Fourth Amended Complaint ("FAC") through hundreds of pages of inadmissible extrinsic materials and repeated requests for judicial notice. The Application should be denied and the record should be confined to the previously filed briefs.

## BACKGROUND

Defendants moved to dismiss the FAC. (Dkt. No. 88.) The Motion demonstrated four concrete bases for dismissal: (1) the claims under 18 U.S.C. § 1591 and N.Y. Penal Law § 230.34 cannot be maintained because no private right of action exists; (2) the claims under Fla. Stat. § 787.061, RICO, and the TVPRA are time-barred, in whole or in part; (3) group pleading was impermissibly employed for

---

[1] The definitions used in the Motion to Dismiss are used herein.

DEFENDANTS' MPA IN OPPOSITION TO *EX PARTE* APPLICATION FOR LEAVE TO FILE SUR-REPLY

each claim; and (4) no claim upon which relief can be granted exists against Mr. Combs or the Corporate Defendants.  (Dkt. No. 88-1.)

Plaintiff opposed the Motion to Dismiss.  (Dkt. No. 93.)   The Opposition attached hundreds of pages of extrinsic material from Mr. Combs's criminal case, *United States v. Combs*, No. 24-cr-542 (S.D.N.Y.), none of which was mentioned in or incorporated into the FAC (the "Extrinsic Material").  (Dkt. Nos. 100–06.)

Relying on the Extrinsic Material, Plaintiff argued that: (1) the delayed-discovery rule tolled his claims until 2023 under Fla. Stat. § 787.061, RICO, and the TVPRA; (2) any group-pleading defect should result in further leave to amend, not dismissal; and (3) the FAC, when supplemented by the Extrinsic Material, properly states claims.  (Dkt. No. 93.)

Plaintiff also argued that Mr. Combs's criminal conviction collaterally estops Defendants from contesting either the claims or allegations in the FAC.  (*Id.* at 2–11.) The Reply responded that Plaintiff cannot rely on the Extrinsic Material to supplement the deficient FAC or to estop Defendants from defending against Plaintiff's claims. (Dkt. No. 120.)

The Application addresses the following: (1) Defendants' use of the verdict sheet in *United States v. Combs*; (2) Defendant's assertion that Plaintiff's consent to the alleged conduct in the FAC is a complete defense to a TVPRA claim; and (3) Defendants' assertion that the delayed-discovery rule is inapplicable to TVPRA claims. (Dkt. No. 141.)

## LEGAL STANDARD

"A decision to grant or deny leave to file a sur[-]reply is generally committed to the sound discretion of the court."  *Tounget v. Valley-Wide Recreation & Park Dist.*, 2020 WL 8410456, at *2 (C.D. Cal. Feb. 20, 2020) (alteration in original) (quotation omitted).   However, such requests are generally viewed "with disfavor" and are permitted only when a "valid reason for additional briefing exists."  *Garcia v. Biter*,

195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016); *Tounget*, 2020 WL 8410456, at *2 (quotation omitted).

### **ARGUMENT**

Plaintiff fails to articulate any proper basis for his submission of a sur-reply. Defendants cited to the verdict sheet in *United States v. Combs* because Plaintiff improperly injected the case as a basis for defeating the Motion to Dismiss. (Dkt. No. 120 at 1–3.) A reply does not raise a new argument when it responds to an argument raised for the first time in opposition. *See In re Genius Brands Int'l, Inc. Sec. Litig.*, 763 F. Supp. 3d 1027, 1034 n.1 (C.D. Cal. 2025) (denying sur-reply where the supposedly "new" arguments were "a direct response to arguments raised in Plaintiff's opposition papers").

Nor can Plaintiff use a sur-reply to reargue the same meritless contention that Mr. Combs's criminal case collaterally estops Defendants from contesting either the claims or allegations in the FAC. (Application at 6–7); *see CYBERsitter, LLC v. People's Republic of China*, 805 F. Supp. 2d 958, 964 (C.D. Cal. 2011) (rejecting sur-reply where the reply declaration merely *rebutted evidence submitted with the opposition*); *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (striking sur-reply where the plaintiff was "merely posing the same or additional arguments in opposition to the motion to dismiss").

