Clayton Howard, Pro Se

24 Orchard Street

Carteret, New Jersey 07008

(929) 781-7791

itsclaytonhoward@gmail.com

Plaintiff Pro se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **CLAYTON HOWARD,** | **Case No. 2:25-cv-06031-AH-DMKx** |
| *Plaintiff*, | |
| v. | |
| SEAN COMBS; CASANDRA VENTURA; BAD BOY ENTERTAINMENT, L.L.C.; CEOPCO, L.L.C., | |
| *Defendants*, | |

Hearing: July 22, 2026

Hon. Anne Hwang, Courtroom 9C

**NOTICE OF ERRATA AND CORRECTION TO DECLARATION OF CLAYTON HOWARD AND MOTION FOR LEAVE**

**(RE: JUNE 12, 2026 ZOOM COMMUNICATION)**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Clayton Howard, appearing pro se, hereby submits this Notice of Errata to correct an inaccurate factual statement contained in two previously filed documents:

1. Declaration of Clayton Howard in Support of Supplemental Motion for Judicial Notice and in Support of Motion for Leave, filed June 21, 2026 ("Declaration"), ¶ 4; and

2. Plaintiff's Motion for Leave to File Supplemental Request for Judicial Notice, filed June 21, 2026 ("Motion for Leave"), Section II.C.

## I. THE MISSTATEMENT

3. Both documents state, in substantially the same words, that "on June 12, 2026, [Plaintiff] transmitted a Zoom invitation link as requested" and that Plaintiff "received no response for over one week." That statement is inaccurate. No Zoom link was, in fact, transmitted on June 12, 2026. Plaintiff corrects the record below on his own initiative.

## II. THE CORRECT SEQUENCE OF EVENTS

The accurate sequence, reflected in the parties' own contemporaneous email correspondence already exchanged with counsel and referenced in Plaintiff's prior filings, is as follows:

4. On June 11, 2026, at 7:27 p.m., counsel for Defendants Sean Combs, Bad Boy Entertainment, L.L.C., and CeOpco, L.L.C. (Lilah N. Cook, Esq.) advised Plaintiff that she was "leaving the country tomorrow for two weeks" and asked, "What is your availability tomorrow?"

5. At 7:30 p.m. that same evening, Plaintiff responded that he was "free all day and willing to accomdate [sic]" both Ms. Cook and Melodie Han, Esq., counsel for Defendant Casandra Ventura, "regarding your availability and whatever time you [two] are available."

6. At 11:27 p.m., Ms. Cook responded: "Sounds good. Once we have a time, please send me a Zoom link." Plaintiff understood this instruction to mean that a specific time first needed to be confirmed by both Ms. Cook and Ms. Han before a Zoom link would be circulated, since Ms. Han had not yet responded with her own availability.

7. At 5:10 a.m. on June 12, 2026, Plaintiff replied "Will do," intending to prepare and circulate a Zoom link once a mutually available time was confirmed by both counsel.

8. Ms. Han did not respond to confirm her availability. Because no specific time was ever finalized among all counsel, and consistent with Plaintiff's understanding of Ms. Cook's instruction, no Zoom link was transmitted on June 12, 2026, or at any point until the parties' meet-and-confer conference was ultimately scheduled and held on June 18, 2026.

9. Plaintiff candidly acknowledged this precise sequence of events in his own contemporaneous email to counsel, sent June 16, 2026, at 3:45 p.m., which states in relevant part:

> *"I am trying to tell you a time was never set. I put for the time to both yourself and Ms Han. Neither of you confirmed a time, so no link was sent."*

### III. NATURE OF THE ERROR AND ITS IMMATERIALITY TO THE UNDERLYING SHOWING

10. The statement that a Zoom link was "transmitted" on June 12, 2026, was a drafting error made in preparing the Declaration and Motion for Leave, not an

intentional misstatement. It is directly contradicted by Plaintiff's own prior written admission to counsel, made four days before the Declaration was signed, in an email already in counsel's possession. Plaintiff brings this discrepancy to the Court's and counsel's attention on his own initiative upon discovering it, in the interest of candor to the Court.

11. This correction does not alter the substance of Plaintiff's showing of diligence in pursuing the Local Rule 7-3 conference. It remains undisputed, based on the same correspondence, that Plaintiff continued to pursue scheduling in good faith following the June 11–12 exchange, that Ms. Cook herself continued to engage substantively with Plaintiff's rescheduling efforts throughout the following days, and that the required conference was ultimately completed on June 18, 2026, as confirmed in writing by all participating counsel.

## IV. CORRECTED PARAGRAPH

12. Paragraph 4 of the Declaration is hereby corrected to read as follows:

*"4. After further email exchanges, counsel for Defendants (Schonbuch Hallissy LLP) advised that she would be traveling internationally beginning June 11, 2026. I confirmed I was fully available at any time she proposed. On June 11, 2026, at 11:27 p.m., Ms. Cook responded: 'Sounds good. Once we have a time, please send me a Zoom link.' I understood this to mean that a link would follow once a specific time was confirmed by both Ms. Cook and Ms. Han. At 5:10 a.m. on June 12, 2026, I replied 'Will do,' intending to send a link once a time was confirmed. Ms. Han did not respond to confirm her availability, and because no specific time was ever finalized, no Zoom link was transmitted on June 12, 2026. I acknowledged this sequence of events in my own email to counsel on June 16, 2026."*

The corresponding sentence in Section II.C of the Motion for Leave (page 3, lines 11–12) is corrected in the same manner.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 9, 2026, at Carteret, New Jersey.

_Clayton Howard_

**CLAYTON HOWARD**

Plaintiff Pro Se