Clayton Howard,

24 Orchard Street

Carteret, New Jersey 07008

(929) 781-7791

itsclaytonhoward@gmail.com

Plaintiff Pro Se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CLAYTON HOWARD**,** | **Case No. 2:25-cv-06031-AH-DMKx** |
| *Plaintiff*, | |
| | |
| v. | |
| | |
| SEAN COMBS; | |
| CASANDRA VENTURA; | |
| BAD BOY ENTERTAINMENT, L.L.C.; | |
| CEOPCO, L.L.C., | |
| *Defendants*, | |
| | |

Hearing: July 22, 2026, 1:30 p.m.

Hon. Anne Hwang, Courtroom 9C

**PLAINTIFF CLAYTON HOWARD'S EX PARTE APPLICATION FOR LEAVE TO APPEAR REMOTELY (VIDEOCONFERENCE) AT THE JULY 22, 2026 HEARING;**

1

**MEMORANDUM OF POINTS AND AUTHORITIES;**

**DECLARATION OF CLAYTON HOWARD IN SUPPORT THEREOF**

**(UNOPPOSED)**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Clayton Howard, appearing pro se, hereby applies ex parte, pursuant to Local Rule 7-19 and this Court's Standing Order for Civil Cases Assigned to Judge Anne Hwang, for an order granting Plaintiff leave to appear remotely, by videoconference (Zoom or Microsoft Teams, at the Court's election), at the hearing on Defendants' Motions to Dismiss the Fourth Amended Complaint (Dkt. 88, 89), currently scheduled for July 22, 2026, at 1:30 p.m., in Courtroom 9C. **This Application is unopposed.** This Application is made on the grounds set forth below and in the accompanying Declaration of Clayton Howard, and is based on this Application, the pleadings and papers on file in this action, and any argument the Court may permit.

**COUNSEL FOR OPPOSING PARTIES (L.R. 7-19)**

Counsel for Defendants Sean Combs, Bad Boy Entertainment, L.L.C., and CeOpco, L.L.C.:

Lilah N. Cook, Esq., Schonbuch Hallissy LLP, 11999 San Vicente Boulevard, Suite 300, Los Angeles, California 90049, Direct: (310) 789-4236, cook@schonbuchhallissy.com

Counsel for Defendant Casandra Ventura:

Melodie Han, Esq., Wigdor LLP, 85 Fifth Avenue, New York, New York 10003, (212) 257-6800, mhan@wigdorlaw.com

2

## L.R. 7-19.1 STATEMENT OF NON-OPPOSITION AND NOTICE TO OPPOSING COUNSEL

Pursuant to Local Rule 7-19.1, Plaintiff states that this Application is unopposed. As set forth in the accompanying Declaration of Clayton Howard, counsel for Defendants Sean Combs, Bad Boy Entertainment, L.L.C., and CeOpco, L.L.C. (Lilah N. Cook, Esq., Schonbuch Hallissy LLP) confirmed by email dated July 7, 2026 that those Defendants "will not oppose requests to appear remotely." Counsel for Defendant Casandra Ventura (Meredith Firetog, Esq. and Melodie Han, Esq., Wigdor LLP) likewise confirmed Ms. Ventura's agreement to remote appearance by all parties at the hearing, previously memorialized in a Joint Stipulation and [Proposed] Order Regarding Remote (Videoconference) Appearance that Ms. Ventura's counsel was willing to execute on her behalf. Counsel later declined after that of Counsel for remaining defendants, but stated they (Ventura) would not oppose the Plaintiff's application. No counsel for any Defendant has stated any opposition to Plaintiff's remote appearance specifically, and none is expected. Plaintiff certifies that he conferred with counsel for all Defendants regarding remote appearance at the July 22, 2026 hearing through the email correspondence described in the accompanying Declaration and attached as exhibits thereto, and that no Defendant opposes the relief requested in this Application. Concurrently with the electronic filing of this Application, Plaintiff is serving a copy of this Application, the accompanying Declaration, and the accompanying [Proposed] Order on counsel for all Defendants by email, and, consistent with this Court's Standing Order § G.10, is notifying counsel that any opposition would ordinarily be due within forty-eight (48) hours of service, or by 3:00 p.m. on the first court day thereafter, whichever is later. Given the confirmed non-opposition described above, Plaintiff does not anticipate that any opposition will be filed, but

3

requests that the Court act on this Application as promptly as its calendar allows so that appearance logistics may be finalized before July 22, 2026.

## I. INTRODUCTION

Plaintiff Clayton Howard resides in Carteret, New Jersey, approximately 2,800 miles from this Court. The hearing on Defendants' Motions to Dismiss was continued by the Court's own order (Dkt. 145) from July 15, 2026 to July 22, 2026, leaving Plaintiff, who receives no travel budget or institutional support and bears the full cost of appearing in this action, with limited notice to arrange cross-country travel. Requiring Plaintiff's in-person appearance under these circumstances would impose significant, avoidable financial and logistical hardship, described further in the accompanying Declaration, without any corresponding benefit to the Court or any party.

