Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Lilah N. Cook (Bar No. 350775)
cook@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard
Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900
*Attorneys for Defendants Sean Combs,*
*CeOpco, LLC,*
*and Bad Boy Entertainment LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CLAYTON HOWARD,<br><br>              Plaintiff,<br><br>   v.<br><br>SEAN COMBS, CASANDRA VENTURA, BAD BOY ENTERTAINMENT, LLC, and CEOPCO, LLC,<br><br>              Defendants. | Case No. 2:25-cv-6031-AH-JPRx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date: July 15, 2026<br>Time: 1:30 p.m.<br>Judge: Hon. Anne Hwang<br>Courtroom: 9C |

Defendants Sean Combs ("Mr. Combs"), CeOpco, LLC f/k/a Combs Enterprises LLC and d/b/a Combs Global ("CeOpco"), and Bad Boy Entertainment LLC ("BBE," and together with CeOpco, the "Corporate Defendants") respectfully submit this Memorandum of Points and Authorities in opposition to Plaintiff's Motion for Leave to File a Supplemental Request for Judicial Notice (the "Request").[1]  (Dkt. No. 132.)

## INTRODUCTION

The Request is Plaintiff's newest attempt to expand the FAC, supplement his Opposition to Defendants' Motion to Dismiss, and have the Court accept as true more than 1,700 pages of materials from Mr. Combs's separate criminal case.  The Request is wholly improper.

At the motion-to-dismiss stage, Plaintiff must stand on the allegations in the FAC—not on extrinsic evidence, post-briefing submissions, or disputed factual assertions from another proceeding.  Although courts may take notice of the existence of public records, they may not take notice of the truth of disputed facts contained in those records.  That is precisely what Plaintiff asks the Court to do.

Plaintiff has already tried to inject these types of materials into the pleadings once before.  He should not be permitted to do so again through the guise of supplementation.  Enough is enough.  The Request should be denied.

## BACKGROUND

On February 2, 2026, Plaintiff asked the Court to take judicial notice of materials from Mr. Combs's criminal case, *United States v. Combs*, No. 24-cr-542 (S.D.N.Y.), to support the truth of the allegations underlying Plaintiff's claims against Defendants and Casandra Ventura ("Ms. Ventura").  (Dkt. Nos. 65–67.)  Four days later, the Court denied that request "for failure to properly comply with the prefiling conference requirement" under L.R. 7-4.  (Dkt. No. 69.)

---

[1] The defined terms used in the Motion to Dismiss are used herein unless defined otherwise.

Defendants later moved to dismiss Plaintiff's then-operative FAC. (Dkt. No. 88.) Plaintiff opposed the Motion and again relied on materials from *United States v. Combs*, attaching hundreds of pages of extrinsic material that were neither mentioned in nor incorporated into the FAC. (Dkt. Nos. 93, 100–06.)  In their Reply, Defendants explained that those materials were outside the pleadings and improper for consideration at the motion-to-dismiss stage.  (Dkt. No. 120 at 1–3.)

On June 25, 2026—after briefing on the Motion to Dismiss had closed—Plaintiff filed his current Request, which he characterizes as a renewal of his earlier request for judicial notice. (Dkt. Nos. 132–35.)  The Request asks the Court to take judicial notice of more than 1,700 pages of material from *United States v. Combs* (the "<u>Extrinsic Material</u>"), which Plaintiff contends supports the truth of his allegations, collaterally estops Defendants from contesting them, and requires the denial of Defendants' Motion to Dismiss.  (Dkt. Nos. 131, 135.)

Plaintiff noticed the Request for hearing on July 15, 2026, fewer than 21 days after filing it.  (Dkt. No. 132 at 1.)  As a result, Defendants' deadline to oppose the Request had already expired before the Request was even filed.  *See* L.R. 7-9. Defendants' counsel notified Plaintiff of this defect, but Plaintiff refused to withdraw and refile the Request on a proper schedule.  *See* Decl. of Lilah N. Cook.

## ARGUMENT

At the motion-to-dismiss stage, a court's review is usually limited to the four corners of the pleading.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  It is "axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss."  *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) (quotation omitted); *see King v. Navy Fed. Credit Union*, 699 F. Supp. 3d 864, 870 (C.D. Cal. 2023).  And only two instances exist where material extrinsic to the pleading may be considered to decide a motion to dismiss: (1) the evidence is attached to the complaint or incorporated by reference, or (2) the evidence is subject to judicial notice.  *See Khoja*, 899 F.3d at 998.

