Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Lilah N. Cook (Bar No. 350775)
cook@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard
Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900
*Attorneys for Defendants Sean Combs,*
*CeOpco, LLC,*
*and Bad Boy Entertainment LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

|  |  |
|---|---|
| CLAYTON HOWARD,<br><br>          Plaintiff,<br><br>   v.<br><br>SEAN COMBS, CASANDRA VENTURA, BAD BOY ENTERTAINMENT, LLC, and CEOPCO, LLC,<br><br>          Defendants. | Case No. 2:25-cv-6031-AH-JPRx<br><br>**DECLARATION OF LILAH N. COOK IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date: July 15, 2026<br>Time: 1:30 p.m.<br>Judge: Hon. Anne Hwang<br>Courtroom: 9C |

I, Lilah N. Cook, declare as follows:

1. I am an attorney duly licensed to practice before this Court and all other courts of the State of California. I am an associate with the law firm SCHONBUCH HALLISSY LLP, attorneys of records for Defendants ("Mr. Combs"), CeOpco, LLC f/k/a Combs Enterprises LLC and d/b/a Combs Global ("CeOpco"), and Bad Boy Entertainment LLC ("BBE," and together with CeOpco, the "Corporate Defendants").

2. I make this Declaration in support of Defendants' Opposition to Plaintiff Clayton Howard's ("Plaintiff's") Motion for Leave to File Supplemental Request for Judicial Notice (the "Request") (Dkt. No. 132) and to highlight several inaccuracies in Plaintiff's papers regarding his negotiations with myself and counsel for Defendant Casandra Ventura ("Ms. Ventura") leading up to his filing of the Request. I am aware of the facts stated herein of my own knowledge and, if called to testify thereto, I could and would competently so testify.

3. On May 31, 2026, after Plaintiff's Opposition to Defendants' Motion to Dismiss the Fourth Amended Complaint ("FAC") was filed, Plaintiff emailed all counsel, including counsel for Ms. Ventura requesting a L.R. 7-3 conference to discuss his proposed Request. Attached hereto as **Exhibit A** is a true and correct copy of the parties/counsel communications regarding this conference through June 12, 2026.

4. On June 2, 2026, I asked Plaintiff which documents he planned to request the Court take judicial notice of, and I replied that the earliest I could meet via Zoom would be Thursday or Friday (June 4, 2026, or June 5, 2026). (**Exhibit A**.)

5. On June 2, 2026, Plaintiff responded to me that the documents "are the same as those attached to [his] Opposition to [my] clients['] MTD." He further stated that these documents were in the Dropbox link he provided to me when he served his Opposition to the Motion to Dismiss. (**Exhibit A**.)

6. The parties/counsel agreed to meet via Zoom on Friday, June 5, 2026, at 1:00 p.m. PST/4:00 p.m. EST. (**Exhibit A**.)

7.   I transmitted a Zoom link to the parties on June 4, 2026.  Attached hereto as **Exhibit B** is a true and correct copy of the email transmitting the Zoom link invitation dated June 4, 2026, for the planned June 5, 2026 meet and confer Zoom call.

8.   On Friday, June 5, 2026, counsel for Ms. Ventura and I attended the Zoom call.  Plaintiff did not attend, even after I followed up with him while counsel for Ms. Ventura and I were on the line.  After we had logged off the call, I sent another email to Plaintiff requesting how he would like to proceed with his requested L.R 7-3 conference.  (**Exhibit A**.)

9.   Plaintiff responded with two emails explaining that he made a "rookie error" and scheduled the Zoom at the same time as a court hearing.  Attached hereto as **Exhibit C** is a true and correct copy of this email message.  (Plaintiff also wrote the same email in the chain attached hereto as **Exhibit A**.)

10. On June 9, 2026, I asked Plaintiff when he was thinking of rescheduling the conference.  (**Exhibit A**.)

11. On June 10, 2026, Plaintiff responded as follows: "Immediately based on yourself and counsel for [Ms.] Ventura.  Sorry for the delay [I] was in a car accident Saturday." (**Exhibit A**.)

12. The next day on June 11, 2026, Plaintiff demanded a response to his email by close of business on June 12, 2026.  (**Exhibit A.**)

13. In efforts to reschedule the L.R. 7-3 conference, I proposed the morning of June 12, which was the latest I could meet before I left for a pre-planned two-week vacation abroad.  Plaintiff knew about this trip, which I discussed with him when we met and conferred on April 30, 2026, regarding Defendants' Motion to Dismiss, and to select a  hearing date that worked for both of our schedules (ultimately July 15, 2026).

14. Plaintiff responded later in the day with his availability, after which I requested that he send me a Zoom link once a time was confirmed (counsel for Ms. Ventura had yet to confirm their availability).  Plaintiff acknowledged my email but I did not receive a confirmed time or Zoom link before I left for my vacation.

DECLARATION OF LILAH N. COOK IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

15. On June 16, 2026, Plaintiff sent an email to all counsel "as a final effort to schedule the L.R. 7-3 conference" before proceeding with his requested relief for judicial notice.  Attached hereto as **Exhibit D** is a true and correct copy of this email correspondence exchange.

16. In this email correspondence, Plaintiff erroneously stated that he had previously sent me a Zoom link (which he never did) for a June 12, 2026 L.R. 7-3 conference (which was never scheduled).  (**Exhibit D.**)  When I responded to his email to point this out, he conceded his error and later attempted to correct his mistake through a Notice of Errata, which he filed on or around July 8, 2026.  (Dkt. No. 147.)

17. Ms. Han, counsel for Ms. Ventura, also responded to his email on June 16, 2026, explaining that no time was agreed upon because she had been out of the country at the time and had only returned earlier in the day.  Ms. Han then wrote that she was willing to accommodate my schedule, given that I was out of the country.

18. Despite me being out of the country (which Plaintiff had long been aware of), I rearranged my schedule for  a Zoom call on June 18, 2026, at 10:30 a.m. PST. This call eventually went forward.

19. On the June 18, 2026 Zoom call, pursuant to L.R. 7-3, Plaintiff, Ms. Han, and I conferred regarding Plaintiff's planned Request.  I explained Defendants' inability to stipulate or agree to the Request, citing both procedural *and* substantive grounds for the Request's impropriety.

20. Following the call, Plaintiff emailed me and Ms. Han a summary of the meet and confer.  (**Exhibit D.**)  This email erroneously framed Defendants' opposition as resting solely on procedural grounds and failed to note *any of the substantive bases* that I provided him as to why the Request was improper.

21. On Friday, June 26, 2026, Plaintiff emailed counsel his Request papers. (**Exhibit D**.)

DECLARATION OF LILAH N. COOK IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

22. On June 29, 2026, I received an email from the Court's filing system, informing me that Plaintiff's transaction for his Request (Dkt. No. 132) was "entered on 6/29/2026 at 12:19 PM PDT and filed on 6/25/2026." Attached hereto as **Exhibit E** is a true and correct copy of this email that I received.

23. The papers Plaintiff filed and served pertaining to the Request are dated June 21, 2026, only three days after our L.R. 7-3 conference over Zoom.

24. On July 7, 2026, the Court issued a text-only order (the "Order"), continuing its hearings on Defendants and Ms. Ventura's respective motions to dismiss from July 15, 2026, to July 22, 2026. (Dkt. No. 145.) The Order was silent as to the hearing on Plaintiff's Request, which was scheduled for the same day (*i.e.*, July 15, 2026). Attached hereto as **Exhibit F** is a true and correct copy of the Order.

25. On July 7, 2026, I reached out to Plaintiff to see if he was available to meet and confer regarding concerns I had with his Request. Attached hereto as **Exhibit G** is a true and correct copy of this correspondence exchange.

26. On July 8, 2026, Plaintiff and I met and conferred via Zoom. I discussed with Plaintiff that he did not comply with L.R. 6-1 because he failed to schedule a hearing date for the Request at least 28 days after the Request was filed. I also informed Plaintiff that, by doing this, Defendant had no opportunity to oppose the Request because, under L.R. 7-9, opposition papers are due 21 days before the date set for hearing. I therefore advised Plaintiff that, if he did not withdraw the Request, Defendants would potentially move to strike the Request for lack of proper notice.

27. I followed our Zoom call with an email dated the same day, July 8, 2026. (**Exhibit G**.)

28. On July 9, 2026, Plaintiff informed me via email that he would not be withdrawing his Request. (**Exhibit G**.)

DECLARATION OF LILAH N. COOK IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

29. Because Plaintiff refuses to withdraw his improperly noticed Request, Defendants are left with no other choice than to submit the Opposition accompanying this Declaration on short notice as a precautionary measure to preserve their objection to the Request.

I declare under penalty of perjury according to the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated:  July 13, 2026                                /s/ Lilah N. Cook

_____

Lilah N. Cook