Melodie Han (Bar No. 357207)
Douglas H. Wigdor (*pro hac vice* forthcoming)
Meredith A. Firetog (*pro hac vice* forthcoming)
mhan@wigdorlaw.com
dwigdor@wigdorlaw.com
mfiretog@wigdorlaw.com
**WIGDOR LLP**
85 Fifth Avenue, Floor 5
New York, NY 10003
Tel. (212) 257-6800
Fax. (212) 257-6845

*Counsel for Defendant Casandra Ventura*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CLAYTON HOWARD,<br><br>Plaintiff,<br><br>v.<br><br>SEAN COMBS, CASANDRA VENTURA, BAD BOY ENTERTAINMENT, L.L.C., CEOPCO, L.L.C.<br><br>Defendants. | **Case No. 2:25-cv-6031-AH-JPR**<br><br>**DEFENDANT VENTURA'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE [132]**<br><br>Hearing Date: July 15, 2026<br>Time: 1:30 p.m.<br>Judge: Hon. Anne Hwang<br>Courtroom: 9C |

Defendant Casandra Ventura ("Ms. Ventura"), by and through her undersigned counsel, hereby opposes Plaintiff's Motion for Leave to File a Supplemental Request for Judicial Notice (ECF 132) (the "Request").  Ms. Ventura joins in and adopts the Opposition filed by Defendants Sean Combs, Bad Boy Entertainment, L.L.C., and CeOpCo, L.L.C. (ECF 150) ("Combs Opposition") to Plaintiff's Motion for Leave to File a Supplemental Request for Judicial Notice (ECF 132) (the "Request"), and writes separately to highlight points of particular relevance to her.

## I.      The Request Is Wholly Improper

At the motion to dismiss stage, a court's review is usually limited to the four corners of the pleading. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  As the Combs Opposition demonstrates, the Request is nothing more than Plaintiff's latest attempt to expand the record beyond the Fourth Amended Complaint ("4AC"), a maneuver he has tried once before and should not be permitted to repeat.

Although courts may take notice of the existence of public records, they "cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999.  That is precisely what Plaintiff asks.  He does not seek judicial notice of the fact that testimony was given or that a verdict was returned in *United States v. Sean Combs*, No. 24-cr-542 (AS) (S.D.N.Y.).  Rather, he seeks to have this Court accept as established the truth his preferred characterization of assertions drawn from those materials, characterizations which Ms. Ventura vigorously contests.  *See Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 830 (8th Cir. 2003) (holding a government sentencing memorandum is "a position paper" and that "[s]uch disputed papers should not be the subject of judicial notice on a motion to dismiss").

## II.     The Request Cannot Cure The 4AC's Pleading Deficiencies

Even if the Court were to grant leave, and even if Plaintiff's underlying request for judicial notice were granted, the extrinsic materials would not save the pleading deficiencies of the 4AC.  A complaint may not be amended by a memorandum in opposition to a defendant's motion to dismiss.  *Schneider v. Cal. Dep't of Corr.*, 151

- 2 -
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A
SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

F.3d 1194, 1197 n.1 (9th Cir. 1998). Plaintiff has already tried to inject these same materials into the pleadings once before. *See* ECF 99 at 23. He should not be permitted to do so again through a supplemental request.

As Ms. Ventura demonstrated in her Reply, none of the trial transcripts or sentencing materials appear in, are attached to, or are incorporated by reference into the 4AC. *See* ECF 121 at 3-4. *See also Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (facts raised for the first time in opposition papers cannot amend the complaint). This is Plaintiff's fifth complaint. The 4AC must stand or fall on its own.

### III.   The Combs Conviction Does Not Reach Ms. Ventura

Ms. Ventura further joins the Combs Opposition as to the position that collateral estoppel is unavailable to Plaintiff. As Ms. Ventura has separately briefed, Combs's criminal conviction cannot be used against her. Collateral estoppel requires that the issue have been "actually litigated" against the party to be estopped. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326-27 (1979). The criminal jury made no finding whatsoever regarding Ms. Ventura's conduct toward Plaintiff; the only person adjudged by that jury was Defendant Combs. *See SEC v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018) ("[T]he issue at stake in the civil proceeding [must be] identical to the issue raised in the prior criminal proceeding"). To the contrary, the very sentencing memorandum Plaintiff relies upon identifies Ms. Ventura as a *victim* of Combs's trafficking, not a perpetrator. *See* ECF 102 at 45 ("There are five victims of Count Three (Ventura; Clayton Howard . . .)"). Plaintiff cannot borrow a finding made against one defendant to satisfy the elements of a claim against a different defendant whose conduct was never before that criminal jury. Allowing Plaintiff to inject this record through supplemental judicial notice would merely clutter the docket and consume the resources of the Court and the parties for no proper purpose.

### IV.   Plaintiff's Scheduling Narrative Does Not Establish Good Cause

Finally, as the Combs Opposition and supporting declaration demonstrate, the delays in completing the L.R. 7-3 conference were substantially attributable to

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

Plaintiff's own conduct.  Plaintiff's characterization of these events as "scheduling conflicts . . . beyond Plaintiff's control" (ECF 132 at 2) is contradicted by the contemporaneous email record.  These circumstances do not establish the good cause required under Federal Rule of Civil Procedure 6(b)(1)(B).

## V.    **Conclusion**

For the foregoing reasons, and for the reasons stated in the Combs Opposition, the Court should deny Plaintiff's Motion for Leave to File Supplemental Request for Judicial Notice.

Dated: July 15, 2026                              Respectfully submitted,

By: _____

Melodie Han
Douglas Wigdor (*pro hac vice* forthcoming)
Meredith Firetog (*pro hac vice* forthcoming)
WIGDOR LLP
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone: (212) 257-6800
mhan@wigdorlaw.com
dwigdor@wigdorlaw.com
mfiretog@wigdorlaw.com

*Counsel for Casandra Ventura*

- 4 -
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A
SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

## **CERTIFICATION OF COMPLIANCE**

The undersigned, counsel of record for Ms. Ventura that this brief contains 786 words, which complies within the word limit of L.R. 11-6.1.

Dated: July 15, 2026        Respectfully submitted,

By: _____

Melodie Han

- 5 -