Clayton Howard
24 Orchard Street
Carteret, New Jersey 07008
(929) 781-7791
itsclaytonhoward@gmail.com
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| CLAYTON HOWARD,<br>*Plaintiff*,<br><br>v.<br><br>SEAN COMBS;<br>CASANDRA VENTURA;<br>BAD BOY ENTERTAINMENT, LLC; and<br>CeOPCO, LLC<br>(f/k/a Combs Enterprises, LLC),<br>*Defendants*, | Case No. 2:25-cv-06031-AH-DMKx<br><br>**DECLARATION OF CLAYTON HOWARD IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT CASANDRA VENTURA'S MOTION TO DISMISS THE FIFTH AMENDED COMPLAINT** |

Hearing Date: October 21, 2026
Time: 1:30 p.m.
Judge: Hon. Anne Hwang
Courtroom: 9C

**DECLARATION OF CLAYTON HOWARD**

I, Clayton Howard, declare as follows:

1. I am the plaintiff in this action and appear pro se. I am over the age of eighteen. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.
2. I submit this declaration to authenticate the documents attached hereto and to state facts relevant to Plaintiff's request for leave to amend. I do not offer it to supplement the allegations of the Fifth Amended Complaint, and I do not ask the Court to consider it in determining whether the Fifth Amended Complaint states a claim.

**EXHIBITS**

3. Attached as **Exhibit 1** is a true and correct copy of the certified transcript of the hearing held before this Court on July 22, 2026, on Defendants' motions to dismiss the Fourth Amended Complaint [Dkts. 88, 89]. The transcript was prepared by Exceptional Reporting Services, Inc., and certified on July 28, 2026. Citations in this declaration in the form "Tr. __:__" are to the page and line of that transcript.
4. Attached as **Exhibit 2** is a true and correct copy of my email receipt and the dkt entry confirmation, which reflects that I ordered the transcript of the July 22, 2026 hearing on an expedited basis on July 27, 2026.
5. Attached as **Exhibit 3** is a true and correct copy of my email dated July 24, 2026 to counsel for Defendants requesting a stipulation to extend the deadline to file an amended complaint so that I could review the transcript before amending. Counsel consented to the requested extension.
6. Attached as **Exhibit 4** is a true and correct copy of the proposed Sixth Amended Complaint referenced in Section VI of the accompanying Memorandum of Points and Authorities.

7. The Amended Judgment and the September 30, 2025 Opinion and Order denying the Rule 29 and Rule 33 motions in *United States v. Combs*, No. 1:24-cr-00542-AS (S.D.N.Y.), are already on the docket in this action at Dkts. 103 and 96 respectively. I have not attached duplicate copies.

## THE JULY 22, 2026 HEARING

8. I appeared at the July 22, 2026 hearing by videoconference from New Jersey. My audio and video connection failed repeatedly during the hearing.

9. Early in the hearing the Court advised me that it could not hear me, that my video was "going in and out," and that I was "going to need to find a different connection." Tr. 4:11, 4:14–15, 4:18–19. I stated on the record that I had lost my connection. Tr. 4:12–13.

10. Counsel for Defendants Sean Combs, CeOpco, LLC, and Bad Boy Entertainment, LLC presented oral argument. Tr. 6:19 *et seq.* I was unable to hear that argument.

11. I informed the Court of that fact on the record. I stated: "What I was trying to say is that I didn't hear the defendant's arguments, but I did read their documents." Tr. 13:4–6. I also stated that the connection had been "incredibly difficult" and that the Court would be "seeing me the next time in person for sure." Tr. 13:1–2.

12. The Court acknowledged this on the record before taking the motions under submission: "I understand Mr. Howard has indicated that he did not hear the argument." Tr. 15:23–25.

13. Counsel for Ms. Ventura did not present oral argument. Ms. Han stated: "I think we're okay, thank you, Your Honor. We'll leave it on submission." Tr. 16:1–2.

14. The Court gave oral direction concerning the pleading I was to file. The Court stated that "while I am inclined to give you leave to amend, you do

need to take a close look at the claims and the elements of the claims and take a look at what you have said previously," that "your next iteration, we've tried to provide you with a bit of a road map of the elements of the causes of action that you have set forth," and that I "need to take a close look and make sure that you are able to plausibly allege your claims consistent with your obligations under Rule 11." Tr. 16:9–19.

15. The Court further stated that its forthcoming order "does address the arguments regarding the fraud as to their true identity and the lack of any allegation as to — that would make that type of assertion sufficient to state a plausible claim," and that I was "going to need to address those issues, to the extent that you are going to amend." Tr. 18:2–9.

STEPS TAKEN BEFORE FILING THE FIFTH AMENDED COMPLAINT

16. The Court's written Order on the motions to dismiss [Dkt. 154] issued on July 23, 2026, the day after the hearing. It required that any amended complaint be filed within fourteen days.

17. I ordered the transcript of the July 22, 2026 hearing on an expedited basis on July 27, 2026 — five days after the hearing and four days after the Order issued. See Exhibit 2.

18. On July 24, 2026, I asked counsel for Defendants to stipulate to a fourteen-day extension of the deadline to file an amended complaint so that I could review the transcript before amending. Counsel consented. I nonetheless elected to file within the period the Court's Order allowed, rather than seek an extension of a deadline the Court itself had set. See Exhibit 3.

19. I filed the Fifth Amended Complaint on August 3, 2026, within the period set by the Court's July 23, 2026 Order.

EXHIBIT C TO THE FIFTH AMENDED COMPLAINT

20. Exhibit C to the Fifth Amended Complaint consists of three photographs that I took on my own mobile telephone and that were stored on that telephone: (a) an aerial photograph taken from an aircraft on December 16, 2016 at 2:18 p.m.; (b) a photograph of a hotel room interior taken on December 18, 2016 at 2:58 a.m.; and (c) a photograph of an interior corridor taken on December 18, 2016 at 3:51 a.m. The date and time overlays reproduced in Exhibit C are the metadata recorded by the telephone.

21. The accommodations at the Miami Beach hotel consisted of connecting suites. I occupied one room. Ms. Ventura and Mr. Combs occupied the adjoining suite, which connected to the room I occupied. This arrangement was used on other occasions during my engagements with Defendants as well.

22. I arrived at the hotel on December 18, 2016 at approximately 2:58 a.m. and went into my own room. I took the photograph identified in paragraph 20(b) at that time, in order to show Ms. Ventura that I had arrived. The bags and clothing visible in that photograph are my own. I took the photograph identified in paragraph 20(c), of the interior corridor, at 3:51 a.m.

23. I remained in my own room, waiting, for a period of less than one hour. On other occasions during my engagements with Defendants I was likewise made to wait before an encounter began. Both of the photographs identified in paragraphs 20(b) and 20(c) were taken in or from my own room, before I entered the suite occupied by Ms. Ventura and Mr. Combs. Neither photograph depicts that suite.

24. I then crossed from my own room into the suite occupied by Ms. Ventura and Mr. Combs. Upon my entry into their suite, Defendants took possession of my clothing, my identification, and my mobile telephone. That entry is the entry alleged at paragraph 76 of the Fifth Amended Complaint. The

taking occurred before any sexual activity took place, and I did not have my clothing, my identification, or my telephone in my possession at any time thereafter during the encounter, until Defendants returned them.

25. I offer paragraphs 20 through 24 to authenticate Exhibit C and to state the circumstances in which the photographs were taken. Exhibit C is consistent with paragraphs 76 through 80 of the Fifth Amended Complaint: the photographs were taken in my own room before I entered Defendants' suite. I do not offer these paragraphs to supplement the allegations of the Fifth Amended Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2026, in Carteret, New Jersey.

Clayton Howard

Clayton Howard
Plaintiff, Pro Se