Clayton Howard
24 Orchard Street
Carteret, New Jersey 07008
(929) 781-7791
itsclaytonhoward@gmail.com
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

CLAYTON HOWARD,
*Plaintiff*,
v.
SEAN COMBS;
CASANDRA VENTURA;
BAD BOY ENTERTAINMENT, LLC; and
CeOPCO, LLC,
*Defendants*,

Case No. 2:25-cv-06031-AH-DMKx

Underlying Motion (Dkt. 162):
October 21, 2026, 1:30 p.m
Courtroom 9C
Hon. Anne Hwang
[No hearing requested; L.R. 7-19]

**PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE A SUR-REPLY LIMITED TO NEW MATTERS RAISED IN DEFENDANTS' REPLY (DKT. 169); MEMORANDUM OF**

## POINTS AND AUTHORITIES

**[Filed concurrently with Declaration of Clayton Howard; Declaration Regarding Use of Artificial Intelligence; and [Proposed] Order]**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, under Local Rules 7-10 and 7-19 and Section G.10 of the Court's Civil Standing Order, Plaintiff Clayton Howard, appearing pro se, applies ex parte for an order granting leave to file a sur-reply, not to exceed five (5) pages, limited to two arguments, and one item of material outside the pleadings, raised for the first time in the Reply of Defendants Sean Combs, CeOpco, LLC, and Bad Boy Entertainment LLC (Dkt. 169, filed October 7, 2026) in support of their Motion to Dismiss the Fifth Amended Complaint (Dkt. 162). The proposed sur-reply is attached as Exhibit 1 to the concurrently filed Declaration of Clayton Howard ("Howard Decl.").

This Application is based on this Notice, the Memorandum of Points and Authorities below, the Howard Declaration and its exhibit, the Declaration Regarding Use of Artificial Intelligence, the [Proposed] Order lodged herewith, the records and files of this action, and any further matter the Court may consider.

**Notice under L.R. 7-19.1.** On October 9, 2026, at approximately 2:44 p.m. Pacific Time, Plaintiff orally advised Jonathan D. Gottlieb, counsel for Defendants Combs, CeOpco, and Bad Boy Entertainment, of the date and substance of this Application. Mr. Gottlieb asked that Plaintiff wait until Tuesday, October 13, 2026, so that he could confer with his client. On October 14, 2026, Mr. Gottlieb stated by telephone that those Defendants oppose the Application. On October 8, 2026, Plaintiff emailed Melodie Han, counsel for Defendant Casandra Ventura, notice of the date and substance of this Application and of his intent to call her. Ms. Han responded by email that a call was unnecessary and that Ms. Ventura

takes no position on the Application. Howard Decl. ¶¶ 5–6. Under Standing Order § G.10, Plaintiff is serving this Application by email and has notified all counsel that any opposition must be filed not later than forty-eight (48) hours following service or by 3:00 p.m. on the first court day after service, whichever is later. Howard Decl. ¶ 7.

**Counsel for the opposing parties (L.R. 7-19).**

a) For Defendants Sean Combs, CeOpco, LLC, and Bad Boy Entertainment LLC: Michael Schonbuch and Jonathan D. Gottlieb, Schonbuch Hallissy LLP, 11999 San Vicente Boulevard, Suite 300, Los Angeles, CA 90049; (310) 556-7900; schonbuch@schonbuchhallissy.com; gottlieb@schonbuchhallissy.com.

b) For Defendant Casandra Ventura: Melodie han, Meredith Firetog, and Douglas Wigdor, Wigdor LLP, 85 Fifth Avenue, Fifth Floor, New York, NY 10003; (212)257-6800; dwigdor@wigdorlaw.com; mhan@wigdorlaw.com ; mfiretog@wigdorlaw.com

Dated: October 14, 2026,

Respectfully submitted,

/s/ Clayton Howard
Clayton Howard
Plaintiff, Pro Se

**Clayton Howard**
24 Orchard Street
Carteret, New Jersey 07008
(929)781-7791
itsclaytonhoward@gmail.com
Plaintiff, Pro se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| CLAYTON HOWARD,<br>*Plaintiff*,<br>v.<br>SEAN COMBS;<br>CASANDRA VENTURA;<br>BAD BOY ENTERTAINMENT, LLC; and<br>CeOPCO, LLC,<br>*Defendants*, | Case No. 2:25-cv-06031-AH-DMKx |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendants' Reply asks the Court to dismiss every claim with prejudice and to deny leave to amend. Reply 12. In doing so, it advances two arguments against Count I that do not appear in the Motion and that Plaintiff's Opposition therefore had no occasion to answer: (1) that Cal. Penal Code § 778a cannot inform a claim under Cal. Civ. Code § 52.5, citing *People v. Betts*, 34 Cal. 4th 1039 (2005), Cal.

Civ. Proc. Code § 32, Cal. Penal Code § 9, and a C.D. Cal. decision, *Scosche Industries* (Reply 4–5); and (2) that Count I fails Rule 8 because it does not name the § 236.1(b) predicate offense, and that Cal. Penal Code § 266i does not reach the conduct alleged, citing *Fortaleza*, *Sapien*, *People v. Campbell*, and *People v. Zambia* (Reply 5–6). The Reply also relies on a YouTube video outside the pleadings. Reply 2 n.2.

None of these authorities, and none of this material, appears in the Motion. Howard Decl. ¶ 3. Plaintiff asks only for a short, targeted response. The proposed sur-reply is attached, does not exceed five pages, and does not revisit any argument already briefed.

## II. BACKGROUND

Defendants filed the Motion on August 24, 2026. Dkt. 162. Plaintiff filed his Opposition on September 4, 2026. Dkt. 165. On its own motion the Court continued the hearing to October 21, 2026. Dkt. 168. Defendants filed their Reply on October 7, 2026, fourteen days before the hearing. Dkt. 169. The Court previously granted Plaintiff leave to file sur-replies to Defendants' replies on the motions directed at the Fourth Amended Complaint. Dkt. 153.

## III. LEGAL STANDARD

Plaintiff is aware that "Absent prior written order of the Court, the opposing party shall not file a response to the reply." L.R. 7-10. Also, ex parte applications are "solely for extraordinary relief and should be used with discretion." Civil Standing Order § G.10 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)). The applicant must show, first, "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and second, that it "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power*, 883 F. Supp. at 492. A district court "need not consider arguments raised for the first time in a reply brief." *Zamani v.*

*Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Where the Court may be inclined to consider them, a short sur-reply gives the non-moving party the opportunity to respond. The same is true of new evidence offered in a reply: the court "should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

## IV. ARGUMENT

### A. Plaintiff Will Be Prejudiced Without the Opportunity to Respond.

The new arguments go to the heart of the Motion. Both are directed at Count I against Mr. Combs, a claim this Court sustained on the prior pleading. Dkt. 154 at 13–15. The Reply asks that Count I be dismissed with prejudice and without leave to amend. Reply 12. If the Court were to rely on either new argument, Plaintiff would lose a claim on grounds he never had the opportunity to address. That prejudice cannot be cured by a noticed motion, which could not be heard before the October 21 hearing. L.R. 6-1. Nor is oral argument an adequate substitute. The Court may decide the Motion without a hearing, L.R. 7-15, and a statutory argument that turns on *Betts* and the text of §§ 52.5, 236.1, 266i, and 778a is more efficiently answered in a few pages the Court can read before the hearing than from the lectern.

### B. Plaintiff Is Without Fault.

The need for this Application arises from the content and timing of the Reply, the last brief the Local Rules contemplate, filed fourteen days before the hearing. Plaintiff could not have answered arguments and authorities that first appeared in it. Plaintiff gave defense counsel oral notice of this Application two days after the Reply was filed, and he delayed filing at counsel's request so that counsel could confer with his client. Howard Decl. ¶ 5. Plaintiff is separately and concurrently applying to substitute a revised proposed Sixth Amended Complaint for the one submitted with his Opposition; each application stands on its own.

**C.The Matters Are New, and the Proposed Sur-Reply Is Narrow.**

Each matter the sur-reply addresses is new. The Motion argued only that § 236.1 requires an intent to obtain forced labor (Mot. 8); it made no Rule 8 argument as to Count I and did not mention § 266i. It cited none of *Betts*, *Scosche*, *Fortaleza*, *Sapien*, *Campbell*, or *Zambia*. Howard Decl. ¶ 3. The Reply's § 778a argument responds to Section III of the Opposition, but it does so with new authority and a new legal theory, that § 778a is a criminal-jurisdiction rule that a civil claim cannot borrow, to which Plaintiff has not had an opportunity to respond. The video cited in Reply footnote 2 appears nowhere in the Motion or the pleadings. *Id.*

The proposed sur-reply is attached in full, does not exceed five pages, and addresses only these matters. Plaintiff has chosen not to seek leave on other points in the Reply. The sur-reply does not restate the Opposition, raise new claims, or offer new evidence. In objecting to footnote 2, it notes briefly that the Reply's characterizations of Plaintiff are not allegations and do not answer the claims; it does not otherwise respond to them. Granting leave will not delay the October 21 hearing. Plaintiff asks leave to file the sur-reply within two court days of the Court's order.

## V. CONCLUSION

Plaintiff respectfully requests that the Court grant leave to file the sur-reply attached as Exhibit 1 to the Howard Declaration, not to exceed five pages, within two court days of the Court's order.

Dated: October 14, 2026,

Respectfully submitted,

/s/ Clayton Howard
Clayton Howard
Plaintiff, Pro Se

**CERTIFICATE OF COMPLIANCE**

The undersigned, Plaintiff appearing pro se, certifies that this memorandum contains 1,121 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 14, 2026

/s/ Clayton Howard
Clayton Howard
Plaintiff, Pro Se