Clayton Howard
24 Orchard Street
Carteret, New Jersey 07008
(929) 781-7791
itsclaytonhoward@gmail.com
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| CLAYTON HOWARD,<br>*Plaintiff*,<br>v.<br>SEAN COMBS;<br>CASANDRA VENTURA;<br>BAD BOY ENTERTAINMENT, LLC; and<br>CeOPCO, LLC,<br>*Defendants*, | Case No. 2:25-cv-06031-AH-DMKx |

Hearing: October 21, 2026
Time: 1:30 p.m.
Courtroom: 9C
Judge: Hon. Anne Hwang

**PLAINTIFF'S [PROPOSED] SUR-REPLY IN OPPOSITION TO DEFENDANTS SEAN COMBS, CeOPCO, LLC, AND BAD BOY ENTERTAINMENT LLC'S MOTION TO DISMISS THE FIFTH AMENDED COMPLAINT**

Plaintiff Clayton Howard submits this sur-reply pursuant to the Court's Order granting leave. It addresses only two arguments, and one item of material outside the pleadings, that first appeared in Defendants' Reply (Dkt. 169) and not in their Motion (Dkt. 162-1).

## I. Section 52.5 Adopts the Penal Code's Definition, and *Betts* Confirms That § 778a Defines Its Reach.

The Reply argues that § 778a is a criminal jurisdiction statute that cannot be "import[ed]" into a civil claim. Reply 4 (citing *People v. Betts*, 34 Cal. 4th 1039 (2005); Cal. Civ. Proc. Code § 32; Cal. Penal Code § 9). The CTVPA answers that point in its first sentence. The civil action belongs to "[a] victim of human trafficking, as defined in Section 236.1 of the Penal Code." Cal. Civ. Code § 52.5(a). The question is therefore not whether a criminal remedy can enlarge a civil one. It is what conduct the Penal Code definition that § 52.5 adopts covers.

*Betts* answers that question. The Supreme Court of California explained that the words of §§ 27 and 778a "are appropriate for specifying the circumstances under which California penal laws will apply to criminal activity that spans more than one state." *Betts*, 34 Cal. 4th at 1053. The passage the Reply cites held only that these provisions establish jurisdiction rather than elements a criminal jury must find. *Id.* at 1052–53. It did not hold that § 778a is irrelevant to the reach of § 236.1. Where a civil claim is defined by a Penal Code offense, the provisions that say when that offense reaches multistate conduct measure what the definition covers. Code of Civil Procedure § 32 and Penal Code § 9 preserve civil remedies alongside criminal ones (Reply 4); neither narrows a civil remedy or addresses territorial reach.

*Scosche Industries*, also cited for the first time in the Reply (Reply 5), found § 778a inapplicable because no act occurred in California. This pleading is different. Count I as to Mr. Combs rests in part on his "procuring Plaintiff's interstate transportation for commercial sex." 5AC ¶ 97. That transportation

included travel to Los Angeles invoiced on Bad Boy Entertainment letterhead (¶ 35) and the October 7, 2014 JFK-to-LAX trip (¶ 66 & Ex. A). Ms. Ventura, who is alleged to have resided in California, personally recruited, paid, and directed the Plaintiff (¶ 10). *See* Opp. § III. Those are acts "within this state in execution or part execution of" the venture. Cal. Penal Code § 778a(a).

## II. Count I Gives Fair Notice, and § 266i Reaches the Conduct Alleged.

The Motion made no Rule 8 argument about Count I; it argued only that § 236.1 requires an intent to obtain forced labor. Mot. 8. The Reply now argues that Plaintiff failed to name the § 236.1(b) predicate. Reply 5–6. The district court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). And federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). Defendants understood Count I well enough to brief § 236.1 on the merits twice, and this Court sustained the same claim against Mr. Combs on the prior pleading. Dkt. 154 at 13–15.

To remove any doubt, the predicate is pandering under Penal Code § 266i(a)(1) and (a)(6). Subdivision (a)(1) reaches one who "[p]rocures another person for the purpose of prostitution." Subdivision (a)(6) reaches one who "[r]eceives or gives, or agrees to receive or give, any money or thing of value for procuring, or attempting to procure, another person for the purpose of prostitution, or to come into this state or leave this state for the purpose of prostitution."

The Reply says § 266i "has nothing to do with hiring a prostitute." Reply 6. The 5AC does not allege that Mr. Combs hired Plaintiff for himself. It alleges that he directed and controlled the encounters and procured Plaintiff's interstate transportation for commercial sex (¶ 97), through travel arranged by his company (¶ 32) and invoiced on BBE letterhead (¶ 35), including travel into California (¶ 66). Procuring a person for commercial sex with a third person, and paying for that

procurement and for the person's travel into this State, is what subdivisions (a)(1) and (a)(6) describe. That Plaintiff was already "a paid male companion" (¶ 1) does not matter. The revised proposed Sixth Amended Complaint, lodged with Plaintiff's concurrently filed application, names these predicates and pleads Mr. Combs's own acts in California. Rev. Prop. 6AC ¶ 93E.

The Reply's own authority holds that "another person" in subdivision (a)(1) "encompass[es] both prostitutes and nonprostitutes," and in subdivision (a)(6) "applies to any victim, regardless whether that victim is already acting as a prostitute." *People v. Zambia*, 51 Cal. 4th 965, 977–78 (2011). The statutory purpose the Reply quotes from *Zambia* is the sentence that concludes that analysis. *Id.* at 978.

### III. Footnote 2 and the Reply's Characterizations of Plaintiff Are Not Part of the Pleading.

Reply footnote 2 cites a YouTube video. The video is not part of the 5AC and did not appear in the Motion. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). And where new evidence is offered for the first time in a reply, the court "should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). The footnote also quotes Plaintiff's own filing in this action (Dkt. 110). The Court may notice that the filing exists, but it may not use the filing to resolve disputed facts against the pleading. *Khoja*, 899 F.3d at 999. The Court should disregard footnote 2.

The Reply also calls Plaintiff a "prostitute" throughout and treats that label as a reason the alleged coercion is implausible. Reply 1–3, 6–7. A characterization in a brief is not an allegation. On this Motion the Court accepts "factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to

the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nor does the label answer the claims. Section 1591 is directed at causing a person to engage in a "commercial sex act," which by definition is a sex act "on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(a), (e)(3). The 5AC itself pleads that Plaintiff was paid (¶ 1). Being paid for an encounter is not consent to what the 5AC alleges was done to him once it began, including the surrender of his identification and phone on entry. 5AC ¶¶ 22, 76. The Court sustained Plaintiff's CTVPA and TVPRA claims against Mr. Combs on the prior pleading. Dkt. 154 at 13–15. Lastly, Mr. Combs was convicted of two (2) counts of violations to the Mann Act 18 U.S.C.§ 2421(a), which is the transportation portion of the act. Defense counsels attempt to disregard Plaintiff as one (1) of nine (9) named victims of Mr. Combs is psychotic, not Plaintiff as the victim of counsels client attempting to seeking justice for wrongs verified within a federal criminal prosecution. Plaintiff does not otherwise respond to the Reply's language.

**CONCLUSION**

For these reasons and those in the Opposition (Dkt. 165), Plaintiff respectfully requests that the Court deny the Motion or, in the alternative, grant leave to amend consistent with the revised proposed Sixth Amended Complaint.

Dated: October 14, 2026

Respectfully submitted,

Clayton Howard

/s/ Clayton Howard

Clayton Howard

Plaintiff, Pro Se

**CERTIFICATE OF COMPLIANCE**

The undersigned, Plaintiff appearing pro se, certifies that this sur-reply contains 1,232 words, which complies with the word limit of L.R. 11-6.1, and does not exceed the five (5) pages permitted by the Court's Order granting leave.

Dated: October 14, 2026

/s/ Clayton Howard
Clayton Howard
Plaintiff, Pro Se