Clayton Howard
24 Orchard Street
Carteret, New Jersey 07008
(929) 781-7791
itsclaytonhoward@gmail.com
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| CLAYTON HOWARD,<br>Plaintiff,<br>v.<br>SEAN COMBS;<br>CASANDRA VENTURA;<br>BAD BOY ENTERTAINMENT, L.L.C.;<br>CEOPCO, L.L.C.,<br>Defendants, | Case No. 2:25-cv-06031-AH-DMKx |

**PLAINTIFF'S UNOPPOSED EX PARTE APPLICATION FOR LEAVE TO APPEAR BY VIDEOCONFERENCE AT THE OCTOBER 21, 2026 HEARING; MEMORANDUM OF POINTS AND AUTHORITIES**

[Filed concurrently with Declaration of Clayton Howard and Exhibits A–C; [Proposed] Order; Declaration Regarding Use of Artificial Intelligence]

Hearing: October 21, 2026, 1:30 p.m.
Courtroom 9C
Hon. Anne Hwang

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Clayton Howard, appearing pro se, applies ex parte under Local Rule 7-19 and Section G.10 of this Court's Standing Order for Civil Cases for an order granting him leave to appear by videoconference at the October 21, 2026, 1:30 p.m. hearing on (1) the Motion to Dismiss the Fifth Amended Complaint filed by Defendants Sean Combs, Bad Boy Entertainment, L.L.C., and CeOpco, L.L.C. (Dkt. 162), and (2) the Motion to Dismiss filed by Defendant Casandra Ventura (Dkt. 163).

Good cause exists because Plaintiff has a knee injury, a possible meniscus tear that is under ongoing treatment, and his treating physician has stated in writing that a prolonged flight would greatly aggravate it. **This Application is unopposed.** Counsel for the Combs Defendants and counsel for Defendant Ventura each stated in writing on October 14, 2026 that they do not oppose Plaintiff's remote appearance. Plaintiff asks for a video appearance, not a telephonic one, and he has taken specific steps to prevent a repeat of the connection problems he experienced at the July 22, 2026 hearing.

This Application is based on this Notice, the Memorandum of Points and Authorities below, the concurrently filed Declaration of Clayton Howard and its exhibits, the records on file in this action, and any further matter the Court may consider.

## NAME AND CONTACT INFORMATION OF OPPOSING COUNSEL (L.R. 7-19)

**Counsel for Defendants Sean Combs, Bad Boy Entertainment, L.L.C., and CeOpco, L.L.C.:**

Michael Schonbuch, Esq.; Jonathan D. Gottlieb, Esq.

Schonbuch Hallissy LLP, 11999 San Vicente Boulevard, Suite 300, Los Angeles, California 90049

Tel.: (310) 556-7900; schonbuch@schonbuchhallissy.com; gottlieb@schonbuchhallissy.com

**Counsel for Defendant Casandra Ventura:**
Meredith Firetog, Esq.; Melodie Han, Esq.; Douglas H. Wigdor, Esq.
Wigdor LLP, 85 Fifth Avenue, New York, New York 10003
Tel.: (212) 257-6800; mfiretog@wigdorlaw.com; mhan@wigdorlaw.com; dwigdor@wigdorlaw.com

## STATEMENT OF NOTICE AND POSITIONS OF THE PARTIES (L.R. 7-19.1)

On October 13, 2026, Plaintiff emailed counsel for all Defendants, described the relief sought in this Application and the reason for it, and asked each Defendant to state whether it consents, opposes, or takes no position. (Howard Decl. ¶ 6.) On October 14, 2026, Jonathan D. Gottlieb, counsel for the Combs Defendants, responded: "That's fine." (Id. ¶ 7 & Ex. A.) Minutes later, Meredith Firetog, counsel for Defendant Ventura, responded: "Defendant Ventura also does not oppose." (Id. ¶ 8 & Ex. B.) **No party opposes this Application.**

Concurrently with filing, Plaintiff is serving this Application, the supporting Declaration, and the [Proposed] Order on all counsel of record by email, and is notifying them, under Standing Order § G.10, that any opposition must be filed within forty-eight hours of service or by 3:00 p.m. on the first court day after service, whichever is later. (Howard Decl. ¶ 15.)

## MEMORANDUM OF POINTS AND AUTHORITIES

# I. INTRODUCTION

Plaintiff asks for one thing: leave to argue the October 21, 2026 motions by video rather than flying from New Jersey to Los Angeles on an injured knee. His physician has stated in writing that he has a possible meniscus tear causing "extreme pain, swelling, and difficulty walking," and that "prolonged flights with his knee bent would greatly aggravate the injury." (Howard Decl. Ex. C.) Every Defendant has said in writing that it does not oppose. The Court has already permitted remote appearances in this case for this same pair of motions, including by counsel for Defendant Ventura (Oct. 9, 2026), and it granted Plaintiff's unopposed request to appear by video at the July 22, 2026 hearing (Dkt. 152).

Plaintiff also addresses the Court's legitimate concern directly. At the July 22, 2026 hearing, Plaintiff's connection failed, and he could not hear portions of the proceeding. He takes responsibility for that. He describes below the specific steps he has taken so that it does not happen again, and he asks for a pre-hearing connection test with the Courtroom Deputy at the Court's convenience.

# II. GOOD CAUSE SUPPORTS A VIDEO APPEARANCE

## A. Plaintiff's Injury Makes Cross-Country Air Travel Medically Inadvisable.

This Court's Standing Order states that remote appearances are disfavored "absent good cause shown." A documented medical condition that prevents a party from traveling is good cause. Plaintiff resides in New Jersey, approximately 2,800 miles from the courthouse. (Howard Decl. ¶ 2.) He has a knee injury under active treatment, a possible meniscus tear, that causes extreme pain, swelling, and difficulty walking. (Id. ¶¶ 3–5 & Ex. C.) His treating physician, Yvonne Hanna, M.D., stated in an October 14, 2026 letter that "prolonged flights with his knee bent would greatly aggravate the injury." (Id. Ex. C.) A procedure on the knee was scheduled for October 13, 2026 but did not go forward, and [it has not yet been

rescheduled / it is now scheduled for October 26, 2026. (Id. ¶ 5.) Requiring a cross-country round trip in the week of the hearing would risk aggravating the injury against medical advice.

Plaintiff did not create this situation and did not delay in raising it. He asked counsel for their positions the day the scheduled procedure fell through, and he files this Application one week before the hearing, as soon as he had both counsel's responses and his physician's letter. (Id. ¶¶ 5–9.) See *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (ex parte relief appropriate where the moving party would be prejudiced absent prompt relief and is without fault in creating the need for it).

**B. The Application Is Unopposed, and No Party Will Be Prejudiced.**

Counsel for all Defendants have stated in writing that they do not oppose. (Howard Decl. Exs. A, B.) A video appearance will not delay the hearing, change the briefing, or alter the format of argument. Counsel for Defendant Ventura has already been permitted to appear remotely at the same hearing, so the hearing will already be conducted, at least in part, by videoconference.

**C. Plaintiff Has Taken Concrete Steps to Prevent a Repeat of the July 22 Connection Problems.**

Plaintiff acknowledges that at the July 22, 2026 hearing, which he attended by Zoom under Dkt. 152, his connection was unreliable and he was unable to hear portions of the proceeding, including portions of the Court's tentative ruling and defense counsel's argument. (Howard Decl. ¶ 10.) For the October 21, 2026 hearing, Plaintiff has taken the following measures (id. ¶ 11):

1) He will connect by a wired (Ethernet) internet connection rather than Wi-Fi;

2) He will have a second device on a separate cellular data connection, logged in and ready to rejoin immediately if the primary connection drops;

3) He will use a headset with a dedicated microphone, in a quiet, private room;

4) He has updated his videoconferencing software and tested his audio and video in advance; and

5) He will join at least thirty minutes before the hearing and will follow any instructions from the Courtroom Deputy.

Plaintiff also respectfully requests the opportunity to conduct a brief connection test with the Courtroom Deputy before the hearing, at whatever time is convenient for the Court. If, despite these measures, Plaintiff's video connection fails during the hearing, he will immediately notify the Courtroom Deputy by email and rejoin by the backup device.

## III. CONCLUSION

Plaintiff respectfully requests that the Court grant this unopposed Application and enter the concurrently lodged [Proposed] Order permitting him to appear by videoconference at the October 21, 2026 hearing.

Dated: October 14, 2026

Respectfully submitted,

Clayton Howard

CLAYTON HOWARD

Plaintiff, Pro Se