Clayton Howard
24 Orchard Street
Carteret, New Jersey 07008
(929) 781-7791
itsclaytonhoward@gmail.com
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

CLAYTON HOWARD,
*Plaintiff*,
v.
SEAN COMBS;
CASANDRA VENTURA;
BAD BOY ENTERTAINMENT, L.L.C.;
CEOPCO, L.L.C.,
*Defendants*,

Case No. 2:25-cv-06031-AH-DMKx

**DECLARATION OF CLAYTON HOWARD IN SUPPORT OF UNOPPOSED EX PARTE APPLICATION FOR LEAVE TO APPEAR BY VIDEOCONFERENCE AT THE OCTOBER 21, 2026 HEARING**

Hearing: October 21, 2026, 1:30 p.m.
Courtroom 9C
Hon. Anne Hwang

I, Clayton Howard, declare as follows:

1. I am the Plaintiff in this action and am appearing pro se. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them. I submit this declaration in support of my Unopposed Ex Parte Application for Leave to Appear by Videoconference at the October 21, 2026 hearing on the Motions to Dismiss the Fifth Amended Complaint (Dkts. 162, 163).

2. I reside in New Jersey, approximately 2,800 miles from the courthouse in Los Angeles. The address listed on my physicians note is that of my grandmother who lives close to the office, and whom I had doctors mail a hard copy to me there.

3. I have an injury to my knee. My treating physician has diagnosed a possible meniscus tear. The injury causes me extreme pain, swelling, and difficulty walking.

4. On October 14, 2026, my physician, Yvonne Hanna, M.D., of AdvantageCare Physicians, issued a letter stating that I have "a possible mensicus [sic] tear which is causing him extreme pain, swelling, and difficulty walking," and that "[i]t is my medical opinion that prolonged flights with his knee bent would greatly aggravate the injury." A true and correct copy of that letter is attached as **Exhibit C**. Under Federal Rule of Civil Procedure 5.2(a), I have redacted my date of birth (except the year) and my medical record number.

5. I am under ongoing treatment for this injury. A procedure on my knee was scheduled for October 13, 2026. That procedure did not go forward on that date, and it is now scheduled for October 26, 2026. Traveling to Los Angeles requires a flight of roughly five to six hours each way, which my physician has advised would greatly aggravate the injury.

6. On the evening of October 13, 2026, I emailed counsel for all Defendants (Melodie Han and Meredith Firetog of Wigdor LLP for Defendant Ventura; Jonathan D. Gottlieb and Michael Schonbuch of Schonbuch Hallissy LLP for Defendants Combs, Bad Boy Entertainment, L.L.C., and CeOpco, L.L.C.), explained that my knee condition made cross-country travel impracticable before the hearing, stated that I intended to ask the Court for leave to appear remotely, and asked each Defendant to state whether it consents, opposes, or takes no position.

7. On October 14, 2026, at 12:16 p.m. Eastern Time, Mr. Gottlieb responded on behalf of the Combs Defendants: "That's fine." A true and correct copy of that email is attached as **Exhibit A**.

8. On October 14, 2026, at 12:21 p.m. Eastern Time, Ms. Firetog responded on behalf of Defendant Ventura: "Defendant Ventura also does not oppose." A true and correct copy of that email is attached as **Exhibit B**.

9. Later on October 14, 2026, in the same email thread, Ms. Firetog wrote that Defendant Ventura "will oppose your ex parte application." That statement responded to my separate message about a different application regarding the order to show cause seeking leave to substitute the proposed 6AC, not to this request for a remote appearance. No Defendant has told me that it opposes my appearing by videoconference.

10. I appeared by Zoom at the July 22, 2026 hearing under the Court's order at Dkt. 152. During that hearing my connection was unreliable, and I was unable to hear portions of the proceeding, including portions of the Court's tentative ruling and defense counsel's argument. I take responsibility for that, and I have taken steps to ensure it does not happen again.

11. For the October 21, 2026 hearing, I have done the following: (a) I will connect through a wired (Ethernet) internet connection rather than Wi-Fi; (b) I will have a second device, on a separate cellular data connection, logged in and ready

to rejoin immediately if my primary connection drops; (c) I will use a headset with a dedicated microphone in a quiet, private room; (d) I have updated my videoconferencing software and tested my audio and video; and (e) I will join at least thirty minutes before the hearing. I am also available for a connection test with the Courtroom Deputy at any time convenient to the Court.

12. The Court previously permitted counsel for Defendant Ventura to appear remotely at the October 21, 2026 hearing, entered October 9, 2026). On October 7, 2026, I told counsel that I had no objection to that request.

13. I request a videoconference appearance, not a telephonic appearance. This request is limited to the October 21, 2026 hearing. I am not asking for leave to appear remotely at any other proceeding.

14. I bring this request by ex parte application because the hearing is one week away, which does not allow a regularly noticed motion under Local Rule 6-1.

15. Concurrently with filing, I am serving this declaration, the Application, and the [Proposed] Order on all counsel of record by email and notifying them of the opposition deadline in Standing Order § G.10. I am also emailing a Word version of the [Proposed] Order to AH_chambers@cacd.uscourts.gov, and Yolanda_skipper@cacd.uscourts.gov and delivering a chambers copy as required by Standing Order § E.4.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 14*, 2026, at Carteret, New Jersey*.

Clayton Howard

CLAYTON HOWARD

# INDEX OF EXHIBITS

Exhibit A — Email from Jonathan D. Gottlieb (Schonbuch Hallissy LLP), October 14, 2026, 12:16 p.m. ET ("That's fine.")

Exhibit B — Email from Meredith Firetog (Wigdor LLP), October 14, 2026, 12:21 p.m. ET ("Defendant Ventura also does not oppose.")

Exhibit C — Letter of Yvonne Hanna, M.D., AdvantageCare Physicians, October 14, 2026 (redacted under Fed. R. Civ. P. 5.2(a))