Clayton Howard
24 Orchard Street
Carteret, New Jersey 07008
(929) 781-7791
itsclaytonhoward@gmail.com
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| CLAYTON HOWARD,<br>*Plaintiff*,<br><br>v.<br><br>SEAN COMBS;<br>CASANDRA VENTURA;<br>BAD BOY ENTERTAINMENT, LLC; and<br>CeOpco, LLC<br>(f/k/a Combs Enterprises, LLC,<br>d/b/a Combs Global),<br>*Defendants*, | Case No. 2:25-cv-06031-AH-DMKx |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

With his oppositions, Plaintiff submitted a proposed Sixth Amended Complaint so that the Court could evaluate an actual amendment rather than a

description of one. Since then, Defendants have filed their replies (Dkts. 169, 171), and Plaintiff has reviewed Exhibit 1 against the trial record of *United States v. Combs* and against his own recollection. That review showed that Exhibit 1 should be corrected and narrowed before the Court relies on it. Plaintiff asks only that the Court assess leave to amend on the corrected version.

## II. BACKGROUND

Defendants' Motions to Dismiss the Fifth Amended Complaint (Dkts. 162, 163) are set for hearing on October 21, 2026 (Dkt. 168). Plaintiff opposed both and submitted Exhibit 1, dated September 1, 2026, in support of his alternative request for leave to amend. Defendants filed their replies on October 7, 2026 (Dkts. 169, 171). Plaintiff then prepared the Revised Proposed 6AC. Howard Decl. ¶¶ 2–4.

The Revised Proposed 6AC does four things. First, it **narrows the case**: it withdraws the Third Cause of Action (Cal. Code Civ. Proc. § 340.16) as to all Defendants, and it limits the Fourth Cause of Action (N.Y. Soc. Serv. Law § 483-bb) to Mr. Combs. Second, it **corrects** statements in Exhibit 1: it restates the December 2016 Miami allegations to conform to Plaintiff's recollection, including by removing the allegation that he was confined for approximately twelve hours (¶¶ 76–81, 102); it removes allegations that Mr. Combs's security personnel took Plaintiff's belongings (¶¶ 37, 38B); and it identifies the hotel and the payment for the March 2016 encounter from the trial record (¶¶ 36, 49, 104C). Third, it **adds dated, defendant-specific facts** of the kind the Court's July 23, 2026 Order called for (Dkt. 154 n.23), including a September 2016 New York encounter that Ms. Ventura ended and for which Mr. Combs paid Plaintiff (¶ 74A), a December 2019 encounter (¶ 8A), and the corporate staff's arrangements for the March 2016 encounter (¶ 104C). Fourth, it **pleads in the complaint itself** the theories that previously appeared only in briefing, including joint-venture and single-enterprise

allegations (¶¶ 38D, 88A–88I) and California-situs facts responsive to the replies (¶ 93E). Howard Decl. ¶ 4; App. A.

## III. ARGUMENT

### A. The standard for ex parte relief is met.

Ex parte relief is appropriate where (1) the moving party's cause will be irreparably prejudiced if the underlying request is heard according to regular noticed-motion procedures, and (2) the moving party is without fault in creating the crisis that requires ex parte relief, or the crisis occurred as a result of excusable neglect. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); Civil Standing Order § G.10.

**Prejudice.** A noticed motion filed now could not be heard until November 18, 2026, four weeks after the hearing on the Motions to Dismiss. L.R. 6-1. At that hearing the Court will decide whether further amendment would be futile, and it has already denied leave where a plaintiff had not shown what an amendment would add. Dkt. 154 nn.7, 9; *see Foman v. Davis*, 371 U.S. 178, 182 (1962). If the Court decides that question on Exhibit 1, it will be deciding it on a version Plaintiff has since corrected and narrowed, and a dismissal without leave could not be cured by a later motion. Plaintiff also may not "later advocat[e]" at the hearing factual contentions he has concluded should be corrected. Fed. R. Civ. P. 11(b).

**No fault.** The replies were filed fourteen days before the hearing. The Reply of Defendant Combs, BBE, and CeoPco, LLC raised arguments not made in the opening motions, including that Penal Code § 778a cannot supply a California situs for a civil claim (Dkt. 169). Plaintiff, who is not represented by counsel, reviewed Exhibit 1 promptly after the replies and brings this Application within 6 days of them. Howard Decl. ¶¶ 3–5.

**B. Defendants will not be prejudiced.**

The Application changes no deadline and adds no briefing. The revision narrows what Defendants must defend: one cause of action is withdrawn entirely, and another is limited to a single Defendant. Because every original paragraph keeps its number and Appendix A shows each change, Defendants can address the revision at the hearing without new research into a reorganized pleading. Plaintiff does not object to the Court permitting Defendants a short written response. Leave to amend is to be granted with "extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam), and that policy is served by deciding leave on the amendment Plaintiff would actually file.

**C. This Application is not a sur-reply.**

This Application presents no argument on the merits of the Motions. Plaintiff's request for leave to answer the new matters raised in the Combs Defendants' Reply (Dkt. 169) is made in a separate, concurrently filed ex parte application under L.R. 7-10, and each application stands on its own. This Application asks only to substitute the proposed pleading that the Court will use to evaluate Plaintiff's alternative request for leave to amend.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court grant the Application, accept the Revised Proposed 6AC in substitution for Exhibit 1 for purposes of the pending Motions, and, if leave to amend is granted, permit Plaintiff to file it as the Sixth Amended Complaint.

Dated: October 15, 2026

Respectfully submitted,

Clayton Howard

Clayton Howard
Plaintiff, Pro Se

**CERTIFICATE OF COMPLIANCE**

The undersigned, pro se Plaintiff, certifies that this Memorandum of Points and Authorities contains 887 words, which complies with the word limit of L.R. 11-6.1, and does not exceed twenty-five pages, in compliance with the Court's Civil Standing Order § F.3.

Dated: October 15, 2026

Clayton Howard

Clayton Howard