Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Jonathan D. Gottlieb (Bar No. 339650)
gottlieb@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard, Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900

*Attorneys for Defendants Sean Combs, CeOpco, LLC, and Bad Boy Entertainment LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

CLAYTON HOWARD,

Plaintiff,

v.

SEAN COMBS, CASANDRA VENTURA, BAD BOY ENTERTAINMENT, LLC, and CEOPCO, LLC,

Defendants.

Case No. 2:25-cv-6031-AH-JPRx

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS FIFTH AMENDED COMPLAINT**

Hearing Date: October 21, 2026
Time: 1:30 p.m.
Judge: Hon. Anne Hwang
Courtroom: 9C

Defendants respectfully submit this Memorandum of Points and Authorities in opposition to Plaintiff's *Ex Parte* Application for Leave to File a Sur-Reply (the "Application") to the Motion to Dismiss the Fifth Amended Complaint (the "Motion").[1]

## INTRODUCTION

Plaintiff insists on always having the last word: whether by amending his pleading yet another time to resuscitate his implausible claims (*i.e.*, a prostitute suing his repeat female "john" for engaging in paid sex acts in which he voluntarily participated), or by demanding the final word on a motion when no such entitlement exists. He sought a sur-reply on the last motion too, knowing full well that "prior written order of the Court" is mandatory, and such unique privilege may only be pursued *ex parte* for "extraordinary relief" and "should be used with discretion" to prevent irreparable prejudice not caused by the movant. *See* L.R. 7-10; Civil Standing Order § G.10. Plaintiff cannot satisfy these conditions, yet he has no shame in asking for such relief. And by seeking such entitlement, he achieves his very purpose—whether he wins or loses—by submitting the draft version of the sur-reply with the Application. There is no justice in that litigation strategy!

And, while preparing this opposition brief with respect to the existing pleading, Plaintiff filed yet another application *last evening* for expedited review for an order permitting him to amend the FAC—an inconceivable *seventh attempt* to properly state a claim. Plaintiff fails to recognize the hypocrisy and incredulity of trying to sustain his existing pleading, while at the same time seeking the right to amend, which itself demonstrates Plaintiff's recognition the FAC is deficient.

---

[1] Capitalized terms have the same meaning as in Defendants' moving brief, dated August 24, 2026. (Dkt. No. 162-1 ("Moving Brief" or "Moving Br.").) "Opposition" or "Opp." refers to the opposition brief, dated September 4, 2026 (Dkt. No. 165). "Reply" refers to the reply brief, dated October 7, 2026 (Dkt. No. 169). Unless otherwise stated, internal quotations and citations are omitted and emphasis added.

Plaintiff's latest litigation tactic attempts to deny Defendants' entitlement to the Court's ruling on the fully briefed Motion, and to waste all of the time and money expended moving to dismiss the FAC. Plaintiff's never-ending amendments and variable positions make this lawsuit a moving target, forcing Defendants to spend extraordinary time and money in addressing one complaint, only to discover Plaintiff's refusal and fickleness to stand by his prior words as he whines that he actually meant what appears in the next iteration of his fantasy claims. He should not be afforded license to act so recklessly and arrogantly in holding Defendants at his legal whim, all the while having them bear the expense and public ridicule caused by his lies.

The extant Application rests on the false contention that Defendants improperly made new arguments in the Reply. The three arguments Plaintiff challenges responded to arguments Plaintiff made in opposing the Motion, which is precisely the function of a reply. Plaintiff cannot introduce new arguments in the Opposition and then demand special briefing privileges when Defendants respond to them. And Plaintiff's objection to the case law in the Reply—which he failed to identify and address in the Opposition—is similarly no basis for a sur-reply. It is not Defendants' responsibility to perform Plaintiff's legal research, whether he is represented by counsel or not.

No extraordinary circumstance exists here that would necessitate the Court to exercise discretion to grant the requested relief. In a word, sur-replies are "disfavored," and the Application offers no reason to depart from the customary briefing regime: motion, opposition, and reply. Even if the Reply raised a new argument—which it did not—the Court knows well enough to disregard such argument and not reward Plaintiff with yet another opportunity to defend his implausible pleading.

Regardless, the proposed Sur-Reply fails on its merits. It does not overcome the presumption against extraterritoriality, cure the failure to provide fair notice of the statutory basis for the CTVPA claim, or plausibly establish that Mr. Combs engaged in "pandering," as opposed to willing participation in the alleged commercial sex encounters. Instead, Plaintiff attempts to recast the FAC by advancing new theories.

The Court should shut down this sham case now, rather than permit Plaintiff to compound his hopeless, personal redemption campaign with yet another implausible pleading.

**BACKGROUND**

Defendants moved to dismiss the FAC on four grounds: (1) the presumption against extraterritoriality barred all or some of the state-law claims; (2) the coercion or involuntary servitude claims to support sex trafficking were implausible; (3) the sexual assault claim failed due to the absence of the requisite sexual intercourse; and (4) the FAC failed to establish any basis to impose vicarious liability on any Corporate Defendant. (Dkt. No. 162.)

The Opposition argued: (1) Cal. Penal Code § 778a permits the state-law claims to apply to acts outside California; (2) Defendants misidentified the statutory predicate underlying the CTVPA claim; (3) the elements of the remaining trafficking claims were adequately pleaded; and (4) the Corporate Defendants are liable under common-enterprise, alter-ego, and vicarious-liability theories. (Dkt. No. 165.) Plaintiff admitted that a sexual assault claim could not stand against Mr. Combs. (Opp. at 10.) Defendants responded to each of those arguments. (Dkt. No. 169.)

Plaintiff now seeks leave to file a sur-reply to address Defendants' arguments that: (1) Cal. Penal Code § 778a does not overcome the presumption against extraterritoriality; (2) the FAC fails to provide fair notice of the statutory basis for the CTVPA claim in violation of Rule 8; and (3) the FAC fails to allege the statutory predicate for CTVPA liability under Cal. Penal Code § 236.1(b). (Dkt. No. 173.) Each argument was raised in direct response to Plaintiff's Opposition. None warrants a further round of briefing. Thus, a sur-reply should not be granted.

**LEGAL STANDARD**

"A decision to grant or deny leave to file a sur[-]reply is generally committed to the sound discretion of the court." *Tounget v. Valley-Wide Recreation & Park Dist.*, 2020 WL 8410456, at *2 (C.D. Cal. Feb. 20, 2020) (alteration in original) (quotation

omitted). However, such requests are generally viewed "with disfavor" and are permitted only when a "valid reason for additional briefing exists." *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016); *Tounget*, 2020 WL 8410456, at *2 (quotation omitted).

**ARGUMENT**

Plaintiff cannot identify a lawful basis for a sur-reply because none of Defendants' arguments were new. A reply properly responds to arguments first raised in opposition. *See In re Genius Brands Int'l, Inc. Sec. Litig.*, 763 F. Supp. 3d 1027, 1034 n.1 (C.D. Cal. 2025) (denying leave where purported new arguments were "a direct response to arguments raised in Plaintiff's opposition papers"). That is the case here. Defendants addressed Cal. Penal Code § 778a only after Plaintiff invoked it to defeat the presumption against extraterritoriality. (Opp. at 5-6; Reply at 4-5.) Likewise, Defendants' Rule 8 and Section 236.1(b) arguments responded to Plaintiff's newly asserted position that the CTVPA claim rested on Section 236.1(b), rather than Section 236.1(a). (Opp. at 6-7; Reply at 5-7.) A reply is not improper simply because it exposes the weaknesses in an opponent's arguments.

Even if the Court were to conclude that the Reply raised a new argument, a sur-reply is unnecessary here because the Court can decline to consider the argument. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Ho v. Marathon Patent Grp., Inc.*, 2022 WL 1600048, at *1 n.2 (C.D. Cal. Feb. 11, 2022) (denying leave to file a sur-reply because the court would disregard any new arguments or evidence raised in the reply). Entitlement to a sur-reply is not triggered by a party's desire for another crack at fighting off defeat—whether it be because an argument was forgotten, overlooked, or otherwise.

The Application is an attempt to invert the customary sequence of motion briefing and to give Plaintiff the last word. For that very reason, courts disfavor sur-replies. *See Sims v. Paramount Gold & Silver Corp.*, 2010 WL 5367483, at *8 (D.

Ariz. Dec. 21, 2010) (collecting cases); *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) ("Surreplies . . . are highly *disfavored*, as they are usually a strategic effort by the nonmoving party *to have the last word on the matter*."). Plaintiff identifies no new argument in the Reply—let alone one warranting a further response to avoid irreparable prejudice not of his own making.

**1. Extraterritoriality Was Previously Argued**

Regardless, the proposed Sur-Reply rehashes, in different clothes, what is already covered in the Opposition. Plaintiff claims that, because the CTVPA incorporates the definition of a "victim of human trafficking" from the New York criminal statute, it also necessarily incorporates extraterritoriality. (Dkt. No. 173-2 at 2.) But the presumption against extraterritoriality forbids such reflexive incorporation. *See Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011). To overcome the presumption, *Plaintiff must identify language in the statute or legislative history* showing that *the CTVPA* is intended to have extraterritorial effect. *See id.* Neither the statute nor its legislative history addresses it, which explains Plaintiff's silence.

Furthermore, conduct unconnected or unrelated to California cannot anchor the CTVPA claim to intrastate conduct. CTVPA liability against Mr. Combs is predicated on two purported incidents in *New York and Florida*. (FAC ¶ 97.) That Plaintiff allegedly traveled to California on another occasion to engage in sexual acts with Ms. Ventura and Mr. Combs does not transform the New York and Florida incidents into California conduct. "[T]he presumption against extraterritorial application would be a craven watchdog indeed if it retreated to its kennel whenever some domestic activity is involved in the case." *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 266 (2010); *see also Daramola v. Oracle Am., Inc.*, 92 F.4th 833, 843 (9th Cir. 2024) (California presumption analogous to federal presumption). Plaintiff's approach would make the intrastate requirement illusory.

**2. Lack of Fair Notice Was Previously Argued**

Plaintiff's argument regarding Rule 8 mischaracterizes the Reply. Defendants raised lack of fair notice because the Opposition advanced a statutory theory different from the one pleaded in the Fourth Amended Complaint, which was reasonably understood to underlie the FAC. The Fourth Amended Complaint premised the CTVPA claim on Cal. Penal Code § 236.1(a). (Dkt. No. 80 ¶ 357.) Both Defendants and the Court addressed that subsection in the prior motion. (Dkt. No. 88-1 at 9-10; Dkt. No. 154 at 14-15.)

The FAC cited Section 236.1 without bounds, and without identifying any subsection or pleading facts establishing a basis for liability under Section 236.1(b). (FAC ¶ 95.) Therefore, Defendants reasonably construed the FAC to assert liability under Section 236.1(a). The Opposition for the first time declared that the CTVPA claim rested on Section 236.1(b). (Opp. at 6-7.) That shift exposed the Rule 8 deficiency because Defendants were forced to guess the statutory theory Plaintiff was pursuing, inasmuch as he pleaded a different subsection in the prior complaint. (Reply at 5.)

**3. Cal. Penal Code § 236.1(b) Was Previously Argued**

Plaintiff cannot use the Opposition to cure the FAC's failure to provide fair notice. Regardless, even if the CTVPA claim is construed under Section 236.1(b), dismissal is warranted. Plaintiff admits that the only potential statutory predicate is "pandering" under Cal. Penal Code § 266i. (Dkt. No. 173-2 at 3.) Recognizing that the statute is inapplicable to consumers of commercial sex, Plaintiff attempts to portray Mr. Combs as a pimp instead of a participant in the alleged commercial sex. (*Id.* at 3-4.) The FAC cannot support that characterization.

A pimp is "[s]omeone who solicits customers for a prostitute . . . in return for a share of the prostitute's earnings." *Pimp*, BLACK'S LAW DICTIONARY (12th ed. 2024); *see* Cal. Penal Code § 266h (defining the crime of pimping). The FAC nowhere alleges that Mr. Combs solicited "johns" for Plaintiff or took any portion of his earnings from engaging in sex for pay. Rather, it consistently pleads Mr. Combs as a "participa[nt],"

in "observ[ing] and direct[ing]" the sex acts, arranging rooms so that he "could observe," and his activity "during the encounters." (FAC ¶¶ 2, 26; *see id.* ¶¶ 9, 23-25, 62.)

Mr. Combs's alleged role in arranging Plaintiff's travel cannot transform Mr. Combs's status from mere participant to pimp. The FAC alleges that Mr. Combs and Ms. Ventura both arranged Plaintiff's travel to the pay-for-sex encounters. (FAC ¶¶ 62-64.) Moreover, Plaintiff fails to plausibly allege that Mr. Combs had anything to do with the "interstate transportation" for Plaintiff, as he admits that it was "invoiced on BBE letterhead." (FAC ¶¶ 32, 35.) BBE and Mr. Combs are not properly alleged as alter egos and there is no basis to conclude that they are anything other than separate and distinct persons/entities. (Motion Br. at 17-20; Reply at 10-11.) Yet Plaintiff tortuously classifies Ms. Ventura as a participant and Mr. Combs as a "panderer" based on the same conduct. (Dkt. No. 173-2 at 3-4.) Arranging and paying for an encounter in which one participates is the conduct of a customer, not a panderer.

Plaintiff identifies no basis for characterizing Mr. Combs as a pimp or as responsible for arranging Plaintiff's paid sex romps with Ms. Ventura. His attempt to recast the alleged conduct as pandering should be rejected, and the CTVPA claim dismissed.

**4. Footnote 2 Exposes Plaintiff's Hypocrisy**

Plaintiff's objection to footnote 2 in the Reply is most likely prompted by his sheer embarrassment over the overt misogyny that it exposes. Using the most foul and repugnant terms, he expresses utter contempt and derision for Ms. Ventura, ironically trashing her for what he does or did for his livelihood for years. The YouTube video is already part of the record. (Dkt. Nos. 110, 113.) Regardless, Plaintiff identifies no basis for any entitlement to address it in a sur-reply, if granted, particularly since he cannot claim surprise and deny his involvement in the video. *See* Fed. R. Evid. 201.

Plaintiff's reliance on Mr. Combs's two Mann Act convictions is irrelevant to the Application. Those convictions concerned conduct *involving Ms. Ventura and an*

*unnamed "Jane Doe."* *See* Verdict Sheet, *United States v. Combs*, No. 24-cr-542 (S.D.N.Y. July 8, 2025), Dkt. No. 447. Mr. Combs was acquitted of sex trafficking and racketeering. The Mann Act convictions have nothing to do with the veracity of the FAC and do not provide a basis for imposing any civil liability on Mr. Combs. (Dkt. No. 120 at 4.)

## **CONCLUSION**

The Application is another example of Plaintiff's vexatious conduct in this implausible case, squandering yet more finite judicial resources. Plaintiff has demanded the right to file an unprecedented ***sixth*** amended complaint. This case should end now, as it is entirely groundless.

Based on all the foregoing, the Court should deny the Application and grant the Motion, including denying any further pleading amendments, together with such other and further relief as the Court deems just and proper.

Dated: October 16, 2026

SCHONBUCH HALLISSY LLP

*/s/ Jonathan Gottlieb*

______________________________

Michael Schonbuch
Jonathan D. Gottlieb
Attorneys for Defendants Sean Combs, CeOpco, LLC, and Bad Boy Entertainment LLC

# **CERTIFICATION OF COMPLIANCE**

The undersigned, counsel of record for Mr. Combs, CeOpco, and BBE, certifies that this brief contains 2493 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 16, 2026

*/s/ Jonathan Gottlieb*

______________________________

Michael Schonbuch
Jonathan D. Gottlieb