Mélodie Han (Bar No. 357207)
Douglas H. Wigdor (*pro hac vice* forthcoming)
Meredith A. Firetog (*pro hac vice* forthcoming)
mhan@wigdorlaw.com
dwigdor@wigdorlaw.com
mfiretog@wigdorlaw.com
**WIGDOR LLP**
85 Fifth Avenue, Floor 5
New York, NY 10003
Tel. (212) 257-6800
Fax. (212) 257-6845

*Counsel for Defendant Casandra Ventura*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CLAYTON HOWARD,<br><br>Plaintiff,<br><br>v.<br><br>SEAN COMBS, CASANDRA VENTURA, BAD BOY ENTERTAINMENT, L.L.C., CEOPCO, L.L.C.<br><br>Defendants. | **Case No. 2:25-cv-6031-AH-DMK**<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO SUBSTITUTE A REVISED PROPOSED SIXTH AMENDED COMPLAINT**<br><br>Judge: Hon. Anne Hwang<br>Courtroom: 9C |

## PRELIMINARY STATEMENT

Plaintiff seeks yet another bite at the apple in this case, and uses an extraordinary procedural mechanism to try to accomplish that goal. More than a week after briefing on Defendant Casandra Ventura's motion to dismiss the Fifth Amended Complaint ("5AC," Dkt. No. 159) closed, Plaintiff asks the Court to replace the proposed sixth amended complaint he submitted with his opposition (the "September P6AC," Dkt. No. 166-2, Exhibit 4) with a new, 73-page complaint (the "Revised P6AC," Dkt. No. 176-3), and to have the Court decide leave to amend on this new version. The Revised P6AC is the eighth version of Plaintiff's complaint and the Court should deny the Application (Dkt. No. 176) for four reasons: (i) Plaintiff failed to present an emergency that warrants ex parte relief, (ii) Plaintiff is improperly using the ex parte procedure to replead, (iii) the Revised P6AC confirms that amendment would be futile, and (iv) substitution would prejudice Ms. Ventura.

## ARGUMENT

### I. <u>Plaintiff Failed to Present An Emergency Warranting Ex Parte Relief</u>

Ex parte applications "are solely for extraordinary relief." Civil Standing Order § G.10. The applicant must show that its cause "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and that it is "without fault in creating the crisis that requires ex parte relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *see also* L.R. 7-19. Plaintiff made neither showing.

Plaintiff is entirely at fault for creating the situation that he now seeks to circumvent. Plaintiff claims that this application was necessitated by his review of his own September P6AC "against the trial record of *United States v. Combs* and against his own recollection" after he received Defendants' reply briefs. Memorandum of Points and Authorities ("Mem.," Dkt. No. 176-2) at 2; Declaration of Clayton Howard ("Howard Decl.," Dkt. No. 176-1), ¶ 3. However, the trial transcripts he cites date from May and June 2025, Revised P6AC at 2-3, and his memory of the December 2016

encounter has been his own since 2016. Plaintiff also does not contend that Ms. Ventura's reply raised any new matter.[1]

Plaintiff's claimed prejudice is no more than the ordinary risk of losing a motion. He contends that if the Court determines, based on the September P6AC, that a further amendment would be futile, that determination "could not be cured by a later motion." Mem. at 3. That outcome turns on whether Plaintiff can state a claim against Ms. Ventura, and the Court can decide leave to amend based on the 5AC, the September P6AC, and the amendments Plaintiff described in his opposition ("Opp.," Dkt. No. 166) at 27-28.

## II. <u>Plaintiff Is Improperly Using the Ex Parte Procedure to Replead</u>

A party seeking leave to amend must obtain it by motion. Fed. R. Civ. P. 15(a)(2). An ex parte application is not the appropriate means to seek leave to amend a complaint. *Silva v. California Highway Patrol*, No. 2:23 Civ. 07052 (AB) (SSC), 2025 WL 873013, at *2 (C.D. Cal. Jan. 22, 2025)

This Court's Standing Order requires that motion to state the effect of the amendment and the page, line, and wording of each change, and to append a redline "identifying all additions and deletions of material." Civil Standing Order § G.2. And "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply." L.R. 7-10. The Application sidesteps all three rules. It asks the Court to adopt a rewritten pleading without a noticed motion. And although Plaintiff's declaration describes Appendix A ("App. A," Dkt. No. 176-7) as showing "every change from Exhibit 1" of his Opposition to Ms. Ventura's motion to dismiss, Howard Decl. ¶ 4, in reality, Appendix A compares the Revised P6AC to the 5AC, not the September P6AC. App. A at 2. Neither the Court nor Ms. Ventura can see from it what changed from the September P6AC that Plaintiff asks the Court to replace.

---

[1] In contrast, Plaintiff applied for leave to file a sur-reply to the Combs Defendants' motion to dismiss. *See* Dkt. No. 173.

The Application also functions as a sur-reply. Plaintiff states that it "presents no argument on the merits," but he describes the Revised P6AC as adding "facts responsive to the replies" and pleading "theories that previously appeared only in briefing." Mem. at 2-4. Plaintiff sought leave to answer the Combs Defendants' reply but never sought leave to answer Ms. Ventura's. The Court should not permit him to do so through a substituted pleading.

## III. <u>The Revised P6AC Confirms That Amendment Would Be Futile</u>

"The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Dkt. No. 154 ("Order") at 3 (quoting *Fid. Fin. Corp. v. Fed. Home Loan Bank of S.F.*, 792 F.2d 1432, 1438 (9th Cir. 1986)). A plaintiff seeking leave to amend "may only allege 'other facts consistent with the challenged pleading.'" *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990).

*First*, Plaintiff's proposed amendments are inconsistent with the challenged 5AC pleadings. Plaintiff told the Court that the December 2016 encounter, with its "approximately twelve hours of confinement," was "the cure the Court's footnote 18 asked for." Opp. at 17. The Revised P6AC withdraws the allegations that Plaintiff was confined for twelve hours and "could not leave the suite." 5AC ¶ 80; Revised P6AC ¶ 77. Plaintiff now swears that those allegations, and the allegation that Mr. Combs's security personnel took his belongings, were "inaccurate" even though he verified both allegations in the 5AC. Howard Decl. ¶ 4; 5AC ¶¶ 37, 80; *5AC* at 55.

*Second*, the new allegations fail to supply what the Court found missing, which is a specific, timely incident in which Ms. Ventura exceeded the scope of Plaintiff's consent. Order at 14. Plaintiff now alleges that after his release he "waited in Miami, hoping Ms. Ventura would contact him," and that at a September 2016 meeting during which no sexual contact occurred, she told him that "he could leave." Revised P6AC ¶¶ 71(a), 77. Those allegations describe Plaintiff's freedom to go. Neither allegation pleads that it was restraint by Ms. Ventura that caused Plaintiff to engage in a

commercial sex act, and Plaintiff cannot supply that link without contradicting himself yet again. Further amendment would therefore be futile.

The Revised P6AC also withdraws the Third Cause of Action under Cal. Code Civ. Proc. § 340.16 and limits the Fourth Cause of Action under N.Y. Soc. Serv. Law § 483-bb to Mr. Combs, withdrawing it as to Ms. Ventura. Revised P6AC at 2; Mem. at 2. The Court may treat those claims as abandoned and dismiss them with prejudice as to Ms. Ventura. *See* Order at 16 n.21 (citing *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1096 n.4 (9th Cir. 2005)).

## IV. Substitution Would Prejudice Ms. Ventura

Prejudice to the opposing party "carries the greatest weight" among the factors governing leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Plaintiff asked the Court to decide leave to amend on the September P6AC, and Ms. Ventura's reply was her only opportunity to show why that amendment would be futile. Ms. Ventura had no opportunity to address the Revised P6AC, which did not exist when she replied, and this opposition to a motion for ex parte relief is not the appropriate means of substantively responding to the rewritten 73-page pleading. Civil Standing Order § G.10.

Plaintiff's suggestion that Defendants "can address the revision at the hearing," Mem. at 4, does not cure that prejudice. The Revised P6AC asserts new theories against Ms. Ventura that she has never had the chance to brief. Its new joint-venture section would hold her liable, as a co-conspirator under 18 U.S.C. § 1594(c) and as a principal under Cal. Penal Code § 31, for each act of Mr. Combs, including the fall 2015 "Pink Molly" incident on which the Court sustained the claim against Mr. Combs alone. Revised P6AC ¶¶ 85(a)-(i), 93; Order at 13-14. Its new 2017 and December 2019 allegations seek to extend the CTVPA limitations period past the December 2023 expiration Ms. Ventura's reply identified. Revised P6AC ¶¶ 8(a), 90(a). Ms. Ventura would have to answer those theories at a hearing set six days after Plaintiff raised them. And because Plaintiff renumbered numerous paragraphs despite representing that

"every original paragraph keeps its number," the paragraph citations in Ms. Ventura's motion and reply no longer match the pleading the Court would review. Mem. at 4; App. A at 9 (listing renumbered paragraphs).

**CONCLUSION**

For the foregoing reasons, the Court should deny the Application.

Dated: October 19, 2026

Respectfully submitted,

By: ____________________________

Mélodie C. Han
Douglas Wigdor (*pro hac vice* forthcoming)
Meredith Firetog (*pro hac vice* forthcoming)
WIGDOR LLP
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone: (212) 257-6800
mhan@wigdorlaw.com
dwigdor@wigdorlaw.com
mfiretog@wigdorlaw.com

*Counsel for Casandra Ventura*

# CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Ms. Ventura, certifies that this brief contains 1457 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 19, 2026

Respectfully submitted,

By: ______________________
Mélodie C. Han