Similarly, Defendants' reliance on *Moore*, *Christina T.*, and *C.C.* rebuts the same failed arguments Plaintiff regurgitates. *Moore* reinforces what Defendants previously argued: that Plaintiff fails to state a TVPRA claim because the FAC concedes that, "[a]t all relevant times . . . Plaintiff believed he was engaging in *consensual arrangements with two private individuals operating within the bounds of legal adult activity*[.]" (FAC ¶ 272; Dkt. No. 88-1 at 11; Dkt. No. 120 at 7) (emphasis added). This is proper, particularly because the Opposition contested the issue. *See Textile Secrets Int'l, Inc. v. Ya-Ya Brand Inc.*, 524 F. Supp. 2d 1184, 1203 (C.D. Cal. 2007) (denying sur-reply where the reply did not raise new arguments but "reiterate[d] and elaborate[d] on the

grounds for dismissal asserted in the opening brief"); *Spinedex Physical Therapy, U.S.A., Inc. v. United Healthcare of Arizona, Inc.*, 2017 WL 11630875, at *3 (D. Ariz. Sept. 29, 2017) ("When a reply simply elaborates upon an argument previously raised in the initial motion or opposition, however, *the Court need not strike the reply or grant a sur-reply.*") (emphasis added).

Defendants' reliance on *Christina T.* and *C.C.* are also not new arguments. The Opposition argued that the delayed-discovery rule tolls his TVPRA claim. (Dkt. No. 93 at 18.)  In response, the Reply cited precedent holding the opposite of Plaintiff's position, *i.e.*, the delayed-discovery rule is inapplicable.  (Dkt. No. 120 at 4.); *see Garcia*, 195 F. Supp. 3d at 1134 (reply arguments were not new where the defendant cited additional case law to address "new issues raised by Plaintiff in his opposition"); *Smoketree Holding LLC v. Apke*, 2024 WL 776772, at *1 n.1 (D. Ariz. Feb. 26, 2024) ("The arguments contained in Land Academy's reply brief are not impermissible new arguments; they are permissible rebuttal to points raised by Defendants in their response brief."); *Adams v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 12919472, at *9 (D. Ariz. Oct. 18, 2012) (denying sur-reply because "Defendant's arguments regarding litigation conduct are not 'new,' but rather respond to arguments raised by Plaintiff in its Opposition").

Regardless, even assuming the Court concluded that the Reply raised new evidence or arguments, the proper remedy would be to disregard those portions of the Reply—not to give Plaintiff another opportunity to submit more argument.  *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Ho v. Marathon Patent Grp., Inc.*, 2022 WL 1600048, at *1 n.2 (C.D. Cal. Feb. 11, 2022) (denying sur-reply because, to the extent the reply raised new legal arguments or submitted new evidence, the court would decline to consider them).

In this case, Plaintiff already has time after time expanded his pleading to avoid dismissal.  (Dkt. No. 93 at 2–11; Dkt. Nos. 100–06.)  He has not added facts or

circumstances that can sustain his pleading.  Instead, he has attempted to complicate the Motion to Dismiss to make it appear that there must be something there, even though he is an admitted sex worker who voluntarily engaged in multiple rendezvous with Mr. Combs and Ms. Ventura over an extended period.

Plaintiff is attempting to exploit Mr. Combs's conviction under the Mann Act for profit, a conviction that is presently on appeal.  The Court should deny his baseless Application and decide the Motion without Plaintiff's improper and erroneous proposed sur-reply.

## CONCLUSION

Based on all the foregoing, the Court should deny the Application and grant the Motion to Dismiss in Defendants' favor, together with such other and further relief as the Court deems just and proper.

Dated:  July 5, 2026

SCHONBUCH HALLISSY LLP

*/s/ Lilah N. Cook*

_____

Michael Schonbuch
Lilah N. Cook

*Attorneys for Defendants Sean Combs, CeOpco, LLC, and Bad Boy Entertainment LLC*

DEFENDANTS' MPA IN OPPOSITION TO *EX PARTE* APPLICATION FOR LEAVE TO FILE SUR-REPLY

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned, counsel of record for Mr. Combs, CeOpco, and BBE, certifies that this brief contains 1,426 words, which complies with the word limit of L.R. 11-6.1.

Dated:   July 5, 2026                     */s/ Lilah N. Cook*

_____

Michael Schonbuch
Lilah N. Cook

DEFENDANTS' MPA IN OPPOSITION TO *EX PARTE* APPLICATION FOR LEAVE TO FILE SUR-REPLY