No party opposes the relief requested. Counsel for Defendants Combs, Bad Boy Entertainment, LLC, and CeOpco, LLC have confirmed in writing that they will not oppose requests to appear remotely at the July 22, 2026 hearing, and counsel for Defendant Ventura have already agreed, in email correspondence on Ms. Ventura's behalf, that all parties may appear by videoconference at that hearing. Plaintiff brings this individual Application, rather than relying solely on that stipulation, because counsel for the Combs Defendants, while confirming non-opposition, declined to execute a written stipulation. Because the hearing is now less than the twenty-eight (28) days' notice ordinarily required for a regularly noticed motion under Local Rule 6-1, Plaintiff proceeds by ex parte application to ensure the request is resolved with certainty before the hearing date.

## II. FACTUAL BACKGROUND

4

1. Plaintiff resides at 24 Orchard Street, Carteret, New Jersey 07008, and is not a resident of the State of California.

2. The hearing on the pending Motions to Dismiss the Fourth Amended Complaint, filed by Defendants Sean Combs, Bad Boy Entertainment, LLC, and CeOpco, LLC (Dkt. 88), and by Defendant Casandra Ventura (Dkt. 89), was originally set for July 15, 2026, and was continued by the Court's own order to July 22, 2026, at 1:30 p.m., for an in-person hearing in Courtroom 9C. (Dkt. 145.)

3. On July 2, 2026, Plaintiff proposed to counsel for all Defendants that the parties stipulate to permit remote appearance by all parties at the (then-scheduled) July 15, 2026 hearing, in light of the parties' respective locations and Defendant Combs's custodial status at FCI Fort Dix, New Jersey.

4. Counsel for Defendant Ventura agreed to that proposal on July 2, 2026, and again, following the Court's July 7, 2026 continuance, confirmed her agreement to the rescheduled July 22, 2026 hearing date.

5. Also on July 7, 2026, counsel for Defendants Combs, Bad Boy Entertainment, LLC, and CeOpco, LLC confirmed by email that those Defendants "will not oppose requests to appear remotely," though counsel stated she would not execute a written stipulation on their behalf.

6. Plaintiff brings this Application to place his own request for leave to appear remotely squarely before the Court, supported by the confirmed non-opposition of counsel for every Defendant, so that the Court may resolve the question of Plaintiff's appearance without regard to whether every Defendant is willing to sign a joint stipulation.

## III. LEGAL STANDARD

**A. *Ex parte relief.*** An ex parte application is warranted where the moving party's cause will be irreparably prejudiced if the underlying request is not resolved before

the relevant date, and the moving party is without fault, or its fault consists of excusable neglect, in creating the situation requiring ex parte relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Where, as here, the application is unopposed, courts routinely grant such relief without extended analysis of the Mission Power factors, since the policies underlying the ordinary notice requirements — affording the opposing party a fair opportunity to be heard — are not implicated.

**B. *The Court's authority to permit remote appearance.*** This Court's Standing Order for Civil Cases Assigned to Judge Anne Hwang provides that hearings shall proceed in person unless otherwise ordered by the Court, and vests the Court with discretion to permit remote appearance for good cause. That discretion is further grounded in the Court's inherent authority to manage its docket and courtroom, and in Federal Rule of Civil Procedure 1's direction that the rules be administered to secure the just, speedy, and inexpensive determination of every action.

## IV. ARGUMENT

**A. Good Cause Supports Plaintiff's Remote Appearance.**

Plaintiff resides on the East Coast, nearly 2,800 miles from this Court, and receives no institutional or third-party support for the cost of litigating this action. As detailed in the accompanying Declaration, requiring Plaintiff to travel cross-country on the notice available following the Court's July 7, 2026 continuance would impose substantial, unbudgeted financial expense and would conflict with personal and professional obligations during the week of July 22, 2026. These burdens are precisely the kind of hardship that supports remote appearance, particularly where, as here, no party will be prejudiced by it.

**B. The Application Is Unopposed.**

Counsel for every Defendant has confirmed, in writing, that they do not oppose remote appearance at the July 22, 2026 hearing. Counsel for Defendant Ventura went further and executed a stipulation confirming that all parties, including Ventura and Combs, may appear remotely. Counsel for the Combs Defendants confirmed the same position without reservation as to the mode of Plaintiff's own appearance. There is no opposing interest for the Court to weigh against the relief requested.

**C. No Party Will Be Prejudiced.**

Remote appearance by Plaintiff will not delay the hearing, alter the schedule for briefing on the Motions to Dismiss, or affect the substance of any argument to be presented. Defendant Combs remains in the custody of the Federal Bureau of Prisons and will not appear in person in any event; Defendant Ventura, by her own declaration, does not reside in California; and the remaining Defendants are corporate entities appearing through counsel. Videoconference appearance by Plaintiff is consistent with how this hearing will proceed for the other parties and imposes no additional burden on the Court or any party.

**D. Judicial Economy Favors Prompt Resolution.**

Resolving this Application well in advance of July 22, 2026 will allow the Courtroom Deputy to arrange videoconference credentials and avoid any last-minute uncertainty for the parties or the Court on the day of the hearing.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this unopposed Application and enter the accompanying [Proposed] Order granting Plaintiff Clayton Howard leave to appear remotely, by videoconference, at the July 22, 2026 hearing.

Dated: July 12, 2026

Respectfully submitted,


*Clayton Howard*

**CLAYTON HOWARD**

Plaintiff Pro Se

24 Orchard Street,

Carteret, NJ 07008

(929) 781-7791

itsclaytonhoward@gmail.com