DEFENDANTS' MPA IN OPPOSITION TO MOTION FOR LEAVE TO FILE
SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

Plaintiff concedes that the Extrinsic Material was not attached to the FAC or incorporated by reference.  (Dkt. No. 131 at 4–5.)  Nor is the Extrinsic Material properly subject to judicial notice for the purpose Plaintiff seeks.  Rule 201 permits judicial notice only of facts "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  Courts may take notice of the existence of public records, but they may not accept the truth of disputed factual assertions contained in those records.  *See Khoja*, 899 F.3d at 999–1000 (reversing dismissal, in part, because the court took judicial notice of a transcript containing facts "subject to varying interpretations" and therefore "subject to reasonable dispute" (quotation omitted)).  Yet that is exactly what Plaintiff asks the Court to do: accept the Extrinsic Material as true and use it to bolster the FAC. (Dkt. No. 131 at 6–7.)  Rule 201 forbids that.  *See Beckway v. DeShong*, 717 F. Supp. 2d 908, 912 n.1 (N.D. Cal. 2010); *Ward v. City of Barstow*, 2017 WL 4877389, at *5 (C.D. Cal. June 23, 2017), *report and recommendation adopted*, 2017 WL 4877239 (C.D. Cal. Oct. 27, 2017).

Plaintiff's collateral-estoppel argument fails for the same reason.  Plaintiff seeks to use the Extrinsic Material to establish the truth of disputed factual assertions and to estop Defendants from contesting the claims and allegations in the FAC.  (Dkt. No. 131 at 2, 6–7; Dkt. No. 132 at 2.)  But that argument fails because the device of offensive collateral estoppel involving a criminal conviction applies only where the identical issue was litigated and necessarily decided in the earlier proceeding.  *See SEC v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018).  A party invoking such preclusion bears the burden of identifying the essential facts decided in the prior case "and [n]either the district court nor the defendant is required to engage in a 'hunt and peck' exercise to ferret out potentially relevant and necessary findings." *Grisham v. Philip Morris, Inc.*, 670 F. Supp. 2d 1014, 1031 (C.D. Cal. 2009) (alteration partially in original) (quotation omitted).

Plaintiff fails to meet this burden.  The Corporate Defendants were not parties to *United States v. Combs*, so collateral estoppel cannot apply against them.  Nor has

DEFENDANTS' MPA IN OPPOSITION TO MOTION FOR LEAVE TO FILE
SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

Plaintiff shown that Mr. Combs's conviction decided the issues presented here. Mr. Combs's conviction implicated the Mann Act concerning conduct involving Ms. Ventura and an unnamed "Jane Doe." *See* Verdict Sheet, *United States v. Combs*, No. 24-cr-542 (July 8, 2025), Dkt. No. 447. Thus, his conviction is not identical to the primary issue here—whether Mr. Combs transported *Plaintiff—not anyone else—*for purposes of prostitution. Nor do the claims mirror those for which Mr. Combs was convicted because, in this action, the claims concern violations of RICO, TVPRA, and state law. Mr. Combs was acquitted in *United States v. Combs* of violations under the RICO and the TVPA statutes (the TVPRA's criminal companion). *See id.* Therefore, collateral estoppel cannot transform defeated or disputed criminal-case matters into *judicially noticeable facts.* *See Grisham*, 670 F. Supp. 2d at 1033 (declining to apply collateral estoppel where plaintiff failed to show prior case findings were "essential, rather than merely incidental, to the [other case's] ultimate finding of liability").

The Request should be denied.

## CONCLUSION

Based on all the foregoing, the Court should deny the Request, together with such other and further relief as the Court deems just and proper.

Dated:  July 13, 2026

SCHONBUCH HALLISSY LLP

*/s/ Lilah N. Cook*

_____
Michael Schonbuch
Lilah N. Cook

*Attorneys for Defendants Sean Combs, CeOpco, LLC, and Bad Boy Entertainment LLC*

## **CERTIFICATION OF COMPLIANCE**

The undersigned, counsel of record for Mr. Combs, CeOpco, and BBE, certifies that this brief contains 1,205 words, which complies with the word limit of L.R. 11-6.1.

Dated:   July 13, 2026                              */s/ Lilah N. Cook*

_____

Michael Schonbuch
Lilah N. Cook

DEFENDANTS' MPA IN OPPOSITION TO MOTION FOR LEAVE TO FILE
SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE